1

2  MORGAN, LEWIS & BOCKIUS LLP
   Kathryn T. McGuigan, Bar No. 232112
3  kathryn.mcguigan@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA  90071-3132
5  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
6

7  MORGAN, LEWIS & BOCKIUS LLP
   Zachary W. Shine, Bar No. 271522
8  zachary.shine@morganlewis.com
   Nicole L. Antonopoulos, Bar No. 306882
9  nicole.antonopoulos@morganlewis.com
   One Market, Spear Street Tower
10 San Francisco, CA  94105
   Tel:    +1.415.442.1000
11 Fax:    +1.213.612.2501

12 Attorneys for Defendants
   Charter Communications, LLC and Charter
13 Communications, Inc.

14                    UNITED STATES DISTRICT COURT

15                    EASTERN DISTRICT OF CALIFORNIA

16

17 | LIONEL HARPER, individually and on behalf | Case No. 2:19-cv-00902-WBS-DMC |
   | of all others similarly and all aggrieved | |
18 | employees, | **DEFENDANTS' NOTICE OF** |
   | | **MOTION AND MOTION TO** |
19 |                Plaintiff, | **COMPEL ARBITRATION OF** |
   | | **PLAINTIFF'S INDIVIDUAL CLAIMS,** |
20 |        vs. | **DISMISS THE PUTATIVE CLASS** |
   | | **CLAIMS, AND STAY THE PAGA** |
21 | CHARTER COMMUNICATIONS, LLC, | **CLAIMS** |
   | CHARTER COMMUNICATIONS, INC., and | |
22 | Does 1 through 25, | **SUPPORTING MEMORANDUM OF** |
   | | **POINTS AND AUTHORITIES** |
23 |                Defendants. | |
   | | Date:    July 29, 2019 |
24 | | Time:    1:30 P.M. |
   | | Dept:    Courtroom 5 |
25 | | Hon. William B. Shubb |

26

27

28

1  <u>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**</u>

2  **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that on July 29, 2019 at 1:30 p.m., or as soon thereafter as

4  counsel may be heard in Courtroom 5, 14th Floor of the above-entitled Court, located at 501 I

5  Street, Sacramento, CA 95814, Defendants Charter Communications, LLC and Charter

6  Communications, Inc. (together, "Charter") will seek an order pursuant to the Federal Arbitration

7  Act ("FAA") (1) compelling the arbitration of Plaintiff Lionel Harper's ("Plaintiff") claims for

8  relief on an individual basis; (2) dismissing all putative class claims against Charter; and (3)

9  staying the Private Attorney General Act ("PAGA") claims until arbitration is completed.

10 Charter brings this motion on the ground that Plaintiff agreed to arbitrate any employment-related

11 disputes with Charter on an individual basis through their alternative dispute resolution program,

12 Solution Channel. In addition, through his participation in the Solution Channel program,

13 Plaintiff waived his right to bring claims on a class action basis. Such waivers are valid and

14 enforceable under the U.S. Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct.

15 1612 (2018). Further, Plaintiff must arbitrate his individual claims before proceeding with the

16 litigation of his PAGA claims and thus his PAGA claims should be stayed pending arbitration.

17      The Motion to Compel Arbitration of Plaintiff's Individual Claims, Dismiss the Putative

18 Class Claims, and Stay the PAGA claims is based on this Notice of Motion; the supporting

19 Memorandum of Points and Authorities; the Declaration of Tammie Knapper; the Declaration of

20 Kathryn T. McGuigan; all records and proceedings in this action; and such other and further

21 matters as may be presented to the Court in connection with the hearing on the Motion.

22                    <u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

23      (1)     Whether a valid agreement between Plaintiff and Charter to arbitrate disputes on

24 an individual basis exists;

25      (2)     Whether the arbitration agreement is unenforceable based upon purported

26 unconscionability or any other grounds;

27      (3)     Whether the arbitration agreement encompasses the dispute or claims at issue;

28      (4)     Whether Plaintiff's class action claims should be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1                                          Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1       (5)     Whether Plaintiff's PAGA claims should stayed pending arbitration.

Dated:  June 14, 2019                MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Kathryn T. McGuigan*
          Kathryn T. McGuigan
          Zachary Shine
          Nicole L. Antonopoulos

Attorneys for Defendants
CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2          Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

     A.     Plaintiff Agreed to Arbitrate All Employment-Related Disputes ........................ 2

     B.     Plaintiff Filed an Arbitration Demand in JAMS Pursuant to a Prior, Superseded Arbitration Agreement ........................................................................ 4

     C.     Plaintiff Filed a Complaint in Violation of His Agreement to Arbitrate .............. 5

     D.     Charter's Counsel Requested That Plaintiff Stipulate to Arbitration of His Employment-Related Claims Pursuant to the Solution Channel Program – Plaintiff's Counsel Refused ...................................................................................... 6

III.    LEGAL ARGUMENT ........................................................................................... 6

     A.     The FAA Governs the Arbitration Agreement and Requires the Court to Compel Arbitration of Plaintiff's Claims ............................................................. 6

     B.     The Arbitration Agreement is Valid and Enforceable .......................................... 7

         1.     The Agreement is Not Procedurally Unconscionable ................................ 8

         2.     The Agreement is Not Substantively Unconscionable ............................. 10

     C.     The Arbitration Agreement Encompasses Plaintiff's Claims .............................. 12

     D.     Plaintiff's Claims Alleged on a Class Basis Cannot Proceed in Any Forum and Must Be Dismissed ...................................................................................... 13

     E.     Plaintiff Must Arbitrate His Individual Claims Prior to Proceeding with Any PAGA Claims on Behalf of Others. ............................................................. 14

         1.     The PAGA Waiver Is Severable from the Agreement .............................. 14

         2.     Proceedings Concerning Plaintiff's PAGA Claims on Behalf of Others Should Be Stayed Until After Arbitration of His Individual Claims ......................................................................................................... 15

IV.    CONCLUSION ..................................................................................................... 16

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

i      Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*24 Hour Fitness, Inc., Inc. v. Super.Ct.*,
   66 Cal. App. 4th 1199 (1998)..................................................................................12

