1

2  MORGAN, LEWIS & BOCKIUS LLP
   Kathryn T. McGuigan, Bar No. 232112
3  kathryn.mcguigan@morganlewis.com
   300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA  90071-3132
   Tel:    +1.213.612.2500
5  Fax:    +1.213.612.2501

6

7  MORGAN, LEWIS & BOCKIUS LLP
   Zachary W. Shine, Bar No. 271522
8  zachary.shine@morganlewis.com
   Nicole L. Antonopoulos, Bar No. 306882
9  nicole.antonopoulos@morganlewis.com
   One Market, Spear Street Tower
   San Francisco, CA  94105
10 Tel:    +1.415.442.1000
   Fax:    +1.213.612.2501
11

12 Attorneys for Defendants
   Charter Communications, LLC and
13 Charter Communications, Inc.

14                   UNITED STATES DISTRICT COURT

15                  EASTERN DISTRICT OF CALIFORNIA

16

17 Lionel Harper, individually and on behalf of all    Case No. 2:19-cv-00902-WBS-DMC
   others similarly and all aggrieved employees,
                                                        **DECLARATION OF TAMMIE**
18                                                      **KNAPPER IN SUPPORT OF**
                        Plaintiff,                      **DEFENDANTS' MOTION TO**
19                                                      **COMPEL ARBITRATION OF**
                  vs.                                   **PLAINTIFF'S INDIVIDUAL CLAIMS,**
20                                                      **DISMISS THE PUTATIVE CLASS**
   Charter Communications, LLC, Charter                 **CLAIMS, AND STAY THE PAGA**
21 Communications, Inc., and Does 1 through 25,         **CLAIMS**

                        Defendants.
22                                                      Date:  July 29, 2019
23                                                      Time:  1:30 p.m.
                                                        Dept. Courtroom 5
24                                                      Hon. William B. Shubb

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

# DECLARATION OF TAMMIE KNAPPER

I, Tammie C. Knapper, hereby declare and state as follows:

1.      I am the Director, HR Technology for Charter Communications, LLC ("Charter" or the "Company"). I have been employed by Charter in that position since June 2016. As part of my duties as the Director, HR Technology, I am responsible for managing and implementing changes related to PeopleSoft, a system used by Charter to electronically collect, maintain, and report on, employee information.

2.      I am over the age of 18 and competent to give this Declaration ("Declaration"). The statements contained in this Declaration are based on my personal knowledge and a review of Charter's business records. If called and sworn as a witness, I would and could testify competently to the matters set forth herein.

3.      I submit this Declaration as Charter's authorized corporate representative, and therefore, the statements contained herein are the statements of the Company.

4.      Solution Channel is Charter's employment-based legal dispute resolution program ("the Program"). The Solution Channel Guidelines, including the terms and conditions of the arbitration procedures, are attached hereto as **Exhibit A.**

5.      On October 6, 2017, Charter announced the Program by email to all non-union employees below the level of Executive Vice President, who were active, or who were not on a leave of absence, on that date (hereinafter referred to as "Employees").

6.      Employees received the email announcement from Paul Marchand, Executive Vice President, Human Resources, at the Charter work email address assigned to them.

7.      A true and accurate copy of the October 6, 2017 email sent by Mr. Marchand to Employees (hereinafter referred to as "the Solution Channel Announcement"), is attached hereto as **Exhibit B**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT
LAW SV

1

Case No. 2:19-cv-00902-WBS-DMC

DECLARATION OF TAMMIE KNAPPER

8.      The Solution Channel Announcement indicated to Employees that they would be enrolled in the Program unless they opted out of the Program within 30 days. That 30-day period expired on November 5, 2017. The Solution Channel Announcement stated in part:

> Unless you opt out of participating in *Solution Channel* within the next 30 days, you will be enrolled. Instructions for opting out of *Solution Channel* are also located on Panorama.

9.      The Solution Channel Announcement included a link to the Solution Channel web page located on the Charter intranet site accessible to Employees, named *Panorama.* The Solution Channel web page was accessible to the Employees on Charter's network, and included additional information regarding the Program. A true and accurate copy of the Solution Channel web page content is attached as **Exhibit C.**

10.      The Solution Channel web page accessible to Employees on *Panorama* included a reference and link to Charter's Mutual Arbitration Agreement. A true and accurate copy of the Mutual Arbitration Agreement accessible to Employees using that link is attached as **Exhibit D.**

11.      The Solution Channel web page accessible to Employees on *Panorama* also included the following information:

**Opting Out of Solution Channel**

If you do not opt out of Solution Channel within the designated time, you will be automatically enrolled in Solution Channel and considered to have consented to the terms of the Mutual Arbitration Agreement at that time. To opt-out of Solution Channel, please **click here**. In the new window that will open, click Main Menu->Self-Service->Solution Channel.

12.      Employees who wished to learn more about opting out of the Program could select the **"click here"** link, which launched the opening of the PeopleSoft sign-in web page.

13.      Employees who signed into PeopleSoft using their regular network credentials could select "Self Service" from the main menu on the PeopleSoft home page, and then select "Solution Channel" from the Self Service menu. By selecting "Solution Channel", Employees would land on a page within PeopleSoft, at which they could opt out of the Program (hereinafter

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT
LAW SV

2

Case No. 2:19-cv-00902-WBS-DMC

DECLARATION OF TAMMIE KNAPPER

referred to as the "PeopleSoft Solution Channel Page"). A true and accurate copy of the PeopleSoft Solution Channel Page is attached hereto as **Exhibit E.**

14.     If Employees wished to opt out of the Program, they checked the box next to the phrase "I want to opt out of Solution Channel", entered their name in an adjacent text field, and clicked "SAVE". Employees had the option of printing this page for their records.

15.     Employees who opted out of the Program by following the steps described in paragraph 14, received an email from Charter confirming that they exercised their right to opt out of the Program.

16.     Employees who did not opt out of the Program by following the steps described in paragraph 14 on or before November 5, 2017, were enrolled in the Program. These enrolled Employees could then view their enrollment status in PeopleSoft by accessing PeopleSoft, selecting "Self Service" from the main menu on the PeopleSoft home page, and then selecting "Solution Channel" from the Self Service menu.

17.     After November 5, 2017, Employees could no longer use the PeopleSoft Solution Channel Page to opt out of the Program.

18.     Charter maintains within PeopleSoft a record of Employees who opted out of the Program between October 6 and November 5, 2017. I have access to this record.

19.     I have access to and have reviewed the dates of employment of Lionel Harper in PeopleSoft, and confirmed that Lionel Harper was an employee of Charter on October 6, 2017.

20.     I also have access to and reviewed the list of Employees to whom the Solution Channel Announcement was emailed on October 6, 2017, and have confirmed that Lionel Harper was included in this distribution list.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT
LAW  SV

3                          Case No. 2:19-cv-00902-WBS-DMC
DECLARATION OF TAMMIE KNAPPER

21.     I have also reviewed Charter's record of Employees who opted out of the Program between October 6 and November 5, 2017, and have confirmed that Lionel Harper did not opt out of the Program during that period.

22.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of June, 2019, in Charlotte, North Carolina

_Tammie C. Knapper_

_____
Tammie Knapper

DB2/ 36641544.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT
LAW SV

4

Case No. 2:19-cv-00902-WBS-DMC
DECLARATION OF TAMMIE KNAPPER

# EXHIBIT A



# ARBITRATION PROGRAM

# Solution Channel

For Resolution of Employment-Based Legal Disputes

PROGRAM GUIDELINES



Version Date—September 25, 2017

# TABLE OF CONTENTS

## OUR EMPLOYMENT PHILOSOPHY — 3

Charter Strives to Create a Positive Work Experience for All Employees — 3

Employment Opportunities at Charter Are Equal and Fair — 3

Inclusion in the Workplace Is a Priority at Charter — 3

Charter Promotes an Environment of Open Communication in the Workplace — 3

## DEALING WITH CONFLICT IN THE WORKPLACE — 5

Charter Has Created a Welcome and Productive Culture — 5

Charter Employees Are Expected to Act Professionally and With Integrity — 5

Reporting a Workplace Conflict — 5

Reports of Violations of Charter's Code of Conduct May Be Submitted Through Charter's Ethics and Compliance Hotline — 6

Charter's Policy and Code of Conduct Prohibit Retaliation — 6

## THE CHANNEL FOR RESOLUTION OF EMPLOYMENT-RELATED LEGAL DISPUTES — 7

Charter's Solution Channel — 7

Solution Channel at a Glance — 8

General Rules — 8

Initiating a Claim — 10

Internal Claim Review — 10

Arbitrating a Dispute — 11

## WHAT YOU NEED TO KNOW ABOUT SOLUTION CHANNEL — 13

Rights and Responsibilities — 13

Who Is Covered — 13

Covered and Excluded Claims — 14

How to Submit a Claim — 16

Deadlines and Timelines — 17

Key Elements to Arbitration — 17

## KEY TERMS TO KNOW AND UNDERSTAND — 21

# Our Employment Philosophy

### CHARTER STRIVES TO CREATE A POSITIVE WORK EXPERIENCE FOR ALL EMPLOYEES

Charter recruits and hires top talent. To retain and develop that talent, Charter believes that work should be a positive experience, where employees are treated fairly, respectfully, honestly, professionally, and with integrity.

### EMPLOYMENT OPPORTUNITIES AT CHARTER ARE EQUAL AND FAIR

Charter has a long-standing practice and policy of offering equal opportunities to all employees and applicants for employment without regard to race, color, sex, pregnancy, age, religion, creed, physical or mental disability status, medical condition, genetic information, national origin, nationality, ancestry, citizenship status, veteran status, military status, sexual orientation, gender identity, gender expression, marital status, domestic partner status, or any other basis protected by law. This practice and policy applies to every aspect of employment, including recruitment, hiring, promotion, compensation, transfers, layoffs, terminations, Charter-sponsored training, education, tuition assistance, benefits and all other employment decisions. Additionally, Charter complies fully with all local, state, and federal employment laws prohibiting discrimination, harassment, and retaliation in the workplace.

### INCLUSION IN THE WORKPLACE IS A PRIORITY AT CHARTER

Recognizing the value of a diverse workforce, Charter takes affirmative steps to create a work environment that is inclusive, welcoming, and supportive of individuals from different backgrounds and cultures. The value we place on these individual differences demonstrates Charter's commitment to treating employees respectfully and acknowledging their contributions to the organization's overall success.

### CHARTER PROMOTES AN ENVIRONMENT OF OPEN COMMUNICATION IN THE WORKPLACE

Charter maintains an Open Door Policy, which encourages employees to raise concerns, issues, questions, and ideas with their leadership and human resources teams. The primary goals of the Open Door Policy are to promptly resolve workplace issues, create a receptive environment in which ideas can be shared and provide a way to express concerns.

Employees who use the Open Door Policy in a professional and appropriate manner will never be penalized or retaliated against for doing so.

Charter is an equal opportunity employer. Discrimination, harassment, and retaliation are not tolerated at Charter. Our diverse workforce shows Charter's commitment to embracing and supporting individual and cultural differences.

4

# Dealing with Conflict in the Workplace

### CHARTER HAS CREATED A WELCOME AND PRODUCTIVE CULTURE

A work environment in which employees feel welcome and valued leads to a more productive and dedicated workforce. A productive and dedicated workforce leads to exceptional service, which is reflected in our customers' satisfaction with and loyalty to Charter. Because Charter's success is ultimately dependent upon a positive workplace culture and employee experience, we strive each day to preserve that culture and experience.

### CHARTER EMPLOYEES ARE EXPECTED TO ACT PROFESSIONALLY AND WITH INTEGRITY

Charter takes pride in its professional and congenial work environment. In our efforts to safeguard a workplace in which employees can thrive, every Charter employee is expected to follow Charter's Professional Conduct Policy and Code of Conduct. This means that employees must treat others respectfully, perform their job duties and assignments with integrity, accept responsibility for their actions, maintain honesty in all business interactions, and comply fully with applicable laws.

### REPORTING A WORKPLACE CONFLICT

We understand that conflicts may sometimes arise at work. An employee who has a work-related concern or issue is strongly encouraged to promptly bring the matter to the attention of his or her leader or a human resources representative. When issues and concerns are addressed at the outset, it minimizes the disruption in the workplace, and helps to allow for resolution while employees remain focused on providing quality service to customers.

Conflict and disharmony in the workplace are taken seriously at Charter. Appropriate complaints that are brought to the attention of Charter's leadership or human resources team will be investigated. While we cannot guarantee that the outcome of an investigation will be satisfactory to everyone, we can promise that the investigation will be thorough and unbiased, that any action taken will be lawful, and that the individuals affected will be treated with respect and dignity.

Charter employees work in an environment in which they are not only permitted, but are encouraged, to speak up about issues and concerns when they first surface. Charter believes that the timely and appropriate resolution of workplace conflict results in a more productive workforce, dedicated to providing superior customer service.

### REPORTS OF VIOLATIONS OF CHARTER'S CODE OF CONDUCT MAY BE SUBMITTED THROUGH CHARTER'S ETHICS AND COMPLIANCE HOTLINE

In those rare instances where an individual believes there has been a violation of Charter's Code of Conduct that cannot be reported through normal channels, Charter maintains an ethics and compliance hotline referred to as EthicsPoint. Reports can be submitted at www.EthicsPoint.com or by calling 866.384.4277. Charter's policy prohibiting retaliation extends to those who submit a report using EthicsPoint.

### CHARTER'S POLICY AND CODE OF CONDUCT PROHIBIT RETALIATION

Charter is steadfast in its belief that no employee should be in fear of reprisals for bringing a complaint, encouraging or aiding another person to report a concern, or cooperating during an investigation. Charter's policy prohibiting retaliation in any form and of any kind is strictly enforced as to all employees. This means that no employee will be discharged, disciplined, denied a promotion, demoted, assigned to an unfavorable work shift and/or location, targeted by a leader, or otherwise treated unfairly in retaliation for complaining about an issue, encouraging or aiding another person to complain, or cooperating during an investigation.

Charter's Code of Conduct impresses upon employees the importance of acting and treating others professionally, with integrity, honestly, lawfully, and respectfully. Charter's continued success hinges upon employees' adherence to the highest ethical standards in their day-to-day business activities.

# The Channel for Resolution of Employment-Related Legal Disputes

### CHARTER'S SOLUTION CHANNEL

With an emphasis on fostering a positive work environment where open communication is encouraged, Charter is confident that the vast majority of workplace conflicts will be appropriately resolved through less formal channels. However, we also recognize that there may be some employment-based disputes that are best addressed through a more structured and formal resolution process.

Solution Channel is a dispute resolution alternative developed by Charter. Solution Channel is the means by which a current employee, a former employee, an applicant for employment, or Charter can efficiently and privately resolve covered employment-based legal disputes. Solution Channel provides a number of tangible benefits:



**Benefits of Solution Channel**

- Internal Review
- Impartial Decisions
- Speedy Resolutions
- Flexibility
- Direct Involvement
- Fair and Equitable
- Cost Efficient
- Streamlined Procedures

Solution Channel is not intended to be a substitute for the manner in which routine conflicts, concerns, and issues in the workplace are handled. Solution Channel is reserved for the resolution of certain legal disputes that arise in the course of the pre-employment and employment relationship.

Contract workers assigned to provide services to Charter or Charter customers are not eligible to participate in Solution Channel.

## SOLUTION CHANNEL AT A GLANCE

The process involves multiple steps, any of which may result in resolution of the dispute. If necessary, the last step is final and binding arbitration of the dispute. An overview of the rules and the dispute resolution process follows.

> While Charter believes that nearly all workplace disputes can be resolved through Charter's Open Door Policy and other informal avenues, Solution Channel affords an efficient and less costly way to resolve those issues that are better resolved through a more formal process.

## GENERAL RULES

1. Unless there is an agreement to the contrary, Solution Channel is the exclusive means of resolving employment-related legal disputes that are covered under this Program.

2. With limited exceptions, participation in Solution Channel is a condition of consideration for employment with Charter, and a condition of working at Charter.

3. Upon implementation of Solution Channel, current employees will be provided a 30-day opt-out period. Those employees will be covered by Solution Channel unless they opt out. Those employees covered by a collective bargaining agreement or other employment agreement are excluded from Solution Channel unless expressly allowed under those agreements (although nothing in this document shall limit the applicability of any arbitration or other dispute resolution provision contained in those agreements).

4. Applicants who choose to be considered for employment with Charter are required to accept Charter's Mutual Arbitration Agreement.

8

5. By participating in Solution Channel, the right (a) of a current or former employee or applicant to initiate or pursue a covered claim against Charter or for Charter to initiate or pursue a covered claim against a current or former employee or applicant acting in the scope of employment in a court of law or equity is waived; (b) to have a covered claim heard by a court, judge, or jury is waived; and (c) to bring or pursue a covered claim as a representative or member of a class, collective, or representation action is waived.

6. Participation in Solution Channel does not bar a claimant from filing or pursuing a charge or complaint with a government agency. However, either party may choose to request that the government agency defer its investigation or processing of the charge or complaint pending the outcome of the dispute through Solution Channel.

7. A claim must be submitted to Solution Channel within the time period established by the applicable statute of limitations.

8. A submitted claim may be amended to clarify, add or remove information or allegations and related claims. A claim may not be amended later than the day of the informal conference with the arbitrator.

9. A respondent to a claim may submit a counterclaim (or claim against the other party), that will be reviewed and/or arbitrated with the original claim.

10. Absent extraordinary circumstances, any claim submitted through Solution Channel will generally be resolved within one year.

11. Should a covered claim proceed to arbitration, the American Arbitration Association (AAA) will be the administrator of the claim. Charter will pay the AAA administrative fees and the arbitrator's fees and expenses. All other costs, fees and expenses associated with the arbitration, including without limitation each party's attorneys' fees, will be borne by the party incurring the costs, fees and expenses.

12. The arbitrator will apply the burdens of proof and law applicable to the claim, had the claim been brought in court.

13. At the discretion of the arbitrator, the prevailing party may recover any remedy that the party would have been allowed to recover had the dispute been brought in court.

14. Questions, concerns, or comments related to Solution Channel should be directed to SolutionChannel@charter.com.

Charter believes that Solution Channel is the best way to resolve covered employment-related legal disputes. In an effort to ensure you and Charter benefit from this Program, Charter will absorb most of the administrative costs of arbitration if a claimant decides to arbitrate a covered claim.

### INITIATING A CLAIM

1. A claimant (an eligible current employee, former employee, applicant for employment, or Charter) will use a dedicated web-based portal to electronically submit a claim.

2. The claim should describe in detail the nature of the dispute, the date of and persons involved in the alleged misconduct or violation, and the remedy requested.

3. Once the claim is submitted, an automated email response will be sent to the claimant, confirming submission of the claim.

All covered claims must be timely submitted as required under the Program.

All covered claims must be timely submitted as required under the Program in order to be considered. Untimely claims will not be internally reviewed or arbitrated through Solution Channel.

### INTERNAL CLAIM REVIEW

1. Upon receipt, the claim will be reviewed to determine whether the claim is covered by Solution Channel.

2. If the claim is not covered, the claimant will be notified by email and the claim may be referred to Employee Relations, EthicsPoint, or closed.

3. If the claim is covered, there will be further review of the claim by Charter.

4. A summary of Charter's decision following its review will be emailed to the claimant.

5. The claimant will notify Charter by email whether he or she wishes to proceed to arbitration.

## ARBITRATING A DISPUTE

1. Once a party is notified of a claimant's desire to proceed to arbitration to resolve the dispute, the AAA will be notified by Charter and an arbitrator will be jointly selected by the parties.

2. The parties will meet telephonically with the arbitrator to schedule a mutually convenient date, time, and place for the arbitration hearing.

3. Prior to the scheduled hearing, the parties will engage in discovery or the exchange of information, which may include answering written questions (interrogatories), exchanging documents, and taking the deposition testimony of witnesses.

4. An evidentiary hearing will be held at which witnesses will be asked to testify under oath. A hearing may be waived only by agreement of both parties.

5. Following the hearing, the arbitrator will issue a final and binding written decision.

# What Happens After a Claim Is Submitted?



## The Claim is Reviewed Internally

**COVERED CLAIM**

Claimant notified of decision after internal review

If claimant accepts internal resolution, claim closed

**EXCLUDED CLAIM**

Claim Closed

Claimant Notified



## A Claimant May Choose to Arbitrate

CHOOSE TO ARBITRATE

JOINTLY SELECT ARBITRATOR

EXCHANGE DOCUMENTS AND INFORMATION

PARTICIPATE IN ARBITRATION HEARING

FINAL AND BINDING DECISION OF ARBITRATOR

# What You Need to Know About Solution Channel

## RIGHTS AND RESPONSIBILITIES

As participants in Solution Channel, you and Charter have a right to:

- A hearing and decision by a neutral arbitrator on a covered legal claim, if the claim is not resolved informally

- Representation by an attorney at each party's own expense

- Resolution of a covered legal claim generally within a year of a claim being filed

- Damages or other remedies allowed by law, as deemed appropriate by the arbitrator

You and Charter are responsible for:

- Meeting all Program deadlines

- Participating in Solution Channel in good faith, including providing truthful information and not pursuing claims to harass or threaten the other party

- Complying with all Program rules

## WHO IS COVERED

### Applicants
All applicants must agree to participate in Solution Channel as a condition of being considered for employment at Charter. Applicants offered employment will be required to participate in Solution Channel throughout and following their employment with Charter.

### Current Employees
Current employees at the effective date of Solution Channel will be enrolled in the Program, unless the employee opts out. Employees covered by a collective bargaining agreement or other employment agreement are excluded from Solution Channel (although nothing in this document shall limit the applicability of any arbitration or other dispute resolution provision contained in those agreements).

### Former Employees
Former employees who did not opt out of Solution Channel will remain enrolled in the Program.

### Charter
Charter and its affiliates and subsidiaries are enrolled in Solution Channel.

## COVERED AND EXCLUDED CLAIMS

All disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law), are covered by and must be resolved through Solution Channel, unless expressly excluded below.

Employee claims that are covered by and must be resolved through Solution Channel include without limitation, claims for:

- Unlawful termination, failure to hire or failure to promote

- Unlawful discrimination, harassment or retaliation (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds)

- Wage and hour-based claims, including claims for unpaid wages, commissions, or other compensation or penalties (including meal and rest break claims, claims for inaccurate wage statements, claims for reimbursement of expenses)

- Claims arising under the Family Medical Leave Act, the Americans with Disabilities Act and/or similar state laws (including unlawful denial of or interference with a leave of absence, claims for unlawful denial of accommodation or failure to engage in the interactive process)

- Claims arising under whistleblower laws or for violations of the Sarbanes-Oxley Act

- Claims for violations of the Occupational Safety and Health Act or other safety or occupational health laws, whether arising before, during or after the termination of employment

- Claims related to background checks and any and all other pre-employment and employment checks, including any claims brought under the Fair Credit Reporting Act and/or similar federal, state or local statutes or ordinances

The following Charter claims are covered and must be resolved through Solution Channel:

- Collection of overpaid wages and commissions

- Recovery of reimbursed tuition

- Recovery of relocation reimbursement

- Damage to or loss of Charter property

- Recovery of unauthorized charges on Company credit card

14

No covered claims between a person enrolled in Solution Channel and Charter, may be pursued in a court. All covered claims may only be pursued on an individual basis. Individuals participating in this Program waive their right to bring a covered claim in court and on behalf of a group or class of individuals.

In the event a dispute between you and Charter is not arbitrable under Solution Channel for any reason and is pursued in court, you and Charter agree to waive any right to a jury trial that might otherwise exist.

The following employee claims are **excluded** from and will not be resolved through Solution Channel:

- Claims for workers' compensation benefits
- Claims for unemployment compensation benefits
- Claims arising under the National Labor Relations Act
- Claims arising under the Employee Retirement Income Security Act, or for breach of employee benefits or welfare plans
- Claims arising under separation or severance agreements or non-compete agreements (unless arbitration is provided for under the terms of the agreement)
- Claims for violations of the Health Information Portability and Accountability Act
- Claims related to corrective action that do not result in termination of employment
- Claims older than the statute of limitations applicable to such claims
- Claims related to intellectual property

The following Charter claims are **excluded** from and will not be resolved through Solution Channel:

- Claims of theft or embezzlement, or any criminal conduct
- Claims related to intellectual property
- Claims that have already been filed in federal or state court at the time of the effective date of the Mutual Arbitration Agreement, provided that such claims were not previously subject to any arbitration agreement
- Claims covered by a collective bargaining agreement, a severance agreement, a non-compete agreement, or a written employment contract (although nothing in this document shall limit the applicability of any arbitration or other dispute resolution provision contained in those agreements)
- Claims for injunctive or other equitable relief related to unfair competition and the taking, use or unauthorized disclosure of trade secrets or confidential information

## HOW TO SUBMIT A CLAIM

If you are unable to informally resolve your employment-related legal concern to your satisfaction, you may submit a covered claim by following these steps:

### Solution Channel Website

- Access the Solution Channel website at www.CharterSolutionChannel.com from any computer or mobile device.
- Register so that you can obtain login credentials to access the claims submission web page.
- Login credentials will be emailed to you.

### Completing the Claim Form

- Log in at the Solution Channel website, and you will be directed to the Solution Channel claim portal.
- Click Start.
- Complete the claim form accurately and completely. In the form, you will describe the nature of your claim, the basis for your claim, and the remedy you are seeking.
- Save any information you wish to include in the claim form before exiting the form.
- You may save information and exit, and then later add additional information by logging into the site and selecting your claim.

### Acknowledgment and Submission of the Claim

- When you have completed the form and are ready to submit your claim, you must acknowledge and attest to the accuracy of the information in the form and then click Submit Claim. The date you submit the completed claim form to Charter will determine whether the claim was timely filed.
- You will receive an email confirming receipt of the claim, along with a claim number. You should keep a copy of this information. Charter will also receive an automated notification that your claim has been submitted.
- If you require an accommodation, or are otherwise unable to submit a claim using the portal, you must send your request for assistance by email to Charter at SolutionChannel@charter.com.

## DEADLINES AND TIMELINES

- You must submit a covered claim before the end of the statute of limitations applicable to the claim. You have the right to consult with an attorney regarding the applicable statute of limitations or your claim in general.

- Charter will communicate to you whether the claim is arbitrable within **10 days** after the claim is submitted.

- Charter will complete its internal review of an arbitrable claim and issue its determination, within **60 days** after the claim is submitted.

- You must indicate whether you wish to proceed with an arbitration hearing within **15 days** after receiving the determination.

- If you indicate that you wish to proceed with an arbitration hearing, the parties will have **10 days** to select an arbitrator.

- An informal conference with the arbitrator will typically be scheduled for within **10 days** after the arbitrator is selected and confirmed to preside over the matter.

- The parties will have up to **90 days** after the informal conference with the arbitrator, to exchange information or conduct other discovery.

- The arbitration hearing will generally occur within **180 days** after the informal conference with the arbitrator, and will generally last one or two days.

- The parties will be permitted to submit post-hearing briefs to the arbitrator within **45 days** after the arbitration.

- The arbitrator will issue a decision and the matter will be fully resolved, generally no later than one year after the submission of the claim.

It is imperative that you comply with the employee deadlines highlighted above to preserve your rights under Solution Channel. Deadlines will not be postponed or extended absent mutual agreement of the parties or good cause shown by the party requesting postponement.

## KEY ELEMENTS OF ARBITRATION

### Selecting an Arbitrator

If you are not satisfied with Charter's decision following the internal claim review and decide to proceed with arbitration of your claim, you must notify Charter of your intention to proceed with arbitration.

If you decide to move forward with arbitration, the next step is for the parties to jointly select an arbitrator. Charter will obtain from the AAA a list of five potential arbitrators deemed by AAA to have significant experience arbitrating employment claims.

Charter will email the list to you, and you will have the first opportunity to strike the name of an arbitrator that you do not wish to preside over the arbitration. After you strike a name and communicate your decision to Charter by email, Charter will then have the same opportunity to strike one name from the list and send you an email with Charter's decision. The parties continue to take turns striking names until there is just one arbitrator name left on the list.

The remaining arbitrator on the list will serve as the arbitrator, so long as he or she is available within the timelines required by this Program. Charter will notify AAA of the parties' choice for arbitrator, and will notify you by email when the arbitrator has been confirmed to preside over the claim.

### The Initial Conference

After the arbitrator is appointed, an informal telephone conference is held between the arbitrator and both parties and their legal representatives (if applicable). In cooperation with the arbitrator, the parties will identify the steps needed to prepare for the hearing and may set dates for submission of witness lists, exhibits, any briefs, and the hearing. The arbitrator may also discuss the law and burdens of proof that apply and any other issues relating to how the parties will proceed toward and during the arbitration hearing.

Either party may challenge the arbitrability of a claim until the day of the initial conference with the arbitrator.

All decisions or orders of the arbitrator will be documented in a letter or other written format for both parties.

### Exchanging Information and Preparing for Hearing

The parties will have 90 days to exchange information and take depositions. Information is generally exchanged through written questions or requests for documents, called interrogatories, requests for production, or third party subpoenas. Each party will be permitted to take up to four (4) depositions and allowed up to 20 total interrogatories (including subparts) and up to 15 total requests for documents to the other party, whether the interrogatories and requests for documents are sent at one time or in increments. Each party will bear the cost of taking depositions, including court reporter and witness fees.

Any disagreements regarding the exchange of information or depositions will be resolved by the arbitrator to allow a full and equal opportunity to all parties to present evidence that the arbitrator deems material and relevant to the resolution of the dispute.

The arbitrator has the discretion to draw an adverse inference against a party who fails to timely cooperate in the exchange of information.

### What to Expect During the Hearing

An arbitration hearing is not as formal as a trial. These hearings will be held, at Charter's expense, at a hotel meeting or conference room or similar, neutral location within 100 miles of your last Charter work location, unless another location is mutually agreed upon.

The arbitrator is typically seated between the parties. The parties may call witnesses to testify, and any testifying witness under oath will be seated near the arbitrator. A court reporter will usually be seated near the witness seat to transcribe all testimony and substantive statements of the arbitrator and parties or their representatives.

After the arbitrator makes initial remarks and tells the parties about some ground rules for the arbitration, the arbitrator may allow each party or their legal representative to make an opening statement. These statements are followed by witness testimony, with the claimant calling his or her witnesses first. Witnesses will be subject to direct and cross examination. The parties will bear the same burden of proof and production of evidence regarding the claim as would apply if the claim had been brought in court. At the end of all of the witness testimony, the parties may also have the chance to make closing arguments to the arbitrator.

Following the hearing, the parties will be given the opportunity to submit written, post-hearing briefs to the arbitrator. The arbitrator will issue a written opinion containing the arbitrator's findings, decision and any award. The arbitration decision will be final and binding as to the claim arbitrated by the parties, but will have no binding effect in any other proceeding.



# Key Terms to Know and Understand

Because Solution Channel is the process utilized at Charter to resolve most legal disputes related to employment, it is important to know and understand the meaning of terms associated with and used to explain Solution Channel. Following is an alphabetized glossary of key terms and how they are defined for purposes of Solution Channel.

American Arbitration Association – Founded in 1926, the American Arbitration Association (AAA) is a non-profit public service organization dedicated to the resolution of disputes through alternative procedures. AAA will preside over disputes that proceed to arbitration through Solution Channel.

Arbitration – A hearing or other proceeding where a legal dispute between Charter and a current employee, former employee, or applicant for employment is formally presented to a neutral third party for final and binding resolution. During arbitration, the parties (claimant and respondent) are also permitted to present evidence that supports their position.

Arbitrator – A neutral and objective third party jointly selected by the claimant and respondent involved in a legal dispute. The arbitrator acts as an impartial judge in that he or she examines and weighs the value and credibility of evidence presented during arbitration, reviews and analyzes the applicable laws, and reaches a final and binding decision that resolves the dispute.

Brief – A written explanation of a party's position and arguments in a legal dispute. Both the claimant and respondent are generally given the opportunity to submit a brief to the arbitrator. Depending upon the nature of the dispute, the arbitrator may request that the parties submit a pre-hearing brief and/or a post-hearing brief.

Claim – A legal demand made by a person or party seeking monetary or non-monetary compensation or another remedy for a loss suffered as the result of a legal dispute. Through Solution Channel, a current employee, former employee, or applicant for employment can resolve eligible employment-related claims asserted against Charter. Similarly, Solution Channel is the means by which Charter will resolve qualifying employment-related claims it may assert against a current or former employee. Solution Channel does not allow claims to be brought by a group or class of current employees, former employees, or applicants for employment. Under Solution Channel, claims can only be brought by or on behalf of an individual, or by or on behalf of Charter.

21

Claimant – The person or party that initiates a claim. A claim may be brought by a current employee, a former employee, an applicant for employment, or Charter.

Claim Form – The official statement and description of a claim asserted by a person or party.

Decision – A written summary and analysis prepared by the arbitrator following an arbitration proceeding. The decision typically includes factual findings, an overview of the applicable laws, the arbitrator's final and binding decision, the rationale for the decision, and any monetary or nonmonetary remedy awarded to the claimant.

Discovery – The period during which the claimant and respondent exchange documents and other evidence related to the claim. Discovery may be in written form, the deposition testimony of a witness, or other tangible things such as audio recordings, video recordings, pictures, and/or social media postings.

Dispute – A disagreement of a legal nature between Charter and a current employee, a former employee, or an applicant for employment. Solution Channel is the mechanism for resolving covered employment-related disputes.

Evidence – Documents, testimony, written statements, and other tangible items that prove or disprove facts relating to a claim.

Final and Binding – A term used to describe a decision of the arbitrator that generally cannot be appealed to any other person or body and is enforceable like a court ruling or judgment.

Legal Representative – An attorney authorized to act on behalf of Charter or a claimant during the arbitration process. You may involve a legal representative, but this is not required. Each party bears the cost of an attorney, unless the arbitrator orders otherwise.

Remedy – The relief or damages awarded by an arbitrator to the claimant if the arbitrator finds in favor of the claimant. The type of relief will vary, based on the nature of the claim, but will be limited to the form of relief that would be available in court or through an administrative agency.

Respondent – The party who is defending a claim.

Statute of Limitations – The period of time during which the law allows an individual or entity to pursue a particular type of claim. If an individual or entity files a claim beyond this period of time, the claim will not be covered by Solution Channel and the claimant will be notified that the claim has been closed. For example, if the statute of limitations for filing a claim to collect a debt is two years, then the claim must be filed no later than two years after the debt was first owed, otherwise, the statute of limitations has run and the claim will be closed. Also, to be timely, any claim that must be filed with an administrative agency or body as a precondition or prerequisite to filing the claim in court, must be filed with Solution Channel within the time period by which the charge, complaint or other similar document would have had to be filed with the agency or other administrative body. If you file a charge or complaint with an administrative agency or body, any participation by Charter in the proceeding shall not be deemed a waiver of your obligation to arbitrate your claims pursuant to this Agreement. By participating in this Program, you waive any argument that Charter's participation in such a proceeding acts as a waiver or modification of the parties' agreement to arbitrate. If an aggrieved party pursues an administrative charge or complaint and files a timely complaint with Solution Channel, the arbitration shall proceed as quickly as possible under these Guidelines.

Testimony – Oral statements made under oath and transcribed by a court reporter, at either a deposition or an arbitration.

Waiver – An agreement to give up a right in exchange for receiving a benefit.



©2017 Charter Communications



## NOTICE

**PLEASE READ THE FOLLOWING MUTUAL ARBITRATION AGREEMENT ("AGREEMENT") CAREFULLY.  IF YOU ACCEPT THE TERMS OF THE AGREEMENT (WHETHER YOU ARE AN APPLICANT, CURRENT EMPLOYEE, OR FORMER EMPLOYEE), YOU ARE AGREEING TO SUBMIT ANY COVERED EMPLOYMENT-RELATED DISPUTE BETWEEN YOU AND CHARTER COMMUNICATIONS (CHARTER) TO BINDING ARBITRATION. YOU ARE ALSO AGREEING TO WAIVE ANY RIGHT TO LITIGATE THE DISPUTE IN A COURT AND/OR HAVE THE DISPUTE DECIDED BY A JURY.**

## MUTUAL ARBITRATION AGREEMENT

A.  **Arbitration Requirement.** You and Charter mutually agree that, as a condition of Charter considering your application for employment and/or your employment with Charter, any dispute arising out of or relating to your pre-employment application and/or employment with Charter or the termination of that relationship, except as specifically excluded below, must be resolved through binding arbitration by a private and neutral arbitrator, to be jointly chosen by you and Charter.

B.  **Covered Claims.** You and Charter mutually agree that the following disputes, claims, and controversies (collectively referred to as "covered claims") will be submitted to arbitration in accordance with this Agreement:

1.  all  disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law), including without limitation claims for: collection of overpaid wages and commissions, recovery of reimbursed tuition or relocation expense reimbursement, damage to or loss of Charter property, recovery of unauthorized charges on company credit card; claims for unlawful termination, unlawful failure to hire or failure to promote, wage and hour-based claims including claims for unpaid wages, commissions, or other compensation or penalties (including meal and rest break claims, claims for inaccurate wage statements, claims for reimbursement of expenses); unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds), claims for unlawful retaliation, claims arising under the Family Medical Leave Act, Americans with Disabilities Act or similar state laws, including unlawful denial of or interference with a leave of absence, claims for unlawful denial of accommodation or failure to engage in the interactive process, whistleblower claims, claims for violations of the Sarbanes-Oxley Act, claims for violations of Occupational Safety and Health Administration or other safety or occupational health, whether arising before, during or after the termination of your employment, claims related to background and any and all other pre-employment and employment checks, including any claims brought under the Fair Credit Reporting Act and/or similar federal, state or local statutes or ordinances;

2.  all disputes, claims, and controversies set forth in Section B.1 above, whether made against Charter, or any of its subsidiaries, parent, or affiliated entities, or its individual officers, directors, shareholders, agents, managers, or employees (in an official or personal capacity, if such claim against the employee arises from or in any way relates to your pre-employment or employment relationship with Charter); and

3.  all disputes related to the arbitrability of any claim or controversy.



C. **Excluded Claims.** All other claims not covered under Section B above will not be submitted to arbitration under this Agreement.  In addition, the following claims are specifically excluded from arbitration under this Agreement:

1.  Claims for workers' compensation benefits (other than retaliation for pursuing such claims);

2.  Claims for unemployment compensation benefits (other than retaliation for pursuing such claims);

3.  Claims arising under the National Labor Relations Act;

4.  Claims for violations of the Employee Retirement Income Security Act of 1974, or for breach of employee benefits or welfare plans that contain procedures for resolution of disputes under those plans, which shall be governed by those procedures;

5.  Claims arising under the Health Insurance Portability and Accountability Act of 1996;

6.  Claims for injunctive or other equitable relief related to unfair competition and the taking, use or unauthorized disclosure of trade secrets or confidential information;

7.  Claims arising under separation or severance agreements or non-compete agreements (unless arbitration is provided for under the terms of the agreement);

8.  Claims related to corrective action or other performance management that does not result in termination of employment;

9.  Claims older than the statute of limitations applicable to such claims;

10.  Claims of theft or embezzlement or any criminal conduct;

11.  Claims over the validity of any party's intellectual property rights;

12.  Any claims covered by a collective bargaining agreement, a severance agreement, or a written employment contract (although nothing in this Agreement shall limit the applicability of any arbitration or other dispute resolution provision contained in those agreements);

13.  Any claims expressly non-arbitrable by statute, including 12 U.S.C. §5567(d)(2); 7 U.S.C. §26(n); or 18 U.S.C. §1514A(e)(2);

14.  Any claims that have already been filed in federal or state court at the time you execute this Agreement, provided that such claims were not previously subject to any arbitration agreement.

Nothing in this Agreement shall prevent you from filing and pursuing the following: an administrative proceeding before the Equal Employment Opportunity Commission (EEOC) or an equivalent state or local agency (although if you choose to pursue the claim, any proceeding on the merits or for damages will be subject to arbitration); a proceeding before the National Labor Relations Board (NLRB); a claim for medical and/or disability benefits under applicable workers' compensation laws; or a claim for unemployment compensation benefits.

D. **Individual Claims Limitation and Representative, Collective, and Class Action Waiver.** You and Charter agree that both parties may only bring claims against the other party in their individual capacity and not as a plaintiff or class member in any purported class or representative proceeding, whether those claims are covered claims under Section B, or excluded claims under Section C.  Additionally, the arbitrator shall not be permitted to order consolidation of claims or a representative, class, or collective, arbitration.

Version Date – September 25, 2017



E.   **Time Limits.** The aggrieved party must give written notice of the claim, in the manner required by this Agreement, within the time limit established by the applicable statute of limitations for each legal claim being asserted.  To be timely, any claim that must be filed with an administrative agency or body as a precondition or prerequisite to filing the claim in court, must be filed with Solution Channel within the time period by which the charge, complaint or other similar document would have had to be filed with the agency or other administrative body.  Whether a demand for arbitration is untimely is an affirmative defense, and will be decided by the arbitrator before any hearing on the merits of the aggrieved party's claim.  If you file a charge or complaint with an administrative agency or body, any participation by Charter in the proceeding shall not be deemed a waiver of your obligation to arbitrate your claims pursuant to this Agreement.  You agree not to assert, and agree to waive, any argument that Charter's participation in such a proceeding acts as a waiver or modification of the parties' agreement to arbitrate.

F.   **Claim.** To pursue arbitration of a dispute under this Agreement, you must first submit a written claim at www.CharterSolutionChannel.com, a site hosted by a third party designated by Charter. In your claim, you must (1) describe the nature and basis of the claim or dispute, (2) set forth the specific relief sought, and (3) include a sworn verification that the dispute is covered by this Agreement and that the information submitted in the notice is accurate.  In the event that Charter intends to seek arbitration of a dispute under this Agreement, it must send by certified mail to the individual's last known address, a written claim that meets the requirements of this Section F.

G.   **Location.** Any arbitration hearing conducted under this Agreement will take place within 100 miles of the Charter office to which you last reported during your employment as of the date of the filing of the Notice, or the Charter office at which you sought employment, unless another location is mutually selected by the parties.

H.   **Selection of Arbitrator.** The arbitration shall be held before one arbitrator who is a current member of the American Arbitration Association (AAA) and is listed on the Employment Dispute Resolution Roster.  Within 45 days after submission of the claim, Charter will request from the AAA a list of at least five arbitrators willing to hear and decide the dispute.  Within 20 days after receipt of the list from the AAA, the parties will select an arbitrator to hear and resolve the dispute and will notify the AAA of the selection of an arbitrator.

I.   **Conduct of Arbitration.**

   1.   *Rules.*  Arbitration hearings will be conducted pursuant to the Solution Channel Program Guidelines and the arbitrator shall have the sole authority to determine whether a particular claim or controversy is arbitrable.

   2.   *Authority of the Arbitrator.*  The arbitrator will decide all discovery disputes related to the arbitration.  Unless the parties agree to submit written arguments in lieu of a hearing on the merits of the claim[s], the arbitrator will schedule and conduct an evidentiary hearing, at which the arbitrator will hear testimony and receive evidence.  The arbitrator shall apply the governing law applicable to any substantive claim asserted, including the applicable law necessary to determine when the claim arose and any damages.

   3.   *Waiver of Hearing.*  The parties may, at any time prior to a hearing, mutually agree to forego a hearing, and instead submit all evidence and argument to the arbitrator in writing.

   4.   *Burden of Proof.*  The arbitrator will apply the burdens of proof and law applicable to the claim, had the claim been adjudicated in court.

   5.   *Decision.*  The arbitrator will issue a decision within 30 days after the close of an arbitration hearing, or at a later time on which the parties agree.  The decision will be signed and dated by the arbitrator, and will contain

|3



express findings of fact and the legal reasons for the decision and any award, except as otherwise provided for under the Federal Arbitration Act.

J.    **Enforcement of the Decision.** Judgment on the arbitrator's decision may be entered in any court having jurisdiction over the matter, within 45 days following its issuance.

K.    **Arbitration Costs.** Charter will pay the AAA administrative fees and the arbitrator's fees and expenses.  All other costs, fees and expenses associated with the arbitration, including without limitation each party's attorneys' fees, will be borne by the party incurring the costs, fees and expenses.  The parties agree and acknowledge, however, that the failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this Agreement.  If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees.

L.    **Jury Trial and Litigation Waiver.** You and Charter understand that, by agreeing to arbitration, both parties are waiving their right to demand a jury in any claim that is subject to arbitration under this Agreement.  In addition, in the event a dispute between you and Charter is not arbitrable under this Agreement for any reason and is pursued in court, you and Charter agree to waive any right to a jury trial that might otherwise exist.  Although this Agreement does not preclude either party from filing timely charges with any applicable administrative agency, neither party will ever seek or accept any damages, remedies, or other relief (any right to which is hereby waived) except through the binding arbitration process set forth in this Agreement.

M.    **Conflicts.** In the event of a conflict between this Agreement and the Solution Channel Program Guidelines, the terms of this Agreement will control.

N.    **No Retaliation.** Charter will not retaliate against you for seeking, in good faith, to resolve a dispute pursuant to this Agreement.

O.    **Employment-At-Will.** This Agreement in no way alters the at-will employment relationship between you and Charter.  You and Charter are free to terminate the employment relationship at any time for any lawful reason, and your employment is not for any specific duration.

P.    **Entire Agreement.** This Agreement sets for the complete agreement of the parties on the subject of resolution of the covered disputes, and supersedes any prior or contemporaneous oral or written understanding on this subject; provided, however, that this Agreement will not apply to the resolution of any charges, complaints, or lawsuits that have been filed with an administrative agency or court before the Effective Date of this Agreement.

Q.    **Severability.** The parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, if any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement.  The only exception to this severability provision is, should the dispute involve a representative, collective or class action claim, and the representative, collective, and class action waiver (Section D) is found to be



invalid or unenforceable for any reason, then this Agreement (except for the parties' agreement to waive a jury trial) shall be null and void with respect to such representative, collective, and/or class claim only, and the dispute will not be arbitrable with respect to such claim(s).

R.   **Federal Arbitration Act.** This Agreement will be governed by the Federal Arbitration Act.

S.   **Consideration.** You agree that Charter has offered you sufficient consideration for this Agreement, including, without limitation, consideration of your application for employment with Charter, your employment with Charter, and/or Charter's mutual agreement to arbitrate disputes.

T.   **Termination.** This Agreement survives the termination of your employment with Charter (including if you are later re-employed by and/or if your employment with Charter terminates again).

U.   **Voluntary.** You acknowledge that you have carefully read this Agreement, fully understand what it means, and are entering into it voluntarily.

V.   **Effective Date.** This Agreement is effective and you are legally bound by the terms of Charter's Solution Channel and this Agreement, as of the date of your consent to participate in Solution Channel.

# EXHIBIT B

| | |
|---|---|
| **From:** | Paul Marchand </O=CHARTER COMMUNICATIONS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN= 1EBF6C9DAC6F4BC2AE0754F77DCB8233-R> |
| **Sent:** | Friday, October 6, 2017 1:09 PM |
| **To:** | Harper, Lionel E |
| **Subject:** | Charter's Code of Conduct and Employee Handbook |

<u>View web version</u>



October 6, 2017

We should all take personal pride in ensuring our company acts with integrity and respect. We strive to do the right thing – no matter the circumstance or the situation.

Our reputation and the creation of long-term value rest on how we conduct ourselves individually and collectively as a company. In this regard, our behavior is governed by the standards, guidelines and policies outlined in a few key resources. These resources explain what you should expect in the workplace, as well as the company's expectations of you.

Our *Code of Conduct* embodies our business ideals, describes behavior employees should strive to model, and provides the framework for reporting ethical concerns in the workplace. The *Employee Handbook* sets forth the policies, guidelines and rules that govern workplace behavior. Further integrating our three legacy companies, we have refreshed Charter's *Code of Conduct* and *Employee Handbook* to ensure we're all abiding by the same standards. The basic principles and values that guide our daily decisions remain unchanged. The *Code of Conduct* and *Employee Handbook* are available on Panorama. The *Employee Handbook* includes references and links to various policies. We also have various business unit policies and other corporate policies to guide our activity. You are encouraged to review and familiarize yourself with the *Code of Conduct,* the *Employee Handbook*and these additional policies. We'll continue to see success in the marketplace by putting our customers first, acting with integrity and making professionalism our daily routine.

Even with clearly articulated standards, guidelines and policies, we understand that workplace

1

conflicts arise from time to time. The vast majority of these will be appropriately resolved through informal channels (such as speaking directly to your supervisor, manager or local human resources representative), though we also recognize that some employment-based disputes may be better addressed through a more structured and formal resolution process, similar to the process that was already the standard at Time Warner Cable and for our senior executives, which has covered over 40,000 Charter employees. In the unlikely event of a dispute not resolved through the normal channels, Charter has launched *Solution Channel*, a program that allows you and the company to efficiently resolve covered employment-related legal disputes through binding arbitration.

By participating in *Solution Channel*, you and Charter both waive the right to initiate or participate in court litigation (including class, collective and representative actions) involving a covered claim and/or the right to a jury trial involving any such claim. More detailed information about *Solution Channel* is located on Panorama. Unless you opt out of participating in *Solution Channel* within the next 30 days, you will be enrolled. Instructions for opting out of *Solution Channel* are also located on Panorama.

Thank you for doing your part to make Charter a positive, supportive and professional place to work. We are proud of our company and how we behave.

Paul Marchand                                    Rick Dykhouse
Executive Vice President,                         Executive Vice President,
Chief Human Resources Officer                     General Counsel and Corporate Secretary

E-MAIL CONFIDENTIALITY NOTICE:
The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

© 2017 Charter Communications

This email was sent to Lionel.Harper@charter.com from PaulMarchandEVP@charter.com
Receive in Plain Text

# EXHIBIT C



## SOLUTION CHANNEL

Support & Resources        Report an Issue        Solution Channel

# Solution Channel

## Charter's Program for Resolution of Employment-Based Legal Disputes

### Our Commitment

Charter is committed to creating and maintaining a work environment where employees are treated fairly, respectfully, honestly, professionally, and with integrity.

### Dealing With Conflict in the Workplace

Charter offers a number of ways to address work-related concerns if they arise. Charter maintains an Open Door Policy that allows employees to freely share ideas, make suggestions, and express concerns informally and without repercussion. You are encouraged to confer with your supervisor, another leader, or the HR team, to discuss any employment-related ideas, suggestions, or concerns. Ethics or compliance issues should be reported through EthicsPoint.

Charter is confident that the vast majority of workplace conflicts will be appropriately resolved through less formal channels. However, we also recognize that there may be some employment-based disputes that are best addressed through a more structured and formal resolution process.

### Introduction to Solution Channel

Solution Channel is a dispute resolution alternative developed by Charter, where a current employee, a former employee, an applicant for employment, or Charter can efficiently and privately resolve covered employment-based legal disputes. Solution Channel is not intended to be a substitute for the manner in which routine conflicts, concerns, and issues in the workplace are handled. Rather, it is reserved for the resolution of certain legal disputes that arise during the course of the employment and pre-employment relationship. Participation in Solution Channel means that you and Charter agree

to waive any right to participate in court litigation involving covered disputes and to arbitrate those disputes that are not successfully resolved following the internal review phase of the process.

## At a Glance

Through Solution Channel, Charter is committed to reaching a mutually satisfactory resolution of covered legal disputes. The process involves multiple steps, any of which may result in resolution of the dispute. If necessary, the last step is final and binding arbitration of the dispute. Solution Channel offers a number of tangible benefits, including the following:

**Fair, Equitable and Speedy Resolutions.** It can take years to resolve a claim in court, but Solution Channel offers the opportunity to have claims heard and decided by a neutral arbitrator within a year after a claim is filed.

**Cost Efficient.** Charter pays for the arbitrator, the arbitration site, and the claim filing fees. The speedy resolution available through Solution Channel reduces the costs and attorneys' fees that might typically be incurred in court litigation.

**Direct Involvement.** Claims are decided by an independent, neutral arbitrator that the employee and Charter jointly select from a panel of experienced arbitrators.

**Streamlined Procedures.** Court litigation involves numerous hearings, depositions, and other proceedings, but arbitrations involve fewer steps, allowing a case to be resolved within a year of a claim being filed.

## Key Documents

- Mutual Arbitration Agreement
- Program Guidelines

## Submitting a Claim Through Solution Channel

To utilize Solution Channel, you must submit a claim online. To submit a claim or check the status of a claim you previously filed, go to www.CharterSolutionChannel.com.

Submitted claims will first be reviewed by Charter to determine whether they are covered by Solution Channel. If a claim is covered by Solution Channel, it will then be reviewed internally by Charter. Claims not resolved at this phase in the process may proceed to arbitration.

# EXHIBIT D



## NOTICE

**PLEASE READ THE FOLLOWING MUTUAL ARBITRATION AGREEMENT ("AGREEMENT") CAREFULLY.  IF YOU ACCEPT THE TERMS OF THE AGREEMENT (WHETHER YOU ARE AN APPLICANT, CURRENT EMPLOYEE, OR FORMER EMPLOYEE), YOU ARE AGREEING TO SUBMIT ANY COVERED EMPLOYMENT-RELATED DISPUTE BETWEEN YOU AND CHARTER COMMUNICATIONS (CHARTER) TO BINDING ARBITRATION. YOU ARE ALSO AGREEING TO WAIVE ANY RIGHT TO LITIGATE THE DISPUTE IN A COURT AND/OR HAVE THE DISPUTE DECIDED BY A JURY.**

## MUTUAL ARBITRATION AGREEMENT

A.   **Arbitration Requirement.** You and Charter mutually agree that, as a condition of Charter considering your application for employment and/or your employment with Charter, any dispute arising out of or relating to your pre-employment application and/or employment with Charter or the termination of that relationship, except as specifically excluded below, must be resolved through binding arbitration by a private and neutral arbitrator, to be jointly chosen by you and Charter.

B.   **Covered Claims.** You and Charter mutually agree that the following disputes, claims, and controversies (collectively referred to as "covered claims") will be submitted to arbitration in accordance with this Agreement:

   1.   all  disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law), including without limitation claims for: collection of overpaid wages and commissions, recovery of reimbursed tuition or relocation expense reimbursement, damage to or loss of Charter property, recovery of unauthorized charges on company credit card; claims for unlawful termination, unlawful failure to hire or failure to promote, wage and hour-based claims including claims for unpaid wages, commissions, or other compensation or penalties (including meal and rest break claims, claims for inaccurate wage statements, claims for reimbursement of expenses); unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds), claims for unlawful retaliation, claims arising under the Family Medical Leave Act, Americans with Disabilities Act or similar state laws, including unlawful denial of or interference with a leave of absence, claims for unlawful denial of accommodation or failure to engage in the interactive process, whistleblower claims, claims for violations of the Sarbanes-Oxley Act, claims for violations of Occupational Safety and Health Administration or other safety or occupational health, whether arising before, during or after the termination of your employment, claims related to background and any and all other pre-employment and employment checks, including any claims brought under the Fair Credit Reporting Act and/or similar federal, state or local statutes or ordinances;

   2.   all disputes, claims, and controversies set forth in Section B.1 above, whether made against Charter, or any of its subsidiaries, parent, or affiliated entities, or its individual officers, directors, shareholders, agents, managers, or employees (in an official or personal capacity, if such claim against the employee arises from or in any way relates to your pre-employment or employment relationship with Charter); and

   3.   all disputes related to the arbitrability of any claim or controversy.

© 2017 Charter Communications          Version Date – September 25, 2017



C. **Excluded Claims.** All other claims not covered under Section B above will not be submitted to arbitration under this Agreement.  In addition, the following claims are specifically excluded from arbitration under this Agreement:

1. Claims for workers' compensation benefits (other than retaliation for pursuing such claims);

2. Claims for unemployment compensation benefits (other than retaliation for pursuing such claims);

3. Claims arising under the National Labor Relations Act;

4. Claims for violations of the Employee Retirement Income Security Act of 1974, or for breach of employee benefits or welfare plans that contain procedures for resolution of disputes under those plans, which shall be governed by those procedures;

5. Claims arising under the Health Insurance Portability and Accountability Act of 1996;

6. Claims for injunctive or other equitable relief related to unfair competition and the taking, use or unauthorized disclosure of trade secrets or confidential information;

7. Claims arising under separation or severance agreements or non-compete agreements (unless arbitration is provided for under the terms of the agreement);

8. Claims related to corrective action or other performance management that does not result in termination of employment;

9. Claims older than the statute of limitations applicable to such claims;

10. Claims of theft or embezzlement or any criminal conduct;

11. Claims over the validity of any party's intellectual property rights;

12. Any claims covered by a collective bargaining agreement, a severance agreement, or a written employment contract (although nothing in this Agreement shall limit the applicability of any arbitration or other dispute resolution provision contained in those agreements);

13. Any claims expressly non-arbitrable by statute, including 12 U.S.C. §5567(d)(2); 7 U.S.C. §26(n); or 18 U.S.C. §1514A(e)(2);

14. Any claims that have already been filed in federal or state court at the time you execute this Agreement, provided that such claims were not previously subject to any arbitration agreement.

Nothing in this Agreement shall prevent you from filing and pursuing the following: an administrative proceeding before the Equal Employment Opportunity Commission (EEOC) or an equivalent state or local agency (although if you choose to pursue the claim, any proceeding on the merits or for damages will be subject to arbitration); a proceeding before the National Labor Relations Board (NLRB); a claim for medical and/or disability benefits under applicable workers' compensation laws; or a claim for unemployment compensation benefits.

D. **Individual Claims Limitation and Representative, Collective, and Class Action Waiver.** You and Charter agree that both parties may only bring claims against the other party in their individual capacity and not as a plaintiff or class member in any purported class or representative proceeding, whether those claims are covered claims under Section B, or excluded claims under Section C.  Additionally, the arbitrator shall not be permitted to order consolidation of claims or a representative, class, or collective, arbitration.

Version Date – September 25, 2017



E.   **Time Limits.** The aggrieved party must give written notice of the claim, in the manner required by this Agreement, within the time limit established by the applicable statute of limitations for each legal claim being asserted.  To be timely, any claim that must be filed with an administrative agency or body as a precondition or prerequisite to filing the claim in court, must be filed with Solution Channel within the time period by which the charge, complaint or other similar document would have had to be filed with the agency or other administrative body.  Whether a demand for arbitration is untimely is an affirmative defense, and will be decided by the arbitrator before any hearing on the merits of the aggrieved party's claim.  If you file a charge or complaint with an administrative agency or body, any participation by Charter in the proceeding shall not be deemed a waiver of your obligation to arbitrate your claims pursuant to this Agreement.  You agree not to assert, and agree to waive, any argument that Charter's participation in such a proceeding acts as a waiver or modification of the parties' agreement to arbitrate.

F.   **Claim.** To pursue arbitration of a dispute under this Agreement, you must first submit a written claim at www.CharterSolutionChannel.com, a site hosted by a third party designated by Charter. In your claim, you must (1) describe the nature and basis of the claim or dispute, (2) set forth the specific relief sought, and (3) include a sworn verification that the dispute is covered by this Agreement and that the information submitted in the notice is accurate.  In the event that Charter intends to seek arbitration of a dispute under this Agreement, it must send by certified mail to the individual's last known address, a written claim that meets the requirements of this Section F.

G.   **Location.** Any arbitration hearing conducted under this Agreement will take place within 100 miles of the Charter office to which you last reported during your employment as of the date of the filing of the Notice, or the Charter office at which you sought employment, unless another location is mutually selected by the parties.

H.   **Selection of Arbitrator.** The arbitration shall be held before one arbitrator who is a current member of the American Arbitration Association (AAA) and is listed on the Employment Dispute Resolution Roster.  Within 45 days after submission of the claim, Charter will request from the AAA a list of at least five arbitrators willing to hear and decide the dispute.  Within 20 days after receipt of the list from the AAA, the parties will select an arbitrator to hear and resolve the dispute and will notify the AAA of the selection of an arbitrator.

I.   **Conduct of Arbitration.**

1.   *Rules.*  Arbitration hearings will be conducted pursuant to the Solution Channel Program Guidelines and the arbitrator shall have the sole authority to determine whether a particular claim or controversy is arbitrable.

2.   *Authority of the Arbitrator.*  The arbitrator will decide all discovery disputes related to the arbitration.  Unless the parties agree to submit written arguments in lieu of a hearing on the merits of the claim[s], the arbitrator will schedule and conduct an evidentiary hearing, at which the arbitrator will hear testimony and receive evidence.  The arbitrator shall apply the governing law applicable to any substantive claim asserted, including the applicable law necessary to determine when the claim arose and any damages.

3.   *Waiver of Hearing.*  The parties may, at any time prior to a hearing, mutually agree to forego a hearing, and instead submit all evidence and argument to the arbitrator in writing.

4.   *Burden of Proof.*  The arbitrator will apply the burdens of proof and law applicable to the claim, had the claim been adjudicated in court.

5.   *Decision.*  The arbitrator will issue a decision within 30 days after the close of an arbitration hearing, or at a later time on which the parties agree.  The decision will be signed and dated by the arbitrator, and will contain



express findings of fact and the legal reasons for the decision and any award, except as otherwise provided for under the Federal Arbitration Act.

J.   **Enforcement of the Decision.** Judgment on the arbitrator's decision may be entered in any court having jurisdiction over the matter, within 45 days following its issuance.

K.   **Arbitration Costs.** Charter will pay the AAA administrative fees and the arbitrator's fees and expenses. All other costs, fees and expenses associated with the arbitration, including without limitation each party's attorneys' fees, will be borne by the party incurring the costs, fees and expenses. The parties agree and acknowledge, however, that the failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this Agreement. If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees.

L.   **Jury Trial and Litigation Waiver.** You and Charter understand that, by agreeing to arbitration, both parties are waiving their right to demand a jury in any claim that is subject to arbitration under this Agreement. In addition, in the event a dispute between you and Charter is not arbitrable under this Agreement for any reason and is pursued in court, you and Charter agree to waive any right to a jury trial that might otherwise exist. Although this Agreement does not preclude either party from filing timely charges with any applicable administrative agency, neither party will ever seek or accept any damages, remedies, or other relief (any right to which is hereby waived) except through the binding arbitration process set forth in this Agreement.

M.   **Conflicts.** In the event of a conflict between this Agreement and the Solution Channel Program Guidelines, the terms of this Agreement will control.

N.   **No Retaliation.** Charter will not retaliate against you for seeking, in good faith, to resolve a dispute pursuant to this Agreement.

O.   **Employment-At-Will.** This Agreement in no way alters the at-will employment relationship between you and Charter. You and Charter are free to terminate the employment relationship at any time for any lawful reason, and your employment is not for any specific duration.

P.   **Entire Agreement.** This Agreement sets for the complete agreement of the parties on the subject of resolution of the covered disputes, and supersedes any prior or contemporaneous oral or written understanding on this subject; provided, however, that this Agreement will not apply to the resolution of any charges, complaints, or lawsuits that have been filed with an administrative agency or court before the Effective Date of this Agreement.

Q.   **Severability.** The parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement. The only exception to this severability provision is, should the dispute involve a representative, collective or class action claim, and the representative, collective, and class action waiver (Section D) is found to be

| 4



invalid or unenforceable for any reason, then this Agreement (except for the parties' agreement to waive a jury trial) shall be null and void with respect to such representative, collective, and/or class claim only, and the dispute will not be arbitrable with respect to such claim(s).

R.   **Federal Arbitration Act.** This Agreement will be governed by the Federal Arbitration Act.

S.   **Consideration.** You agree that Charter has offered you sufficient consideration for this Agreement, including, without limitation, consideration of your application for employment with Charter, your employment with Charter, and/or Charter's mutual agreement to arbitrate disputes.

T.   **Termination.** This Agreement survives the termination of your employment with Charter (including if you are later re-employed by and/or if your employment with Charter terminates again).

U.   **Voluntary.** You acknowledge that you have carefully read this Agreement, fully understand what it means, and are entering into it voluntarily.

V.   **Effective Date.** This Agreement is effective and you are legally bound by the terms of Charter's Solution Channel and this Agreement, as of the date of your consent to participate in Solution Channel.

# EXHIBIT E

## Solution Channel

After having carefully considered its components, I am opting out of Solution Channel. By opting out, I understand and agree that I am not required to participate in Solution Channel. I also understand that if I am already subject to another arbitration agreement, I will remain subject to that agreement. I am only opting out of Solution Channel by completing this form.

I ALSO UNDERSTAND THAT IF I DO NOT OPT OUT, I AM SPECIFICALLY CONSENTING TO PARTICIPATION IN SOLUTION CHANNEL.

**Electronic Opt-Out Acknowledgment**

☐ I want to opt out of Solution Channel

Last Update Date/Time:   01/11/2018  9:00:21AM