UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARTER COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., and DOES 1 through 25,<br><br>　　　　Defendants. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff Lionel Harper initiated this putative class action against defendants Charter Communications, LLC, and Charter Communications, Inc. (collectively "the Charter defendants") alleging various violations of the California Labor and Business and Professions Codes. The Charter defendants removed this action from Shasta County Superior Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Notice of Removal at 2 (Docket No. 1.) Plaintiff now moves

1

to remand pursuant to 28 U.S.C. § 1447, contending that Charter defendants have not properly plead minimal diversity under CAFA. (Docket No. 8.)

I. Factual and Procedural Background

The Charter defendants market and sell telecommunications services nationwide, including in California. (Compl. ¶) 9 (Docket No. 1-1.) From approximately September 2017 to March 2018, plaintiff worked for the Charter defendants as a salesperson in California. (Id. ¶ 5.) During that time, plaintiff alleges, the Charter defendants violated a variety of wage and hour laws by, for example, failing to pay overtime wages, failing to pay minimum wage for all hours worked, failing to provide rest breaks or pay premium wages in lieu of rest breaks, and failing to provide accurate wage statements. (See Id. ¶¶ 24-26)

Following a ruling from a JAMS arbitrator that plaintiff's claims were not arbitrable, plaintiff filed this action in state court. Plaintiff brought the action as a class action on behalf of "all nonexempt employees who worked for [d]efendants in California within four years from November 19, 2018." (Id. ¶ 12.) The Charter defendants then removed the action to this court based on alleged CAFA jurisdiction. (See Notice of Removal.) To establish minimal diversity under CAFA, the Notice of Removal alleges that none of the defendants are citizens of California (id. at ¶¶ 12-23) and relies on plaintiff's allegations that he is a resident of California who worked for the Charter defendants in California from approximately September 2017 until March 2018 to support the

2

allegation that plaintiff is a citizen of California. (See Id. ¶ 10.)

II. Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Under the Class Action Fairness Act ("CAFA"), federal courts have original jurisdiction over civil class action cases in which the amount in controversy exceeds $5,000,000, the parties are minimally diverse, and the proposed class has at least 100 members. 28 U.S.C. § 1332(d)(2). There is no anti-removal presumption in CAFA cases. Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014).

In order for the parties to be "minimally diverse" under CAFA, there must be at least one class member who "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Plaintiff does not dispute that this is a class action with more than 100 class members and that the amount in controversy exceeds $5,000,000. Plaintiff's argument that the Charter defendants have not established federal subject matter jurisdiction under CAFA rests entirely on the alleged deficiencies of the Charter defendant's Notice of Removal vis-à-

vis the "minimal diversity of citizenship" element of CAFA jurisdiction. Plaintiff contends that Charter's Notice of Removal is inadequate because it merely reproduces the complaint's allegations regarding plaintiff's residence in California and work for the Charter defendants in California between September 2017 and March 2018. (Notice of Removal ¶¶ 10-11.) Specifically, the Notice of Removal states: "At the time [p]laintiff commenced this action and at the time of removal, [p]laintiff was a citizen of the State of California. In fact, [p]laintiff alleges in this Complaint that he 'is a resident of California.'" (Id. ¶ 10.) The parties dispute whether this sufficiently alleges that plaintiff is a California citizen for purposes of the minimal diversity of citizenship requirement under CAFA.

   A.   Is residency in California prima facie evidence of California citizenship?

The Charter defendants' contention that it has met its jurisdictional pleading burden under CAFA rests in part on the claim that a natural person's residency in a given state gives rise to a presumption that he or she is a citizen of that state. Several circuit courts have explicitly adopted this presumption in the context of removal and diversity jurisdiction. See e.g., Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 750 n.6 (4th Cir. 2016)("Physical presence coupled with residency is prima facie proof of citizenship[.]"); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

4

Notably, however, the Ninth Circuit has never adopted the presumption that residence in a state is prima facie evidence of citizenship in that state. Indeed, in Mondragon v. Capital One Auto Finance, 736 F.3d 880 (9th Cir. 2013), the Ninth Circuit explicitly declined to adopt this presumption. In that case, the defendant had removed a putative class action to federal court under CAFA jurisdiction. Plaintiff sought to have the case remanded pursuant to CAFA's "local controversy exception," which requires federal courts to decline to exercise jurisdiction in some instances in which more than two-thirds of the members of a proposed class are citizens of the state in which the action was originally filed. The plaintiff in Mondragon asked the court to infer that at least two-thirds of plaintiffs were California citizens from the fact that the putative classes were limited to consumers who had purchased and registered cars in California. The court declined to do so, stating that the mere fact that a purchaser has "a residential address in California does not mean that person is a citizen of California." Id. at 884.

The court agrees with plaintiff that the Ninth Circuit's ruling in Mondragon, forecloses a presumption of citizenship because of residency. This does not mean, however, that evidence of residency is irrelevant to the citizenship inquiry. The Ninth Circuit in Mondragon explicitly rejected the assertion that "evidence of residency can never establish citizenship," and advised courts evaluating whether evidence of residency properly establishes citizenship to consider "the entire record." Id. at 886. Such factual determinations, the Ninth Circuit noted, are made using a preponderance of the

evidence standard. Id. at 884.

In the instant case, even absent a presumption of citizenship, the preponderance of the evidence weighs heavily in favor of finding that Harper is a citizen of California for jurisdictional purposes. In evaluating whether simple diversity has been established by a preponderance of the evidence, the court may consider not only the complaint and the Notice of Removal, but also other evidence in the record. See Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)(quotations and citation omitted)(holding that when there is a dispute as to whether CAFA's "amount-in-controversy" jurisdictional requirement has been met, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."); Wilkins v. Cargill, Inc., No. 2:15-CV-02818-ODW-JEM, 2015 WL 12912329 (C.D. Cal. June 4, 2015)(considering evidence submitted by defendant in opposition to plaintiff's motion to remand in evaluating whether jurisdiction exists under CAFA).

In the instant case, the Charter defendants have submitted substantial evidence that plaintiff Harper is domiciled in California and is a citizen of the United States. This evidence shows that: (1) Lionel Harper owns real property in California (Shine Decl., Ex. A (Docket No. 14-2)); (2) he has worked in California fairly consistently since 2002 (McCaine Decl., Ex. B (Docket No. 14-1)); (3) he has lived in California since 1994, with the exception of the 2009-2010 year, when he lived in Nebraska (McCaine, Decl., Ex. D (Docket No. 14-1)); and

(4) he is registered to vote in California (Shine Decl., Ex. A). Plaintiff does not dispute the accuracy or credibility of this evidence and does not contend that he is not, in fact, a citizen of California.

        Having scrutinized the entire record, the court thus finds by a preponderance of the evidence that Harper is a citizen of California. Since neither defendant is a citizen of California, there is minimal diversity in this case. Given this, and the fact that this is a putative class action with more than 100 plaintiffs and $5 million dollars in controversy, removal of this case was proper under CAFA.

        IT IS THEREFORE ORDERED that plaintiff's Motion to Remand (Docket No. 8) be, and hereby is, DENIED.

Dated: July 31, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE