UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>    Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS |

----oo0oo----

Plaintiffs Lionel Harper ("Harper") and Daniel Sinclair ("Sinclair") brought this putative class action against defendant Charter Communications, LLC ("Charter") alleging various violations of the California Labor and Business and Professions Code. (See First Am. Compl. ("FAC") (Docket No. 45).) Before the court is Charter's motion to strike and/or dismiss portions of plaintiffs' First Amended Complaint. (Docket No. 48.)

I. Factual and Procedural Background

1

Plaintiffs were employed by Charter as salespeople in California. (FAC ¶ 9.) Harper worked for Charter from September 2017 to March 2018, and Sinclair worked for Charter from January 2015 to December 2016. (Id.) During and after training weeks, plaintiffs allege they were erroneously treated as exempt employees because Charter mistakenly categorized them as "outside salespersons." (Id.) Plaintiffs claim they were denied, inter alia, commission wages as a result of this misclassification. (Id. ¶ 10.) Harper initially brought this suit in California state court on behalf of himself and all similarly situated individuals, and Charter removed the action to this court. (Docket No. 1.) The court denied Harper's motion to remand in July 2019 (Docket No. 23), and thereafter the parties stipulated to Harper filing a First Amended Complaint. (Docket Nos. 40, 42.) Sinclair was added as a named plaintiff at that time. (Docket No. 45.)

Collectively, plaintiffs allege ten causes of action: (1) failure to pay minimum wages for all hours worked in violation of California Labor Code §§ 1182.12, 1194, 1197, and 1194.4; (2) failure to pay overtime wages for all overtime hours worked in violation of California Labor Code §§ 510 and 1197; (3) failure to provide meal periods or pay premium wages in lieu thereof in violation of California Labor Code §§ 512 and 226.7; (4) failure to provide rest breaks or pay premium wages in lieu thereof in violation of California Labor Code § 226.7; (5) unlawful calculation, deduction, and payment of commission wages under California Labor Code §§ 204, 221, 223, 224, and 2751; (6) failure to provide accurate wage statements in violation of

California Labor Code § 226; (7) failure to pay all wages owed upon termination in violation of California Labor Code § 203; (8) failure to provide timely and complete copies of employment records in violation of California Labor Code §§ 226, 432, and 1198.5; (9) violation of California's Unfair Competition Law ("UCL") under California Business and Professions Code § 17200; and (10) civil penalties under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698, et seq. Charter now seeks to dismiss plaintiffs' third, fourth, sixth, and ninth causes of action in full or in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike portions of the operative complaint pursuant to Federal Rule of Civil Procedure 12(f). (Mot. to Strike and Dismiss ("Mot.") (Docket No. 48).)

II. Discussion

    A. Motion to Dismiss

On a motion to dismiss, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor, the plaintiffs have stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff[s] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (citations and quotations omitted).

1. <u>Claims Three & Four: Failure to Provide Meal & Rest Periods</u>

Under California Labor Code § 226.7, "[a]n employer shall not require an employee to work during a meal or rest." Cal. Lab. Code § 226.7(b). These protections only extend to non-exempt employees. Cal. Lab. Code §§ 226.7(e), 512. "[A]n employer has an obligation to relieve its employee of all duty, permit the employee to take an uninterrupted 30-minute break, and to not impede or discourage the employee from doing so." <u>Bradley v. Networkers Int'l, LLC</u>, 211 Cal. App. 4th 1129, 1151 (4th Dist. 2012) (citing <u>Brinker Rest. Corp. v. Superior Court</u>, 53 Cal. 4th 1004, 1040 (2012)). Importantly, "an employer has an obligation to provide a rest break, and if the employer fails to do so, the employer cannot claim the employee waived the break." <u>Id.</u> If the employer forces employees to miss required rest breaks, or does not provide employees with required rest breaks, then the employee is entitled to premium wages of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . is not provided." Cal. Lab. Code § 226.7(c).

Defendant argues plaintiffs' claim for failure to provide meal and rest periods under Labor Code § 226.7 should be dismissed because they were not entitled to meal breaks or rest periods as exempt employees, and even if they were, plaintiffs cannot plausibly allege that they were "actually <u>forced to forgo</u> their [] breaks, if they were misclassified." (Mot. at 16-17. (emphasis original).) However, § 226.7 makes no mention of force; instead, "fail[ing] to provide an employee a meal or rest

4

or recovery period in accordance with a state law" is a violation of the statute. Cal. Lab. Code § 226.7(c).

Under § 512(a), an employer "shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Cal. Lab. Code § 512(a). Plaintiffs allege that during training weeks, employees were required "to work more than 8 hours in a day and 40 hours in a week." (FAC ¶ 22.) Charter allegedly had no policy that designated meal periods and rest breaks for outside salespersons during training weeks. (Id. ¶¶ 34, 39.) Furthermore, Charter allegedly "did not require or allow Plaintiffs and Outside Salesperson Class members to clock-out and clock-in for each meal period and to accurately record the existence and length of each meal period taken." (Id. ¶ 34.) While Charter need not "police [] breaks and ensure no work thereafter is performed," Brinker, 53 Cal. 4th at 1040, plaintiffs' assertions plausibly allege that Charter did not provide breaks and its employees' demanding schedules discouraged them from taking breaks. Accordingly, the court will deny defendant's motion to dismiss plaintiffs' third and fourth causes of action. Additionally, the court will deny defendant's motion to strike references to meal and rest breaks throughout the complaint.

### 2. Claim Six: Failure to Provide Wage Statements

California Labor Code § 226 provides nine itemized requirements that must be included on employee wage statements. See Cal. Lab. Code § 226(a). Under the 2013 amendment to Labor Code § 226:

5

>     An employee is <u>deemed to suffer injury</u> . . .
>     if the employer fails to provide accurate
>     and complete information as required by one
>     or more of [the section (a) requirements]
>     and if the employee cannot promptly and
>     easily determine from the wage statement
>     alone . . . . (i) [t]he amount of the gross
>     wages or net wages paid to the employee
>     during the pay period or any of the other
>     information required to be provided on the
>     itemized wage statement.

Cal. Lab. Code § 226(2)(B) (emphasis added).

Here, plaintiffs allege Charter failed to keep accurate records reflecting plaintiffs' hours worked, deductions taken, and all gross and net wages earned, including minimum, overtime, and commission wages in violation of Labor Code § 226(a). (FAC ¶¶ 51-52.) Under the 2013 amendment, plaintiffs are "deemed to suffer injury" upon a violation and allege as much. (See id. ¶ 54 ("Plaintiffs . . . suffered injury as a result of Charter's violations").) Additionally, plaintiffs explicitly allege Charter's violations were or are "knowing and intentional." (Id. ¶ 53.) "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." <u>Reinhardt v. Gemini Motor Transp.</u>, 879 F. Supp. 2d 1138, 1142 (E.D. Cal. 2012) (citing Fed. R. Civ. Pro. 9(b)) (Ishii, J.). Accordingly, plaintiffs have plausibly alleged their claim for failure to provide accurate wage statements, and the court will deny Charter's motion to dismiss Claim Six.

3. <u>Claim Nine: Violation of California's UCL</u>

Defendant moves to dismiss or strike plaintiffs' ninth cause of action to the extent that it seeks restitution under the UCL for Charter's alleged failure to provide compliant meal

periods and rest breaks under Labor Code § 226.7, complete and accurate wage statements under Labor Code § 226, and timely copies of employment records under Labor Code §§ 226(e)(1) and 1198.5(k). (Mot. at 19.) In response to defendant's motion to dismiss, plaintiffs withdrew their request for restitution under Labor Code §§ 226 and 1198.5(k). (Opp. to Mot. at 24 (Docket No. 51).) However, plaintiffs maintain their claim to recover restitution under the UCL for unpaid premium wages under Labor Code § 226.7. (Reply to Opp. at 12-13 (Docket No. 53).)

California's UCL prohibits "unlawful, unfair, or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. § 17200. "Unlawful" business acts or practices are defined by "other laws", and the UCL then "treats them as unlawful practices that the unfair competition law makes independently actionable." Levitt v. Yelp! Inc., 765 F.3d 1123, 1130 (9th Cir. 2014) (citing Cle-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)). Under the UCL, remedies are "generally limited to injunctive relief and restitution." Clark v. Superior Ct., 50 Cal. 4th 605, 610 (2010). Damages are not recoverable. Id. Restitution concerns the power "to order the defendant to restore to any person in interest any money . . . which may have been acquired by means of any unlawful practice." Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 177 (2000) (internal citations and modifications omitted). Defendant argues plaintiffs' claims fail as a matter of law because payments for meal and rest break violations are penalties, rather than wages subject to restitution. (Mot. at 20.)

The Labor Code defines "wages" expansively, as "all

amounts for labor performed by employees of every description." Cal. Lab. Code § 200(a). Regardless, the California Supreme Court has offered conflicting interpretations about whether premium wages recoverable under Labor Code § 226.7 are "wages" under other provisions of the Labor Code. In Murphy v. Kenneth Cole Products Inc., 40 Cal. 4th 1094, 1109 (2007), the court analogized premium payments to overtime pay, describing premium payments as both a penalty and a wage. Premium payments were subject to the statute of limitations for wages because their primary purpose was to "compensate employees for their injuries." Id. at 1110-11. In contrast, in Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1254 (2012), the court held "Section 226.7 is not aimed at protecting or providing employees' wages" because it is instead concerned with "ensuring the health and welfare of employees." Consequently, "section 226.7 [] is not an action brought for nonpayment of wages; it is an action brought for non-provision of meal or rest breaks." Id. at 1257.

Following these cases, district courts have diverged on whether premium wages paid for meal and rest periods are "wages" under other provisions of the Labor Code, and furthermore, whether they are wages recoverable as restitution for purposes of the UCL. Compare Horton v. NeoStrata Co., No. 3:16-cv-02189-AJB-JLB, 2017 WL 2721977, at *9 (S.D. Cal. June 22, 2017) (holding that meal premiums are wages and are recoverable under the UCL) with Francisco v. Emeritus Corp., No. CV17-02871-BRO (SSx), 2017 WL 7790038, at *5-6 (C.D. Cal. July 14, 2017) (holding meal period premiums are wages but are not subject to restitution under the UCL) and Guerrero v. Halliburton Energy Serv., Inc.,

231 F. Supp. 3d 797, 808 (E.D. Cal. 2017) (holding meal period premiums do not constitute restitution recoverable under the UCL without deciding whether they are wages).

The court need not resolve this dispute, however. See Guerrero, 231 F. Supp. 3d at 808. Regardless of whether premium wages are "wages" under other provisions of the Labor Code,[1] restitution under the UCL is intended to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149 (2003). Consequently, restitution under the UCL is not available for all violations of the Labor Code. See Pineda v. Bank of Am., N.A., 50 Cal. 4th 1389, 1401-02 (2010). In Pineda, the California Supreme Court held Labor Code § 203 is "not designed to compensate employees for work performed [but] it is intended to encourage employers to pay final wages on time, and to punish employers who fail to do so." Id. Like

---

[1] The court notes that the California Supreme Court recently granted review of a case in which the lower court held premium wages paid for lost meal and rest periods were not "wages" for the purpose of accurate pay statements and did not entitle employees to pursue penalties under Section 226. See Naranjo v. Spectrum Sec. Servs., Inc., 40 Cal. App. 5th 444, 270-271 (2d Dist. 2019), review granted, 2020 WL 35452. While the grant itself is not suggestive of the merits, the court assumes, without deciding, that premium wages are "wages" under other provisions of the Labor Code because of the Labor Code's expansive definition of "wages." See Cal. Lab. Code § 200(a); Murphy, 40 Cal. 4th at 1103 (defining wages to include "benefits to which an employee is entitled as part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay") (collecting cases); see also Suarez v. Bank of Am. Corp., No. 19-cv-01202-MEJ, 2018 WL 3659302, at *12 (N.D. Cal. Aug. 2, 2018) (finding the majority of courts have held "the 'additional hour of pay' premium owned for meal and rest violations is a 'wage'") (collecting cases).

Section 203, Section 226.7 is "not an action brought for nonpayment of wages," but is instead meant to incentivize employers to ensure the health and welfare of its employees. See Kirby, 53 Cal. 4th at 1256-57. Therefore, employees have no ownership interest in premium wages awarded for a § 226.7 violation, and restitution would not serve to "restore the status quo" by returning plaintiffs' funds to them. See Francisco, 2017 WL 7790038, at *6; accord Guerrero, 231 F. Supp. 3d at 808.

Accordingly, the court will grant defendant's motion to dismiss or strike plaintiffs' claim for restitution under the UCL to the extent it is predicated on § 226.7. Plaintiffs' UCL claims founded on failures to timely and properly pay all minimum, overtime, and commission wages; taking of unlawful commission wage reductions and deductions; and misclassification are unchallenged and will remain operative.

B. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to grant a motion to strike is made at the Court's discretion. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantastic, Inc., 510 U.S. 517 (1994)). "Motions to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation or unless prejudice would result to the moving party from denial of the motion." Delgado v. Marketsource, Inc., No. 17-CV-07370-LHK, 2019 WL 1904216, at *3 (N.D. Cal. Apr. 29,

10

2019) (internal quotations and citations omitted). The court must view the pleadings in the light most favorable to the non-moving party. Terpin v. AT&T Mobility, LLC, 399 F. Supp. 3d 1035, 1051 (C.D. Cal. 2019) (citations omitted).

### 1. Class and Subclass Claims

"An order striking class allegations is 'functionally equivalent' to an order denying class certification." Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1711 n.7 (2017). Although some courts have granted motions to strike class allegations under Rule 12(f), "it is in fact rare to do so in advance of a motion for class certification." Rennick v. NPAS Sols., LLC, No. 19-cv-02495-ODW(KSx), 2020 WL 244170, at *2 (quoting Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases)). Indeed, while the Supreme Court has noted there are times in which "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," it did so in the face of a motion for class certification. See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Consequently, other judges in this district have recognized that "motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." Olney v. Job.com, Inc., No. 1:12-cv-01724-LJO-SKO, 2013 WL 5476813, at *3 (E.D. Cal. Sep. 30, 2013) (internal citations omitted).

As the Ninth Circuit has recognized, "[o]ur cases stand for the unremarkable proposition that often the pleadings alone

11

will not resolve the question of class certification and that some discovery will be warranted." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). The court is reluctant to strike plaintiffs' class allegations before the parties have had an opportunity to proceed through discovery and the class certification process. Plaintiffs filed a motion to compel discovery on January 8, 2020, two days before the motion to strike was filed. (See Docket Nos. 47, 48.) Plaintiffs agreed to withdraw their discovery motion without prejudice after the parties stipulated to extending the dates and deadlines for plaintiffs' motion for class certification. (Docket No. 49.) Accordingly, the court will deny defendant's motion to strike the class allegations to allow discovery to proceed.

### 2. Claim Ten: PAGA Representative Allegations

District courts appear largely divided as to whether plaintiffs may bring representative PAGA claims without satisfying the requirement of manageability. See Silva v. Domino's Pizza, No. SACV 18-2145 JVS (JDEx), 2019 WL 4187388, at *5 (C.D. Cal. July 22, 2019) (collecting cases). Regardless of whether the manageability requirement applies in PAGA cases, the court finds defendant's motion to strike premature. As previous courts have found, manageability issues are better addressed after discovery has concluded and class certification is determined. See, e.g., Litty v. Merril Lynch, No. CV14-0425 PA (PJWx), 2014 WL 5904904, at *3 (C.D. Cal. 2014) (striking PAGA claims after denial of class certification). Accordingly, the court will deny defendant's motion to strike plaintiffs' PAGA representative action.

### 3. Claim Ten: PAGA Claims for Labor Code Violations

Defendant also moves to strike plaintiffs' PAGA claims to the extent they are based on failure to timely provide personnel records under California Labor Code § 1198.5(k), wage statement violations under California Labor Code § 226, and unpaid wages under California Labor Code § 558. (Mot. at 23-25.)

When a section of the Labor Code does not provide for civil penalties, PAGA supplies default civil penalties. See Cal. Lab. Code § 2699(f). California Labor Code § 1198.5(k) allows employees to recover against their employers for failing "to permit a current or former employee, or his or her representative, to inspect or copy personnel records" within a set amount of time. Cal. Lab. Code § 1198.5. Similarly, Labor Code § 226 permits employees to recover for inaccurate wage statements. See Cal. Lab. Code § 226. However, the availability of statutory penalties payable directly to plaintiffs does not preclude recovery of civil penalties under PAGA for the same violation. See Tenorio v. Gallardo, No. 1:16-cv-00283 DAD JLT, 2019 WL 338220, at *8 (E.D. Cal. Jan. 28, 2019) (holding the "weight of authority holds that plaintiffs are entitled to both statutory and civil penalties for the same violation of the California Labor Code") (collecting cases). Accordingly, the court will deny defendant's motion to strike California Labor Code §§ 1198.5(k) and 226 from plaintiffs' PAGA action.

California Labor Code § 558 permits plaintiffs to sue for underpayment. Cal. Lab. Code § 558(a). Plaintiffs and defendant agree that the California Supreme Court has expressly held PAGA "does not authorize employees to collect section 558's

13

<u>unpaid wages</u> through a PAGA action." See Mot. at 24-25, Opp. to Mot. at 29, citing <u>ZB, N.A. v. Superior Court</u>, 8 Cal. 5th 175, 188 (2019) (emphasis added). Consequently, plaintiffs have clarified that they only request civil penalties in conformity with <u>ZB, N.A.</u> Accordingly, the court will deny defendant's motion to strike plaintiffs' PAGA claim under Section 558.

### 4. Request for Attorney's Fees

The parties agree that attorneys' fees are not recoverable under Labor Code §§ 218.5 or 1194 for violations of Section 226.7. (See Mot. at 23; Opp. at 26.) However, plaintiffs argue that attorneys' fees can be recovered under California Code of Civil Procedure § 1021.5 if plaintiffs' meal and rest break claims "result[] in the enforcement of an important right affecting the public interest." Cal. Code Civ. P. § 1021.5.

"Three basic criteria are required to support an award of attorneys' fees under [§ 1021.5]: (1) the action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement were such as to make the award appropriate." <u>Abouab v. City & Cty. of San Francisco</u>, 141 Cal. App. 4th 643, 663 (1st Dist. 2006). Plaintiffs assert their action "is designed to ensure the enforcement of important rights affecting the public interest generally and the interests of large number of employees" and "[t]he necessity and financial burden of private enforcement is great." (FAC ¶ 73.) On their face, these assertions are sufficient to overcome defendant's

14

motion to strike. See Guerrero, 231 F. Supp. 3d at 807. However, plaintiffs only seek attorneys' fees under § 1021.5 in conjunction with their claim for restitution under the UCL, which was dismissed in part. See Part II(A)(3), supra. To the extent that plaintiffs can recover attorneys' fees under their operative UCL claims for failure to timely and properly pay all minimum, overtime, and commission wages, unlawful taking of commission wage reductions and deductions, and misclassification, the court will deny defendant's motion to strike.

        5.   Request for Injunctive and Declaratory Relief

Charter moves to strike plaintiffs' claims for injunctive relief because plaintiffs are no longer employed by Charter and therefore lack standing. (Mot. at 23.)

In this suit, Harper seeks "individual, representative, and public injunctive and declaratory relief that compels Charter to stop its unlawful and unfair practices and fix its broken timekeeping, recordkeeping, and wage payment systems and practices, its misclassification of Outside Salespersons Class members both during training and after training, and its improper use of commission agreements with Commissions Class members" in conjunction with his UCL claim. (FAC ¶ 72.) "A former employee currently seeking to be reinstated or rehired may have standing to seek injunctive relief against a former employer." Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 865 (9th Cir. 2017) (citing Walsh v. Nev. Dep't. of Human Res., 471 F.3d 1033, 1036 (9th Cir. 2006)). However, Harper only seeks to be reinstated as an employee with Charter in another lawsuit. See Harper v. Charter Commc'ns, LLC, No. 2:19-cv-01749 WBS DMC. The

15

consequence of a distinct (albeit related) case will not be brought to bear on this action.  Accordingly, the court will grant defendant's motion to strike plaintiffs' request for injunctive and declaratory relief.

     IT IS THEREFORE ORDERED that defendant's motion to strike plaintiffs' claim for injunctive and declaratory relief be, and the same hereby is, GRANTED.

     IT IS FURTHER ORDERED that in all other respects defendant's motion to dismiss or strike be, and the same hereby is, DENIED.

Dated: February 25, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE