Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
3 Park Plaza, Suite 100
Irvine, California 92614
Tel: (949) 667-4700
Fax: (949) 424-8091

*Counsel for Plaintiffs, Putative Class Members,
and Aggrieved Employees*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, LLC, <br><br> Defendant. | Case No.   2:19-cv-00902-WBS-DMC <br><br> **PLAINTIFF HARPER'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND ESI** <br><br> Judge:            Hon. Dennis M. Cota <br> Hearing Date:   June 3, 2020 <br> Hearing Time:  10:00 a.m. <br> Location:         Courtroom 304 <br>                        Redding Fed. Courthouse <br>                        2986 Bechelli Lane <br>                        Redding, CA 96002 <br> Trial Date:       February 9, 2021 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 3, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard by Magistrate Judge Dennis M. Cota in Courtroom 304 of the Redding Federal Courthouse, 2986 Bechelli Lane, Redding, CA 96002, Plaintiff Lionel Harper will and hereby does move the Court for an order against Defendant Charter Communications, LLC ("Charter") overruling all of Charter's objections and compelling further responses and disclosure of information and production of documents and electronically stored information ("ESI") in connection with (1) Harper's Interrogatories 2–7, and (2) Harper's Requests for Production ("RFPs") 7–17, 20, 28, 30, and 32–34. This Motion is based on Rule 26, Rule 33, Rule 34, and Rule 37 of the Federal Rules of Civil Procedure, Local Rule 251, the parties' accompanying Joint Statement of Discovery Disagreement, the Declaration of Jamin S. Soderstrom and all exhibits thereto, all documents in the Court's file, and such other evidence and arguments as may be presented to the Court.

Plaintiffs withdrew two similar motions—first in mid-January 2020 and again in early May 2020—because Charter said it was diligently working on discovery and simply needed more time before it could engage in meaningful class and representative PAGA discovery. Dkt. 47 (First Discovery Motion); Dkt. 49 (First Stipulation); Dkt. 52 (First Order); Dkt. 57 (Second Discovery Motion); Dkt. 59 (Second Stipulation); Dkt. 60 (Second Order). The second stipulation provided that, "if an agreement concerning Plaintiffs' discovery requests cannot be reached by May 15, 2020, Plaintiffs and Defendant will cooperate in preparing and filing a notice of motion and motion concurrently with the Joint Statement of Discovery Disagreement and in having the motion placed on Judge Cota's next regularly scheduled hearing date that is at least seven days thereafter (i.e., on or after May 27, 2020) in accordance with Local Rule 251(a)." Dkt. 59. Charter is simply ignoring Plaintiffs' plausible class and representative PAGA allegations in the FAC and the reasonable inferences drawn therefrom, ignoring Judge Shubb's denial of its Motion to Strike, Dkt. 56 at 12, and insisting that class and representative PAGA discovery must be limited solely to one position and one location even though Plaintiffs have alleged statewide policies and violations of the Labor Code.

///

///

Harper is seeking disclosure of information and production of records and ESI that are relevant, non-privileged, proportional to the size of the case and the parties' resources, and routinely disclosed and produced in wage-and-hour class and representative PAGA actions like this one. And the limited information and records Plaintiffs have obtained to date suggest that Charter maintained statewide policies and practices that applied to all "exempt" outside salespersons and all commissioned employees: precisely what Plaintiffs alleged in the First Amended Complaint.

Harper is entitled to complete and substantive responses to his discovery requests, prompt disclosure of the relevant and discoverable information he has been seeking for months, and prompt production of the relevant and discoverable records and electronically stored information he has been seeking for months. The Court should grant this motion, overrule Charter's objections, and order Charter to provide complete supplemental responses and produce all requested information and records by June 12, 2020.

Dated: May 27, 2020                         SODERSTROM LAW PC

By: /s/ Jamin S. Soderstrom
     Jamin S. Soderstrom

*Counsel for Plaintiffs, Putative Class Members, and Aggrieved Employees*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 27, 2020, I caused the foregoing document to be served on all counsel of record by the Court's CM/ECF electronic filing system.

By: /s/ Jamin S. Soderstrom

Jamin S. Soderstrom