# EXHIBIT 1

TO SODERSTROM DECLARATION

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, May 15, 2020 8:09 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

Thanks Zack. Have a nice weekend.

Best regards,
Jamin

Soderstrom Law PC


On May 15, 2020, at 7:47 PM, Shine, Zachary W. <zachary.shine@morganlewis.com> wrote:


We've been going back and forth with the client and should have an update on Monday. Have a nice weekend.

**Zachary W. Shine**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Thursday, May 14, 2020 11:23 AM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

Any update on our Monday discussion re discovery?

Thanks,
Jamin

**From:** Jamin Soderstrom
**Sent:** Friday, May 8, 2020 5:06 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.

<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

Great, I'll call you at 2:30pm on Monday. Have a nice weekend.

Best regards,
Jamin

Soderstrom Law PC

On May 8, 2020, at 4:39 PM, Shine, Zachary W. <zachary.shine@morganlewis.com> wrote:

We can speak Monday afternoon after 2:00.

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Wednesday, May 6, 2020 2:34 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

Please let me know if you're available to discuss discovery tomorrow, Friday, or Monday between 1pm and 4pm.

With respect to individual discovery, thank you for the production of some documents on Friday, May 3. I see that a few IM messages and emails from the first month-and-a-half of Harper's employment and some emails from the first month-and-a-half of Sinclair's employment were produced. What timing do you anticipate for producing the remaining emails and IMs from those time periods? Also, I see some sales training materials for Harper were produced (e.g., HAR0000790). What timing do you anticipate for producing other training materials and/or schedules for Harper and Sinclair?

Hope all's well with you. Please let me know what time is most convenient for you for a call.

Thanks,
Jamin

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, May 1, 2020 9:28 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

Thanks Zack, I need to confirm the continued hearing date with Judge Shubb's courtroom deputy. I'll file it as soon as she confirms.

Have a nice weekend.

Best regards,
Jamin

Soderstrom Law PC


On May 1, 2020, at 8:59 PM, Shine, Zachary W. <zachary.shine@morganlewis.com> wrote:


Jamin – This looks fine, thanks for preparing. You have our permission to file.

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, May 1, 2020 5:24 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

Here is a stipulation and proposed order. I also pushed the expert disclosure deadlines by 2 weeks, which seemed to me to make sense, but let me know if you disagree. If you don't have any changes, I'll get it filled and follow up with Judge Shubb's courtroom deputy first thing on Monday in hopes of getting it signed quickly.

Thanks,
Jamin

**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Friday, May 1, 2020 4:17 PM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Jamin,

Charter will agree to this stipulation. If you put it together, I'll review.

Also, we've sent over some additional documents this afternoon via secure file transfer.

Thanks,

Zack

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, May 1, 2020 3:24 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

I just left you a voicemail. If Charter would be willing to stipulate to and ask the Court to continue the
class certification motion deadlines and hearing by 4 weeks, I'm willing to withdraw the discovery
motion (with an agreement to reset the motion promptly if we can't reach an agreement within two
weeks). I haven't heard back from Judge Cota yet, so I don't know what dates are current available on
his calendar other than May 13. Feel free to call me at 949.667.4739 if you want to discuss.

Best regards,
Jamin

Soderstrom Law PC

On Apr 29, 2020, at 6:32 PM, Jamin Soderstrom <jamin@soderstromlawfirm.com> wrote:

Hi Zack,

During our March 18 call I said I would need to set a motion to compel hearing by mid-May to make sure I had time to prepare the motion for class certification that is due on June 8, 2020. I cannot prejudice my clients' ability to seek class certification by waiting until it is too late to obtain an order to compel discovery when the motion deadline is weeks away and Charter still has not told me what class and PAGA discovery it will agree to produce without a court order.

I know the stay-at-home orders have caused delays in many cases, which is why I have been patient and am hopeful we can reach an agreement that will let me withdraw the motion. All I am looking for is: (1) the prompt production of information and records that Charter has already collected, and (2) an agreement on what other information and records (class and representative PAGA discovery in particular) Charter will agree to collect and produce and a specific time frame for its production. Charter is perfectly capable of agreeing to the scope and timing of class and PAGA discovery now, even if the production of records may be delayed.

It sounds like Charter will be producing some records this Friday. Charter should also be able to produce a class and position history list now and an agreed sampling of class records on a rolling basis beginning in the near future.

I can't withdraw the motion without an agreement on the scope and timing of class and PAGA discovery. I will see if Judge Cota has a May 20 hearing date available, but I'm running out of time based on the motion for class certification deadline.

With respect to the other points below:
- Thanks for your efforts on collecting and preparing a production of these records and associated supplemental responses.
- You said there were no text messages. Are there no phone logs either?
- The calculation and payment of commissions must be based on something (i.e., a sales record or receipt and data showing when the sale was made and for what amount). That information is at the heart of my clients' claims and is needed to determine when the commissions were earned, how much should have been paid, and whether the payment was timely.

I'll let you know what I hear from Judge Cota about other hearing dates, hopefully by tomorrow. Please let me know if you're available for a call on Friday or Monday.

Best regards,
Jamin

**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Wednesday, April 29, 2020 4:55 PM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Jamin,

Your unilateral filing of a motion to compel while we are in the middle of meeting and conferring about this discovery indicated to us you were no longer interested in meeting and conferring. Why else would you file such a motion without any warning? We have not refused to provide any responses and have in fact provided numerous responses and documents. We have also indicated more are forthcoming but there has been an understandable delay considering we are in the middle of a pandemic, with shelter in place orders across the country, and our and our client's employees working remotely – if still working at all. Our client is working as hard as they can to get this information and these documents during these incredibly trying times. What is the purpose of your motion to compel? Intimidation? To ask them to work harder during the pandemic? I don't believe a court will look at those reasons favorably. We strongly suggest you take this baseless and harassing motion off calendar immediately so we can continue our meet and confer efforts amicably.

With regard to the requests you claim are related to individuals:

(1) first two months of emails
- We will produce these in the next few days
(2) work text messages/phone records
- We've already told you we are not in possession of these. We will file an amended response if that is what you are seeking.
(3) materials assigned to them (sales packets, etc.)
- We are looking for these, but have not found any yet. We'll produce them if they exist.
(4) whereabouts records (such as houses/businesses visited – like a "leads" list – or in-office/teleconference meeting invites/schedules)
- We will produce what we have in the next few days – disposition report.
(5) specific reimbursement records
- There is no reimbursement claim. Why is this relevant?
(6) additional commission reports/records
- What is this referring to?
(7) additional training records/courses/schedules
- We will produce what we have been able to locate in addition to what we've already produced.
(8) signed copies or receipts related to a Commission Plan
- We are looking for these.

I expect to have more information from Charter about the individuals covered by your vague and overbroad class definitions shortly. Hopefully by the end of this week. Once we do, we will be in a position to discuss the class wide discovery.

Zack

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Monday, April 27, 2020 9:36 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

It's been over two months since Judge Shubb denied Charter's motion to strike my clients' class and
representative PAGA claims and over one month since our detailed March 5 and 18 meet and confer
calls. I need to know what Charter is prepared to produce and on what timeline. I outlined the class and
representative PAGA records and information I believe should be produced in my April 10 and March 5
emails, and I expected that Charter would have already produced all of the documents we discussed
related to my clients' individual claims.

Please let me know what times you are available for a call tomorrow (I'm mostly free after 10am),
Wednesday (free most of the day), or Thursday (I'm free before 9am or after 2pm). I'll need to start
preparing the draft joint statement on Friday if we haven't reached an agreement by then.

Best regards,
Jamin

Soderstrom Law PC

On Apr 21, 2020, at 9:05 AM, Jamin Soderstrom <jamin@soderstromlawfirm.com> wrote:

Hi Zack,

I hope you and your family are doing well.

As you know, we set a motion to compel hearing for May 13. I'm hopeful that we can reach an discovery
agreement before May 6 that will let me withdraw the motion. Please let me know when you're
available to discuss discovery and whether Charter will agree to timing and scope along the lines
proposed below.

Thanks,
Jamin

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, April 10, 2020 9:45 AM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Hi Zack,

Yes, I did receive a batch of documents on March 31 that contained a handful of onboarding documents, policies, and training courses. Thank you for the production.

The below refers to my March 5 email summarizing our last in depth discovery discussion (at the bottom of this email chain).

**Individual Discovery**
With respect to individual discovery, is there an ETA you can provide re Harper's and Sinclair's: (1) first two months of emails; (2) work text messages/phone records; (3) materials assigned to them (sales packets, etc.); (4) whereabouts records (such as houses/businesses visited – like a "leads" list – or in-office/teleconference meeting invites/schedules); (5) specific reimbursement records; (6) additional commission reports/records; (7) additional training records/courses/schedules; and (8) signed copies or receipts related to a Commission Plan.

**Class/PAGA Discovery**
I understand it may take time to collect and produce records on a class/PAGA basis, but we should be able to reach agreement on the general timing and scope of Charter's production now in anticipation of later production on a rolling basis. For example, if Charter agrees to complete and produce a class/PAGA list of contact information and position history by May 1, 2020 (subject to the SPO), I'll agree to accept a random 20% sampling of records (e.g., offer letters, wage statements, commission summaries, time details, transcript reports, any signed commission plans/receipts that exist) on a rolling basis beginning May 15, 2020. For other class/PAGA documents (e.g., position descriptions, Commission Plans, Reimbursement Plans), it seems that those documents could also be produced by May 15, 2020 once the relevant positions/employees are identified.

As I mentioned previously, to the extent there are a finite and easily identifiable set of positions that plainly fit within one or both overarching class definitions (e.g., Account Executives, Enterprise Account Executives, Direct Sales Representatives, Outside Sales Representatives, and Retail Sales Associates) and that cover the vast majority of relevant positions/employees, I don't think the possibility that there are other positions with a much smaller number of covered employees should delay Charter's entire production.

Please let me know if we can reach agreement on scope and general timing now along these lines.

Thanks. And I hope you and your family are staying safe and hanging in there during these difficult times.

Best regards,
Jamin


**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Friday, April 10, 2020 7:09 AM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.

<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Jamin,

We are still in the process of figuring out exactly which positions are included in your two very broad putative classes. It's not something just anyone at the company can ascertain. We hope to have this information shortly.

We have also continued to produce documents as we get them - including the batch of documents served electronically last week. Please let us know if you did not receive.

Thanks,
Zack


Zachary W. Shine
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com


**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Date:** Friday, Apr 03, 2020, 3:37 PM
**To:** Shine, Zachary T. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>, Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>, Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

Just following up on this thread. Please let me know if you're available for a call early next week.

Best regards,
Jamin

Soderstrom Law PC


On Mar 27, 2020, at 5:17 PM, Jamin Soderstrom <jamin@soderstromlawfirm.com> wrote:


Thanks. Have a nice weekend.

Best regards,

Jamin

**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Friday, March 27, 2020 4:41 PM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Jamin,

As you can imagine, with COVID-19, its taken some time to get everyone, attorneys, assistants and client personnel, up and running again. However, we should have more documents over to you early next week. And I'll also have some more clarity regarding the scope of class discovery. Have a nice weekend.

Zack

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Constance J. Ericson | +1.415.442.1602 | constance.ericson@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, March 27, 2020 12:07 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hi Zack,

Based on our call last Wednesday, March 18, I expected to receive supplemental responses and additional document production from Charter this week. Can you please give me an update on pending discovery and Charter's rolling production of documents?

Have a nice weekend.

Best regards,
Jamin

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Thursday, March 19, 2020 3:39 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.

<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Re: Harper Wage Case - discovery meet and confer

Any changes or can I submit the proposed order?

Best regards,
Jamin

Soderstrom Law PC

On Mar 18, 2020, at 3:11 PM, Jamin Soderstrom <jamin@soderstromlawfirm.com> wrote:

Hi Zack,

Here's a clean draft of the revised proposed scheduling order. Please take a look and let me know if I missed anything we discussed. I'll plan on submitting it to the Arbitrator once it is final, along with the attachments (I also added the Arbitration Agreement itself as an attachment).

Please also let me know when you hear back on discovery for the Wage Case.

Thanks,
Jamin

**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Monday, March 16, 2020 9:51 AM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

Jamin,

I'm free on Wednesday between 1:00 and 4:00pm. For first part of 2021, Kate has trials / arbitration as follows:

- 1/20/21
- 2/9/21
- 3/5/21
- 4/5/21

I think putting the arbitration hearing date in May makes the most sense.

Zack

**Zachary W. Shine**
**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Constance J. Ericson | +1.415.442.1602 | constance.ericson@morganlewis.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Friday, March 13, 2020 3:08 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: Harper Wage Case - discovery meet and confer

[EXTERNAL EMAIL]
Hey Zack,

Please let me know what day next week works well for you to have a follow-up call and also to discuss
the FEHA arbitration schedule as well. Tuesday and Wednesday work well for me, possibly Thursday if
necessary. If you could let me know what dates Kate already has trial or arbitration scheduled for in the
early part of 2021, that would be helpful.

Thanks and have a nice weekend.

Jamin

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Thursday, March 5, 2020 12:43 PM
**To:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L.
<nicole.antonopoulos@morganlewis.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Harper Wage Case - discovery meet and confer

Hi Zack,

This email follows up on our call this morning. Please correct or clarify if anything below is not consistent
with your understanding of next steps.

**Individual**
1. Charter is continuing to pull the core written documents/policies we discussed (reflected by my
   narrowed list of policies). You'll produce them on a rolling basis when they come in and doing so
   makes practical sense.
2. Charter is working to identify and pull Harper's and Sinclair's emails (to the extent they exist).
   I've agreed to accept emails covering the first two months of employment for each as an initial
   production, leaving the other months for another conversation.
3. Charter will clarify and confirm whether any text messages or phone call logs exist for Harper
   and/or Sinclair.
4. Charter will clarify and confirm whether any other materials were assigned to or used by Harper
   and/or Sinclair (e.g., a sales packet or folder to take to meetings).

5. Charter will clarify and confirm whether any records showing the whereabouts of Harper and/or Sinclair exist (you mentioned records used for other positions showing what houses were visited, etc.).

6. Charter will clarify and confirm whether there are reimbursement records specific to Harper and/or Sinclair (I noted a CONCUR T&C reference in Harper's last wage statement which I believe may related to travel and expense reimbursement as an example).

7. Charter will clarify and confirm whether there are commission reports or similar records for Sinclair (some were produced for Harper).

8. Charter will clarify and confirm whether it can/will collect and produce the training records for Harper and/or Sinclair (see, e.g., the Transcript Detail report in the initial Harper production).

9. We didn't specifically discuss this today, but I also need Charter to clarify and confirm whether there are any records showing Harper and/or Sinclair received a signed copy of the applicable commission plan and whether Charter obtained a signed receipt.

**Class/PAGA**

10. Charter will clarify and confirm whether there are any records showing meal periods, rest breaks, overtime wages, premium wages for employees classified as exempt outside salespersons. The expectation is that the general answer is no based on the classification.

11. Charter will try to identify the positions that are responsive to the two overarching categories. To the extent there are a handful of main positions (e.g., Account Executives, DSRs, OSRs for the Outside salesperson Class, and the same positions plus a few others like, e.g., Retail Sales Associates), I'll consider limiting the scope to those positions if the burden of identifying additional positions would outweigh the benefit (e.g., there are lots of other potentially-responsive positions but not many employees hold such positions).

12. When he have a better idea of the specific covered positions and the # of current/former employees in each position, I'll need a class list and I'm open to discussing sampling size and what specific records to sample.

13. The records I'm thinking of right now for purposes of sampling include:
    a. Offer Letters
    b. Wage Statements
    c. Commission Summaries (e.g., CHA 000040-45)
    d. Time Detail (e.g., CHA 000001-5)
    e. Transcript Report (e.g., CHA 000038-39)

14. Once we've identified the covered outside salesperson positions, I'll need an example of the job descriptions (e.g., CHA 000005-9)

15. Once we've identified the covered commissions positions, I'll need an example of each commission plan (e.g., CHA 000141-152)

16. Please let me know if Charter's willing to produce copies of the PAGA notices or if I should just get them from the LWDA.

17. Please let me know if you've identified (and are willing to identify for me) a specific overlap between this case and another pending case (e.g., an outside salesperson case or a case focused on commissions).

Again, sorry for the mix-up on Tuesday and thanks for scheduling today's call.

Best regards,
Jamin

**Jamin S. Soderstrom**
Founding Shareholder

<image001.png>

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

<2020.03.18 Harper-Charter Proposed Scheduling Order (Revised).docx>

# EXHIBIT 2

TO SODERSTROM DECLARATION

| | |
|---|---|
| **From:** | Jamin Soderstrom |
| **To:** | Shine, Zachary W. |
| **Cc:** | McGuigan, Kathryn T.; Antonopoulos, Nicole L.; Diana Alderete |
| **Bcc:** | Jamin Soderstrom |
| **Subject:** | RE: CHA/HAR - Pre-Certification Discovery |
| **Date:** | Thursday, May 21, 2020 6:15:00 PM |
| **Attachments:** | 2020.05.21 Joint Statement JSS DRAFT.docx |

Hi Zack,

I thank you for agreeing to produce the additional emails for Harper and Sinclair and agreeing to confirm that Charter has produced all training materials related to Harper and Sinclair.

I am unsure why it would take until June 1 for Charter to produce signed commission plans and signed receipts for Harper and Sinclair. It has already taken months. Please produce them promptly or confirm they do not exist.

With respect to Charter's class and representative PAGA discovery proposal, as Plaintiffs' portion of the attached draft Joint Statement shows, Charter's arguments are not supported by the relevant authorities and its belated proposal falls far short of the type, nature, and amount of discovery routinely produced (or ordered to be produced) in class and representative PAGA cases like this one.

Consistent with our May 4 stipulation, I have attached a draft Joint Statement re Discovery Disagreement. Please send me Charter's portions of the Joint Statement no later than Tuesday at 6pm so I can finalize and file it on Wednesday. There is simply no way I can agree to let Charter limit discovery to only one position and only one location and continue to withhold most of the information and records that are relevant to Plaintiffs' claims and Charter's defenses.

As always, I am available to discuss any stipulations between now and the date of the hearing to try to avoid the need for a court ruling. As I have proposed before, I would agree to a smaller sample size if Charter would stipulate to certain information, such as (1) all of the positions that were considered "exempt" outside salespersons and/or commissioned employees; (2) there was no policy of providing a designated meal periods and rest break to "exempt" outside salespersons; (3) Charter never paid any minimum, overtime, or premium wages or waiting time penalties to "exempt" outside salespersons; (4) Charter did not keep track of daily or weekly hours worked for "exempt" outside salespersons (except for an automatic record in a wage statement showing full-time work); and (5) Carter did not give signed commission plans or get signed receipts. I'll still need the class list and all of the basic documents (written policies covering all relevant positions for the entire class period, all versions of the commission plans, all versions of job requisitions), and a statistically significant sampling of wage statements, training transcript reports, and wage statements, but I can be flexible on the size of the sampling and/or agree to an additional production later.

Please let me know if you would like to discuss any of these possibilities further. Otherwise, please send me Charter's portion of the Joint Statement no later than 6pm on Tuesday.

Best regards,
Jamin

**From:** Shine, Zachary W. <zachary.shine@morganlewis.com>
**Sent:** Wednesday, May 20, 2020 5:08 PM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Cc:** McGuigan, Kathryn T. <kathryn.mcguigan@morganlewis.com>; Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>
**Subject:** CHA/HAR - Pre-Certification Discovery

Hi Jamin,

I am following up about the discovery in this matter. As you know, at this pre-certification stage, at most, you are only entitled to reasonable discovery limited to the issue of certification. To get even this limited discovery, you must show either a *prima facie* case for class relief under Rule 23 or that discovery is likely to produce substantiation of the class allegations. To date, you have not shown either. Here, the only allegation is that Harper and Sinclair, both account executives who worked at the Redding, California location, were assigned, and performed, non-outside sales duties for the majority of their working hours and were thus misclassified. Based on these narrow allegations, you seem to wish to infer that all other outside salespersons in California, no matter their position or location, were similarly treated. Essentially, you seek discovery to determine whether this entirely speculative inference can be substantiated. That is the definition of a fishing expedition. In fact, you cannot even identify which positions are in your proposed class. Before filing a class action, or really any lawsuit, you are required to at least do some pre-litigation diligence. The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. There are numerous cases holding mere speculation as to what the overbroad discovery you seek *might* show is insufficient to meet your burden of showing the discovery will likely produce substantiation of your class allegations.

Charter has already agreed to produce, and has largely produced, all requested information and documents concerning plaintiffs, account executives, and Charter's general policies and procedures. For instance, we have already provided both plaintiffs' personnel files, wage statements, the account executive job description, the account executive commission plan, commission statements for plaintiffs, disposition reports, the arbitration agreements applicable to plaintiffs, numerous policies and procedures, and all emails to/from both plaintiffs during the first two months of their employment, among other documents. You have not articulated any basis for discovery beyond plaintiffs or the account executive position. The rest of your requests regarding positions neither plaintiff ever held, and which you cannot even identify, are grossly overbroad, unduly burdensome, and nothing more than a fishing expedition. At this pre-certification stage, you are not entitled to anything more.

In an effort to reach a reasonable resolution, by June 1, 2020, Charter agrees to produce a class list containing the names and contact information for account executives (plaintiffs' position) at the Redding, California location (the location at which plaintiffs worked) during the class period. That is in line with the scope of pre-certification discovery granted in numerous similar cases. By the same date, Charter will also provide supplemental responses to the remaining RFPs with substantive responses to each request. As agreed, Charter will also confirm that it has produced all training materials related to plaintiffs and confirm/provide further details about receipt and

acknowledgment of the commission plans. Charter also agrees to produce the remaining approximately four months of emails to/from Harper as well as the next four months of emails to/from Sinclair.

At this pre-certification stage, this is a very reasonable scope of discovery. Based on the relevant case law, we are confident a judge will not compel any discovery beyond that proposed by Charter herein. Please let us know if you have any questions regarding Charter's proposal or if you have a counter-proposal at this time.

Regards,

Zack

**Zachary W. Shine**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1163 | Main: +1.415.442.1000 | Mobile: +1.415.770.4326 | Fax: +1.415.442.1001
zachary.shine@morganlewis.com | www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# EXHIBIT 3

TO SODERSTROM DECLARATION

1  Jamin S. Soderstrom, Bar No. 261054
   jamin@soderstromlawfirm.com
2  SODERSTROM LAW PC
   3 Park Plaza, Suite 100
3  Irvine, California 92614
   Tel: (949) 667-4700
4  Fax: (949) 424-8091

5

6  *Counsel for Plaintiff and the Putative Class*

7

8                  UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 LIONEL HARPER, individually and on behalf of    Case No.   2:19-cv-00902-WBS-DMC
   all others similarly situated and all aggrieved
12 employees,                                       **PLAINTIFF LIONEL HARPER'S**
                                                    **INTERROGATORIES 1 TO 9 TO CHARTER**
13              Plaintiff,                           **COMMUNICATIONS, LLC**

   v.
14                                                  Served:              September 27, 2019
   CHARTER COMMUNICATIONS, LLC,
15 CHARTER COMMUNICATIONS, INC., and
   DOES 1 through 25,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

                                    1

**INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Lionel Harper hereby requests that Defendant Charter Communications, LLC answer the following interrogatories separately and fully in writing under oath. Harper requests that Charter Communications, LLC provide answers in writing within 30 days after service of these Interrogatories to his representative Jamin S. Soderstrom at 3 Park Plaza, Suite 100, Irvine, California 92614, jamin@soderstromlawfirm.com.

**SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1.**

IDENTIFY the CONTACT INFORMATION for each individual who participated in the hiring of Lionel Harper and who held a supervisory or managerial position over Lionel Harper during his employment with YOU.

"IDENTIFY" means describe the requested information with reasonable particularity.

"CONTACT INFORMATION" means (1) for an individual, his or her full name, most recent address, most recent telephone number, and most recent email address, or (2) for an entity, its full legal name, any fictitious name under which it is known or operates, its primary business address, and its primary telephone number.

"YOU" means Charter Communications, LLC, its affiliates, directors, officers, employees, representatives, and any other person or entity acting on Charter Communications, LLC's behalf.

**INTERROGATORY NO. 2.**

IDENTIFY the CONTACT INFORMATION and POSITION HISTORY for each DIRECT SALES EMPLOYEE.

"POSITION HISTORY" means (1) the title of the position(s) held, (2) the dates of employment in each position, and (3) the location(s) at which such employee performed work in each position.

"DIRECT SALES EMPLOYEE" or "DIRECT SALES EMPLOYEES" means any individual who performed work for YOU in California at any time from November 19, 2014 to the present in a position that sold or attempted to sell YOUR products and services at a customer's home, work, or business location instead of one of YOUR retail, call center, or office locations.

///

HARPER'S INTERROGATORIES 1 TO 9 TO CHARTER COMMUNICATIONS, LLC

**INTERROGATORY NO. 3.**

IDENTIFY the CONTACT INFORMATION and POSITION HISTORY for each COMMISSION EMPLOYEE.

"COMMISSION EMPLOYEE" or "COMMISSION EMPLOYEES" means any individual who performed work for YOU in California at any time from November 19, 2014 to the present and who was eligible to earn incentive compensation such as bonus or commission wages based on a "Commission Agreement," "Sales Compensation Plan," "Sales Compensation Plan Schedule," or similar document.

**INTERROGATORY NO. 4.**

IDENTIFY each LOCATION at which any DIRECT SALES EMPLOYEE was expected or required to perform work.

"LOCATION" means both (i) the specific address of the store or office to which a DIRECT SALES EMPLOYEE was assigned, and (ii) the territory within which the DIRECT SALES EMPLOYEE was expected or required to perform work for YOU (e.g., "Redding," or "Shasta County," or whatever description YOU used to communicate an authorized sales territory or region).

**INTERROGATORY NO. 5.**

IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who opted out of any version of arbitration agreement YOU have used.

**INTERROGATORY NO. 6.**

IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who YOU contend has settled, released, or waived any of the claims being made in the operative complaint in this action.

This includes but is not limited to any individual, class, or collective settlement agreements, severance agreements, or similar agreements, releases, or waivers that YOU may have with DIRECT SALES EMPLOYEES and/or COMMISSION EMPLOYEES.

**INTERROGATORY NO. 7.**

IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who YOU contend agreed to and is bound by the Solution Channel.

**INTERROGATORY NO. 8.**

IDENTIFY by court, filing date, case number, and the parties' names each court case filed against YOU by or on behalf of a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE that (a) was pending at any time since November 19, 2014, and (b) involved one or more of the claims being made in the operative complaint in this action.

This includes but is not limited to court cases with claims that were filed on an individual, representative, collective, or class action basis.

**INTERROGATORY NO. 9.**

IDENTIFY by arbitration provider, filing date, reference number, and the parties' names each arbitration filed against YOU by or on behalf of a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE that (a) was pending at any time since November 19, 2014, and (b) involved one or more of the claims being made in the operative complaint in this action.

This includes but is not limited to arbitrations with claims that were filed on an individual, a representative, collective, or class action basis.

Dated: September 27, 2019                       SODERSTROM LAW PC

By: /s/ Jamin S. Soderstrom

Jamin S. Soderstrom

HARPER'S INTERROGATORIES 1 TO 9 TO CHARTER COMMUNICATIONS, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2019 I caused a copy of the foregoing document to be served by U.S. mail to the party below through its counsel.

MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

MORGAN, LEWIS & BOCKIUS LLP
Zachary W. Shine, Bar No. 271522
zachary.shine@morganlewis.com
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105

*Counsel for Defendants*

Dated: September 27, 2019          SODERSTROM LAW PC

                                  By: /s/ Jamin S. Soderstrom

# EXHIBIT 4

TO SODERSTROM DECLARATION

1    MORGAN, LEWIS & BOCKIUS LLP
     Kathryn T. McGuigan, Bar No. 232112
2    kathryn.mcguigan@morganlewis.com
     300 South Grand Avenue
3    Twenty-Second Floor
     Los Angeles, CA 90071-3132
4    Tel:   +1.213.612.2500
     Fax:   +1.213.612.2501
5

6    MORGAN, LEWIS & BOCKIUS LLP
     Zachary W. Shine, Bar No. 271522
7    zachary.shine@morganlewis.com
     Nicole L. Antonopoulos, Bar No. 306882
8    nicole.antonopoulos@morganlewis.com
     One Market, Spear Street Tower
9    San Francisco, CA 94105
     Tel:   +1.415.442.1000
10   Fax:   +1.213.612.2501

11   Attorneys for Defendants
     Charter Communications, LLC and Charter
12   Communications, Inc.

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15

16

17   LIONEL HARPER, individually and on behalf        Case No. 2:19-cv-00902-WBS-DMC
     of all others similarly and all aggrieved
18   employees,                                       **DEFENDANT CHARTER
                                                       COMMUNICATIONS, LLC'S
19                 Plaintiff,                          RESPONSES TO PLAINTIFF LIONEL
                                                       HARPER'S INTERROGATORIES,
20          vs.                                        SET ONE**

21   CHARTER COMMUNICATIONS, LLC,
     CHARTER COMMUNICATIONS, INC., and
22   Does 1 through 25,

23                 Defendants.

24

25   **PROPOUNDING PARTY:**        PLAINTIFF LIONEL HARPER

26   **RESPONDING PARTY:**         DEFENDANT CHARTER COMMUNICATIONS,

27                                 LLC

28   **SET NO.:**                  ONE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

                                              1                Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568627.1                          INTERROGATORIES, SET ONE

1

2    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.),

3    Defendant Charter Communications, LLC ("Charter" or "Defendant") hereby responds to

4    Plaintiff Lionel Harper's ("Harper" or "Plaintiff") Interrogatories, Set One, as follows.

5                              **PRELIMINARY STATEMENT**

6        The information contained in these Responses set forth below is based upon information

7    and documents currently available to Defendant.  Defendant's investigation and discovery in this

8    matter is not complete.  Additional investigation and discovery may disclose further information

9    and documents relevant to these Responses, as could information and documents obtained from

10   Plaintiff through additional discovery procedures.  Accordingly, Defendant reserves the right to

11   amend, alter, supplement, modify, or otherwise revise these Responses if, for any reason, such

12   amendments, alterations, supplements, modifications, or revisions become appropriate or

13   warranted.

14       Defendant has not completed its investigation of this action, has not completed discovery,

15   and has not completed its trial preparation.  The responses hereinafter are based on Defendant's

16   knowledge, information and belief at this time, and are made without prejudice to the foregoing

17   objections.  It is anticipated that further independent investigation, discovery, legal research and

18   analysis may supply additional facts, add meaning to the known facts, and establish entirely new

19   factual conclusions and legal contentions, all of which may lead to substantial additions to,

20   changes in and variations from the contentions and facts set forth herein.

21       The following discovery responses are given without prejudice to the Defendant's right to

22   introduce evidence of any subsequently discovered fact or facts which the Defendant may later

23   recall.  The Defendant accordingly reserves the right to change any and all answers herein as

24   additional facts are ascertained, further analysis and, legal research is completed, and/or

25   contentions are made.  The answers and objections herein are made in a good faith effort to

26   supply as much factual information and as much specification of legal contentions as is presently

27   known, which should in no way be to the prejudice of Defendant in relation to further discovery,

28   research or analysis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2                                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568627.1                      INTERROGATORIES, SET ONE

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are specifically incorporated into each and every applicable response as if set forth in full in the enumerated responses reflected hereinafter.

A.     Defendant objects to all Interrogatories to the extent they seek information not relevant to the subject matter of the instant suit, are not calculated to lead to the discovery of admissible evidence, are unduly burdensome and oppressive, and are not proportional to the needs of the case.

B.     To the extent that these Interrogatories seek information which is protected by the attorney-client and/or work product privileges, Defendant objects to the Interrogatories on the grounds of said privileges, and declines to provide such information. This objection extends to and includes requests for the identities of individuals with knowledge of matters where such persons are counsel for Defendant or obtained such knowledge solely through communications with counsel for Defendant, and to requests for the identities of individuals who participated in communications, where such communications were between Defendant and its counsel.

C.     Defendant objects to all Interrogatories to the extent they call for disclosure of confidential or proprietary information, including, but not limited to, commercial, financial, or other trade secret information.

D.     Defendant objects to all Interrogatories to the extent they seek information in which individuals have a legitimate expectation or right of privacy or confidentiality under federal or California law, or any other constitutional, statutory, or common law right of privacy.

E.     Defendant objects to all Interrogatories to the extent that any Interrogatory is unreasonably broad in scope, unlimited in time, vague or indefinite, unduly burdensome, harassing, and/or oppressive.

F.     Defendant objects to all Interrogatories to the extent they seek information that is not in Defendant's possession or control, has been previously disclosed, or is equally within the Plaintiff's possession or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1    G.    Defendant objects to each Interrogatory to the extent it seeks information for a

2    time period that is overly broad and/or encompasses dates irrelevant to this action.

3    Subject to and without waiving these General Objections, Defendant responds as follows:

4    **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

5    **INTERROGATORY NO. 1:**

6    IDENTIFY the CONTACT INFORMATION for each individual who participated in the

7    hiring of Lionel Harper and who held a supervisory or managerial position over Lionel Harper

8    during his employment with YOU.

9    "IDENTIFY" means describe the requested information with reasonable particularity.

10   "CONTACT INFORMATION" means (1) for an individual, his or her full name, most

11   recent address, most recent telephone number, and most recent email address, or (2) for an entity,

12   its full legal name, any fictitious name under which it is known or operates, its primary business

13   address, and its primary telephone number.

14   "YOU" means Charter Communications, LLC, its affiliates, directors, officers,

15   employees, representatives, and any other person or entity acting on Charter Communications,

16   LLC's behalf.

17   **RESPONSE TO INTERROGATORY NO. 1:**

18   Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

19   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

20   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

21   employees, representatives, and any other person or entity acting on Charter Communications,

22   LLC's behalf." Charter further objects that the term "supervisory or managerial position" is

23   vague, ambiguous, and overly broad. Charter further objects to this Interrogatory on the grounds

24   that it is unduly burdensome and oppressive and seeks information not relevant to the case and

25   not proportional to the needs of the case, including that the burden or expense of the proposed

26   discovery outweighs any putative benefit. Charter further objects to this Interrogatory on the

27   ground that it seeks information the release of which would be a violation of any individual's

28   right of privacy under Article I, section 1 of the California Constitution, or Sections 1799.1 and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE

DB2/ 37568627.1

1    3344 of the California Civil Code, or any other constitutional, statutory or common law right of

2    privacy of any person.  Charter also objects that this Interrogatory is premature because Plaintiff

3    filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

4    and will not be heard until December 16, 2019.

5    **INTERROGATORY NO. 2:**

6           IDENTIFY the CONTACT INFORMATION and POSITION HISTORY for each

7    DIRECT SALES EMPLOYEE.

8           "POSITION HISTORY" means (1) the title of the position(s) held, (2) the dates of

9    employment in each position, and (3) the location(s) at which such employee performed work in

10   each position.

11          "DIRECT SALES EMPLOYEE" or "DIRECT SALES EMPLOYEES" means any

12   individual who performed work for YOU in California at any time from November 19, 2014 to

13   the present in a position that sold or attempted to sell YOUR products and services at a

14   customer's home, work, or business location instead of one of YOUR retail, call center, or office

15   locations.

16   **RESPONSE TO INTERROGATORY NO. 2:**

17          Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

18   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

19   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

20   employees, representatives, and any other person or entity acting on Charter Communications,

21   LLC's behalf." Charter further objects that Plaintiff's definition of "DIRECT SALES

22   EMPLOYEES" is vague, ambiguous, overly broad, and unduly burdensome.  Charter further

23   objects to this Interrogatory on the ground that Plaintiff is attempting to conduct class discovery

24   without making a *prima facie* showing that the requirements of Rule 23 are satisfied or that the

25   discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767

26   F.2d 1416, 1424 (9th Cir. 1985).  Pre-certification discovery is "not intended as a fishing

27   expedition permitting the speculative pleading of a case first and then pursuing discovery to

28   support it; the plaintiff must have some basis in fact for the action." *Thomas v. Cendant*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37568627.1

5                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE

1    *Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11, 2005); *see also Micro*

2    *Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("[t]he discovery rules

3    are designed to assist a party to prove a claim it reasonably believes to be viable without

4    discovery, not to find out if it has any basis for a claim. That the discovery might uncover

5    evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.").

6    This Interrogatory is thus premature, overly broad as to scope, disproportionate, and unduly

7    burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals

8    other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

9    *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

10    party to or participants in this action. Discovery of the sought-after information should be phased

11    and considered only following a ruling on class certification.

12       Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

13    and oppressive and seeks information not relevant to the case and not proportional to the needs of

14    the case, including that the burden or expense of the proposed discovery outweighs any putative

15    benefit. Charter further objects to this Interrogatory on the ground that it seeks information the

16    release of which would be a violation of any individual's right of privacy under Article I, section

17    1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

18    other constitutional, statutory or common law right of privacy of any person. Charter also objects

19    that this interrogatory is premature because Plaintiff filed a Motion for Leave to File First

20    Amended Complaint, which is pending before this Court and will not be heard until December

21    16, 2019. Charter intends to file a motion to strike class allegations and thus objects that

22    Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

23    motion and Plaintiff's request for leave to amend his complaint.

24    **INTERROGATORY NO. 3:**

25       IDENTIFY the CONTACT INFORMATION and POSITION HISTORY for each

26    COMMISSION EMPLOYEE.

27       "COMMISSION EMPLOYEE" or "COMMISSION EMPLOYEES" means any

28    individual who performed work for YOU in California at any time from November 19, 2014 to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568627.1    INTERROGATORIES, SET ONE

1   the present and who was eligible to earn incentive compensation such as bonus or commission

2   wages based on a "Commission Agreement," "Sales Compensation Plan," "Sales Compensation

3   Plan Schedule," or similar document.

4   **RESPONSE TO INTERROGATORY NO. 3:**

5         Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

6   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

7   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

8   employees, representatives, and any other person or entity acting on Charter Communications,

9   LLC's behalf." Charter further objects that Plaintiff's definition of "COMMISSION

10  EMPLOYEE(S)" is vague, ambiguous, overly broad, and unduly burdensome.  Charter further

11  objects to this Interrogatory on the ground that Plaintiff is attempting to conduct class discovery

12  without making a *prima facie* showing that the requirements of Rule 23 are satisfied or that the

13  discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767

14  F.2d 1416, 1424 (9th Cir. 1985).  Pre-certification discovery is "not intended as a fishing

15  expedition permitting the speculative pleading of a case first and then pursuing discovery to

16  support it; the plaintiff must have some basis in fact for the action." *Thomas v. Cendant*

17  *Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11, 2005); *see also Micro*

18  *Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("[t]he discovery rules

19  are designed to assist a party to prove a claim it reasonably believes to be viable without

20  discovery, not to find out if it has any basis for a claim.  That the discovery might uncover

21  evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.").

22  This Interrogatory is thus premature, overly broad as to scope, disproportionate, and unduly

23  burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals

24  other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

25  *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

26  party to or participants in this action.  Discovery of the sought-after information should be phased

27  and considered only following a ruling on class certification.

28        Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1   and oppressive and seeks information not relevant to the case and not proportional to the needs of

2   the case, including that the burden or expense of the proposed discovery outweighs any putative

3   benefit. Charter further objects to this Interrogatory on the ground that it seeks information the

4   release of which would be a violation of any individual's right of privacy under Article I, section

5   1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

6   other constitutional, statutory or common law right of privacy of any person. Charter also objects

7   that this interrogatory is premature because Plaintiff filed a Motion for Leave to File First

8   Amended Complaint, which is pending before this Court and will not be heard until December

9   16, 2019. Charter intends to file a motion to strike class allegations and thus objects that

10   Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

11   motion and Plaintiff's request for leave to amend his complaint.

12   **INTERROGATORY NO. 4:**

13       IDENTIFY each LOCATION at which any DIRECT SALES EMPLOYEE was expected

14   or required to perform work.

15       "LOCATION" means both (i) the specific address of the store or office to which a

16   DIRECT SALES EMPLOYEE was assigned, and (ii) the territory within which the DIRECT

17   SALES EMPLOYEE was expected or required to perform work for YOU (e.g., "Redding," or

18   "Shasta County," or whatever description YOU used to communicate an authorized sales territory

19   or region).

20   **RESPONSE TO INTERROGATORY NO. 4:**

21       Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

22   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

23   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

24   employees, representatives, and any other person or entity acting on Charter Communications,

25   LLC's behalf." Charter further objects that Plaintiff's definition of "DIRECT SALES

26   EMPLOYEE" is vague, ambiguous, overly broad, and unduly burdensome. Charter further

27   objects to this Interrogatory on the ground that Plaintiff is attempting to conduct class discovery

28   without making a *prima facie* showing that the requirements of Rule 23 are satisfied or that the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                    8                    Case No. 2:19-cv-00902-WBS-DMC
DB2/ 37568627.1
DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE

1    discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767

2    F.2d 1416, 1424 (9th Cir. 1985). Pre-certification discovery is "not intended as a fishing

3    expedition permitting the speculative pleading of a case first and then pursuing discovery to

4    support it; the plaintiff must have some basis in fact for the action." *Thomas v. Cendant*

5    *Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11, 2005); *see also Micro*

6    *Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("[t]he discovery rules

7    are designed to assist a party to prove a claim it reasonably believes to be viable without

8    discovery, not to find out if it has any basis for a claim. That the discovery might uncover

9    evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.").

10   This Interrogatory is thus premature, overly broad as to scope, disproportionate, and unduly

11   burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals

12   other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

13   *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

14   party to or participants in this action. Discovery of the sought-after information should be phased

15   and considered only following a ruling on class certification.

16          Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

17   and oppressive and seeks information not relevant to the case and not proportional to the needs of

18   the case, including that the burden or expense of the proposed discovery outweighs any putative

19   benefit. Charter also objects that this interrogatory is premature because Plaintiff filed a Motion

20   for Leave to File First Amended Complaint, which is pending before this Court and will not be

21   heard until December 16, 2019. Charter intends to file a motion to strike class allegations and

22   thus objects that Plaintiff's interrogatory is premature until the Court issues a decision on

23   Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

24   **INTERROGATORY NO. 5:**

25          IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who

26   opted out of any version of arbitration agreement YOU have used.

27   **RESPONSE TO INTERROGATORY NO. 5:**

28          Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9                              Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568627.1

1  renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

2  burdensome because it includes not only Charter but also its "affiliates, directors, officers,

3  employees, representatives, and any other person or entity acting on Charter Communications,

4  LLC's behalf." Charter further objects that Plaintiff's definitions of "DIRECT SALES

5  EMPLOYEE" and "COMMISSION EMPLOYEE" are vague, ambiguous, overly broad, and

6  unduly burdensome. Charter further objects to this Interrogatory on the ground that Plaintiff is

7  attempting to conduct class discovery without making a *prima facie* showing that the

8  requirements of Rule 23 are satisfied or that the discovery is likely to produce substantiation of

9  the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Pre-certification

10  discovery is "not intended as a fishing expedition permitting the speculative pleading of a case

11  first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the

12  action." *Thomas v. Cendant Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11,

13  2005); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)

14  ("[t]he discovery rules are designed to assist a party to prove a claim it reasonably believes to be

15  viable without discovery, not to find out if it has any basis for a claim. That the discovery might

16  uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery

17  request."). This Interrogatory is thus premature, overly broad as to scope, disproportionate, and

18  unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning

19  individuals other than the named Plaintiff when this matter has not been certified as a class action,

20  no *prima facie* grounds for class certification exist, and individuals other than Plaintiff are not

21  otherwise a party to or participants in this action. Discovery of the sought-after information

22  should be phased and considered only following a ruling on class certification.

23  　　　Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

24  and oppressive and seeks information not relevant to the case and not proportional to the needs of

25  the case, including that the burden or expense of the proposed discovery outweighs any putative

26  benefit. Charter further objects to this Interrogatory on the ground that it seeks information the

27  release of which would be a violation of any individual's right of privacy under Article I, section

28  1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1    other constitutional, statutory or common law right of privacy of any person.  Charter also objects

2    that this interrogatory is premature because Plaintiff filed a Motion for Leave to File First

3    Amended Complaint, which is pending before this Court and will not be heard until December

4    16, 2019.  Charter intends to file a motion to strike class allegations and thus objects that

5    Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

6    motion and Plaintiff's request for leave to amend his complaint.

7    **INTERROGATORY NO. 6:**

8         IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who

9    YOU contend has settled, released, or waived any of the claims being made in the operative

10   complaint in this action.

11        This includes but is not limited to any individual, class, or collective settlement

12   agreements, severance agreements, or similar agreements, releases, or waivers that YOU may

13   have with DIRECT SALES EMPLOYEES and/or COMMISSION EMPLOYEES.

14   **RESPONSE TO INTERROGATORY NO. 6:**

15        Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

16   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

17   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

18   employees, representatives, and any other person or entity acting on Charter Communications,

19   LLC's behalf." Charter further objects that Plaintiff's definitions of "DIRECT SALES

20   EMPLOYEE" and "COMMISSION EMPLOYEE" are vague, ambiguous, overly broad, and

21   unduly burdensome.  Charter further objects to this Interrogatory on the ground that Plaintiff is

22   attempting to conduct class discovery without making a *prima facie* showing that the

23   requirements of Rule 23 are satisfied or that the discovery is likely to produce substantiation of

24   the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  Pre-certification

25   discovery is "not intended as a fishing expedition permitting the speculative pleading of a case

26   first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the

27   action." *Thomas v. Cendant Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11,

28   2005); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11          Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1    ("[t]he discovery rules are designed to assist a party to prove a claim it reasonably believes to be

2    viable without discovery, not to find out if it has any basis for a claim.  That the discovery might

3    uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery

4    request.").  This Interrogatory is thus premature, overly broad as to scope, disproportionate, and

5    unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning

6    individuals other than the named Plaintiff when this matter has not been certified as a class action,

7    no *prima facie* grounds for class certification exist, and individuals other than Plaintiff are not

8    otherwise a party to or participants in this action.  Discovery of the sought-after information

9    should be phased and considered only following a ruling on class certification.

10        Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

11   and oppressive and seeks information not relevant to the case and not proportional to the needs of

12   the case, including that the burden or expense of the proposed discovery outweighs any putative

13   benefit.  Charter further objects to this Interrogatory on the ground that it seeks information the

14   release of which would be a violation of any individual's right of privacy under Article I, section

15   1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

16   other constitutional, statutory or common law right of privacy of any person.  Charter also objects

17   that this interrogatory is premature because Plaintiff filed a Motion for Leave to File First

18   Amended Complaint, which is pending before this Court and will not be heard until December

19   16, 2019.  Charter intends to file a motion to strike class allegations and thus objects that

20   Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

21   motion and Plaintiff's request for leave to amend his complaint.

22   **INTERROGATORY NO. 7:**

23        IDENTIFY each DIRECT SALES EMPLOYEE and COMMISSION EMPLOYEE who

24   YOU contend agreed to and is bound by the Solution Channel.

25   **RESPONSE TO INTERROGATORY NO. 7:**

26        Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

27   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

28   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

12                    Case No. 2:19-cv-00902-WBS-DMC

1  employees, representatives, and any other person or entity acting on Charter Communications,

2  LLC's behalf." Charter further objects that Plaintiff's definitions of "DIRECT SALES

3  EMPLOYEE" and "COMMISSION EMPLOYEE" are vague, ambiguous, overly broad, and

4  unduly burdensome.  Charter further objects to this Interrogatory on the ground that Plaintiff is

5  attempting to conduct class discovery without making a *prima facie* showing that the

6  requirements of Rule 23 are satisfied or that the discovery is likely to produce substantiation of

7  the class allegations.  *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  Pre-certification

8  discovery is "not intended as a fishing expedition permitting the speculative pleading of a case

9  first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the

10  action." *Thomas v. Cendant Mortgage*, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11,

11  2005); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)

12  ("[t]he discovery rules are designed to assist a party to prove a claim it reasonably believes to be

13  viable without discovery, not to find out if it has any basis for a claim.  That the discovery might

14  uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery

15  request.").  This Interrogatory is thus premature, overly broad as to scope, disproportionate, and

16  unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning

17  individuals other than the named Plaintiff when this matter has not been certified as a class action,

18  no *prima facie* grounds for class certification exist, and individuals other than Plaintiff are not

19  otherwise a party to or participants in this action.  Discovery of the sought-after information

20  should be phased and considered only following a ruling on class certification.

21        Charter further objects to this Interrogatory on the grounds that it is unduly burdensome

22  and oppressive and seeks information not relevant to the case and not proportional to the needs of

23  the case, including that the burden or expense of the proposed discovery outweighs any putative

24  benefit.  Charter further objects to this Interrogatory on the ground that it seeks information the

25  release of which would be a violation of any individual's right of privacy under Article I, section

26  1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

27  other constitutional, statutory or common law right of privacy of any person.  Charter also objects

28  that this interrogatory is premature because Plaintiff filed a Motion for Leave to File First

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1  Amended Complaint, which is pending before this Court and will not be heard until December

2  16, 2019. Charter intends to file a motion to strike class allegations and thus objects that

3  Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

4  motion and Plaintiff's request for leave to amend his complaint.

5  **INTERROGATORY NO. 8:**

6      IDENTIFY by court, filing date, case number, and the parties' names each court case filed

7  against YOU by or on behalf of a DIRECT SALES EMPLOYEE or COMMISSION

8  EMPLOYEE that (a) was pending at any time since November 19, 2014, and (b) involved one or

9  more of the claims being made in the operative complaint in this action.

10      This includes but is not limited to court cases with claims that were filed on an individual,

11  representative, collective, or class action basis.

12  **RESPONSE TO INTERROGATORY NO. 8:**

13      Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

14  renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

15  burdensome because it includes not only Charter but also its "affiliates, directors, officers,

16  employees, representatives, and any other person or entity acting on Charter Communications,

17  LLC's behalf." Charter further objects that Plaintiff's definitions of "DIRECT SALES

18  EMPLOYEE" and "COMMISSION EMPLOYEE" are vague, ambiguous, overly broad, and

19  unduly burdensome. Charter further objects to this Interrogatory on the grounds that it is unduly

20  burdensome and oppressive and seeks information not relevant to the case and not proportional to

21  the needs of the case, including that the burden or expense of the proposed discovery outweighs

22  any putative benefit. Charter also objects that this interrogatory is premature because Plaintiff

23  filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

24  and will not be heard until December 16, 2019. Charter intends to file a motion to strike class

25  allegations and thus objects that Plaintiff's interrogatory is premature until the Court issues a

26  decision on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

27  **INTERROGATORY NO. 9:**

28      IDENTIFY by arbitration provider, filing date, reference number, and the parties' names

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1   each arbitration filed against YOU by or on behalf of a DIRECT SALES EMPLOYEE or

2   COMMISSION EMPLOYEE that (a) was pending at any time since November 19, 2014, and (b)

3   involved one or more of the claims being made in the operative complaint in this action.

4       This includes but is not limited to arbitrations with claims that were filed on an individual,

5   a representative, collective, or class action basis.

6   **RESPONSE TO INTERROGATORY NO. 9:**

7       Charter objects to Plaintiff's special definition of the terms "YOU" on the ground that it

8   renders the Interrogatory compound, overly broad, vague and ambiguous, and unduly

9   burdensome because it includes not only Charter but also its "affiliates, directors, officers,

10  employees, representatives, and any other person or entity acting on Charter Communications,

11  LLC's behalf." Charter further objects that Plaintiff's definitions of "DIRECT SALES

12  EMPLOYEE" and "COMMISSION EMPLOYEE" are vague, ambiguous, overly broad, and

13  unduly burdensome.  Charter further objects to this Interrogatory on the grounds that it is unduly

14  burdensome and oppressive and seeks information not relevant to the case and not proportional to

15  the needs of the case, including that the burden or expense of the proposed discovery outweighs

16  any putative benefit.  Charter further objects to this Interrogatory on the ground that it seeks

17  information the release of which would be a violation of any individual's right of privacy under

18  Article I, section 1 of the California Constitution, or Sections 1799.1 and 3344 of the California

19  Civil Code, or any other constitutional, statutory or common law right of privacy of any person.

20  Charter also objects that this interrogatory is premature because Plaintiff filed a Motion for Leave

21  to File First Amended Complaint, which is pending before this Court and will not be heard until

22  December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects

23  that Plaintiff's interrogatory is premature until the Court issues a decision on Charter's anticipated

24  motion and Plaintiff's request for leave to amend his complaint.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
INTERROGATORIES, SET ONE
DB2/ 37568627.1

1    Dated: November 21, 2019                    MORGAN, LEWIS & BOCKIUS LLP

2
                                                 By    /s/ Kathryn T. McGuigan
3                                                        Kathryn T. McGuigan
                                                          Zachary Shine
4                                                       Nicole L. Antonopoulos

5                                                Attorneys for Defendants CHARTER
                                                 COMMUNICATIONS, LLC and CHARTER
6                                                COMMUNICATIONS INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                   16          Case No. 2:19-cv-00902-WBS-DMC
                DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568627.1                              INTERROGATORIES, SET ONE

# EXHIBIT 5

TO SODERSTROM DECLARATION

Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
3 Park Plaza, Suite 100
Irvine, California 92614
Tel: (949) 667-4700
Fax: (949) 424-8091

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, individually and on behalf of all others similarly situated and all aggrieved employees, | Case No.   2:19-cv-00902-WBS-DMC |
| Plaintiff, | **PLAINTIFF LIONEL HARPER'S REQUESTS FOR PRODUCTION 1 TO 34 TO CHARTER COMMUNICATIONS, LLC** |
| v. | |
| CHARTER COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., and DOES 1 through 25, | Served:                    September 27, 2019 |
| Defendants. | |

1

### REQUESTS FOR PRODUCTION UNDER RULE 34

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Lionel Harper hereby requests that Defendant Charter Communications, LLC produce and permit Harper or his representative to inspect, copy, test, or sample the following items in its possession, custody, or control:

     a.     The designated documents or electronically stored information ("ESI") as defined by each Request below—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by Charter Communications, LLC into a reasonably usable form; or

     b.     The designated tangible things as defined by each Request below.

Harper further requests that Charter Communications, LLC permit Harper's representative to enter onto designated land or other property possessed or controlled by Charter Communications, LLC, so that Harper or his representative may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it, as provided in the Requests below.

Harper requests that SolarCity Corporation respond in writing within 30 days after service of these Requests; produce the designated documents and ESI to his representative Jamin S. Soderstrom at 3 Park Plaza, Suite 100, Irvine, California 92614, jamin@soderstromlawfirm.com, at the same time as the written responses; identify at least three dates within 60 days of the date of the responses that Harper's representative will be permitted to enter onto Charter Communication, LLC's designated land or other property; and produce a produce a privilege log at the same time as the written responses identifying each document, ESI, or item that is being withheld on the basis of a privilege or other protection and the basis for withholding.

Harper requests that production of documents and ESI be in native form to the extent feasible, and if not feasible, in searchable PDF form. If any document that would otherwise be responsive to one or more specific requests existed at one time but no longer exists or is no longer in YOUR possession, custody, or control, please specify in YOUR specific response what the DOCUMENT was and whether it no longer exists or whether it is now in some other individual or entity's possession, custody, or control.

1  Unless otherwise indicated with a specific request, the applicable time period for each specific

2  request is January 1, 2014 through the date of YOUR response.

3  **DEFINITIONS**

4  "YOU" and "YOUR" means Charter Communications, LLC, its affiliates, directors, officers,

5  employees, representatives, and any other person or entity acting on Charter Communications, LLC's

6  behalf.

7  "HARPER" means Lionel Harper, the named plaintiff and alleged aggrieved EMPLOYEE in

8  this action.

9  "DOCUMENT" means any and all documents or electronically stored information as defined by

10  Federal Rule of Civil Procedure 34 and includes but is not limited to writings, drawings, graphs, charts,

11  photographs, sound recordings, images, and other data or data compilations that is stored in any medium

12  from which information can be obtained either directly or, if necessary, after translation, into a

13  reasonably usable form. For avoidance of doubt, DOCUMENT and DOCUMENTS include all emails,

14  text messages, Internet posts or pages, and other electronically stored communications and files on a

15  computer, phone, tablet, or other similar device or Internet storage space (e.g., cloud or server).

16  "DIRECT SALES EMPLOYEE" or "DIRECT SALES EMPLOYEES" means any individual

17  who performed work for YOU in California at any time from November 19, 2014 to the present in a

18  position that sold or attempted to sell YOUR products and services at a customer's home, work, or

19  business location instead of one of YOUR retail, call center, or office locations.

20  "COMMISSION EMPLOYEE" or "COMMISSION EMPLOYEES" means any individual who

21  performed work for YOU in California at any time from November 19, 2014 to the present and who

22  was eligible to earn incentive compensation such as bonus or commission wages based on a

23  "Commission Agreement," "Sales Compensation Plan," "Sales Compensation Plan Schedule," or

24  similar document.

25  **SPECIFIC REQUESTS FOR PRODUCTION**

26  **REQUEST FOR PRODUCTION NO. 1:**

27  Each DOCUMENT that HARPER signed or acknowledged, whether physically, electronically,

28  or otherwise, related to his employment with YOU.

1  This request includes but is not limited to all onboarding documents, employee agreements,
2  commission agreements or schedules, acknowledgments, authorizations, waivers, releases, and similar
3  paper or electronic forms or records.

4  **REQUEST FOR PRODUCTION NO. 2:**

5  Each DOCUMENT contained in the personnel file YOU maintained related to HARPER.

6  **REQUEST FOR PRODUCTION NO. 3:**

7  Each DOCUMENT that YOU sent to or received from HARPER that is related to his
8  employment with YOU.

9  This request includes but is not limited to all letters, emails, text messages, notices, and other
10  documents or records that were sent physically or electronically to or from HARPER at the phone
11  number(s) and email address(es) YOU gave him, and it includes all documents and records YOU sent
12  to or received from him prior to, during, and following his employment with YOU.

13  **REQUEST FOR PRODUCTION NO. 4:**

14  Each DOCUMENT HARPER sent to or received from an actual or potential customer of YOU
15  during his employment with YOU.

16  This request includes but is not limited to emails, text messages, marketing materials, offers,
17  acceptances, scheduling information, installation information, contracts, cancellations, and other
18  communications, documents, and records.

19  **REQUEST FOR PRODUCTION NO. 5:**

20  Each DOCUMENT that shows HARPER's whereabouts during his employment with YOU.

21  This request includes but is not limited to any records showing when he was working in YOUR
22  offices, when he was working from his home, and when he was working in the field.

23  **REQUEST FOR PRODUCTION NO. 6:**

24  Each DOCUMENT that shows what materials and equipment YOU gave or issued to HARPER
25  related to his employment with YOU.

26  This request includes but is not limited to any computer, phone, tablet, vehicle, training or sales
27  manuals, log-in or access instructions, or similar materials and equipment he was expected or required
28  to use during his employment with YOU.

**REQUEST FOR PRODUCTION NO. 7:**

Each version of a sales compensation or commission agreement, plans, and schedule that YOU use or have used for calculating and paying commission, bonus, or other incentive compensation wages to COMMISSION EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 8:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to YOUR classification of DIRECT SALES EMPLOYEES.

This request includes but is not limited to records showing who, what, when, where, and why YOU classify DIRECT SALES EMPLOYEES as exempt, non-exempt, hourly, salaried, "outside salesperson," "inside salesperson," "commissioned salesperson," and any similar employment classifications YOU use or have used for DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 9:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to calculating and paying wages for DIRECT SALES EMPLOYEES and COMMISSION EMPLOYEES.

This includes but is not limited to policies related to YOU calculating and paying salary, hourly, bonus, commission, and piece rate wages. This does not include actual time sheets, wage statements, or incentive compensation/commission statements, which records are requested specifically below.

**REQUEST FOR PRODUCTION NO. 10:**

Each DOCUMENT that sets forth or describes YOUR policies or practices related to providing meal periods to DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 11:**

Each DOCUMENT showing a meal period that YOU provided to, that was taken by, or that was waived by a DIRECT SALES EMPLOYEE.

**REQUEST FOR PRODUCTION NO. 12:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to providing rest breaks to DIRECT SALES EMPLOYEES.

This request includes but is not limited to providing standard rest breaks and cool-down rest breaks.

HARPER'S RFPS 1 TO 34 TO CHARTER COMMUNICATIONS, LLC

**REQUEST FOR PRODUCTION NO. 13:**

Each DOCUMENT showing a rest break that YOU provided to, that was taken by, or that was waived by a DIRECT SALES EMPLOYEE.

**REQUEST FOR PRODUCTION NO. 14:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to preparing and issuing wage statements, pay stubs, commission statements, and similar documents for DIRECT SALES EMPLOYEES and COMMISSION EMPLOYEES.

This request includes but is not limited to records showing when and how YOU review the underlying time or sales records, how such documents are prepared and issued, and whether and how any modifications or revisions are made to such documents.

**REQUEST FOR PRODUCTION NO. 15:**

Each wage statement that YOU provided to DIRECT SALES EMPLOYEES and COMMISSION EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 16:**

Each incentive compensation or commission statement or similar DOCUMENT that YOU provided to COMMISSION EMPLOYEES.

This request is seeking the records YOU give to COMMISSION EMPLOYEES showing when, how, and how much incentive compensation (e.g., commission or bonus) wages they have earned.

**REQUEST FOR PRODUCTION NO. 17:**

Each time sheet or similar DOCUMENT that shows or reflects the number of hours worked by DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 18:**

Each DOCUMENT showing or related to YOU advancing, deducting, reducing, reconciling, recalculating, or clawing back all or part of a COMMISSION EMPLOYEE's incentive compensation (e.g., commission or bonus) wages.

///

///

///

**REQUEST FOR PRODUCTION NO. 19:**

Each DOCUMENT showing or related to YOU apportioning or reassigning all or part of a COMMISSION EMPLOYEE's incentive compensation (e.g., commission or bonus) wages to one or more other individuals.

**REQUEST FOR PRODUCTION NO. 20:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to keeping track of, recording, and reporting DIRECT SALES EMPLOYEES' hours worked.

**REQUEST FOR PRODUCTION NO. 21:**

Each DOCUMENT that sets forth or describes YOUR policies or practices related to keeping track of, recording, and reimbursing work-related costs and expenses incurred by DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 22:**

Each DOCUMENT showing YOUR reimbursement of work-related costs and expenses incurred by DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 23:**

Each DOCUMENT related to training YOUR managers and supervisors concerning DIRECT SALES EMPLOYEES' working hours, payment of wages, meal periods, rest breaks, rates of pay, wage statements, and reimbursement for work-related costs and expenses.

**REQUEST FOR PRODUCTION NO. 24:**

Each DOCUMENT related to training YOUR managers, supervisors, and human resources personnel concerning how COMMISSION EMPLOYEES could earn, calculate, and be paid incentive compensation (e.g., commission or bonus) wages.

**REQUEST FOR PRODUCTION NO. 25:**

Each DOCUMENT related to YOU training COMMISSION EMPLOYEES on how to earn, calculate, and be paid incentive compensation (e.g., commission or bonus) wages.

**REQUEST FOR PRODUCTION NO. 26:**

Each DOCUMENT related to YOU training DIRECT SALES EMPLOYEES on how to keep track of, record, or report their hours worked.

**REQUEST FOR PRODUCTION NO. 27:**

Each DOCUMENT related to how DIRECT SALES EMPLOYEES and COMMISSION EMPLOYEES are permitted, expected, or required to access from or to enter work-related information into a system or database YOU use or manage.

This request includes but is not limited to how information is accessed from or entered into systems such as PeopleSoft and Panorama and any sales or customer relationship management systems or databases that YOU use or manage.

**REQUEST FOR PRODUCTION NO. 28:**

Each "Offer Letter" or similar correspondence YOU sent to a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE offering employment and describing the terms of employment.

This request includes but is not limited to correspondence that offered an initial position and correspondence sent when an employee changed positions.

**REQUEST FOR PRODUCTION NO. 29:**

Each version of a dispute resolution or arbitration agreement that YOU have sent or offered to a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE.

**REQUEST FOR PRODUCTION NO. 30:**

Each DOCUMENT related to training YOU conduct or have conducted for DIRECT SALES EMPLOYEES.

This request includes but is not limited to training materials, attendance records, class or lecture schedules, homework requirements or modules, and similar records, and also includes in-person, telephonic, online, or other forms of training YOU provided to DIRECT SALES EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 31:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to calculating DIRECT SALES EMPLOYEES' rates of pay.

**REQUEST FOR PRODUCTION NO. 32:**

Each DOCUMENT that sets forth or describes YOUR policies and practices related to monitoring or tracking the whereabouts of DIRECT SALES EMPLOYEES.

1    This includes any practices related to monitoring when DIRECT SALES EMPLOYEES are in

2  one of YOUR offices, when they are at their home, and when they are in the field, and any practices

3  related to tracking the location of vehicles or equipment used by DIRECT SALES EMPLOYEES.

4  **REQUEST FOR PRODUCTION NO. 33:**

5    Each DOCUMENT showing the job duties or responsibilities for each position that is or has

6  been held by a DIRECT SALES EMPLOYEE.

7    This request includes but is not limited to job descriptions or requirements that YOU post for

8  the public as well as any internal job descriptions or requirements.

9  **REQUEST FOR PRODUCTION NO. 34:**

10    All severance agreements, waiver agreements, releases, opt-outs, or similar DOCUMENTS that

11  YOU have received from a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE.

12  Dated: September 27, 2019                    SODERSTROM LAW PC

13                                              By: /s/ Jamin S. Soderstrom

14                                              Jamin S. Soderstrom

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2019 I caused a copy of the foregoing document to be served by U.S. mail to the party below through its counsel.

MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

MORGAN, LEWIS & BOCKIUS LLP
Zachary W. Shine, Bar No. 271522
zachary.shine@morganlewis.com
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105

*Counsel for Defendants*

Dated: September 27, 2019                    SODERSTROM LAW PC

                                             By: /s/ Jamin S. Soderstrom

# EXHIBIT 6

TO SODERSTROM DECLARATION

MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Zachary W. Shine, Bar No. 271522
zachary.shine@morganlewis.com
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:    +1.415.442.1000
Fax:    +1.213.612.2501

Attorneys for Defendants
Charter Communications, LLC and Charter
Communications, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, individually and on behalf of all others similarly and all aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., and Does 1 through 25,<br><br>Defendants. | Case No. 2:19-cv-00902-WBS-DMC<br><br>**DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:    Plaintiff, LIONEL HARPER

RESPONDING PARTY:    Defendant CHARTER COMMUNICATIONS, LLC

SET NUMBER:    One (Nos. 1-34)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1    Defendant Charter Communications, LLC ("Defendant" or "Charter") hereby answers,

2  objects and otherwise responds to Request for Production of Documents, Set One ("Requests")

3  propounded by Plaintiff Lionel Harper ("Plaintiff") as follows:

### GENERAL OBJECTIONS

5    The following General Objections apply to each and every applicable Request, and are

6  incorporated by reference into each and every applicable Response as if set forth in full in each

7  such numbered Response.

8    1.    Charter objects to these Requests to the extent they seek individualized discovery

9  concerning individuals other than the Named Plaintiff on the ground that this matter has not been

10  certified as a class action and as such individualized discovery regarding putative class members

11  is an abuse of the class action procedure, premature, and unduly burdensome and oppressive.

12    2.    Charter objects to these Requests to the extent they are unduly burdensome and

13  oppressive and seek information not relevant to the case and not proportional to the needs of the

14  case, including that the burden or expense of the proposed discovery outweighs any putative

15  benefit.

16    3.    Charter objects to these Requests to the extent they fail to state with reasonable

17  particularity the documents sought.

18    4.    To the extent that these Requests seek information protected by the attorney-client

19  privilege and/or work product doctrine, Charter objects on the grounds of said privilege and

20  doctrine, and declines to provide such documentation.  This objection extends to and includes

21  requests for documents regarding the identities of individuals with knowledge of matters where

22  such persons are counsel for Defendant or obtained such knowledge solely through

23  communications with counsel for Defendant, and to requests for documents regarding the

24  identities of individuals who participated in communications, where such communications were

25  between Defendant and its counsel.  This includes, among other documents, documents created in

26  connection with this litigation.

27    5.    Charter objects to these Requests to the extent that they seek information the

28  release of which would be a violation of any individual's right of privacy under Article I, section

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1    1 of the California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any

2    other constitutional, statutory or common law right of privacy of any person.

3          6.     Charter objects to these Requests on the ground that they are overly broad, unduly

4    burdensome, and oppressive to the extent they request Charter to obtain documentation from

5    individuals not employed by Charter or from documents not in Charter's possession, custody, or

6    control.

7          7.     Charter objects to Plaintiff's definition of the terms "DIRECT SALES

8    EMPLOYEE", "DIRECT SALES EMPLOYEES", "COMMISSION EMPLOYEE" and

9    "COMMISSION EMPLOYEES" on the grounds that Plaintiff's proposed definition of these

10   terms is vague, ambiguous, overly broad, and unduly burdensome.

11         9.    Charter objects to Plaintiff's definition of "YOU" and "YOUR," as "Charter

12   Communications, LLC, its affiliates, directors, officers, employees, representatives, and any other

13   person or entity acting on Charter Communications, LLC's behalf" on the basis that this

14   definition is compound, overbroad, vague, and ambiguous.  Charter's Responses to the Requests

15   that refer to "YOU" and/or "YOUR," will be restricted to Defendant Charter Communications,

16   LLC.

17         Subject to and without waiving these General Objections, Charter responds as follows:

18   **REQUEST FOR PRODUCTION NO. 1:**

19         Each DOCUMENT that HARPER signed or acknowledged, whether physically,

20   electronically, or otherwise, related to his employment with YOU.

21         This request includes but is not limited to all onboarding documents, employee

22   agreements, commission agreements or schedules, acknowledgments, authorizations, waivers,

23   releases, and similar paper or electronic forms or records.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25         Charter incorporates in full herein its General Objections.  Charter objects that the terms

26   and/or phrases "acknowledged" and "related to his employment" are vague, ambiguous,

27   overbroad, and unintelligible.  Charter further objects to this Request on the ground that it fails to

28   state with reasonable particularity the documents sought.  Charter further objects to this Request

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
DB2/ 37568806.4

3

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  on the grounds that it is unduly burdensome and oppressive and seeks information not relevant to

2  the case and not proportional to the needs of the case, including that the burden or expense of the

3  proposed discovery outweighs any putative benefit.  Charter also objects that this Request is

4  premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

5  pending before this Court and will not be heard until December 16, 2019.

6      Subject to, and without waiving, the foregoing objections, Charter responds as follows:

7  With this Response, Charter is producing Plaintiff's personnel file and Plaintiff's training

8  transcript.

9  **REQUEST FOR PRODUCTION NO. 2:**

10      Each DOCUMENT contained in the personnel file YOU maintained related to HARPER.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

12      Charter incorporates in full herein its General Objections.  Charter objects to this Request

13  on the grounds that it is unduly burdensome and oppressive and seeks information not relevant to

14  the case and not proportional to the needs of the case, including that the burden or expense of the

15  proposed discovery outweighs any putative benefit.  Charter also objects that this Request is

16  premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

17  pending before this Court and will not be heard until December 16, 2019.

18      Subject to, and without waiving, the foregoing objections, Charter responds as follows:

19  With this Response, Charter is producing Plaintiff's personnel file.

20  **REQUEST FOR PRODUCTION NO. 3:**

21      Each DOCUMENT that YOU sent to or received from HARPER that is related to his

22  employment with YOU.

23      This request includes but is not limited to all letters, emails, text messages, notices, and

24  other documents or records that were sent physically or electronically to or from HARPER at the

25  phone number(s) and email address(es) YOU gave him, and it includes all documents and records

26  YOU sent to or received from him prior to, during, and following his employment with YOU.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

28      Charter incorporates in full herein its General Objections.  Charter objects that the phrase

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4          REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    "related to his employment" is ambiguous, overbroad, and unduly burdensome.  This Request

2    fails to state with reasonable particularity the documents sought.  Charter further objects to this

3    Request on the grounds that it is unduly burdensome and oppressive and seeks information not

4    relevant to the case and not proportional to the needs of the case, including that the burden or

5    expense of the proposed discovery outweighs any putative benefit.  Charter also objects that this

6    Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

7    which is pending before this Court and will not be heard until December 16, 2019.

8           Subject to, and without waiving, the foregoing objections, Charter responds as follows:

9    With this Response, Charter is producing Plaintiff's personnel file, which includes documents

10   sent to or received from HARPER that are related to his employment with Charter.

11   **REQUEST FOR PRODUCTION NO. 4:**

12          Each DOCUMENT HARPER sent to or received from an actual or potential customer of

13   YOU during his employment with YOU.

14          This request includes but is not limited to emails, text messages, marketing materials,

15   offers, acceptances, scheduling information, installation information, contracts, cancellations, and

16   other communications, documents, and records.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18          Charter incorporates in full herein its General Objections.  Charter objects that the term

19   "potential customer" is ambiguous, overbroad, and unduly burdensome.  This Request fails to

20   state with reasonable particularity the documents sought.  Charter objects to this Request to the

21   extent that its calls for disclosure of confidential or proprietary information, including, but not

22   limited to, commercial, financial, or other trade secret information.  Charter further objects to this

23   Request on the grounds that it is unduly burdensome and oppressive and seeks information not

24   relevant to the case and not proportional to the needs of the case, including that the burden or

25   expense of the proposed discovery outweighs any putative benefit.  Charter also objects that this

26   Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

27   which is pending before this Court and will not be heard until December 16, 2019.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4          REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**REQUEST FOR PRODUCTION NO. 5:**

Each DOCUMENT that shows HARPER's whereabouts during his employment with YOU. This request includes but is not limited to any records showing when he was working in YOUR offices, when he was working from his home, and when he was working in the field.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Charter incorporates in full herein its General Objections. Charter objects that the phrase "shows HARPER'S whereabouts" is ambiguous, overbroad, and unduly burdensome. This Request fails to state with reasonable particularity the documents sought. Charter further objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks information not relevant to the case and not proportional to the needs of the case, including that the burden or expense of the proposed discovery outweighs any putative benefit. Charter further objects to this Request to the extent it seeks documents and/or information that are protected by the attorney-client and/or attorney work product privileges. Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is pending before this Court and will not be heard until December 16, 2019.

**REQUEST FOR PRODUCTION NO. 6:**

Each DOCUMENT that shows what materials and equipment YOU gave or issued to HARPER related to his employment with YOU.

This request includes but is not limited to any computer, phone, tablet, vehicle, training or sales manuals, log-in or access instructions, or similar materials and equipment he was expected or required to use during his employment with YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Charter incorporates in full herein its General Objections. Charter objects that the terms "materials" and "equipment" are ambiguous, overbroad, and unduly burdensome. This Request fails to state with reasonable particularity the documents sought. Charter further objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks information not relevant to the case and not proportional to the needs of the case, including that the burden or expense of the proposed discovery outweighs any putative benefit. Charter further objects to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  Request to the extent it seeks documents and/or information that are protected by the attorney-

2  client and/or attorney work product privileges. Charter also objects that this Request is premature

3  because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is pending

4  before this Court and will not be heard until December 16, 2019.

5  **REQUEST FOR PRODUCTION NO. 7:**

6        Each version of a sales compensation or commission agreement, plans, and schedule that

7  YOU use or have used for calculating and paying commission, bonus, or other incentive

8  compensation wages to COMMISSION EMPLOYEES.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10        Charter incorporates in full herein its General Objections. Charter objects that Plaintiff's

11  definition of "COMMISSION EMPLOYEES" is vague, ambiguous, overly broad, and unduly

12  burdensome. This Request fails to state with reasonable particularity the documents sought.

13  Charter objects that this Request assumes facts not in evidence. Charter further objects to this

14  Request on the grounds that it is unduly burdensome and oppressive and seeks information not

15  relevant to the case and not proportional to the needs of the case, including that the burden or

16  expense of the proposed discovery outweighs any putative benefit. Charter further objects to this

17  Request to the extent it seeks documents and/or information that are protected by the attorney-

18  client and/or attorney work product privileges. Charter further objects to this Request on the

19  grounds it is premature, overly broad as to scope, disproportionate to the needs of the case under

20  the Federal Rules, and unduly burdensome, oppressive and harassing to the extent it seeks

21  discovery concerning individuals other than the named Plaintiff when this matter has not been

22  certified as a class action, no *prima facie* grounds for class certification exist, and individuals

23  other than Plaintiff are not otherwise a party to, or participants in, this action. Discovery of the

24  sought-after information should be phased and considered only following a ruling on class

25  certification. Charter also objects that this Request is premature because Plaintiff filed a Motion

26  for Leave to File First Amended Complaint, which is pending before this Court and will not be

27  heard until December 16, 2019. Charter intends to file a motion to strike class allegations and

28  thus objects that Plaintiff's Request is premature until the Court issues a decision on Charter's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

DB2/ 37568806.4

1    anticipated motion and Plaintiff's request for leave to amend his Complaint.

2           Subject to, and without waiving, the foregoing objections, Charter responds as follows:

3    Charter agrees to produce the written compensation and commission policy that applied to

4    Plaintiff during his employment subject to a protective order.  Charter agrees to produce these

5    documents within 5 days after the Court signs the parties' protective order.

6    **REQUEST FOR PRODUCTION NO. 8:**

7           Each DOCUMENT that sets forth or describes YOUR policies and practices related to

8    YOUR classification of DIRECT SALES EMPLOYEES.

9           This request includes but is not limited to records showing who, what, when, where, and

10   why YOU classify DIRECT SALES EMPLOYEES as exempt, non-exempt, hourly, salaried,

11   "outside salesperson," "inside salesperson," "commissioned salesperson," and any similar

12   employment classifications YOU use or have used for DIRECT SALES EMPLOYEES.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14          Charter incorporates in full herein its General Objections.  Charter objects that the term

15   "classification" is vague, ambiguous, and overbroad.  Charter further objects to this Request to

16   the extent it calls for a legal conclusion and speculation.  Charter objects that Plaintiff's definition

17   of "DIRECT SALES EMPLOYMENTS" is vague, ambiguous, overly broad, and unduly

18   burdensome.  This Request fails to state with reasonable particularity the documents sought.

19   Charter objects that this Request assumes facts not in evidence.  Charter further objects to this

20   Request on the grounds that it is unduly burdensome and oppressive and seeks information not

21   relevant to the case and not proportional to the needs of the case, including that the burden or

22   expense of the proposed discovery outweighs any putative benefit.  Charter further objects to this

23   Request to the extent it seeks documents and/or information that are protected by the attorney-

24   client and/or attorney work product privileges. Charter further objects to this Request to the extent

25   that it seeks information in which individuals have a legitimate expectation or right of privacy or

26   confidentiality under California law, and any other constitutional, statutory, or common law right.

27   Charter further objects to this Request to the extent that it seeks individualized information about

28   purported class members on the ground that individualized discovery regarding putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8                          Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1   members is an abuse of the class action procedure, premature, and unduly burdensome and

2   oppressive.  Charter further objects to this Request on the grounds it is premature, overly broad as

3   to scope, disproportionate to the needs of the case under the Federal Rules, and unduly

4   burdensome, oppressive and harassing to the extent it seeks discovery concerning individuals

5   other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

6   *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

7   party to, or participants in, this action.  Discovery of the sought-after information should be

8   phased and considered only following a ruling on class certification.  Charter also objects that this

9   Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

10  which is pending before this Court and will not be heard until December 16, 2019.  Charter

11  intends to file a motion to strike class allegations and thus objects that Plaintiff's Request is

12  premature until the Court issues a decision on Charter's anticipated motion and Plaintiff's request

13  for leave to amend his complaint.

14  **REQUEST FOR PRODUCTION NO. 9:**

15      Each DOCUMENT that sets forth or describes YOUR policies and practices related to

16  calculating and paying wages for DIRECT SALES EMPLOYEES and COMMISSION

17  EMPLOYEES. This includes but is not limited to policies related to YOU calculating and paying

18  salary, hourly, bonus, commission, and piece rate wages. This does not include actual time sheets,

19  wage statements, or incentive compensation/commission statements, which records are requested

20  specifically below.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

22      Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's

23  definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEES" are vague,

24  ambiguous, overly broad, and unduly burdensome.  This Request fails to state with reasonable

25  particularity the documents sought.  Charter objects that this Request assumes facts not in

26  evidence.  Charter further objects to this Request on the grounds that it is unduly burdensome and

27  oppressive and seeks information not relevant to the case and not proportional to the needs of the

28  case, including that the burden or expense of the proposed discovery outweighs any putative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37568806.4

9

Case No. 2:19-cv-00902-WBS-DMC

1   benefit.  Charter further objects to this Request to the extent it seeks documents and/or

2   information that are protected by the attorney-client and/or attorney work product privileges.

3   Charter further objects to this Request to the extent that it seeks information in which individuals

4   have a legitimate expectation or right of privacy or confidentiality under California law, and any

5   other constitutional, statutory, or common law right.  Charter further objects to this Request to the

6   extent that it seeks individualized information about purported class members on the ground that

7   individualized discovery regarding putative class members is an abuse of the class action

8   procedure, premature, and unduly burdensome and oppressive.  Charter further objects to this

9   Request on the grounds it is premature, overly broad as to scope, disproportionate to the needs of

10  the case under the Federal Rules, and unduly burdensome, oppressive and harassing to the extent

11  it seeks discovery concerning individuals other than the named Plaintiff when this matter has not

12  been certified as a class action, no *prima facie* grounds for class certification exist, and

13  individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

14  Discovery of the sought-after information should be phased and considered only following a

15  ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

16  filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

17  and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

18  allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

19  on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

20          Subject to, and without waiving, the foregoing objections, Charter responds as follows:

21  With this Response, Charter agrees to produce the written compensation and commission policy

22  that applied to Plaintiff during his employment subject to a protective order.  Charter agrees to

23  produce these documents within 5 days after the Court signs the parties' protective order.

24  **REQUEST FOR PRODUCTION NO. 10:**

25          Each DOCUMENT that sets forth or describes YOUR policies or practices related to

26  providing meal periods to DIRECT SALES EMPLOYEES.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

28          Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
DB2/ 37568806.4                                        10                    Case No. 2:19-cv-00902-WBS-DMC
DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad, and unduly

2  burdensome.  Charter objects that this Request assumes facts not in evidence.  Charter further

3  objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks

4  information not relevant to the case and not proportional to the needs of the case, including that

5  the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further

6  objects to this Request to the extent it seeks documents and/or information that are protected by

7  the attorney-client and/or attorney work product privileges. Charter further objects to this Request

8  to the extent that it seeks information in which individuals have a legitimate expectation or right

9  of privacy or confidentiality under California law, and any other constitutional, statutory, or

10  common law right.  Charter further objects to this Request to the extent that it seeks

11  individualized information about purported class members on the ground that individualized

12  discovery regarding putative class members is an abuse of the class action procedure, premature,

13  and unduly burdensome and oppressive.  Charter further objects to this Request on the grounds it

14  is premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

15  Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

16  concerning individuals other than the named Plaintiff when this matter has not been certified as a

17  class action, no *prima facie* grounds for class certification exist, and individuals other than

18  Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

19  information should be phased and considered only following a ruling on class certification.

20  Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

21  File First Amended Complaint, which is pending before this Court and will not be heard until

22  December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects

23  that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

24  motion and Plaintiff's request for leave to amend his complaint.

25  **REQUEST FOR PRODUCTION NO. 11:**

26       Each DOCUMENT showing a meal period that YOU provided to, that was taken by, or

27  that was waived by a DIRECT SALES EMPLOYEE.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad, and unduly burdensome.  This Request fails to state with reasonable particularity the documents sought.  Charter objects that this Request assumes facts not in evidence.  Charter further objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks information not relevant to the case and not proportional to the needs of the case, including that the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further objects to this Request to the extent it seeks documents and/or information that are protected by the attorney-client and/or attorney work product privileges. Charter further objects to this Request to the extent that it seeks information in which individuals have a legitimate expectation or right of privacy or confidentiality under California law, and any other constitutional, statutory, or common law right. Charter further objects to this Request to the extent that it seeks individualized information about purported class members on the ground that individualized discovery regarding putative class members is an abuse of the class action procedure, premature, and unduly burdensome and oppressive.  Charter further objects to this Request on the grounds it is premature, overly broad as to scope, disproportionate to the needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery concerning individuals other than the named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after information should be phased and considered only following a ruling on class certification.  Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is pending before this Court and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

DB2/ 37568806.4

1   **REQUEST FOR PRODUCTION NO. 12:**

2          Each DOCUMENT that sets forth or describes YOUR policies and practices related to

3   providing rest breaks to DIRECT SALES EMPLOYEES.

4          This request includes but is not limited to providing standard rest breaks and cool-down

5   rest breaks.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7          Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's

8   definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad, and unduly

9   burdensome.  This Request fails to state with reasonable particularity the documents sought.

10   Charter objects that this Request assumes facts not in evidence.  Charter further objects to this

11   Request on the grounds that it is unduly burdensome and oppressive and seeks information not

12   relevant to the case and not proportional to the needs of the case, including that the burden or

13   expense of the proposed discovery outweighs any putative benefit.  Charter further objects to this

14   Request to the extent it seeks documents and/or information that are protected by the attorney-

15   client and/or attorney work product privileges. Charter further objects to this Request to the extent

16   that it seeks information in which individuals have a legitimate expectation or right of privacy or

17   confidentiality under California law, and any other constitutional, statutory, or common law right.

18   Charter further objects to this Request to the extent that it seeks individualized information about

19   purported class members on the ground that individualized discovery regarding putative class

20   members is an abuse of the class action procedure, premature, and unduly burdensome and

21   oppressive.  Charter further objects to this Request on the grounds it is premature, overly broad as

22   to scope, disproportionate to the needs of the case under the Federal Rules, and unduly

23   burdensome, oppressive and harassing to the extent it seeks discovery concerning individuals

24   other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

25   *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

26   party to, or participants in, this action.  Discovery of the sought-after information should be

27   phased and considered only following a ruling on class certification.  Charter also objects that this

28   Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4              REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  which is pending before this Court and will not be heard until December 16, 2019.  Charter

2  intends to file a motion to strike class allegations and thus objects that Plaintiff's Request is

3  premature until the Court issues a decision on Charter's anticipated motion and Plaintiff's request

4  for leave to amend his complaint.

5  **REQUEST FOR PRODUCTION NO. 13:**

6       Each DOCUMENT showing a rest break that YOU provided to, that was taken by, or that

7  was waived by a DIRECT SALES EMPLOYEE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9       Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's

10  definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad, and unduly

11  burdensome.  Charter objects that this Request assumes facts not in evidence.  Charter further

12  objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks

13  information not relevant to the case and not proportional to the needs of the case, including that

14  the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further

15  objects to this Request to the extent that it seeks individualized information about purported class

16  members on the ground that individualized discovery regarding putative class members is an

17  abuse of the class action procedure, premature, and unduly burdensome and oppressive.  Charter

18  further objects to this Request to the extent that it seeks information in which individuals have a

19  legitimate expectation or right of privacy or confidentiality under California law, and any other

20  constitutional, statutory, or common law right.  Charter further objects to this Request to the

21  extent it seeks documents and/or information that are protected by the attorney-client and/or

22  attorney work product privileges. Charter further objects to this Request on the grounds it is

23  premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

24  Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

25  concerning individuals other than the named Plaintiff when this matter has not been certified as a

26  class action, no *prima facie* grounds for class certification exist, and individuals other than

27  Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

28  information should be phased and considered only following a ruling on class certification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                    14                    Case No. 2:19-cv-00902-WBS-DMC
DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

2   File First Amended Complaint, which is pending before this Court and will not be heard until

3   December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects

4   that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

5   motion and Plaintiff's request for leave to amend his complaint.

6   **REQUEST FOR PRODUCTION NO. 14:**

7       Each DOCUMENT that sets forth or describes YOUR policies and practices related to

8   preparing and issuing wage statements, pay stubs, commission statements, and similar documents

9   for DIRECT SALES EMPLOYEES and COMMISSION EMPLOYEES.

10      This request includes but is not limited to records showing when and how YOU review

11  the underlying time or sales records, how such documents are prepared and issued, and whether

12  and how any modifications or revisions are made to such documents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14      Charter incorporates in full herein its General Objections.  Charter objects that the term

15  "similar documents" is vague, ambiguous, and overbroad.  Charter further objects that Plaintiff's

16  definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEES" are vague,

17  ambiguous, overly broad, and unduly burdensome.  This Request fails to state with reasonable

18  particularity the documents sought.  Charter further objects to this Request on the grounds that it

19  is unduly burdensome and oppressive and seeks information not relevant to the case and not

20  proportional to the needs of the case, including that the burden or expense of the proposed

21  discovery outweighs any putative benefit.  Charter further objects to this Request to the extent it

22  seeks documents and/or information that are protected by the attorney-client and/or attorney work

23  product privileges. Charter further objects to this Request to the extent that it seeks information in

24  which individuals have a legitimate expectation or right of privacy or confidentiality under

25  California law, and any other constitutional, statutory, or common law right.  Charter further

26  objects to this Request to the extent that it seeks individualized information about purported class

27  members on the ground that individualized discovery regarding putative class members is an

28  abuse of the class action procedure, premature, and unduly burdensome and oppressive.  Charter

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  further objects to this Request on the grounds it is premature, overly broad as to scope,

2  disproportionate to the needs of the case under the Federal Rules, and unduly burdensome,

3  oppressive and harassing to the extent it seeks discovery concerning individuals other than the

4  named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds

5  for class certification exist, and individuals other than Plaintiff are not otherwise a party to, or

6  participants in, this action.  Discovery of the sought-after information should be phased and

7  considered only following a ruling on class certification.  Charter also objects that this Request is

8  premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

9  pending before this Court and will not be heard until December 16, 2019.  Charter intends to file

10  a motion to strike class allegations and thus objects that Plaintiff's Request is premature until the

11  Court issues a decision on Charter's anticipated motion and Plaintiff's request for leave to amend

12  his complaint.

13      Subject to, and without waiving, the foregoing objections, Charter responds as follows:

14  With this Response, Charter is producing wage statements it issued to Plaintiff.

15  **REQUEST FOR PRODUCTION NO. 15:**

16      Each wage statement that YOU provided to DIRECT SALES EMPLOYEES and

17  COMMISSION EMPLOYEES.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19      Charter incorporates in full herein its General Objections.  Charter objects that Plaintiff's

20  definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEES" are vague,

21  ambiguous, overly broad, and unduly burdensome.  Charter further objects to this Request on the

22  grounds that it is unduly burdensome and oppressive and seeks information not relevant to the

23  case and not proportional to the needs of the case, including that the burden or expense of the

24  proposed discovery outweighs any putative benefit.  Charter further objects to this Request to the

25  extent that it seeks individualized information about purported class members on the ground that

26  individualized discovery regarding putative class members is an abuse of the class action

27  procedure, premature, and unduly burdensome and oppressive.  Charter further objects to this

28  Request to the extent that it seeks information in which individuals have a legitimate expectation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1   or right of privacy or confidentiality under California law, and any other constitutional, statutory,

2   or common law right.  Charter further objects to this Request on the grounds it is premature,

3   overly broad as to scope, disproportionate to the needs of the case under the Federal Rules, and

4   unduly burdensome, oppressive and harassing to the extent it seeks discovery concerning

5   individuals other than the named Plaintiff when this matter has not been certified as a class action,

6   no *prima facie* grounds for class certification exist, and individuals other than Plaintiff are not

7   otherwise a party to, or participants in, this action.  Discovery of the sought-after information

8   should be phased and considered only following a ruling on class certification.  Charter also

9   objects that this Request is premature because Plaintiff filed a Motion for Leave to File First

10   Amended Complaint, which is pending before this Court and will not be heard until December

11   16, 2019.  Charter intends to file a motion to strike class allegations and thus objects that

12   Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated motion

13   and Plaintiff's request for leave to amend his complaint.

14          Subject to, and without waiving, the foregoing objections, Charter responds as follows:

15   With this Response, Charter is producing wage statements it issued to Plaintiff.

16   **REQUEST FOR PRODUCTION NO. 16:**

17          Each incentive compensation or commission statement or similar DOCUMENT that YOU

18   provided to COMMISSION EMPLOYEES.

19          This request is seeking the records YOU give to COMMISSION EMPLOYEES showing

20   when, how, and how much incentive compensation (e.g., commission or bonus) wages they have

21   earned.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23          Charter incorporates in full herein its General Objections.  Charter objects that the term

24   "similar DOCUMENT" is vague, ambiguous, and overbroad.  Charter further objects that

25   Plaintiff's definition of "COMMISSION EMPLOYEES" is vague, ambiguous, overly broad, and

26   unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

27   burdensome and oppressive and seeks information not relevant to the case and not proportional to

28   the needs of the case, including that the burden or expense of the proposed discovery outweighs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17          Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1    any putative benefit.  Charter further objects to this Request to the extent that it seeks

2    individualized information about purported class members on the ground that individualized

3    discovery regarding putative class members is an abuse of the class action procedure, premature,

4    and unduly burdensome and oppressive.  Charter further objects to this Request to the extent that

5    it seeks information in which individuals have a legitimate expectation or right of privacy or

6    confidentiality under California law, and any other constitutional, statutory, or common law right.

7    Charter further objects to this Request on the grounds it is premature, overly broad as to scope,

8    disproportionate to the needs of the case under the Federal Rules, and unduly burdensome,

9    oppressive and harassing to the extent it seeks discovery concerning individuals other than the

10   named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds

11   for class certification exist, and individuals other than Plaintiff are not otherwise a party to, or

12   participants in, this action.  Discovery of the sought-after information should be phased and

13   considered only following a ruling on class certification.  Charter also objects that this Request is

14   premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

15   pending before this Court and will not be heard until December 16, 2019.

16          Subject to, and without waiving, the foregoing objections, Charter responds as follows:

17   With this Response, Charter is producing wage statements and commission statements regarding

18   Plaintiff.

19   **REQUEST FOR PRODUCTION NO. 17:**

20          Each time sheet or similar DOCUMENT that shows or reflects the number of hours

21   worked by DIRECT SALES EMPLOYEES.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

23          Charter incorporates in full herein its General Objections.  Charter objects that the term

24   "similar DOCUMENT" is vague, ambiguous, and overbroad.  Charter further objects that

25   Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

26   and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

27   burdensome and oppressive and seeks information not relevant to the case and not proportional to

28   the needs of the case, including that the burden or expense of the proposed discovery outweighs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
DB2/ 37568806.4

18

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    any putative benefit.  Charter further objects to this Request to the extent that it seeks

2    individualized information about purported class members on the ground that individualized

3    discovery regarding putative class members is an abuse of the class action procedure, premature,

4    and unduly burdensome and oppressive.  Charter further objects to this Request to the extent that

5    it seeks information in which individuals have a legitimate expectation or right of privacy or

6    confidentiality under California law, and any other constitutional, statutory, or common law right.

7    Charter further objects to this Request on the grounds it is premature, overly broad as to scope,

8    disproportionate to the needs of the case under the Federal Rules, and unduly burdensome,

9    oppressive and harassing to the extent it seeks discovery concerning individuals other than the

10   named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds

11   for class certification exist, and individuals other than Plaintiff are not otherwise a party to, or

12   participants in, this action.  Discovery of the sought-after information should be phased and

13   considered only following a ruling on class certification.  Charter also objects that this Request is

14   premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

15   pending before this Court and will not be heard until December 16, 2019.  Charter intends to file

16   a motion to strike class allegations and thus objects that Plaintiff's Request is premature until the

17   Court issues a decision on Charter's anticipated motion and Plaintiff's request for leave to amend

18   his complaint.

19   **REQUEST FOR PRODUCTION NO. 18:**

20        Each DOCUMENT showing or related to YOU advancing, deducting, reducing,

21   reconciling, recalculating, or clawing back all or part of a COMMISSION EMPLOYEE's

22   incentive compensation (e.g., commission or bonus) wages.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

24        Charter incorporates in full herein its General Objections.  Charter objects that the terms

25   "advancing, deduction, reducing, reconciling, recalculating, or clawing back" are vague,

26   ambiguous, and overbroad.  Charter further objects that Plaintiff's definition of "COMMISSION

27   EMPLOYEE" is vague, ambiguous, overly broad, and unduly burdensome.  Charter further

28   objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

19

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  information not relevant to the case and not proportional to the needs of the case, including that

2  the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further

3  objects to this Request to the extent that it seeks individualized information about purported class

4  members on the ground that individualized discovery regarding putative class members is an

5  abuse of the class action procedure, premature, and unduly burdensome and oppressive.  Charter

6  further objects to this Request to the extent that it seeks information in which individuals have a

7  legitimate expectation or right of privacy or confidentiality under California law, and any other

8  constitutional, statutory, or common law right.  Charter further objects to this Request to the

9  extent it seeks documents and/or information that are protected by the attorney-client and/or

10  attorney work product privileges.  Charter objects that this Request assumes facts not in evidence.

11  Charter further objects to this Request on the grounds it is premature, overly broad as to scope,

12  disproportionate to the needs of the case under the Federal Rules, and unduly burdensome,

13  oppressive and harassing to the extent it seeks discovery concerning individuals other than the

14  named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds

15  for class certification exist, and individuals other than Plaintiff are not otherwise a party to, or

16  participants in, this action.  Discovery of the sought-after information should be phased and

17  considered only following a ruling on class certification.  Charter also objects that this Request is

18  premature because Plaintiff filed a Motion for Leave to File First Amended Complaint, which is

19  pending before this Court and will not be heard until December 16, 2019.  Charter intends to file

20  a motion to strike class allegations and thus objects that Plaintiff's Request is premature until the

21  Court issues a decision on Charter's anticipated motion and Plaintiff's request for leave to amend

22  his complaint.

23  **REQUEST FOR PRODUCTION NO. 19:**

24       Each DOCUMENT showing or related to YOU apportioning or reassigning all or part of a

25  COMMISSION EMPLOYEE's incentive compensation (e.g., commission or bonus) wages to

26  one or more other individuals.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

28       Charter incorporates in full herein its General Objections.  Charter objects that the terms

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                    20                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4                REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  "advancing, deduction, reducing, reconciling, recalculating, or clawing back" are vague,

2  ambiguous, and overbroad.  Charter further objects that Plaintiff's definition of "COMMISSION

3  EMPLOYEE" is vague, ambiguous, overly broad, and unduly burdensome.  Charter further

4  objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks

5  information not relevant to the case and not proportional to the needs of the case, including that

6  the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further

7  objects to this Request to the extent that it seeks individualized information about purported class

8  members on the ground that individualized discovery regarding putative class members is an

9  abuse of the class action procedure, premature, and unduly burdensome and oppressive.  Charter

10 further objects to this Request to the extent that it seeks information in which individuals have a

11 legitimate expectation or right of privacy or confidentiality under California law, and any other

12 constitutional, statutory, or common law right.  Charter further objects to this Request to the

13 extent it seeks documents and/or information that are protected by the attorney-client and/or

14 attorney work product privileges.  Charter further objects to this Request on the grounds it is

15 premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

16 Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

17 concerning individuals other than the named Plaintiff when this matter has not been certified as a

18 class action, no *prima facie* grounds for class certification exist, and individuals other than

19 Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

20 information should be phased and considered only following a ruling on class certification.

21 Charter objects that this Request assumes facts not in evidence. Charter also objects that this

22 Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

23 which is pending before this Court and will not be heard until December 16, 2019.  Charter

24 intends to file a motion to strike class allegations and thus objects that Plaintiff's Request is

25 premature until the Court issues a decision on Charter's anticipated motion and Plaintiff's request

26 for leave to amend his complaint.

27 **REQUEST FOR PRODUCTION NO. 20:**

28      Each DOCUMENT that sets forth or describes YOUR policies and practices related to

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

21

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1   keeping track of, recording, and reporting DIRECT SALES EMPLOYEES' hours worked.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

3         Charter incorporates in full herein its General Objections. Charter further objects that

4   Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

5   and unduly burdensome. Charter further objects to this Request on the grounds that it is unduly

6   burdensome and oppressive and seeks information not relevant to the case and not proportional to

7   the needs of the case, including that the burden or expense of the proposed discovery outweighs

8   any putative benefit. Charter further objects to this Request to the extent that it seeks

9   individualized information about purported class members on the ground that individualized

10  discovery regarding putative class members is an abuse of the class action procedure, premature,

11  and unduly burdensome and oppressive. Charter further objects to this Request to the extent that

12  it seeks information in which individuals have a legitimate expectation or right of privacy or

13  confidentiality under California law, and any other constitutional, statutory, or common law right.

14  Charter further objects to this Request to the extent it seeks documents and/or information that are

15  protected by the attorney-client and/or attorney work product privileges. Charter further objects

16  to this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

17  needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

18  the extent it seeks discovery concerning individuals other than the named Plaintiff when this

19  matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

20  and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

21  Discovery of the sought-after information should be phased and considered only following a

22  ruling on class certification. Charter also objects that this Request is premature because Plaintiff

23  filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

24  and will not be heard until December 16, 2019. Charter intends to file a motion to strike class

25  allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

26  on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

27        Subject to, and without waiving, the foregoing objections, Charter responds as follows:

28  With this Response, Charter is producing its handbook, which includes polices regarding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

22

Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   timekeeping.

2   **REQUEST FOR PRODUCTION NO. 21:**

3   Each DOCUMENT that sets forth or describes YOUR policies or practices related to

4   keeping track of, recording, and reimbursing work-related costs and expenses incurred by

5   DIRECT SALES EMPLOYEES.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7   Charter incorporates in full herein its General Objections.  Charter further objects that

8   Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

9   and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

10   burdensome and oppressive and seeks information not relevant to the case and not proportional to

11   the needs of the case, including that the burden or expense of the proposed discovery outweighs

12   any putative benefit.  Charter further objects to this Request to the extent that it seeks

13   individualized information about purported class members on the ground that individualized

14   discovery regarding putative class members is an abuse of the class action procedure, premature,

15   and unduly burdensome and oppressive.  Charter further objects to this Request to the extent that

16   it seeks information in which individuals have a legitimate expectation or right of privacy or

17   confidentiality under California law, and any other constitutional, statutory, or common law right.

18   Charter further objects to this Request to the extent it seeks documents and/or information that are

19   protected by the attorney-client and/or attorney work product privileges. Charter further objects to

20   this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

21   needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

22   the extent it seeks discovery concerning individuals other than the named Plaintiff when this

23   matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

24   and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

25   Discovery of the sought-after information should be phased and considered only following a

26   ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

27   filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

28   and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

23                     Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

2  on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

3       Subject to, and without waiving, the foregoing objections, Charter responds as follows:

4  With this Response, Charter agrees to produce its written policies relating to expense

5  reimbursement that applied to Plaintiff during his employment subject to a protective order.

6  Charter agrees to produce these documents within 5 days after the Court signs the parties'

7  protective order.

8  **REQUEST FOR PRODUCTION NO. 22:**

9       Each DOCUMENT showing YOUR reimbursement of work-related costs and expenses

10  incurred by DIRECT SALES EMPLOYEES.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12       Charter incorporates in full herein its General Objections.  Charter further objects that

13  Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

14  and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

15  burdensome and oppressive and seeks information not relevant to the case and not proportional to

16  the needs of the case, including that the burden or expense of the proposed discovery outweighs

17  any putative benefit.  Charter further objects to this Request to the extent that it seeks

18  individualized information about purported class members on the ground that individualized

19  discovery regarding putative class members is an abuse of the class action procedure, premature,

20  and unduly burdensome and oppressive.  Charter further objects to this Request to the extent that

21  it seeks information in which individuals have a legitimate expectation or right of privacy or

22  confidentiality under California law, and any other constitutional, statutory, or common law right.

23  Charter further objects to this Request to the extent it seeks documents and/or information that are

24  protected by the attorney-client and/or attorney work product privileges.  Charter objects that this

25  Request assumes facts not in evidence. Charter further objects to this Request on the grounds it is

26  premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

27  Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

28  concerning individuals other than the named Plaintiff when this matter has not been certified as a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

24

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1   class action, no *prima facie* grounds for class certification exist, and individuals other than

2   Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

3   information should be phased and considered only following a ruling on class certification.

4   Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

5   File First Amended Complaint, which is pending before this Court and will not be heard until

6   December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects

7   that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

8   motion and Plaintiff's request for leave to amend his complaint.

9   **REQUEST FOR PRODUCTION NO. 23:**

10          Each DOCUMENT related to training YOUR managers and supervisors concerning

11   DIRECT SALES EMPLOYEES' working hours, payment of wages, meal periods, rest breaks,

12   rates of pay, wage statements, and reimbursement for work-related costs and expenses.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

14          Charter incorporates in full herein its General Objections.  Charter further objects that

15   Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

16   and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

17   burdensome and oppressive and seeks information not relevant to the case and not proportional to

18   the needs of the case, including that the burden or expense of the proposed discovery outweighs

19   any putative benefit.  Charter further objects to this Request to the extent that it seeks information

20   in which individuals have a legitimate expectation or right of privacy or confidentiality under

21   California law, and any other constitutional, statutory, or common law right.  Charter further

22   objects to this Request to the extent it seeks documents and/or information that are protected by

23   the attorney-client and/or attorney work product privileges. Charter further objects to this Request

24   on the grounds it is premature, overly broad as to scope, disproportionate to the needs of the case

25   under the Federal Rules, and unduly burdensome, oppressive and harassing to the extent it seeks

26   discovery concerning individuals other than the named Plaintiff when this matter has not been

27   certified as a class action, no *prima facie* grounds for class certification exist, and individuals

28   other than Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

25                    Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   sought-after information should be phased and considered only following a ruling on class

2   certification. Charter also objects that this Request is premature because Plaintiff filed a Motion

3   for Leave to File First Amended Complaint, which is pending before this Court and will not be

4   heard until December 16, 2019. Charter intends to file a motion to strike class allegations and

5   thus objects that Plaintiff's Request is premature until the Court issues a decision on Charter's

6   anticipated motion and Plaintiff's request for leave to amend his complaint.

7   **REQUEST FOR PRODUCTION NO. 24:**

8        Each DOCUMENT related to training YOUR managers, supervisors, and human

9   resources personnel concerning how COMMISSION EMPLOYEES could earn, calculate, and be

10   paid incentive compensation (e.g., commission or bonus) wages.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

12        Charter incorporates in full herein its General Objections. Charter further objects that

13   Plaintiff's definition of "COMMISSION EMPLOYEES" is vague, ambiguous, overly broad, and

14   unduly burdensome. Charter further objects to this Request on the grounds that it is unduly

15   burdensome and oppressive and seeks information not relevant to the case and not proportional to

16   the needs of the case, including that the burden or expense of the proposed discovery outweighs

17   any putative benefit. Charter further objects to this Request to the extent that it seeks information

18   in which individuals have a legitimate expectation or right of privacy or confidentiality under

19   California law, and any other constitutional, statutory, or common law right. Charter further

20   objects to this Request to the extent it seeks documents and/or information that are protected by

21   the attorney-client and/or attorney work product privileges. Charter further objects to this Request

22   on the grounds it is premature, overly broad as to scope, disproportionate to the needs of the case

23   under the Federal Rules, and unduly burdensome, oppressive and harassing to the extent it seeks

24   discovery concerning individuals other than the named Plaintiff when this matter has not been

25   certified as a class action, no *prima facie* grounds for class certification exist, and individuals

26   other than Plaintiff are not otherwise a party to, or participants in, this action. Discovery of the

27   sought-after information should be phased and considered only following a ruling on class

28   certification. Charter also objects that this Request is premature because Plaintiff filed a Motion

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

26

Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  for Leave to File First Amended Complaint, which is pending before this Court and will not be

2  heard until December 16, 2019.  Charter intends to file a motion to strike class allegations and

3  thus objects that Plaintiff's Request is premature until the Court issues a decision on Charter's

4  anticipated motion and Plaintiff's request for leave to amend his complaint.

5  **REQUEST FOR PRODUCTION NO. 25:**

6        Each DOCUMENT related to YOU training COMMISSION EMPLOYEES on how to

7  earn, calculate, and be paid incentive compensation (e.g., commission or bonus) wages.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

9        Charter incorporates in full herein its General Objections.  Charter further objects that

10  Plaintiff's definition of "COMMISSION EMPLOYEES" is vague, ambiguous, overly broad, and

11  unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

12  burdensome and oppressive and seeks information not relevant to the case and not proportional to

13  the needs of the case, including that the burden or expense of the proposed discovery outweighs

14  any putative benefit.  Charter further objects to this Request to the extent that it seeks information

15  in which individuals have a legitimate expectation or right of privacy or confidentiality under

16  California law, and any other constitutional, statutory, or common law right.  Charter further

17  objects to this Request to the extent it seeks documents and/or information that are protected by

18  the attorney-client and/or attorney work product privileges. Charter further objects to this Request

19  to the extent that it seeks individualized information about purported class members on the

20  ground that individualized discovery regarding putative class members is an abuse of the class

21  action procedure, premature, and unduly burdensome and oppressive.  Charter further objects to

22  this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

23  needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

24  the extent it seeks discovery concerning individuals other than the named Plaintiff when this

25  matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

26  and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

27  Discovery of the sought-after information should be phased and considered only following a

28  ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

27

Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

2  and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

3  allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

4  on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

5  **REQUEST FOR PRODUCTION NO. 26:**

6         Each DOCUMENT related to YOU training DIRECT SALES EMPLOYEES on how to

7  keep track of, record, or report their hours worked.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

9         Charter incorporates in full herein its General Objections.  Charter further objects that

10  Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

11  and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

12  burdensome and oppressive and seeks information not relevant to the case and not proportional to

13  the needs of the case, including that the burden or expense of the proposed discovery outweighs

14  any putative benefit.  Charter further objects to this Request to the extent that it seeks information

15  in which individuals have a legitimate expectation or right of privacy or confidentiality under

16  California law, and any other constitutional, statutory, or common law right.  Charter further

17  objects to this Request to the extent it seeks documents and/or information that are protected by

18  the attorney-client and/or attorney work product privileges. Charter further objects to this Request

19  to the extent that it seeks individualized information about purported class members on the

20  ground that individualized discovery regarding putative class members is an abuse of the class

21  action procedure, premature, and unduly burdensome and oppressive.  Charter further objects to

22  this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

23  needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

24  the extent it seeks discovery concerning individuals other than the named Plaintiff when this

25  matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

26  and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

27  Discovery of the sought-after information should be phased and considered only following a

28  ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

28                    Case No. 2:19-cv-00902-WBS-DMC
DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4          REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

2    and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

3    allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

4    on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

5    **REQUEST FOR PRODUCTION NO. 27:**

6         Each DOCUMENT related to how DIRECT SALES EMPLOYEES and COMMISSION

7    EMPLOYEES are permitted, expected, or required to access from or to enter work-related

8    information into a system or database YOU use or manage.

9         This request includes but is not limited to how information is accessed from or entered

10   into systems such as PeopleSoft and Panorama and any sales or customer relationship

11   management systems or databases that YOU use or manage.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

13        Charter incorporates in full herein its General Objections.  Charter objects that the terms

14   "work-related information", "system", and "database" are vague, ambiguous, and overbroad.

15   Charter further objects that Plaintiff's definitions of "DIRECT SALES EMPLOYEES" and

16   "COMMISSION EMPLOYEES" are vague, ambiguous, overly broad, and unduly burdensome.

17   Charter further objects to this Request on the grounds that it is unduly burdensome and oppressive

18   and seeks information not relevant to the case and not proportional to the needs of the case,

19   including that the burden or expense of the proposed discovery outweighs any putative

20   benefit.  Charter further objects to this Request to the extent that it seeks information in which

21   individuals have a legitimate expectation or right of privacy or confidentiality under California

22   law, and any other constitutional, statutory, or common law right.  Charter further objects to this

23   Request to the extent it seeks documents and/or information that are protected by the attorney-

24   client and/or attorney work product privileges. Charter further objects to this Request to the extent

25   that it seeks individualized information about purported class members on the ground that

26   individualized discovery regarding putative class members is an abuse of the class action

27   procedure, premature, and unduly burdensome and oppressive.  Charter further objects to this

28   Request on the grounds it is premature, overly broad as to scope, disproportionate to the needs of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                   29                    Case No. 2:19-cv-00902-WBS-DMC
DB2/ 37568806.4    DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   the case under the Federal Rules, and unduly burdensome, oppressive and harassing to the extent

2   it seeks discovery concerning individuals other than the named Plaintiff when this matter has not

3   been certified as a class action, no *prima facie* grounds for class certification exist, and

4   individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

5   Discovery of the sought-after information should be phased and considered only following a

6   ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

7   filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

8   and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

9   allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

10  on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

11  **REQUEST FOR PRODUCTION NO. 28:**

12      Each "Offer Letter" or similar correspondence YOU sent to a DIRECT SALES

13  EMPLOYEE or COMMISSION EMPLOYEE offering employment and describing the terms of

14  employment.

15      This request includes but is not limited to correspondence that offered an initial position

16  and correspondence sent when an employee changed positions.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18      Charter incorporates in full herein its General Objections.  Charter objects that the term

19  "similar correspondence" is vague, ambiguous, and overbroad.  Charter further objects that

20  Plaintiff's definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEES"

21  are vague, ambiguous, overly broad, and unduly burdensome.  Charter further objects to this

22  Request on the grounds that it is unduly burdensome and oppressive and seeks information not

23  relevant to the case and not proportional to the needs of the case, including that the burden or

24  expense of the proposed discovery outweighs any putative benefit.  Charter further objects to this

25  Request to the extent that it seeks information in which individuals have a legitimate expectation

26  or right of privacy or confidentiality under California law, and any other constitutional, statutory,

27  or common law right.  Charter further objects to this Request to the extent it seeks documents

28  and/or information that are protected by the attorney-client and/or attorney work product

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                    30              Case No. 2:19-cv-00902-WBS-DMC
                    DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
DB2/ 37568806.4                    REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   privileges. Charter further objects to this Request to the extent that it seeks individualized

2   information about purported class members on the ground that individualized discovery regarding

3   putative class members is an abuse of the class action procedure, premature, and unduly

4   burdensome and oppressive.  Charter further objects to this Request on the grounds it is

5   premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

6   Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

7   concerning individuals other than the named Plaintiff when this matter has not been certified as a

8   class action, no *prima facie* grounds for class certification exist, and individuals other than

9   Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

10  information should be phased and considered only following a ruling on class certification.

11  Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

12  File First Amended Complaint, which is pending before this Court and will not be heard until

13  December 16, 2019.  Charter intends to file a motion to strike class allegations and thus objects

14  that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

15  motion and Plaintiff's request for leave to amend his complaint.

16          Subject to, and without waiving, the foregoing objections, Charter responds as follows:

17  With this Response, Charter is producing Plaintiff's personnel file, which contains the written

18  offer letter that Charter sent to Plaintiff.

19  **REQUEST FOR PRODUCTION NO. 29:**

20          Each version of a dispute resolution or arbitration agreement that YOU have sent or

21  offered to a DIRECT SALES EMPLOYEE or COMMISSION EMPLOYEE.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23          Charter incorporates in full herein its General Objections.  Charter further objects that

24  Plaintiff's definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEES"

25  are vague, ambiguous, overly broad, and unduly burdensome.  Charter further objects to this

26  Request on the grounds that it is unduly burdensome and oppressive and seeks information not

27  relevant to the case and not proportional to the needs of the case, including that the burden or

28  expense of the proposed discovery outweighs any putative benefit.  Charter further objects to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

31                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1    Request to the extent that it seeks information in which individuals have a legitimate expectation

2    or right of privacy or confidentiality under California law, and any other constitutional, statutory,

3    or common law right. Charter further objects to this Request to the extent it seeks documents

4    and/or information that are protected by the attorney-client and/or attorney work product

5    privileges. Charter further objects to this Request to the extent that it seeks individualized

6    information about purported class members on the ground that individualized discovery regarding

7    putative class members is an abuse of the class action procedure, premature, and unduly

8    burdensome and oppressive. Charter further objects to this Request on the grounds it is

9    premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

10    Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

11    concerning individuals other than the named Plaintiff when this matter has not been certified as a

12    class action, no *prima facie* grounds for class certification exist, and individuals other than

13    Plaintiff are not otherwise a party to, or participants in, this action. Discovery of the sought-after

14    information should be phased and considered only following a ruling on class certification.

15    Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

16    File First Amended Complaint, which is pending before this Court and will not be heard until

17    December 16, 2019. Charter intends to file a motion to strike class allegations and thus objects

18    that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

19    motion and Plaintiff's request for leave to amend his complaint.

20        Subject to, and without waiving, the foregoing objections, Charter responds as follows:

21    With this Response, Charter is producing the arbitration agreements that applied to Plaintiff

22    during his employment—the Solution Channel Arbitration Agreement and Guidelines, as well as

23    the JAMS Arbitration Agreement, which was superseded by the Solution Channel Arbitration

24    Agreement.

25    **REQUEST FOR PRODUCTION NO. 30:**

26        Each DOCUMENT related to training YOU conduct or have conducted for DIRECT

27    SALES EMPLOYEES.

28        This request includes but is not limited to training materials, attendance records, class or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

32    Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    lecture schedules, homework requirements or modules, and similar records, and also includes in-

2    person, telephonic, online, or other forms of training YOU provided to DIRECT SALES

3    EMPLOYEES.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

5         Charter incorporates in full herein its General Objections.  Charter further objects that

6    Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

7    and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

8    burdensome and oppressive and seeks information not relevant to the case and not proportional to

9    the needs of the case, including that the burden or expense of the proposed discovery outweighs

10   any putative benefit.  Charter further objects to this Request to the extent that it seeks information

11   in which individuals have a legitimate expectation or right of privacy or confidentiality under

12   California law, and any other constitutional, statutory, or common law right.  Charter further

13   objects to this Request to the extent it seeks documents and/or information that are protected by

14   the attorney-client and/or attorney work product privileges. Charter further objects to this Request

15   to the extent that it seeks individualized information about purported class members on the

16   ground that individualized discovery regarding putative class members is an abuse of the class

17   action procedure, premature, and unduly burdensome and oppressive.  Charter further objects to

18   this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

19   needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

20   the extent it seeks discovery concerning individuals other than the named Plaintiff when this

21   matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

22   and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

23   Discovery of the sought-after information should be phased and considered only following a

24   ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

25   filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

26   and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

27   allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

28   on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

33                          Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4        DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
                              REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR PRODUCTION NO. 31:**

2      Each DOCUMENT that sets forth or describes YOUR policies and practices related to

3  calculating DIRECT SALES EMPLOYEES' rates of pay.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

5      Charter incorporates in full herein its General Objections.  Charter further objects that

6  Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

7  and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

8  burdensome and oppressive and seeks information not relevant to the case and not proportional to

9  the needs of the case, including that the burden or expense of the proposed discovery outweighs

10 any putative benefit.  Charter further objects to this Request to the extent that it seeks information

11 in which individuals have a legitimate expectation or right of privacy or confidentiality under

12 California law, and any other constitutional, statutory, or common law right.  Charter further

13 objects to this Request to the extent it seeks documents and/or information that are protected by

14 the attorney-client and/or attorney work product privileges. Charter further objects to this Request

15 to the extent that it seeks individualized information about purported class members on the

16 ground that individualized discovery regarding putative class members is an abuse of the class

17 action procedure, premature, and unduly burdensome and oppressive.  Charter further objects to

18 this Request on the grounds it is premature, overly broad as to scope, disproportionate to the

19 needs of the case under the Federal Rules, and unduly burdensome, oppressive and harassing to

20 the extent it seeks discovery concerning individuals other than the named Plaintiff when this

21 matter has not been certified as a class action, no *prima facie* grounds for class certification exist,

22 and individuals other than Plaintiff are not otherwise a party to, or participants in, this action.

23 Discovery of the sought-after information should be phased and considered only following a

24 ruling on class certification.  Charter also objects that this Request is premature because Plaintiff

25 filed a Motion for Leave to File First Amended Complaint, which is pending before this Court

26 and will not be heard until December 16, 2019.  Charter intends to file a motion to strike class

27 allegations and thus objects that Plaintiff's Request is premature until the Court issues a decision

28 on Charter's anticipated motion and Plaintiff's request for leave to amend his complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

34                      Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1    **REQUEST FOR PRODUCTION NO. 32:**

2      Each DOCUMENT that sets forth or describes YOUR policies and practices related to

3    monitoring or tracking the whereabouts of DIRECT SALES EMPLOYEES.

4      This includes any practices related to monitoring when DIRECT SALES EMPLOYEES

5    are in one of YOUR offices, when they are at their home, and when they are in the field, and any

6    practices related to tracking the location of vehicles or equipment used by DIRECT SALES

7    EMPLOYEES.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

9      Charter incorporates in full herein its General Objections.  Charter objects that the phrase

10   "related to monitoring or tracking the whereabouts" is ambiguous, overbroad, and unduly

11   burdensome.  Charter further objects that Plaintiff's definition of "DIRECT SALES

12   EMPLOYEES" is vague, ambiguous, overly broad, and unduly burdensome.  Charter further

13   objects to this Request on the grounds that it is unduly burdensome and oppressive and seeks

14   information not relevant to the case and not proportional to the needs of the case, including that

15   the burden or expense of the proposed discovery outweighs any putative benefit.  Charter further

16   objects to this Request to the extent that it seeks information in which individuals have a

17   legitimate expectation or right of privacy or confidentiality under California law, and any other

18   constitutional, statutory, or common law right.  Charter further objects to this Request to the

19   extent that it seeks individualized information about purported class members on the ground that

20   individualized discovery regarding putative class members is an abuse of the class action

21   procedure, premature, and unduly burdensome and oppressive.  Charter further objects to this

22   Request to the extent it seeks documents and/or information that are protected by the attorney-

23   client and/or attorney work product privileges. Charter further objects to this Request on the

24   grounds it is premature, overly broad as to scope, disproportionate to the needs of the case under

25   the Federal Rules, and unduly burdensome, oppressive and harassing to the extent it seeks

26   discovery concerning individuals other than the named Plaintiff when this matter has not been

27   certified as a class action, no *prima facie* grounds for class certification exist, and individuals

28   other than Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

35

Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   sought-after information should be phased and considered only following a ruling on class

2   certification.  Charter also objects that this Request is premature because Plaintiff filed a Motion

3   for Leave to File First Amended Complaint, which is pending before this Court and will not be

4   heard until December 16, 2019.  Charter intends to file a motion to strike class allegations and

5   thus objects that Plaintiff's Request is premature until the Court issues a decision on Charter's

6   anticipated motion and Plaintiff's request for leave to amend his complaint.

7   **REQUEST FOR PRODUCTION NO. 33:**

8       Each DOCUMENT showing the job duties or responsibilities for each position that is or

9   has been held by a DIRECT SALES EMPLOYEE.

10      This request includes but is not limited to job descriptions or requirements that YOU post

11  for the public as well as any internal job descriptions or requirements.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

13      Charter incorporates in full herein its General Objections.  Charter further objects that

14  Plaintiff's definition of "DIRECT SALES EMPLOYEES" is vague, ambiguous, overly broad,

15  and unduly burdensome.  Charter further objects to this Request on the grounds that it is unduly

16  burdensome and oppressive and seeks information not relevant to the case and not proportional to

17  the needs of the case, including that the burden or expense of the proposed discovery outweighs

18  any putative benefit.  Charter further objects to this Request to the extent it seeks documents

19  and/or information that are protected by the attorney-client and/or attorney work product

20  privileges. Charter further objects to this Request to the extent that it seeks individualized

21  information about purported class members on the ground that individualized discovery regarding

22  putative class members is an abuse of the class action procedure, premature, and unduly

23  burdensome and oppressive.  Charter further objects to this Request on the grounds it is

24  premature, overly broad as to scope, disproportionate to the needs of the case under the Federal

25  Rules, and unduly burdensome, oppressive and harassing to the extent it seeks discovery

26  concerning individuals other than the named Plaintiff when this matter has not been certified as a

27  class action, no *prima facie* grounds for class certification exist, and individuals other than

28  Plaintiff are not otherwise a party to, or participants in, this action.  Discovery of the sought-after

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
                                    36                    Case No. 2:19-cv-00902-WBS-DMC
DB2/ 37568806.4
DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   information should be phased and considered only following a ruling on class certification.

2   Charter also objects that this Request is premature because Plaintiff filed a Motion for Leave to

3   File First Amended Complaint, which is pending before this Court and will not be heard until

4   December 16, 2019. Charter intends to file a motion to strike class allegations and thus objects

5   that Plaintiff's Request is premature until the Court issues a decision on Charter's anticipated

6   motion and Plaintiff's request for leave to amend his complaint.

7           Subject to, and without waiving, the foregoing objections, Charter responds as follows:

8   With this Response, Charter is producing the written job description that applied to Plaintiff

9   during his employment.

10  **REQUEST FOR PRODUCTION NO. 34:**

11          All severance agreements, waiver agreements, releases, opt-outs, or similar

12  DOCUMENTS that YOU have received from a DIRECT SALES EMPLOYEE or

13  COMMISSION EMPLOYEE.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

15          Charter incorporates in full herein its General Objections. Charter objects that the term

16  "similar DOCUMENTS" is vague, ambiguous, and overbroad. Charter further objects that

17  Plaintiff's definitions of "DIRECT SALES EMPLOYEES" and "COMMISSION EMPLOYEE"

18  is vague, ambiguous, overly broad, and unduly burdensome. Charter further objects to this

19  Request on the grounds that it is unduly burdensome and oppressive and seeks information not

20  relevant to the case and not proportional to the needs of the case, including that the burden or

21  expense of the proposed discovery outweighs any putative benefit. Charter further objects to this

22  Request to the extent that it seeks information in which individuals have a legitimate expectation

23  or right of privacy or confidentiality under California law, and any other constitutional, statutory,

24  or common law right. Charter further objects to this Request to the extent that it seeks

25  individualized information about purported class members on the ground that individualized

26  discovery regarding putative class members is an abuse of the class action procedure, premature,

27  and unduly burdensome and oppressive. Charter further objects to this Request to the extent it

28  seeks documents and/or information that are protected by the attorney-client and/or attorney work

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

37                    Case No. 2:19-cv-00902-WBS-DMC

DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
DB2/ 37568806.4

1  product privileges. Charter further objects to this Request on the grounds it is premature, overly

2  broad as to scope, disproportionate to the needs of the case under the Federal Rules, and unduly

3  burdensome, oppressive and harassing to the extent it seeks discovery concerning individuals

4  other than the named Plaintiff when this matter has not been certified as a class action, no *prima*

5  *facie* grounds for class certification exist, and individuals other than Plaintiff are not otherwise a

6  party to, or participants in, this action.  Discovery of the sought-after information should be

7  phased and considered only following a ruling on class certification.  Charter also objects that this

8  Request is premature because Plaintiff filed a Motion for Leave to File First Amended Complaint,

9  which is pending before this Court and will not be heard until December 16, 2019.  Charter

10  intends to file a motion to strike class allegations and thus objects that Plaintiff's Request is

11  premature until the Court issues a decision on Charter's anticipated motion and Plaintiff's request

12  for leave to amend his complaint.

13

14

15  Dated: November 21, 2019                     MORGAN, LEWIS & BOCKIUS LLP

16                                              By   /s/ Kathryn T. McGuigan

17                                                   Kathryn T. McGuigan
                                                     Zachary Shine
                                                     Nicole L. Antonopoulos
18

19                                              Attorneys for Defendants CHARTER
                                                COMMUNICATIONS, LLC and CHARTER
20                                              COMMUNICATIONS INC.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

                              38                    Case No. 2:19-cv-00902-WBS-DMC

DB2/ 37568806.4     DEFENDANT CHARTER COMMUNICATIONS, LLC'S RESPONSES TO PLAINTIFF LIONEL HARPER'S
                    REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

# EXHIBIT 7

TO SODERSTROM DECLARATION

# Time Detail

| | |
|---|---|
| Time Period: | 9/18/2017 - 10/10/2018 |
| Query: | Previously Selected Employee(s) |
| Actual/Adjusted: | Show hours worked in this period plus historic edits and corrections made for this period |

| | |
|---|---|
| Data Up to Date: | |
| Executed at: | 10/10/2018 5:29:36 PM |
| Printed for: | 10/10/2018 5:29PM GMT-04:00 |
| Insert Page Break After Each Employee: | No |

| | | |
|---|---|---|
| Employee: | Harper, Lionel E | |
| Status: | Terminated | |
| Primary Account | -/-/-/-/-/- | |
| | MRKTG/K06/90525461/SAE270/1525342/000/000 | |
| | MRKTG/K06/90525461/SAE270/1525342/CA10481/000 | |

| ID: | 6034111 |
|---|---|
| Status Date: 3/11/2018 | |
| Time Zone: | Pacific |
| Pay Rule: | Wk2_Exempt_H2_MRKTG |
| | P2715215 |

| Start | End |
|---|---|
| Beginning of time | 9/18/2017 |
| 9/18/2017 | 12/1/2017 |
| 12/1/2017 | Forever |

| Date/Time | Apply To Account | In Punch | Out Punch | In Exc | Out Exc | Comment | Override Amount | Adj/Ent Amount | Money Amount | Day Amount | Totaled Amount | Cum. Tot. Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Xfr: Work Rule | | | | | | | | |
| 11/23/2017 12:00 AM | | | | | | Thanksgiving Day | | 8:00 | | | | 8.00 |
| 12/15/2017 8:00 AM | | | | | | Personal Time | 0.00 | 8:00 | | | | 16.00 |
| 12/25/2017 12:00 AM | | | | | | Christmas Day | | 8:00 | | | | 24.00 |
| 1/1/2018 12:00 AM | | | | | | New Years Day | | 8:00 | | | | 32.00 |
| 1/15/2018 12:00 AM | | | | | | MLK Birthday | | 8:00 | | | | 40.00 |
| 1/18/2018 12:00 AM | | | | | | Sick Time | | 8:00 | | | | 48.00 |
| 1/19/2018 12:00 AM | | | | | | Personal Time | | 0:00 | | | | 48.00 |
| 1/19/2018 12:00 AM | | | | | | Sick Time | | 8:00 | | | | 56.00 |
| 1/22/2018 12:00 AM | | | | | | Personal Time | | 8:00 | | | | 64.00 |
| 1/25/2018 12:00 AM | | | | | | Personal Time | | 0:00 | | | | 64.00 |
| 1/25/2018 12:00 AM | | | | | | Vacation | | 8:00 | | | | 72.00 |
| 1/31/2018 1:00 AM | | | | | | Sick Time | | 4:00 | | | | 76.00 |
| 2/1/2018 8:00 AM | | | | | | Vacation | 0.00 | 8:00 | | | | 84.00 |
| 2/2/2018 8:00 AM | | | | | | Vacation | 0.00 | 8:00 | | | | 92.00 |
| 2/5/2018 12:00 AM | | | | | | ADMN-Sick Time(adj) (effective date: 3/5/2018) | 0.00 | -2:30 | | | | |
| | MRKTG/K06/90525461/SAE270/1525342/CA10481/000 | | | | | | | | | | | |
| 2/5/2018 12:00 AM | | | | | | ADMN-Vacation No Consec(adj) (effective date: 3/5/2018) | | -5:30 | | | | |
| | MRKTG/K06/90525461/SAE270/1525342/CA10481/000 | | | | | | | | | | | |
| 2/6/2018 12:00 AM | | | | | | ADMN-Vacation No Consec(adj) (effective date: 3/5/2018) | | -8:00 | | | | |
| | MRKTG/K06/90525461/SAE270/1525342/CA10481/000 | | | | | | | | | | | |
| 2/7/2018 12:00 AM | | | | | | ADMN-Vacation No Consec(adj) (effective date: 3/5/2018) | | -8:00 | | | | |
| 2/8/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 7:30 | | | | 99.30 |
| | | | | | | FMLA | | | | | | |
| 2/8/2018 12:00 AM | | | | | | ADMN-Vacation No Consec(adj) (effective date: 3/5/2018) | | -0:30 | | | | |
| | MRKTG/K06/90525461/SAE270/1525342/CA10481/000 | | | | | | | | | | | |
| 2/9/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 8:00 | | | | 107:30 |
| 2/12/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 8:00 | | | | 115:30 |
| 2/13/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 8:00 | | | | 123:30 |
| 2/14/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 8:00 | | | | 131:30 |
| 2/15/2018 12:00 AM | | | | | | ADMN-Leave Without Pay | | 8:00 | | | | 139:30 |

# Time Detail

Time Period: 9/18/2017 - 10/10/2018
Query: Previously Selected Employee(s)
Actual/Adjusted:

Data Up to Date:
Executed on: 10/10/2018 5:29:36 PM
Printed for: 10/10/2018 5:29PM GMT-04:00
P27/15215
Insert Page Break After Each Employee:  No

Show hours worked in this period plus historic edits and corrections made for this period.

| Date/Time | Apply To | In Punch | In Exc | Out Punch | Out Exc | Override Amount | Adj/Ent Amount | Money Amount | Day Amount | Totaled Amount | Cum. Tot. Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Xfr/Move: Account | | Comment | | | Xfr: Work Rule | | | | | | |
| 2/16/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 147:30 |
| 2/19/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 155:30 |
| 2/20/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 163:30 |
| 2/21/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 171:30 |
| 2/22/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 179:30 |
| 2/23/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 187:30 |
| | | FMLA | | | | | | | | | |
| 2/26/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 195:30 |
| 2/27/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 203:30 |
| 2/28/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 211:30 |
| 3/1/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 219:30 |
| 3/2/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 227:30 |
| 3/5/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 235:30 |
| 3/6/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 243:30 |
| 3/7/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 251:30 |
| 3/8/2018 | 12:00 AM | ADMN-Leave Without Pay | | | | | 8:00 | | | | 259:30 |

Labor Account Summary

MRKTG/K06/90525461/SAE270/1525342/000/000

| Pay Code | Hours | Money | Days |
|---|---|---|---|
| Holiday | 8:00 | | |
| Total Holiday | 8:00 | | |
| Total REG VAC PER HOL HOLOVTWRKD | 8:00 | | |

MRKTG/K06/90525461/SAE270/1525342/CA10481/000

| Pay Code | Hours | Money | Days |
|---|---|---|---|
| ADMN-Leave Without Pay | 167:30 | | |
| ADMN-Sick Time | -2:30 | | |
| ADMN-Vacation No Consec | -22:00 | | |
| Holiday | 24:00 | | |
| Personal Time | 16:00 | | |
| Sick Time | 20:00 | | |
| Total FMLA LWOP | 167:30 | | |
| Total FMLA Sick | -2:30 | | |
| Total FMLA Sick IN | -24:30 | | |
| Total Holiday | 24:00 | | |
| Total REG VAC PER HOL HOLOVTWRKD | 23:30 | | |
| Vacation | 24:00 | | |

# Time Detail

| | |
|---|---|
| Time Period: | 9/18/2017 - 10/10/2018 |
| Query: | Previously Selected Employee(s) |
| Actual/Adjusted: | Show hours worked in this period plus historic edits and corrections made for this period. |

| | |
|---|---|
| Data Up to Date: | 10/10/2018 5:29:36 PM |
| Executed on: | 10/10/2018 5:29PM GMT-04:00 |
| Printed for: | P2715215 |
| Insert Page Break After Each Employee: | No |

**Employee:** Harper, Lionel E          **ID:** 6034111          **Time Zone:** Pacific

## Combined Pay Code Summary

| Pay Code | Hours | Money | Days |
|---|---|---|---|
| Total FMLA LWOP | 167:30 | | |
| Total FMLA Sick | -2:30 | | |
| Total FMLA Sick IN | -24:30 | | |
| Total Holiday | 32:00 | | |
| Total REG VAC PER HOL HOLOVTWRKD | 31:30 | | |
| **Totals:** | **204:00** | **$0.00** | **0.00** |

## Pay Code Summary

| Pay Code | Hours | Money | Days |
|---|---|---|---|
| ADMN-Leave Without Pay | 167:30 | | |
| ADMN-Sick Time | -2:30 | | |
| ADMN-Vacation No Consec | -22:00 | | |
| Holiday | 32:00 | | |
| Personal Time | 16:00 | | |
| Sick Time | 20:00 | | |
| Vacation | 24:00 | | |
| **Totals:** | **235:00** | **$0.00** | **0.00** |

# Time Detail

| | |
|---|---|
| Time Period: | 9/18/2017 - 10/10/2018 |
| Query: | Previously Selected Employee(s) |
| Actual/Adjusted: | Show hours worked in this period plus historic edits and corrections made for this period |

| | |
|---|---|
| Data Up to Date: | 10/10/2018 5:29:36 PM |
| Executed on: | 10/10/2018 5:29PM GMT-04:00 |
| Printed for: | P2715215 |
| Insert Page Break After Each Employee: | No |

## Combined Pay Code Summary

| | Hours | Money | Days |
|---|---|---|---|
| Total FMLA LWOP | 167:30 | | |
| Total FMLA Sick | -2:30 | | |
| Total FMLA Sick IN | -24:30 | | |
| Total Holiday | 32:00 | | |
| Total REG VAC PER HOL HOLOVTWRKD | 31:30 | | |
| **Totals:** | **204:00** | **$0.00** | **0.00** |

## Pay Code Summary

| | Hours | Money | Days |
|---|---|---|---|
| ADMN-Leave Without Pay | 167:30 | | |
| ADMN-Sick Time | -2:30 | | |
| ADMN-Vacation No Consec | -22:00 | | |
| Holiday | 32:00 | | |
| Personal Time | 16:00 | | |
| Sick Time | 20:00 | | |
| Vacation | 24:00 | | |
| **Totals:** | **235:00** | **$0.00** | **0.00** |

Total Number of Employees: 1

# EXHIBIT 8

TO SODERSTROM DECLARATION



Charter
COMMUNICATIONS

9/1/2017

Charter Communications
400 Atlantic Street
Stamford, CT 06901
1-877-892-4372, option 1 and 2

Lionel Earl Harper
19361 Posey Ln
Redding, CA 96003-9536

Dear Lionel Earl Harper,

It is my pleasure to extend to you an offer of employment for the position of Account Executive with Charter
Communications, starting on 9/18/2017.

We hire the best and brightest talent and look forward to you helping to shape the future of our business.

You will be joining Charter at a very exciting time. We have recently completed the acquisitions of Time
Warner Cable and Bright House Networks, growing our business to serve more than 20 million customers.
Through these transactions, we will bring Spectrum, our industry-leading suite of services, into even more
Americans' homes. Consumers will benefit from improvements planned for our network, products and service;
and employees will benefit from the dynamic work environment with even more personal growth potential.

Your annual base salary rate will be $43,500.00, which will be paid $1,673.08 bi-weekly, less applicable
withholdings. As an exempt employee, you are not eligible for overtime.

You are eligible to participate in the Company's Commission Plan. Your local management team will provide a
plan document that describes the specific details of the plan for your review and acknowledgement, including
any Sales Commission Allowance where applicable. Note that Charter retains the sole discretion to change or
modify your target compensation or amend the Plan at any time as it deems necessary.

Charter offers a generous and comprehensive benefits package, including health, 401(k), disability and life
insurance. You and your family members may be eligible to participate in a full range of benefits in accordance
with the Company's current eligibility requirements. To enroll yourself and any eligible dependents, you must
make your elections on Panorama (Charter's intranet) within 30 days of your hire date with the Company. If you
do not make an election within the designated timeframe, your coverage will be waived and you will not be able
to enroll until the next open enrollment period, unless you have a qualified change in status. If you have a
qualified change in status, you must contact the Charter Benefits Center at 877-892-2367 or visit Panorama
within 60 days of the qualified change in status event.

If you elect healthcare coverage, you will be required to provide proof of eligibility to participate in the Plan.
You will receive a request from Aon Hewitt, our third party vendor, to provide documentation. You will have 60
days from the date of the request to provide documentation or your dependents will be dropped from coverage.

Employee benefits are subject to change at the sole discretion of the Company.

Your employment with the Company is at-will, meaning that you or the Company may terminate the

employment at any time for any reason not prohibited by law with or without prior notice. Nothing in the offer is intended to create a contract for employment or guarantee of continued employment with the Company. This at-will relationship may not be modified except by individual written agreement signed by you and an officer of the Company. The Company reserves the right to change the terms and conditions of your employment at any time for any reason not prohibited by law, with or without notice to you.

This offer is contingent on the successful completion of the background check and drug screen, as well as any other job-related safety requirements. You must satisfactorily complete your pre-employment drug screen prior to your first day of employment. The background investigation will consist of a social security number confirmation; verification of previous employment; verification of education; a criminal background investigation; and DMV check (if job requirement is to drive a company or personal vehicle). All information related to these items will also need to be disclosed on the candidate information form. If the results of the pre-employment background check are not satisfactory, or it is found that you falsified or did not disclose relevant information on the candidate information form, the Company reserves the right to withdraw this offer or terminate your employment.

This offer is also contingent upon validating employment eligibility documentation that is to be provided by you to the Company within the first three days of employment.

This letter constitutes the full terms and conditions of your employment with the Company. It supersedes any other oral or written promises that may have been made to you.

If you have any questions or concerns about this offer letter, please contact your hiring recruiter.

Sincerely,

Charter Communications Human Resources

CHA/HAR 000031

# EXHIBIT 9

TO SODERSTROM DECLARATION

# Transcript Report

**Name:** Lionel Harper
**HR Business Unit** Marketing
**Job Code** Account Executive
**Location** SHARE CA10481
**FLSA Status** Exempt
**Date Criteria Type:** Date training is
**Start Date:**
**End Date:**
**Training Type:** Cohort, Curriculum, Event, External Training, Library,
**Training Title:**
**Subject(s):**
**Archived Training Include:** Yes
**Completed Training Only:** No
**Report Generated By:** AndreaADMIN
**Report Date:** 6/19/2018

| TITLE | TYPE | REGISTERED | START DATE | END DATE | DUE DATE | SCORE | STATUS | COMPLETION DATE |
|---|---|---|---|---|---|---|---|---|
| PRISM Training for Spectrum | Online Class | 2/1/2018 | N/A | N/A | 2/5/2018 | | Registered / Past Due | N/A |
| Do the Right Thing for | Online Class | 1/29/2018 | N/A | N/A | 3/30/2018 | | Registered / Past Due | N/A |
| Disability Etiquette | Online Class | 11/28/2017 | N/A | N/A | 2/1/2018 | 100 | Completed | 1/24/2018 |
| Spectrum Business SMB New Hire Final Assessment (SBPP) | Test | 10/6/2017 | N/A | N/A | N/A | 96 | Completed | 10/6/2017 |
| New Employee Checklist | Curriculum | 10/4/2017 | N/A | N/A | N/A | | In Progress | N/A |
| SMB Tools: Real Time CSR | Online Class | 10/3/2017 | N/A | N/A | N/A | | Registered | N/A |
| Overview for Legacy Charter | | | | | | | | |
| SMB Direct Sales New Hire: | Event | N/A | N/A | N/A | N/A | | Approved | N/A |
| Spectrum Business SMB New Hire Week 1 Assessment | Test | 9/29/2017 | N/A | N/A | N/A | 88 | Completed | 9/29/2017 |

CHA/HAR 000038

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SMB Tools: Workbook | Online Class | 9/28/2017 | N/A | N/A | N/A | 100 | In Progress | N/A |
| Spectrum Business GIS | Online Class | 9/28/2017 | N/A | N/A | N/A | 10 | Completed | 9/28/2017 |
| Competitive Advantage Tool | Online Class | 9/28/2017 | N/A | N/A | N/A | | In Progress | N/A |
| SMB Tools: CSG View Only | Online Class | 9/27/2017 | N/A | N/A | N/A | 60 | Completed | 10/3/2017 |
| SMB Tools: Buy Flow- LCHTR | Online Class | 9/27/2017 | N/A | N/A | N/A | 80 | In Progress | N/A |
| SBPP Spectrum Business Voice Overview for SMB New Hires | Online Class | 9/26/2017 | N/A | N/A | N/A | | Completed | 9/26/2017 |
| SBPP Spectrum Business Video Overview for SMB New Hires | Online Class | 9/26/2017 | N/A | N/A | N/A | 90 | Completed | 9/26/2017 |
| Spectrum Business New Hire Training for SMB Direct Sales (SBPP) Curriculum - Week 1 | Event | N/A | N/A | N/A | N/A | | Completed | 10/2/2017 |
| Spectrum Business New Hire Training for SMB Direct Sales (SBPP) Curriculum - Week 1 | Session | 9/26/2017 | 9/25/2017 | 9/29/2017 | N/A | 0 | Completed | 9/29/2017 |
| SBPP Business Internet Overview for SMB New Hires | Online Class | 9/25/2017 | N/A | N/A | N/A | 100 | Completed | 9/25/2017 |
| SBPP Overview for SMB | Online Class | 9/25/2017 | N/A | N/A | N/A | 80 | Completed | 9/25/2017 |
| Spectrum Business New Hire Training for SMB Direct Sales (SBPP) Curriculum - Week 2 | Session | 9/22/2017 | 10/2/2017 | 10/6/2017 | N/A | 0 | Completed | 10/6/2017 |
| Spectrum Business New Hire Training for SMB Direct Sales (SBPP) Curriculum - Week 2 | Event | N/A | N/A | N/A | N/A | | Completed | 10/9/2017 |
| Spectrum Business OTM New Hire Training (L-TWC) | Event | N/A | N/A | N/A | N/A | | Not Started | N/A |
| Spectrum Business OTM New Hire Training (L-TWC) | Session | 9/22/2017 | 9/25/2017 | 9/29/2017 | N/A | | Withdrawn | N/A |
| Information Security (Retired) | Online Class | 9/12/2017 | N/A | N/A | 12/11/2017 | 90 | Completed | 9/19/2017 |
| Privacy 101 | Online Class | 9/12/2017 | N/A | N/A | 12/11/2017 | 100 | Completed | 9/19/2017 |
| Reuse, Recycle and Waste | Online Class | 9/12/2017 | N/A | N/A | 12/18/2017 | 87 | Completed | 9/19/2017 |

CHA/HAR 000039

# EXHIBIT 10

TO SODERSTROM DECLARATION

# 199714BR - Account Executive

Status: Closed

Job req template: Job Requisition

---

Job Code : TWCSAE270 Account Executive Exempt

**Please Note: Once a req is posted,** changes to the Job Code **will prevent assessment delivery and scoring (when applicable) and raise compliance concerns.**

Business Title : Account Executive

Posting Job Title (Do Not Exceed   Spectrum Business Account Executive
250 Characters) :

Posting Job Description :  Do you enjoy being on the go and out of the office? Are you self-motivated, independent and goal oriented? This is an exciting opportunity to enter the technology and entertainment world as a **Spectrum Business Account Executive.** We offer exceptional career mobility and our superior products, reputation for service, and the more than 12 million potential new customers within our network's reach, which makes now a great time to join us.

At **Spectrum**, we value our employees and recognize outstanding individual contributions. As part of our Spectrum Business sales team, you'll be rewarded for your performance in addition to a steady salary. You'll have the opportunity to "own your day" every day, like a self-employed business owner, but without all the risks associated with self-employment.

Going door to door within a specified territory visiting local businesses while working on a list of prospective Small and Medium Businesses that we supply will give you the satisfaction of providing world class services to businesses needing quality products. If you have the entrepreneurial spirit coupled with a willingness to work hard you could be a **Spectrum Business Account Executive.**

**QUALIFIED CANDIDATES WILL HAVE:**
•Experience in a prospecting, cold-calling sales role
•A valid driver's license, car insurance, a satisfactory driving record, and the use of a reliable personal vehicle
•Success in a previous Sales position
•A passion to succeed
•Great People Skills
•Experience working with the public

**SPECTRUM WILL PROVIDE:**
•Reimbursements for gas and other travel related expenses.
•New leads every month
•A tablet and a cell phone
•We take pride in offering professional training to learn what it takes to be a successful Account Executive at a Fortune 500 Company.

**BENEFITS:**
•Guaranteed annual Base Salary
•Unlimited commissions and UNLIMITED earning potential
•Medical, Dental, Vision and Life Insurance
•401k Match
•Free and discounted Spectrum Cable services
•An opportunity to grow your career at one of America's top corporations

More on Spectrum :  Charter Communications reaffirms its commitment to providing equal opportunities for employment and advancement to qualified employees and applicants. Individuals will be considered for positions for which they meet the minimum qualifications and are able to perform without regard to race, color, gender, age, religion, disability, national origin, veteran status, sexual orientation, gender identity, current unemployment status, or any other basis protected by federal, state or local laws.

Charter Communications is an Equal Opportunity Employer - Minority/Female/Veteran/Disability

Charter Communications will consider for employment qualified applicants with criminal

CHA/HAR 000006

histories in a manner consistent with applicable laws, including local ordinances

Recruiter : Sandifer, Jeffrey

Recruiting Coordinator : Duncan, LaToya

# of Positions : 2

Positions Remaining : 0

FLSA Status : Exempt

Work State : California

Work City : California - Redding

Work Location : 5797 Eastside Rd

Zip Code :

Posting Location : United States - California - Redding

Alternative Locations :

Position Type : Full Time

Replacement/Addition : Replacement

Name of Employee Replaced : William " Bill" Jones

Is this a Union position? :

Please click here to review the Background Check Package Reference Guide.

Background Check Package : Drug Test & Core Background + MVR

Is this position eligible for Annual Bonus? :

Annual Bonus Percentage :

Is this position eligible for Equity? :

Equity Target :

Is this position Commission Eligible? : Yes

CHA/HAR 000007

Area of Interest (Choose no more : Sales
than three (3) areas of interest Telecommunications
that best align with the role). :

Hiring Manager : Andrea Benner - Mgr, Sales Business Accounts-
Andrea.Benner@charter.com

Business Unit : Marketing

Company : Charter Communications, LLC - CCL

Cost Center : 90525461-Northwest Regional-DMB Direct Sales

Account Code : K06-90525-461

Department Name : SMB Direct Sales

Management Area : MS-Northwest-Region Office-K06

Job Grade : ES5

Region : Marketing Northwest

FCC Unit : HQ452

Controlling Establishment ID :

EEO1 Category Code : Professionals

EEO Job Group : Account Executives - General

AAP Female Goal : N/A

AAP Minority Goal : N/A

Manager Level : Professional

Attach Assessment :

Assessment Auto-decline :

Requisition Notes : **From:** Sandifer, Jeffrey D
**Sent:** Monday, October 02, 2017 4:55 PM
**To:** Sales&Marketing-Recruiting-Support
<Sales&Marketing-Recruiting-
Support@charter.com>
**Subject:** Close Req
Hello,
Can you please close req number 199714BR (Redding,
CA) we have filled the position. Thank you very much!!
***

ADDING HEADCOUNT FROM REQ # **203552BR** KEEPING ALL
**HEADCOUNT IN 1 REQ FOR REDDING, CA**

**From:** Benner, Andrea M
**Sent:** Tuesday, July 11, 2017 5:48 PM
**To:** Sales&Marketing-Recruiting-Support
**Subject:** AE Requistition Redding CA

203552BR

Requisition Team : Daniels, Yolanda
Brooks, Rachell
Martin, Michele
Sandifer, Jeffrey
Williams, Jaclyn
Duncan, LaToya
Henson, Paula
Sengkhamphong, Erica

Turn off Autofiler notification for  ☑
this req

Approval Routing

| Job title | User | Date | Message |
|---|---|---|---|
| Level 1 Initial Approver | Andrea.Benner@charter.com | 17-Jul-2017 | |
| Level 2 Approver | clayton.spicer@charter.com | 17-Jul-2017 | |
| Level 3 Approver | Bypass | 12-Jul-2017 | |
| Level 4 Approver | Bypass | 12-Jul-2017 | |
| Level 5 Final Approver | Bypass | 12-Jul-2017 | |
| Recruiter | Sandifer, Jeffrey | 17-Jul-2017 | |

Notify upon approval completion

CHA/HAR 000009