MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Zachary W. Shine, Bar No. 271522
zachary.shine@morganlewis.com
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: +1.415.442.1000
Fax: +1.213.612.2501

Attorneys for Defendant
Charter Communications, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly and all aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | Case No. 2:19-cv-00902-WBS-DMC<br><br>**DECLARATION OF ZACHARY W. SHINE IN RESPONSE TO IMPROPER SUPPLEMENTAL DECLARATION OF JAMIN S. SODERSTROM REGARDING PLAINTIFF LIONEL HARPER'S MOTION TO COMPEL** |

**DECLARATION OF ZACHARY W. SHINE**

I, Zachary W. Shine, hereby declare and state as follows:

1. I am an attorney at law, duly licensed to practice in the state of California and admitted to practice before all courts in the State of California including this Court. I am an associate with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for Defendant Charter Communications, LLC ("Charter") in this action. I make this Declaration in response to the improperly filed "Supplemental Declaration of Jamin S. Soderstrom" [Dkt. 72] related to Plaintiff Lionel Harper's ("Harper" or "Plaintiff") motion to compel discovery. I have personal knowledge of the facts set forth in this declaration. If I were called as a witness, I could and would testify competently to the facts set forth herein.

2. After meeting and conferring on the precise language of the Joint Statement of Discovery Disagreement (Dkt. 62-1) related to Plaintiff Lionel Harper's motion to compel discovery, as required by the Eastern District of California Local Rules, on May 27, 2020, the parties filed the Joint Statement of Discovery Disagreement Concerning Plaintiff Harper's Motion to Compel Further Discovery Responses and Production of Documents and ESI. Dkt. 62-1.

3. Local Rule 251 outlines the process for discovery motions in the Eastern District of California. Rule 251(c) governs all briefing allowed related to a motion to compel. The Local Rules expressly state, "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, ***and no separate briefing shall be filed.***" (emphasis added). However, without any authority, and without meeting and conferring with counsel for Charter, Plaintiff unilaterally filed a separate briefing in support of his motion to compel in the form of an improper "Supplemental Declaration." This "Supplemental Declaration" is nothing more than an impermissible sur-reply. This separate briefing is in direct violation of the Eastern District Local Rules. As such, this Court should strike, and not consider, Plaintiff's improper "Supplemental Declaration."

4. Plaintiff's Supplemental Declaration also grossly misstates Charter's meet and confer communications and the substance of the Joint Statement. Contrary to Mr. Soderstrom's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 39196899.1

2

Case No. 2:19-cv-00902-WBS-DMC

DECLARATION OF ZACHARY W. SHINE

perplexing assertions, the parties never reached an agreement about the scope of class discovery. *That is precisely why there is a motion to compel pending before the Court*. Charter is confident the Court understands the parties' positions in this discovery dispute. However, to the extent an explanation is needed, the meet and confer process went as follows: (1) Pre-certification, Plaintiff demanded contact information and position history for all "direct sales employees" and "commission employees;" (2) Charter objected, but stated it would agree to a smaller sampling of Account Executives (Plaintiffs' position) at the Redding, California location (Plaintiffs' location); (3) Rather than agree to this smaller sampling, Plaintiff refused and filed a motion to compel seeking contact information for all "direct sales employees" and "commission employees." This was repeatedly explained to Plaintiffs' counsel, including most recently in the June 18, 2020 email attached as Dkt. 72-1, in which I stated, "while Charter strongly contends it is not required to produce *any* class data pre-certification, as a compromise, and in order to *avoid* unnecessary and costly motion practice, we offered to produce a class list containing the names and contact information for account executives at the Redding, California location." Dkt. 72-1, p. 3 (emphasis in original). The Joint Statement accurately explains the parties' meet and confer efforts.

5.   Mr. Soderstrom's statement that "Court intervention is needed" to decide this discovery dispute is utterly puzzling as Plaintiff's motion to compel is currently pending before the Court. Not only is Plaintiff's Supplemental Declaration entirely improper, it also serves no purpose other than to improperly present additional arguments to the Court. This Court should not reward Mr. Soderstrom's actions in bringing this groundless "Supplemental Declaration."

6.   The remaining discovery issues discussed in Mr. Soderstrom's "Supplemental Declaration" are not part of the pending motion to compel and are thus not properly before this Court. Should Plaintiff wish to compel responses to additional requests outside of those that are the subject of his pending motion to compel, he must file a separate motion to compel, and go through the proper channels.

7.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 39196899.1

3

Case No. 2:19-cv-00902-WBS-DMC

DECLARATION OF ZACHARY W. SHINE

1  Executed this 1st day of July, 2020, at San Francisco, California.

/s/ *Zachary W. Shine*<br>
Zachary W. Shine

MORGAN, LEWIS &<br>
BOCKIUS LLP<br>
ATTORNEYS AT LAW<br>
SILICON VALLEY

DB2/ 39196899.1

4

DECLARATION OF ZACHARY W. SHINE

Case No. 2:19-cv-00902-WBS-DMC