1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LIONEL HARPER, et al.,               No.  2:19-CV-0902-WBS-DMC

12            Plaintiffs,

13        v.                     ORDER

14    CHARTER COMMUNICATIONS, LLC,
   et al.,

15

16            Defendants.

17

18           Plaintiffs Lionel Harper and Daniel Sinclair, who are proceeding with retained

19 counsel, bring this civil action pursuant to California's Private Attorney General Act (PAGA),

20 California Labor Code § 2698, et seq.  Plaintiffs allege violations of California statutory law with

21 respect to the failure to pay certain wages.  The matter proceeds in this Court based on diversity

22 jurisdiction.  Pending before the Court are separate motions to compel filed by plaintiffs.  See

23 ECF Nos. 62 (Plaintiff Harper's motion to compel) and 78 (Plaintiff Sinclair's motion to compel).

24 Plaintiff Harper's motion was submitted on the papers without oral argument pursuant to Eastern

25 District of California General Order 618.  Plaintiff Sinclair's motion was heard by the

26 undersigned on October 7, 2020, at 10:00 a.m.  Jamin Soderstrom, Esq., appeared telephonically

27 for Plaintiffs.  Zachary Shine, Esq., appeared telephonically for Defendants.  After discussion

28 with the parties, the matters were submitted.

# I. BACKGROUND

**A.**      **Plaintiffs' Allegations**

This action currently proceeds on Plaintiffs' first amended complaint against

Defendants Charter Communications, LLC, and Charter Communications, Inc. (Charter).  <u>See</u>

ECF No. 45.  Plaintiffs allege the following background facts:

> 8.      Charter markets and sells various services, including television, Internet, and phone services, in California and nationwide.
> 9.      Plaintiffs worked for Charter in California as salespersons. Harper worked for Charter from September 2017 to March 2018, and Sinclair worked for Charter from January 2015 to December 2016. Charter considered Plaintiffs to be "outside salespersons" during their entire employment and treated them as exempt employees. But Plaintiffs were not exempt outside salespersons. Plaintiffs were not asked or required to perform any "outside sales" activities during their training and they were thus misclassified as exempt during their training. Plaintiffs also were assigned numerous duties following their training that were not "outside sales" duties, the performance of which caused them not to spend a majority of their working hours each day or week performing outside sales. These non-outside sales duties included, but were not limited to, customer service and installation scheduling activities and work performed at Charter's offices or at a home office. They were thus misclassified as exempt following their training as well. During their employment, Plaintiffs worked with numerous other employees who were subject to Charter's same policies and practices and who were also misclassified as exempt outside salespersons, both during training and following training. Plaintiffs' working experience gave them a thorough understanding of Charter's employment policies and practices with respect to employees who Charter classified as exempt outside salespersons.
> 10.      During their employment, Plaintiffs and other employees (including but not limited to outside salespersons) were also eligible to receive and did receive incentive compensation in the form of commission wages. But Charter's commission payment practices and policies were unlawful. First, Charter did not give to Plaintiffs and other employees a signed copy of commission agreements that set forth the methods by which their commission wages would be computed and paid. Second, Charter did not obtain from Plaintiffs and other employees a signed receipt for any such agreements. Third, Charter failed to properly calculate and pay all commission wages that were due to Plaintiffs and other employees. And fourth, Charter paid commission wages on a monthly basis and/or weeks after the wages were earned instead of for the pay period in which they were earned.
> 11.      Plaintiffs personally experienced and witnessed Charter engaging in these unlawful and unfair business practices and Charter continues to engage in these unlawful and unfair business practices to this day.

<u>Id.</u> at 3-4.

/ / /

/ / /

1      Plaintiffs state they are bringing the action on behalf of themselves and "on behalf

2   of two classes and various subclasses of employees who worked for Charter in California at any

3   time between November 19, 2014, through final judgment. . . ."  ECF No. 45, pg. 4.  The alleged

4   classes and subclasses are as follows:

5           Outside Salesperson Class

6               Unpaid Minimum Wages Subclass
                Unpaid Overtime Wages Subclass
7               Meal Period Subclass
                Rest Break Subclass
8               Wage Statement Subclass
                Termination Subclass
9
            Commission Class
10
                Underpaid Commission Subclass
11              No Signed Agreement Subclass
                Wage Statement Subclass
12              Termination Subclass

13          Id. at 4-6.

14      In support of the class allegations, Plaintiffs also allege the following common

15   questions of law and fact:

16          a.  whether Charter improperly classified Plaintiffs and other outside
                salespersons as exempt during training;
17
            b.  whether Charter improperly classified Plaintiffs and other outside
18              salespersons as exempt after training;

19          c.  whether Charter accurately kept track of Plaintiffs' and other outside
                salespersons' working hours;
20
            d.  whether Charter paid minimum wages for all hours worked by Plaintiffs
21              and other outside salespersons;

22          e.  whether Charter paid overtime wages for all hours worked over 8 in a
                workday and 40 in a workweek by Plaintiffs and other outside
23              salespersons;

24          f.  whether Charter provided Plaintiffs and other outside salespersons with
                timely, uninterrupted, off-duty 30-minute meal periods each day they
25              worked at least 5 hours in a workday, and a second meal period each day
                they worked at least 10 hours in a workday, or paid them an additional
26              hour of pay at their regular rate on each day such meal periods were not
                provided;
27

28   / / /

3

g.  whether Charter provided Plaintiffs and other outside salespersons with timely, uninterrupted, off-duty 10-minute rest breaks for every 4 hours of work, or major fraction thereof, or paid them an additional hour of pay at their regular rate on each day such rest periods were not provided;

h.  whether Charter paid Plaintiffs and other outside salespersons all wages due upon termination, or paid waiting time penalties when such wages were not timely paid;

i.  whether Plaintiffs and other employees who were eligible to be paid commission wages signed a written commission agreement, were given a signed copy of the agreement, and provided Charter with a signed receipt;

j.  whether Plaintiffs and other employees who were eligible to be paid commission wages had wages underpaid, reduced, deducted, or clawed back based on terms they did not expressly agree to in a signed writing that was given to them;

k.  whether Charter timely paid all commission wages in the pay periods in which they were earned; and

l.  whether Charter paid Plaintiffs and other employees who were eligible for commission wages all wages due upon termination, or paid waiting time penalties when such wages were not timely paid.

ECF No. 45, pgs. 6-7.

## B.  Procedural History

The operative first amended complaint was filed on December 13, 2019.  See ECF No. 45.  On January 10, 2020, Charter moved to dismiss and/or strike the first amended complaint.  See ECF No. 48.  The matter was heard by the District Judge on February 24, 2020, who issued a decision on February 26, 2020, granting Charter's motion as to Plaintiffs' claim for injunctive and declaratory relief and in all other respects denied the motion.  See ECF Nos. 55 (hearing minutes) and 56 (order).  Relevant to the current discovery disputed, the District Judge ruled: "[T]he court will deny defendant's motion to strike the class allegations to allow discovery to proceed."  ECF No. 56, pg. 12.

The case is currently governed by a modified scheduling order issued, pursuant to the parties' stipulation, by the District Judge on September 21, 2020.  See ECF No. 83.  The order sets a briefing schedule for Plaintiffs' motion for class certification, with the motion due to be filed by January 11, 2021, and a hearing set for March 8, 2021, before the District Judge.  See id. The order also set a schedule for the remainder of the litigation, with a trial set to commence

1    before the District Judge on December 7, 2021.  See id.

2

3                          **II.  SUMMARY OF DISCOVERY DISPUTES**

4          **A.          Discovery Served by Plaintiff Harper**

5                  Plaintiff Harper's motion is supported by a joint statement filed by the parties

6    concurrent with the motion.  See ECF No. 62-1.  Plaintiff Harper seeks an order compelling

7    further responses to his interrogatories, set one, nos. 2-7 and requests for production, set one, nos.

8    7-17, 20, 28, 30, and 32-34.  See id. at 10.

9                  In the joint statement, the parties provide the following summary of their dispute:

10                         Harper contends that he is entitled to discover all information and
            records relevant to his class and representative PAGA claims, including:
11          class member contact information and position history; class member
            employment records such as wage statements, commission statements,
12          training records, signed copies of commissions plans and signed receipts (if
            any exist), and similar records; and each version of an employee handbook,
13          commission plan, timekeeping policy, and similar policies that Charter used
            during the relevant time period.  Harper believes at least four positions are
14          covered by his claims – Account Executive, Direct Sales Representative,
            Outside Sale Representative, and Retail Sales Associate – and he is seeking
15          information and records for class members and aggrieved employees
            statewide for the period from November 2014 to the present.
16                         Charter contends Harper is not entitled to any class-wide pre-
            certification discovery.  Should this Court order any pre-certification
17          discovery, it should be severely limited since Harper has not set forth a *prima
            facie* case for class certification under Rule 23 of the Federal Rules of Civil
18          Procedure and has not shown his discovery requests are likely to produce
            substantiation of his class allegations.  Harper's discovery requests are also
19          grossly overbroad, unduly burdensome, infringe on Constitutionally
            protected third party rights, and constitute a speculative fishing expedition.
20          Based on extensive information and documents already produced by Charter
            and the evidence and allegations offered by Harper, Charter contends that if
21          pre-certification discovery is allowed, at most, pre-certification class and
            representative PAGA discovery should be limited to Harper's specific
22          position (Account Executive) and Harper's specific work location (Redding,
            California).  Should Plaintiffs certify a class, the Court may then allow
23          broader discovery regarding the merits of Plaintiffs' case and Charter's
            defenses.

24          ECF No. 6, pg. 8.

25

26   / / /

27   / / /

28   / / /

                                                 5

1      **B.      Discovery Served by Plaintiff Sinclair**

2              Plaintiff Sinclair's motion is supported by a joint statement.  See ECF No. 84.

3      Plaintiff Sinclair seeks an order compelling further responses to his interrogatories, nos. 4-21.

4      See id. at 6.

5              In the joint statement, the parties summarize their dispute as follows:

6                      Sinclair Interrogatories 4-21 and motion seek information related to
                (i) positions in California that Charter classified as "exempt" under the
7              outside salesperson exemption since November 2014, (ii) positions in
                California that Charter considered eligible to earn commissions since
8              November 2014, and (iii) the bases for certain of Charter's defenses.
                        Charter denies Plaintiffs' allegations and contends it has complied
9              with all applicable laws.  Charter further contends Sinclair is not entitled to
                engage in a pre-certification fishing expedition for class-wide discovery
10             since Sinclair has not set forth a *prima facie* case for class certification under
                Rule 23 of the Federal Rules of Civil Procedure and has not shown his
11             discovery requests are likely to produce substantiation of his class
                allegations.  Sinclair has not offered the prerequisite evidence or even
12             specific allegations, of a class-wide violation encompassing the vague,
                ambiguous and undefined putative classes of employees he seeks to represent
13             and about which he now seeks discovery.

14             ECF No. 84, pg. 6.

15

16                      **III.  STANDARDS FOR DISCOVERY MOTIONS**

17             The purpose of discovery is to "remove surprise from trial preparation so the

18     parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

19     Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

20     26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

21     permitted:

22             Parties may obtain discovery regarding any nonprivileged information that
                is relevant to any party's claim or defense and proportional to the needs of
23             the case, considering the importance of the issues at stake in the action, the
                amount in controversy, the parties' relative access to relevant information,
24             the parties' resources, the importance of the discovery in resolving the
                issues, and whether the burden or expense of the proposed discovery
25             outweighs its likely benefit. Information within this scope of discovery
                need not be admissible in evidence to be discoverable.
26
                Fed. R. Civ. P. 26(b)(1).
27

28     / / /

                                                    6

1       Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

2   may move for an order compelling an answer, designation, production, or inspection." Fed. R.

3   Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

4   incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

5   discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

6   Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

7   Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

8       The party moving to compel bears the burden of informing the court (1) which

9   discovery requests are the subject of the motion to compel, (2) which of the responses are

10  disputed, (3) why the party believes the response is deficient, (4) why any objections are not

11  justified, and (5) why the information sought through discovery is relevant to the prosecution of

12  this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

13  WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

14  2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

15      "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

16  Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

17  of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

18  the party opposing discovery has the burden of showing that the discovery should be prohibited,

19  and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

20  07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

21  2009) (internal citation omitted).

22

23                              **IV.  DISCUSSION**

24      Plaintiffs' motions seek an order compelling Charter to provide statewide

25  discovery prior to class certification.  At the outset, the parties dispute whether Plaintiffs are

26  entitled to any statewide pre-certification discovery.  Plaintiffs contend such discovery is

27  permitted under Federal Rule of Civil Procedure 26.  Charter contends Plaintiffs apply the

28  wrong standard and should not be allowed to engage in what it characterizes as a "fishing

                                        7

1    expedition" because Plaintiffs have not made a prima facie showing that the class certification

2    requirements of Federal Rule of Civil Procedure 23 are met.  Plaintiffs respond that no such

3    showing is required in representative PAGA actions.  The parties repeat their respective points

4    and authorities on this issue throughout the joint statements.  See e.g. ECF Nos. 62-1 and 84.

5              The heart of Charter's argument is the contention that Plaintiffs have not

6    proffered sufficient evidence to sustain their burden.  In the joint statement filed in connection

7    with Plaintiff Harper's motion, Charter argues: "Where, as here, the plaintiff has not presented

8    any evidence, or even factual allegations, of class-wide violations, even if some pre-

9    certification discovery is allowed, courts, have routinely limited class discovery to the

10   plaintiff's location and position."  ECF No. 62-1, pg. 24.  Charter similarly contends in the joint

11   statement filed in connection with Plaintiff Sinclair's motion:

12              . . .Thus, to substantiate his class allegations, Plaintiff must produce
             evidence of some common class-wide policy, practice or treatment
13           resulting in misclassification of all of the various positions in his "outside
             salesperson" class.  But plaintiff has not offered any evidence of statewide
14           policies, practices or treatment establishing such a class wide violation. . . .

15           ECF No. 84, pg. 14.

16   Charter adds: "Where, as here, the plaintiff has not presented any evidence, or even factual

17   allegations, of class-wide violations common to the putative class, if *any* pre-certification

18   discovery is allowed, courts, have routinely limited class discovery to the plaintiff's location

19   and position."  Id. at 16.

20             According to Charter, Plaintiffs improperly ask the Court to infer a prima facie

21   case for class certification solely from the facts alleged in the first amended complaint.  See e.g.

22   id.  This argument, which is common to Charter's response to both the plaintiffs' motions, does

23   not address additional evidence submitted by Plaintiff Sinclair with his motion, which was filed

24   three months after Plaintiff Harper's motion.  Specifically, in connection with Plaintiff

25   Sinclair's motion, Plaintiffs' counsel has submitted new evidence.  See ECF Nos. 64-3, 64-4,

26   and 64-5 (declarations and exhibits attached thereto).  Plaintiffs contend this evidence shows:

27   (1) the positions of Account Executive, Outside Sales Representative, and Direct Sales

28   Representative were all classified as "exempt" and were all subject to the same or substantially

8

1   similar training and employment policies and practices; and (2) these same positions – as well

2   as the position of Retail Sales Associate – were also eligible for commissions pursuant to

3   written commission plans that Charter never actually had employees sign and acknowledge.

4   See ECF No. 84, pgs. 11-12.

5          Given the evidence presented by Plaintiff Sinclair since Plaintiff's Harper's

6   motion was filed, the basis of Charter's broad objection to any statewide pre-certification

7   discovery – the lack of evidence – is moot.  Moreover, Plaintiffs' argument that any

8   requirement for a prima facie Rule 23 showing does not apply in a representative PAGA action

9   is persuasive.  In Hamilton v. Wal-Mart Stores, Inc., the court found that a majority of district

10  courts have not required a Rule 23 showing in representative PAGA actions.  See 2019 WL

11  1949456, at *9 (C.D. Cal. 2019) (observing that the California Supreme Court has held that

12  discovery in PAGA actions is as broad as discovery in class actions).

13         Charter's broad objection to providing any pre-certification statewide discovery

14  whatsoever are overruled.  Plaintiffs are entitled to statewide pre-certification discovery

15  because they have proffered sufficient evidence to show it is warranted and because this is a

16  representative PAGA action.  The Court, however, retains the discretion to limit such

17  discovery, which it will do in this case pursuant to the parties' agreements at the hearing.

18  Specifically, pre-certification statewide discovery will be limited to 10% random samplings,

19  though Charter shall provide a complete contact list as requested.  Responsive documents shall

20  be produced on a rolling basis every two weeks, starting November 2, 2020, and concluding no

21  later than December 10, 2020, as responsive documents are compiled by Charter.

22         The Court next addresses Charter's other objections in response to Plaintiffs'

23  discovery requests.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

9

1      **A.**      <u>**Discovery Propounded by Plaintiff Sinclair**</u>

2      Plaintiff Sinclair's motion concerns his interrogatories, nos. 4-21.  In addition to

3 repeating his argument outlined above, Plaintiff Sinclair contends Charter's boilerplate

4 objections are improper and should be overruled because they do not comply with Rule

5 34(b)(2).  <u>See</u> ECF No. 84, pg. 10.  Charter does not respond to this argument other than to

6 assert its objections are proper.  Rather, it repeats its broad argument outlined above and adds

7 that, as to interrogatories 15-21, which seek the factual bases of Charter's defenses, Plaintiff

8 Sinclair's interrogatories are "vague, ambiguous, overbroad, compound and premature as they

9 relate to possibly hundreds, if not thousands, of employees, in a variety of different positions,

10 each with their own unique facts and circumstances related to the defense at issue."  <u>Id.</u> at 19.

11      1.      <u>Boilerplate Objections</u>

12      Rule 34(b)(2)(B) requires objections to state with specificity both the basis and

13 reasons for an objection.  A review of Plaintiff Sinclair's interrogatories, nos. 4-21, reflects

14 that, for each, Charter "incorporates in full herein its General Objections."  <u>See e.g.</u> ECF No.

15 84-2, pg. 5 (Charter's responses to nos. 4 and 5).  Though Charter listed seven general

16 objections in its response to Plaintiff Sinclair's interrogatories, Charter does not provide

17 specific grounds for objecting to any particular interrogatory.  For example, in response to no.

18 4, Charter incorporates its general objections and further states that the terms "position,"

19 "classified," and "exempt" are vague and ambiguous without explaining why.  <u>See</u> <u>id.</u>

20 Similarly, in response to no. 5, Charter states the terms "positions" and "current and former

21 employees" are vague and ambiguous without explanation.  <u>See</u> <u>id.</u>  In response to no. 15,

22 which seeks the factual bases of Charter's fifth affirmative defense of preclusion, Charter

23 responds that the terms "with respect to," "claims," and "putative class members" are vague and

24 ambiguous without explanation.  <u>See</u> <u>id.</u> at 11.

25      Charter's boilerplate objections are overruled as violating Rule 34(b)(2)(B) and

26 Charter will be required to serve supplemental responses which contain objections which are

27 specific to the interrogatory at issue and which explain why a particular objection is being

28 made.

2. <u>Interrogatories 15-21</u>

These interrogatories ask Charter to state the facts upon which it bases its affirmative various defenses. Without citation to any authority, Charter argues these interrogatories are "improper and objectionable." ECF No. 84, pg. 19. First, Charter repeats its boilerplate objection that certain terms are vague and ambiguous without explaining why. Second, Charter contends Plaintiffs "have not yet articulated which employees are actually included within their several putative classes or definition of aggrieved employees." Id. This puts the cart before the horse in that Plaintiffs' other discovery at issue seeks just that information. Further, the putative classes are defined in the first amended complaint. Finally, Charter must have some factual bases upon which it forms a good faith belief that an affirmative defense is appropriate. Plaintiffs are entitled to know the facts upon which Charter bases its defenses. Charter will be directed to serve supplemental responses.

**B.      Discovery Propounded by Plaintiff Harper**

Plaintiff Harper's motion concerns his interrogatories, set one, nos. 2-7 and requests for production, set one, nos. 7-17, 20, 28, 30, and 32-34. In addition to the board argument outlined above, Plaintiff Harper contends: (1) Charter is engaging in obstruction and delay tactics to prejudice Plaintiffs' ability to obtain class certification; and (2) Charter's boilerplate objections are improper and should be overruled because they do not comply with Federal Rule of Civil Procedure 34(b)(2). See ECF No. 62-1, pgs. 8-10, 18.

1.      <u>Obstruction and Delay</u>

Throughout the litigation to date, the District Judge has set varying deadlines for Plaintiffs' class certification motion. The District Judge has, on the parties' stipulation, modified that deadline. Currently, the deadline for Plaintiffs to file their class certification motion is January 11, 2021. Charter's willingness to stipulate to modifications of this deadline, and given that the deadline is now set well into the future, Plaintiffs' argument that they are being prejudiced by Charter's conduct is unpersuasive.

/ / /

/ / /

1        2.        Boilerplate Objections

2        Rule 34(b)(2)(B) requires objections to state with specificity both the basis and reasons

3   for an objection.  As with its responses to Plaintiff Sinclair's interrogatories, Charter's

4   responses to Plaintiff Harper's interrogatories and requests for production list general

5   objections.  See ECF Nos. 62-3, pgs. 29-30 (responses to Plaintiff Harper's interrogatories) and

6   pgs. 56-57 (responses to Plaintiff Harper's requests for production).  As to each specific

7   discovery request, Charter simply "incorporates in full its General objections."  See e.g. ECF

8   No. 62-3, pg. 57 (Charter's response to Plaintiff Harper's request for production no. 1).

9   Notably, though Charter's general objections to Plaintiff Harper's requests for production cite

10  constitutional privacy concerns, Charter does not specifically explain in response to each

11  request how such concerns are implicated.

12        Charter's boilerplate objections are overruled and Charter will be required to

13  serve supplemental responses which contain objections which are specific to the interrogatory

14  at issue and which explain why a particular objection is being made.

15

16                        **V.  CONCLUSION**

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.        Plaintiffs' motions to compel, ECF Nos. 62 and 78, are granted;

19        2.        Charter's objections are overruled;

20        3.        Charter shall serve supplemental responses to Plaintiffs' discovery

21  requests at issue on or before November 2, 2020;

22        4.        Charter shall provide Plaintiffs a complete contact list; and

23        5.        Charter shall produce responsive documents, reflective of the 10%

24  random sampling described herein, with service of such responses on a rolling basis, every two

25  weeks commending on November 2, 2020, and concluding no later than December 10, 2020.

26  Dated:  October 20, 2020

27        _____
        DENNIS M. COTA

28        UNITED STATES MAGISTRATE JUDGE

                        12