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995) ...........................................................................................7

*Alvarez v. AutoZone, Inc.*,
   No. EDCV1402471VAPSPX, 2015 WL 13427751 (C.D. Cal. July 8, 2015).........16

*Am. Express Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013) ...........................................................................................7

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000) ...............................................................8, 10, 11, 12

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ...................................................................................1, 7, 12

*Aviation Data, Inc. v. Am. Express Travel Related Serv. Co.*,
   152 Cal. App. 4th 1522 (2007)............................................................................6

*Aviles v. Quik Pick Express, LLC*,
   703 F. App'x 631 (9th Cir. 2017) ......................................................................15

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000)............................................................................7

*Circuit City Stores, Inc. v. Najd*,
   294 F.3d 1104 (9th Cir. 2002)......................................................................8, 10

*Circuit City Stores v. Ahmed*,
   283 F.3d 1198 (9th Cir. 2002)..........................................................................10

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ...........................................................................................7

*Dumais v. Am. Gold Corp.*,
   299 F.3d 1216 (10th Cir. 2002).........................................................................12

*Dwyer v. Dynetech Corp.*,
   No. C 07-02309 JSW, 2007 WL 2726699 (N.D. Cal. Sept. 17, 2007) ................9

*Epic Systems Corp. v. Lewis*,
   138 S. Ct. 1612 (2018) ...............................................................................1, 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -       Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*Farrell v. Convergent Commc'ns, Inc.*,
No. C98-2613 MJJ, 1998 WL 774626 (N.D. Cal. Oct. 29, 1998) ...............................................6

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ...........................................................................................................8, 9

*Grabowski v. C.H. Robinson Co.*,
817 F. Supp. 2d 1159 (S.D. Cal. 2011) ...................................................................................13

*Graham v. Scissor-Tail, Inc.*,
28 Cal. 3d 807 (1981) ............................................................................................................8

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*,
232 Cal. App. 4th 1332 (2015), *as modified on denial of reh'g* (Feb. 9, 2015).........................9

*Hoffman v. Citibank, N.A.*,
546 F.3d 1078 (9th Cir. 2008)..................................................................................................8

*Jasso v. Money Mart Exp., Inc.*,
879 F. Supp. 2d 1038 (N.D. Cal. 2012) ..................................................................................12

*Johnmohammadi v. Bloomingdale's, Inc.*,
755 F.3d 1072 (9th Cir. 2014)................................................................................................10

*Kilgore v. KeyBank Nat'l Ass'n*,
718 F.3d 1052 (9th Cir. 2013)................................................................................................10

*Kinney v. United HealthCare Servs., Inc.*,
70 Cal. App. 4th 1322 (1999)................................................................................................10

*KPMG LLP v. Cocchi, et al.*,
565 U.S. 18 (2011) ...............................................................................................................12

*Kuehner v. Dickinson & Co.*,
84 F.3d 316 (9th Cir. 1996)....................................................................................................13

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
74 Cal. App. 4th 1105 (1999)..............................................................................................8, 9

*Lamps Plus, Inc. v. Varela*,
No. 17-988, 2019 WL 1780275 (U.S. Apr. 24, 2019) ..............................................................13

*Lopez v. Ace Cash Express, Inc.*,
2012 WL 1655720 (C.D. Cal. 2012)........................................................................................16

*Marchese v. Shearson Hayden Stone, Inc.*,
734 F. 2d 414 (9th Cir. 1984)................................................................................................12

*Morvant v. P.F. Chang's China Bistro, Inc.*,
870 F. Supp. 2d 831 (N.D. Cal. 2012) ....................................................................................13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- iii -

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1 (1983) .................................................................................................12

*Nguyen v. Impac Mortg.*,
  No. SACV170723DOCKESX, 2018 WL 5880825 (C.D. Cal. Aug. 23, 2018) .........................2

*Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev.*,
  55 Cal. 4th 223 (2012) .......................................................................................8, 10

*Quevedo v. Macy's, Inc.*,
  798 F. Supp. 2d 1122 (C.D. Cal. 2011)...................................................................13

*Sakkab v. Luxottica Retail N.A., Inc.*,
  803 F.3d 425 (9th Cir. 2015)................................................................................14

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974) ..............................................................................................7

*Serpa v. Cal. Surety Investigations, Inc.*,
  215 Cal. App. 4th 695 (2013)................................................................................10

*Smith Barney v. Burrow*,
  No. CV F 08-0373 LJO GSA, 2008 WL 4426805 (E.D. Cal. 2008) ........................16

*Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*,
  527 F.3d 1045 (10th Cir. 2008)..............................................................................7

**Statutes**

9 U.S.C. § 2 ...............................................................................................................8

9 U.S.C. § 3 .............................................................................................................15

Cal. Bus. & Prof. Code § 17200 ...............................................................................6

Cal. Civil Code § 3545..............................................................................................8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- iv -                          Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Cal. Labor Code
  § 203 .............................................................................................................................5
  § 221 .............................................................................................................................5
  § 226 .........................................................................................................................5, 6
  § 226.7 ..........................................................................................................................5
  § 432 .............................................................................................................................6
  § 510 .............................................................................................................................5
  § 512 .............................................................................................................................5
  § 1182.12 ......................................................................................................................5
  § 1194 ...........................................................................................................................5
  § 1194.4 ........................................................................................................................5
  § 1197 ...........................................................................................................................5
  § 1198.5 ........................................................................................................................6
  § 2699 .........................................................................................................................15
  § 2699(a) .....................................................................................................................15

Cal. Unfair Competition Law ...............................................................................................6

Federal Arbitration Act ("FAA") .........................................................................................1

Private Attorneys General Act ("PAGA") .........................................................................2, 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## I.     __INTRODUCTION__

Plaintiff Lionel Harper ("Plaintiff") filed this civil action alleging individual, putative class action and purported representative action claims against his former employer Defendant Charter Communications, LLC and Defendant Charter Communications, Inc. (collectively, "Charter").  However, Plaintiff entered into a valid and binding arbitration agreement (the "Agreement" or "Arbitration Agreement"), the terms of which compel this Court to order Plaintiff's individual claims to arbitration, dismiss the putative class action claims, and stay this judicial proceeding (including the litigation of any representative action claims) pending the outcome of arbitration.

As explained below, Plaintiff waived his right to bring a class action against Charter through his acceptance of Charter's alternative dispute resolution program, called Solution Channel.  Charter provided Plaintiff with ample opportunity to opt out of Solution Channel, but he did not opt out.  Solution Channel is designed to make it easier for employees to resolve legal claims through arbitration, and it indisputably is enforceable under the law.  The Arbitration Agreement expressly provides that it is governed by the Federal Arbitration Act ("FAA").  As the U.S. Supreme Court has repeatedly confirmed, the FAA reflects "a liberal federal policy favoring arbitration" requiring courts to enforce arbitration agreements according to their terms.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (citation omitted).  Recently, in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), the Supreme Court definitively held that, under the FAA, arbitration agreements providing for individualized proceedings must be enforced as written.

Plaintiff cannot dispute that he assented to the Arbitration Agreement and that each of the claims in his Complaint is covered by the Arbitration Agreement.  Furthermore, Plaintiff cannot dispute that the class action waiver contained in the Arbitration Agreement is enforceable, and that he cannot maintain his claims on a class basis.  Pursuant to *Concepcion* and *Epic Systems*, such waivers must be enforced under the FAA, and any state law to the contrary is preempted.  The Court, therefore, should compel the action to arbitration on an individual, not a class basis, and should dismiss Plaintiff's putative class claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

With respect to the alleged representative claims asserted under the Private Attorneys General Act ("PAGA"), pursuant to the terms of the Agreement, these claims must be decided by the Court, not an arbitrator.  The Court should, however, stay the PAGA claims until an arbitrator first resolves Plaintiff's individual claims, including the issue of whether Plaintiff has suffered a Labor Code violation.  *See Nguyen v. Impac Mortg.,* No. SACV170723DOCKESX, 2018 WL 5880825, at *10 (C.D. Cal. Aug. 23, 2018) (ordering a stay of the plaintiff's PAGA claim while his individual claims proceeded in arbitration).  Because Plaintiff's PAGA claims are based exclusively on his underlying Labor Code claims, Plaintiff must first prove liability on his Labor Code claims in order to be an "aggrieved employee" with standing to pursue PAGA claims on behalf of other supposedly aggrieved employees.  Staying the PAGA claims until such determination by the arbitrator will best serve judicial economy and preserve the parties' respective resources, as the PAGA claims will be rendered moot if the arbitrator determines Plaintiff is not an "aggrieved employee."  Moreover, staying the PAGA claims will avoid potentially conflicting *res judicata* and/or collateral estoppel issues that might otherwise arise should the Court adjudicate the PAGA claims while the arbitrator adjudicates the underlying Labor Code violations as to Plaintiff.

Accordingly, Charter requests that this Court order Plaintiff to arbitrate his claims on an individual basis (including the question of whether he suffered a Labor Code violation and thus could qualify as an "aggrieved employee" under PAGA), dismiss his putative class claims, and stay this judicial proceeding pending the outcome of arbitration.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Plaintiff Agreed to Arbitrate All Employment-Related Disputes.

Plaintiff worked for Charter in California as a salesperson from September 2017 to March 2018.  ECF 1, Exh. A (Complaint "Compl.") ¶ 10.  Upon hire, Plaintiff entered into a mutual arbitration agreement with Charter regarding any disputes related to his employment.  But on October 6, 2017, Charter implemented a new mandatory arbitration agreement by way of Solution Channel, Charter's employment-based legal dispute resolution program (the "Solution Channel Arbitration Agreement"), which superseded the old agreement.  Declaration of Tammie Knapper

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

("Knapper Decl."), ¶¶ 4-5, 10, Exhs. B, D.  The Solution Channel Arbitration Agreement includes an integration clause, which expressly states, the "Agreement sets forth the complete agreement of the parties on the subject of resolution of the covered disputes, and supersedes any prior or contemporaneous oral or written understanding on this subject…"  *Id*. Ex. D, ¶ P.  The Solution Channel Arbitration Agreement was announced by email to all non-union employees below the level of Executive Vice President, who were active, or who were not on a leave of absence, on that date.  *Id*. ¶¶ 5 - 7, Exh. B.  Employees received the email announcement from Paul Marchand, Executive Vice President, Human Resources, at the Charter work email address assigned to them.  *Id*.  Plaintiff was an employee of Charter on October 6, 2017 and was included in the email distribution list for the email announcement of the Solution Channel Arbitration Agreement.  *Id*., ¶¶ 19, 20, 7, Exh. B.

The Solution Channel Arbitration Agreement includes the mandatory submission of all claims regarding Plaintiff's employment to binding arbitration before a neutral arbitrator and states that arbitration hearings "will be conducted pursuant to the Solution Channel Program Guidelines…"  *Id*., Exh. D, pg. 3.  The Solution Channel announcement indicated to Employees, including Plaintiff, that they would be enrolled in Solution Channel, and bound by the new Arbitration Agreement, unless they opted out within 30 days.  *Id*., ¶¶ 8, 7, Exh. B.

Plaintiff did not opt out and was thus enrolled in Solution Channel and subject to binding arbitration pursuant to the Solution Channel Arbitration Agreement.  *Id*., ¶ 21.  By choosing not to opt out of the Solution Channel Arbitration Agreement, Plaintiff agreed that, "any dispute arising out of or relating to [his]…employment with Charter…or the termination of that relationship…must be resolved through binding arbitration by a private and neutral arbitrator…"  *Id*., ¶ 10, Exh. D, pg. 1.  The Solution Channel Program Guidelines explain, "[a]ll disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which [Plaintiff] or Charter [has] an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law), are covered by and must be resolved" by binding arbitration through Charter's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1    Solution Channel program.  *Id.*, ¶ 4, Exh. A, pg. 14.  The Solution Channel Arbitration

2    Agreement is mutual between Plaintiff and Charter because they agreed to pursue all claims

3    against the other through binding arbitration.  *Id.*, ¶ 10, Exh. D.  It also provides for "a neutral

4    arbitrator, to be jointly chosen by [the employees] and Charter," who will issue a "final and

5    binding written decision."  *Id.*, ¶ 10, Exh. D; ¶ 4, Exh. A, pg. 14.  Additionally, the parties "will

6    engage in discovery or the exchange of information, which may include answering written

7    questions (interrogatories), exchanging documents, and taking the deposition testimony of

8    witnesses," and the "prevailing party may recover any remedy that the party would have been

9    allowed to recover had the dispute been brought in court."  *Id.,* ¶ 4, Exh. A, pgs. 9, 11.  Per the

10   Solution Channel Arbitration Agreement, Charter bears the entire cost of arbitration in all cases

11   where required by law, including the arbitrator's fees.  *Id.*, ¶ 10, Exh. D ("Charter will pay the

12   AAA administrative fees and the arbitrator's fees and expenses").

13         The Solution Channel Arbitration Agreement is governed by the "American Arbitration

14   Association (AAA)."  *Id.*  The AAA Employment Arbitration Rules and Mediation Procedures

15   ("AAA Rules") provide for, (1) a neutral arbitrator, (2) more than minimal discovery, (3) a

16   written award, (4) all types of relief otherwise available in court, and (5) do not require Plaintiffs

17   to pay unreasonable costs or the arbitrator's fees.  *See* Defendants' Request for Judicial Notice

18   ("RFJN") Exh. 1 (AAA Rules).

19         **B.     Plaintiff Filed an Arbitration Demand in JAMS Pursuant to a Prior,**
           **Superseded Arbitration Agreement.**
20

21         In approximately April 2018, JAMS notified Charter that Plaintiff contacted JAMS to

22   initiate mediation with JAMS of his alleged employment-related claims against Charter.

23   Declaration of Kathryn McGuigan ("McGuigan Decl.") ¶ 2.  In response, Charter's counsel

24   informed JAMS that Charter was willing to arbitrate the dispute about Plaintiff's employment

25   with Charter.  *Id.*

26         On June 5, 2018, Plaintiff's counsel sent a letter to Charter concerning "potential litigation

27   related to Mr. Harper's employment and termination."  *Id.* ¶ 3, Exh. 1.  On July 3, 2018, Charter's

28   counsel sent Plaintiff's counsel a letter that described Plaintiff's agreement to a JAMS arbitration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4                        Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   agreement at the time that he was hired by Charter in September 2017, and requested that Plaintiff

2   arbitrate his employment-related claims in accordance with the JAMS arbitration agreement. *Id.*

3   ¶ 4, Exh. 2.

4          On November 19, 2018, Plaintiff filed a demand for arbitration with JAMS and requested

5   a very limited ruling as to inarbitrability under the terms of the JAMS arbitration agreement. *Id.*

6   ¶5, Exh. 3.  In his demand, Plaintiff only requested that the Arbitrator rule on whether the class

7   and representative action waiver in the JAMS agreement voided the entire agreement per its own

8   terms. *Id.*

9          On or around April 25, 2019, the Arbitrator issued a narrow Order Dismissing Arbitration,

10   finding that the JAMS arbitration agreement included an invalid and unenforceable representative

11   waiver, which triggered a "poison pill provision," thereby rending the JAMS agreement null and

12   void by its own unique terms.  *Id.* ¶ 6, Exh. 4. The Arbitrator's Order did not make any rulings

13   on the substance of Plaintiff's claims.  *Id.*  While Charter disagrees with the Arbitrator's Order,

14   the Order is irrelevant to Charter's instant motion because it was narrowly limited to the

15   enforceability of the JAMS agreement, which was superseded by the operative Solution Channel

16   Arbitration Agreement and contained different terms than the Solution Channel Arbitration

17   Agreement.  *Id.* ¶¶ 9, 10 Exh. 5.

18          **C.        Plaintiff Filed a Complaint in Violation of His Agreement to Arbitrate.**

19          On May 3, 2019, Plaintiff filed a complaint in Superior Court alleging ten causes of action

20   against Charter: (1) failure to pay minimum wages for all hours worked in violation of California

21   Labor Code §§ 1182.12, 1194, 1197, and 1194.4; (2) failure to pay overtime wages for all

22   overtime hours worked in violation of California Labor Code §§ 510 and 1197; (3) failure to

23   provide meal periods or pay premium wages in lieu thereof in violation of California Labor Code

24   §§ 512 and 226.7; (4) failure to provide rest breaks or pay premium wages in lieu thereof in

25   violation of California Labor Code § 226.7; (5) unlawful deduction of wages under California

26   Labor Code § 221; (6) failure to provide accurate wage statements in violation of California

27   Labor Code § 226; (7) failure to pay all wages owed upon termination in violation of California

28   Labor Code § 203; (8) failure to provide timely and complete copies of employment records in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   violation of California Labor Code §§ 226, 432, and 1198.5; (9) violation of California's Unfair

2   Competition Law under California Business and Professions Code § 17200; and (10) civil

3   penalties under the Private Attorney General Act ("PAGA").  *See* Compl.

4           **D.**     **Charter's Counsel Requested That Plaintiff Stipulate to Arbitration of His Employment-Related Claims Pursuant to the Solution Channel Program –**

5                  **Plaintiff's Counsel Refused.**

6         Before filing this motion, Charter's counsel sent an arbitration demand letter to Plaintiff's

7   counsel informing Plaintiff's counsel that in further conferring with Charter, it was discovered

8   Charter's Solution Channel Program applies to Plaintiff.  McGuigan Decl. ¶ 10, Exh. 5.  The

9   letter described Plaintiff's participation in Solution Channel and requested that Plaintiff arbitrate

10  his claims on an individual basis in accordance with the Solution Channel Arbitration Agreement.

11  *Id*.  Charter's counsel also provided Plaintiff's counsel with the Solution Channel Program

12  materials and documents indicating Plaintiff's receipt of those materials, as well as Plaintiff's

13  receipt of information regarding how to opt out of the program.  *Id*.  However, Plaintiff's counsel

14  responded that Plaintiff was not willing to arbitrate his claims on an individual basis.  *Id*. ¶ 11,

15  Exh. 6.

16  **III.**    **LEGAL ARGUMENT**

17          **A.**     **The FAA Governs the Arbitration Agreement and Requires the Court to**

18                 **Compel Arbitration of Plaintiff's Claims.**

19        The Arbitration Agreement states that it is governed by the FAA.  Knapper Decl., Exh. D,

20  pg. 5.  Thus, the applicable law for determining whether the instant matter should be sent to

21  arbitration is the FAA.  *See Aviation Data, Inc. v. Am. Express Travel Related Serv. Co.*, 152 Cal.

22  App. 4th 1522, 1534-35 (2007) (holding that because the agreement stated that it would be

23  governed by the FAA, the FAA applied as to arbitration questions).

24        Moreover, because Charter's operations involve telecommunications services, and, thus,

25  interstate commerce, the FAA applies.  *See Farrell v. Convergent Commc'ns, Inc.*, No. C98-2613

26  MJJ, 1998 WL 774626, at *2 (N.D. Cal. Oct. 29, 1998) ("Since [Defendant] is a

27  telecommunications company which does business in Colorado, California and other states, and

28  the Arbitration Agreement is a 'transaction involving commerce,' the Court finds that the FAA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6                                      Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

governs the scope and construction of [Defendant]'s Arbitration Agreement with plaintiff.")
(quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1463 (9th Cir.
1983)); *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045,
1054 (10th Cir. 2008) ("[T]he Internet is generally an instrumentality of interstate
commerce . . . .").  In *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274-75 (1995), the
Supreme Court held that in passing the FAA, Congress meant to exercise its power under the
Commerce Clause to the fullest limits.  The Court found that the term "involving commerce" is
synonymous with the term "affecting commerce," and that this term signifies Congress' intent to
"exercise [its] commerce power to the full."  *Id.* at 273-74, 277.

The FAA requires federal courts to compel the arbitration of any claims covered by an
arbitration agreement.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its
terms, the Act leaves no room for the exercise of discretion by a district court, but instead
mandates that district courts shall direct the parties to proceed to arbitration on issues as to which
an arbitration agreement has been signed."); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506,
511 (1974) ("[Section] 4 of the Act directs a federal court to order parties to proceed to arbitration
if there has been a 'failure, neglect, or refusal' of any party to honor an agreement to arbitrate."
(citation omitted)).

Accordingly, in deciding a motion to compel arbitration, the Court's role is limited to
answering two questions: (1) does a valid agreement to arbitrate exist; and, if it does, (2) does the
arbitration agreement encompass the dispute or claims at issue?  If the answer to both of these
questions is "yes," then the Court must compel arbitration.  *Chiron Corp. v. Ortho Diagnostic
Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).[1]  Here, the answer to both is "yes," and this Court
should compel Plaintiff to arbitrate on an individual basis and dismiss his class claims.

### B.        The Arbitration Agreement is Valid and Enforceable.

The Arbitration Agreement is valid and enforceable against Plaintiff.  Under the FAA, an
arbitration agreement is enforceable "save upon such grounds as exist in law or in equity for the

---

[1]      Further, any state law that categorically prohibits arbitration of particular claims or requires
certain types of procedures is preempted by the FAA.  *See, e.g.*, *Concepcion*, 563 U.S. at
341; *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7                           Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   revocation of any contract."  9 U.S.C. § 2.  A motion to compel arbitration may be denied only

2   where a party proves a defense to enforcement of the agreement, such as unconscionability.

3   *Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008).  To establish a defense based on

4   unconscionability in California, Plaintiff bears the burden of proving that the agreement is *both*

5   procedurally and substantively unconscionable.  *See Circuit City Stores, Inc. v. Najd*, 294 F.3d

6   1104, 1108 (9th Cir. 2002) ("[A]n agreement is unconscionable only if it is procedurally and

7   substantively unconscionable."); *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev.*, 55 Cal.

8   4th 223, 235 (2012); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114

9   (2000). Plaintiff cannot meet either burden.

10                    **1.       The Agreement is Not Procedurally Unconscionable.**

11          Procedural unconscionability "addresses the circumstances of contract negotiation and

12   formation, focusing on oppression or surprise."  *Pinnacle*, 55 Cal. 4th at 246.  Procedural

13   unconscionability refers to "oppression" or "surprise" due to unequal bargaining power that

14   results in no real negotiation and an absence of meaningful choice.  *Pinnacle Museum Tower*

15   *Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012).  The procedural element of

16   unconscionability may arise in connection with adhesion contracts, but the finding of an adhesion

17   contract does not "per se" render the arbitration agreement unenforceable.  *Id.* at 246-47; *see also*

18   *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 817-19 (1981); *Lagatree v. Luce, Forward,*

19   *Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999) (citing cases to demonstrate that "a

20   compulsory predispute arbitration agreement is not rendered unenforceable just because it is

21   required as a condition of employment or offered on a 'take it or leave it' basis").  The Court

22   must initially presume that the contract is valid and was negotiated at arm's length, *i.e.*, "fair and

23   regular."  Cal. Civil Code § 3545.

24          The U.S. Supreme Court has recognized that "there often will be unequal bargaining

25   power between employers and employees."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S.

26   20, 33 (1991).  However, "mere inequality in bargaining power" does not render an employee's

27   arbitration agreement unenforceable, and many courts have held employers may require

28   employees to sign arbitration agreements covering employment claims as a condition of their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

employment.  *Id.*; *see also*, *e.g.*, *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1122-23 (1999) ("[A] predispute arbitration agreement is not invalid merely because it is imposed as a condition of employment.").

Here, there was nothing "oppressive" or "surprising" about the Solution Channel Program. The Program is straightforward and provides extensive detail regarding the arbitration agreement. The Solution Channel Program was announced to all employees, including Plaintiff, via email, and Plaintiff was expressly given 30 days to consider whether to opt out of the Program.  Knapper Decl., ¶¶ 4-16; *see Dwyer v. Dynetech Corp.*, No. C 07-02309 JSW, 2007 WL 2726699, at *4 (N.D. Cal. Sept. 17, 2007) (having four days to review arbitration agreement "weigh[ed] against a finding of procedural unconscionability"); *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015), *as modified on denial of reh'g* (Feb. 9, 2015) (finding that "the amount of time the party is given to consider the proposed contract" is relevant in evaluating procedural unconscionability).  The announcement included a link to the Solution Channel web page located on the Charter intranet site accessible to Employees, named *Panorama*.  *Id*., ¶ 9.  The Solution Channel web page was accessible to the Employees on Charter's network, and included additional information regarding the Arbitration Agreement.  *Id.,* ¶¶ 10.  The Solution Channel web page accessible to Employees on *Panorama* also included the following information:

> **Opting Out of Solution Channel**
> If you do not opt out of Solution Channel within the designated time, you will be automatically enrolled in Solution Channel and considered to have consented to the terms of the Mutual Arbitration Agreement at that time.  To opt-out of Solution Channel, please **click here**. I n the new window that will open, click Main Menu->Self-Service->Solution Channel.
>
> Knapper Decl., ¶ 11.

If Employees wished to opt out of the Solution Channel Program, they checked the box next to the phrase "I want to opt out of Solution Channel," entered their name in an adjacent text field, and clicked "SAVE".  *Id*., ¶ 14.  By not opting out of the Solution Channel Arbitration Agreement when expressly given the opportunity, Plaintiff agreed to final and binding arbitration of all claims related to his employment.   Knapper Decl., ¶ 14 – 21.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9                                    Case No. 2:19-cv-00902-WBS-DMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1    The fact that Plaintiff had a meaningful opportunity to opt out of the Solution Channel

2    Program further undercuts any argument the arbitration provision was procedurally

3    unconscionable.  *See, e.g.*, *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013)

4    (holding that an arbitration provision is not procedurally unconscionable if it "allows [signatories]

5    to reject arbitration" through an opt-out procedure); *Circuit City Stores v. Ahmed*, 283 F.3d 1198,

6    1199 (9th Cir. 2002) (finding no procedural unconscionability, in part, because the plaintiff had

7    an opportunity to opt out of arbitration); *Johnmohammadi v. Bloomingdale's, Inc.,* 755 F.3d 1072,

8    1075 (9th Cir. 2014) (finding that there is no basis to conclude that the employer coerced the

9    plaintiff into waiving her right to file a class action because the plaintiff "was fully informed

10   about the consequences of making that election, and she did so free of any express or implied

11   threats of termination or retaliation if she decided to opt out of arbitration").  By not opting out of

12   the Solution Channel Program when expressly given the opportunity, Plaintiff agreed to final and

13   binding arbitration of all claims related to their employment.  Knapper Decl., ¶ 14 – 21.  For these

14   reasons, the Solution Channel Program is not procedurally unconscionable.

### 2.    The Agreement is Not Substantively Unconscionable.

16   Substantive unconscionability "focuses on the terms of the agreement and whether those

17   terms are so one-sided as to shock the conscience."  *Kinney v. United HealthCare Servs., Inc.*, 70

18   Cal. App. 4th 1322, 1330 (1999).  Even if Plaintiff could establish that Solution Channel is

19   procedurally unconscionable (he cannot), he would not be able to show Solution Channel is

20   substantively unconscionable.  *See Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir.

21   2002) ("Under California law, an agreement is unconscionable only if it is [both] procedurally

22   and substantively unconscionable."); *Serpa v. Cal. Surety Investigations, Inc.*, 215 Cal. App. 4th

23   695, 704 (2013) (when "there is no other indication of oppression or surprise, [and] the degree of

24   procedural unconscionability of an adhesion agreement is low . . . the agreement will be

25   enforceable unless the degree of substantive unconscionability is high").  To render an arbitration

26   agreement substantively unconscionable, "the term must be so one-sided as to shock the

27   conscience."  *Pinnacle*, 55 Cal. 4th at 246.

28   The California Supreme Court in *Armendariz* set forth criteria for assessing whether an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   agreement may be substantively unconscionable.  An employment arbitration agreement must

2   provide for the following: (1) a neutral arbitrator, (2) adequate discovery, (3) a written award, (4)

3   the availability of all the types of relief that would otherwise be available in court, (5) the

4   employer's payment of any arbitration fees beyond the amount the employee would have to pay

5   in court, and (6) include a "modicum of bilaterality." *Armendariz,* 24 Cal. 4th at 102-14, 117-18.

6        Solution Channel lacks any of the characteristics courts have found to be substantively

7   unconscionable:  First, The Solution Channel Arbitration Agreement provides for "a neutral

8   arbitrator" who is to be jointly selected by the parties.  Knapper Decl., Exh. D, ¶ A, H.  Moreover,

9   the AAA Rules provide for a neutral arbitrator.  RFJN, Exh. 1, pg. 15.

10        Second, the Solution Channel Guidelines state the parties "will engage in discovery or the

11   exchange of information, which may include answering written questions (interrogatories),

12   exchanging documents, and taking the deposition testimony of witnesses."  Knapper Decl. Exh.

13   A, pg. 11.  The AAA Rules also allow for discovery "by way of deposition, interrogatory,

14   document production, or otherwise, as the arbitrator considers necessary to a full and fair

15   exploration of the issues in dispute…"  RFJN, Exh. 1, pg. 14.  Moreover, there is no language in

16   the Arbitration Agreement limiting discovery procedures, and "when parties agree to arbitrate

17   statutory claims, they also implicitly agree, absent express language to the contrary, to such

18   procedures as are necessary to vindicate that claim."  *Armendariz,* 24 Cal. 4th at 106.

19        Third, the terms of the Solution Channel Arbitration Agreement state the arbitrator will

20   issue a decision that "will be signed and dated by the arbitrator, and contain the express findings

21   of fact and the legal reasons for the decision and award…"  Knapper Decl., Exh. D, ¶ I.  The

22   Program Guidelines also state the arbitrator will issue a "final and binding written decision."  *Id*.,

23   Exh. A, pgs. 11, 19.  The AAA Rules similarly specify, "the award shall be in writing…and shall

24   provide the written reasons for the award…"  RFJN, Exh. 1, pg. 23.  This procedure is more than

25   sufficient to "reveal, however briefly, the essential findings and conclusions on which the award

26   is based."  *Armendariz,* 24 Cal. 4th at 107.

27        Fourth, the Solution Channel Program Guidelines state the "prevailing party may recover

28   any remedy that the party would have been allowed to recover had the dispute been brought in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1    court."  Knapper Decl. Exh. A, pg. 9.  The AAA Rules also state "the arbitrator may grant any

2    remedy or relief that would have been available to the parties had the matter been heard in court

3    including awards of attorney's fees and costs, in accordance with applicable law."  RFJN, Exh. 1,

4    pg. 23.  This element is also satisfied.

5          Fifth, under the terms of the Solution Channel Arbitration Agreement, Charter bears the

6    entire cost of arbitration in all cases where required by law, including the arbitrator's fees.

7    Knapper Decl., Exh. D, ¶ K ("Charter will pay the AAA administrative fees and the arbitrator's

8    fees and expenses").  These terms are unquestionably valid under *Armendariz*.

9          Sixth, the Solution Channel Arbitration Agreement is mutual between Plaintiff and

10   Charter because the Parties agreed to pursue all claims against the other through binding

11   arbitration.  Knapper Decl., Exh. D.  Charter is equally bound by the Agreement and does not

12   have a unilateral right or ability to change its terms or alter its scope.  The Arbitration Agreement

13   thus satisfies this final *Armendariz* requirement.  *See Dumais v. Am. Gold Corp.*, 299 F.3d 1216,

14   1219 (10th Cir. 2002); *24 Hour Fitness, Inc. v. Super.Ct.,* 66 Cal. App. 4th 1199, 1199 (no

15   substantive unconscionability where the arbitration provision applied equally to employer and

16   employee).

17   Thus, Plaintiff cannot legitimately argue the Arbitration Agreement is unconscionable.

18          **C.      The Arbitration Agreement Encompasses Plaintiff's Claims.**

19          A claim is subject to arbitration "unless it may be said with positive assurance that the

20   arbitration clause is not susceptible of an interpretation that covers the asserted dispute."

21   *Marchese v. Shearson Hayden Stone, Inc.*, 734 F. 2d 414, 419 (9th Cir. 1984).  "[U]nder

22   *Concepcion*, arbitration agreements will be enforced *in all but the most limited of circumstances*."

23   *Jasso v. Money Mart Exp., Inc.*, 879 F. Supp. 2d 1038, 1045 (N.D. Cal. 2012) (emphasis added).

24   Consequently, "any doubts concerning the scope of arbitrable issues should be resolved in favor

25   of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983);

26   *KPMG LLP v. Cocchi, et al.*, 565 U.S. 18, 19 (2011).

27          Here, Plaintiff asserts a variety of wage-and-hour claims against Charter on an individual,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

class, and representative basis. All of his claims arise out of his employment with Charter.[2]  For example, the Solution Channel Arbitration Agreement encompasses "all disputes, claims, and controversies that could be asserted in court or before an administrative agency for which [Plaintiff] or Charter have an alleged cause of action related to pre-employment, employment, employment termination, or post-employment-related claims . . . ." including but not limited to "wage and hour-based claims including claims for unpaid wages, commissions, or other compensation or penalties (including meal and rest break claims, claims for inaccurate wage statements, claims for reimbursement of expenses) . . .."  Knapper Decl. Exh. D.

Agreements to arbitrate employment-related claims, including wage and hour claims like those at issue here, are enforceable under the FAA.  *See, e.g., Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (holding that overtime claims are subject to arbitration); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 840-41 (N.D. Cal. 2012) (compelling individual arbitration of wage and hour claims); *Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159, 1172 (S.D. Cal. 2011) (compelling individual arbitration of wage and hour claims); *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1135 (C.D. Cal. 2011) (same).  Therefore, Plaintiff's claims are subject to arbitration under the Arbitration Agreement.

**D.      Plaintiff's Claims Alleged on a Class Basis Cannot Proceed in Any Forum and Must Be Dismissed.**

The Arbitration Agreement contains an explicit class action waiver that prohibits Plaintiff from bringing any claims on a class basis.  *See* Knapper Decl., Exh. D (emphasis in original) ("**Individual Claims Limitation and Representative, Collective, and Class Action Waiver.** You and Charter agree that both parties may only bring claims against the other party in their individual capacity and not as a plaintiff or class member in any purported class or representative proceeding, whether those claims are covered claims under Section B, or excluded claims under Section C.")  As the U.S. Supreme Court recently held, class action waivers in arbitration agreements are valid and enforceable.  *See Lamps Plus, Inc. v. Varela*, No. 17-988, 2019 WL

---

[2]    Charter does not concede that Plaintiff had an employment relationship with both Charter Communications Inc. and Charter Communications LLC.

1780275, at *7 (U.S. Apr. 24, 2019) (internal citations omitted) (noting the Supreme Court

"recently reiterated that courts may not rely on state contract principles to reshape traditional

individualized arbitration by mandating classwide arbitration procedures without the parties'

consent"); *Epic Systems*, 138 S. Ct. at 1622 (finding no merit to the plaintiffs' argument that their

arbitration agreements were unenforceable "because they require[d] individualized arbitration

proceedings instead of class or collective ones;" *see also Ahlstrom*, 2018 WL 6268876, at *4

(dismissing class claims in light of arbitration agreement's class action waiver).  Accordingly, the

Arbitration Agreement's class action waiver is enforceable against Plaintiff, and the Court should

dismiss Plaintiff's putative class action claims against Charter and compel arbitration on an

individual basis.

### E.      Plaintiff Must Arbitrate His Individual Claims Prior to Proceeding with Any PAGA Claims on Behalf of Others.

#### 1.      The PAGA Waiver Is Severable from the Agreement.

Although the parties expressly agreed that no claims could be brought or arbitrated on a

representative basis, Charter recognizes that, at least as of the present time, under prevailing

California law the PAGA waiver would be held to be unenforceable.  *See Iskanian*, 59 Cal. 4th at

360; *Sakkab v. Luxottica Retail N.A., Inc.,* 803 F.3d 425, 440 (9th Cir. 2015).[3]  However, as the

Agreement provides, if a court finds the representative waiver unenforceable, then the Agreement

does not apply to such representative claims.  *See* Knapper Decl. Exh. D, pgs. 4-5 (emphasis

added) ([I]f any portion or provision of this Agreement (including, without implication of

limitation, any portion or provision of any section of this Agreement) is determined to be illegal,

invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be

legal, valid, or enforceable to the fullest extent permitted by law, and said illegal, invalid, or

unenforceable portion or provisions shall be deemed not to be a part of this Agreement.  The only

exception to this severability provision is, should the dispute involve a representative collective or

class action claim, and the representative, collective, and class action waiver (Section D) is found

---

[3]    Charter contends that, in this respect, *Iskanian* is wrongly decided and expressly reserves its right to enforce the PAGA waiver and dismiss Plaintiff's PAGA claims if and when the portion of *Iskanian* finding PAGA waivers to be unenforceable is overturned.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   to be invalid or unenforceable for any reason **then this Agreement (except for the parties'**

2   **agreement to waive a jury trial) shall be null and void with respect to such representative,**

3   **collective, and/or class claim only, and the dispute will not be arbitrable with respect to such**

4   **claim(s).).**  Because of the parties' express contractual agreement, the Agreement does not apply

5   to any representative claims, such as PAGA claims.  Thus, the representative waiver must be

6   severed from the Agreement and the remaining provisions of the Agreement enforced.

7           **2.      Proceedings Concerning Plaintiff's PAGA Claims on Behalf of Others**
                     **Should Be Stayed Until After Arbitration of His Individual Claims.**
8

9           As the Agreement provides, this Court should decide Plaintiff's PAGA claims on behalf

10  of others, but stay those claims until the arbitrator first determines whether there has been an

11  underlying Labor Code violation applicable to Plaintiff.  Under the FAA, where, as here,

12  arbitrable issues must be referred to arbitration, the court shall, upon application of a party, "stay

13  the trial of the action until such arbitration has been had."  9 U.S.C. § 3.

14          Moreover, a stay of the PAGA claims would promote judicial economy.  A PAGA claim

15  is a representative action brought by an "aggrieved employee" on behalf of himself and other

16  current and former employees for alleged violations of the Labor Code.  Cal. Labor Code

17  § 2699(a).  Because Plaintiff's PAGA claims are based entirely on his underlying Labor Code

18  claims, he must first prove liability on his Labor Code claims to be an "aggrieved" party with

19  standing to pursue a PAGA claim on behalf of others.  The arbitrator must therefore first

20  determine that Charter has violated the Labor Code as to Plaintiff on an individual basis, before

21  Plaintiff can pursue a PAGA claim on behalf of others.  Staying the PAGA action until such

22  determination will conserve judicial resources, as Plaintiff's PAGA claims will be rendered moot

23  if the arbitrator determines that he is not an "aggrieved" employee.  *See Aviles v. Quik Pick*

24  *Express, LLC*, 703 F. App'x 631, 632 (9th Cir. 2017) (finding a stay on a plaintiff's PAGA claims

25  during pendency of arbitration of individual claims appropriate because the arbitration would

26  determine whether the "[plaintiff] is an aggrieved employee within the meaning of the California

27  Labor Code § 2699 so he can then pursue his PAGA claims in the district court.").

28          Additionally, this will allow the avoidance of duplicative adjudication, and conflicting *res*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

*judicata* and collateral estoppel issues that might otherwise arise should the Court determine the PAGA claims while the arbitrator determines the underlying Labor Code violations applicable to Plaintiff.  Indeed, the district court in *Alvarez v. AutoZone, Inc.,* No. EDCV1402471VAPSPX, 2015 WL 13427751, at *2 (C.D. Cal. July 8, 2015) found that a stay of the PAGA claims would be economical because it "would circumvent simultaneous and duplicative litigation of the same set of issues, facts, and questions of law."

*Smith Barney v. Burrow,* No. CV F 08-0373 LJO GSA, 2008 WL 4426805 (E.D. Cal. 2008), is also instructive.  In *Smith Barney*, the court stayed derivative state court claims pending arbitration of the underlying dispute, noting that "concurrent litigation makes no sense and promotes waste of time and resources of the parties and this Court, contrary to goals of arbitration," that "[s]imultaneous litigation creates potential for inconsistent results," and that "[u]nder such scenario, the arbitration results offer potential collateral estoppel or res judicata effect to render this action a formality."  *Id.* at *6.  These same considerations apply here.  *See also Lopez v. Ace Cash Express, Inc.,* 2012 WL 1655720, at *8-9 (C.D. Cal. 2012) (staying PAGA claims pending the result of the arbitration of the plaintiff's individual claims).

Here, if Plaintiff cannot prove liability on the underlying Labor Code claims, which will be the subject of the arbitration proceedings, Plaintiff will not be an "aggrieved" party with standing to pursue a PAGA claim on behalf of others.  Accordingly, only if the arbitrator first determines Plaintiff is an "aggrieved" employee under PAGA, should this Court subsequently decide whether to award any PAGA penalties.

## IV.   CONCLUSION

Plaintiff must be compelled to arbitrate his individual claims, which will also determine whether he is an aggrieved employee under PAGA, as he agreed to do by agreeing to the Solution Channel Program.  The Arbitration Agreement prohibits arbitration on a classwide basis or arbitration of claims brought on behalf of others.  Therefore, Plaintiff's putative class claims must be dismissed.  Plaintiff's PAGA claims on behalf of others should be decided by the Court and stayed pending completion of the arbitration of Plaintiff's individual claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   Dated: June 14, 2019                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                 By  /s/ Kathryn T. McGuigan
                                      Kathryn T. McGuigan

4                                      Zachary Shine
                                  Nicole L. Antonopoulos

5                      Attorneys for Defendants CHARTER
                      COMMUNICATIONS, LLC and CHARTER

6                      COMMUNICATIONS INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17              Case No. 2:19-cv-00902-WBS-DMC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION