MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California  90071-3132
Telephone: +1.213.612.2500
Facsimile:  +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Zachary W. Shine, Bar No. 271522
zachary.shine@morganlewis.com
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, California  94105
Telephone: +1.415.442.1000
Facsimile:  +1.213.612.2501

Attorneys for Defendant
CHARTER COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendants. | Case No. 2:19-cv-00902-WBS-DMC<br><br>**DECLARATION OF ZACHARY W. SHINE IN SUPPORT OF DEFENDANT CHARTER COMMUNICATIONS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:  February 8, 2021<br>Time:  1:30 p.m.<br>Dept:  Courtroom 5<br>Judge:  Hon. William B. Shubb |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 40045336.1

Case No. 2:19-cv-00902-WBS-DMC
DECLARATION OF ZACHARY W. SHINE

**DECLARATION OF ZACHARY W. SHINE**

I, Zachary W. Shine, hereby declare and state as follows:

1. I am an attorney at law, duly licensed to practice in the state of California and admitted to practice before all courts in the State of California including this Court. I am an associate with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for Defendant Charter Communications, LLC ("Charter") in this action. I make this Declaration in support of Charter's Motion for Summary Judgment or, in the alternative, Summary Adjudication. I have personal knowledge of the facts set forth in this declaration. If I were called as a witness, I could and would testify competently to the facts set forth herein.

2. On October 20, 2020, I deposed Plaintiff Lionel Harper ("Plaintiff" or "Harper"). A true and correct copy of relevant excerpts from the reporter's original transcript of Harper's deposition taken in this matter is attached as **Exhibit A**.

3. On October 22, 2020, I deposed Plaintiff Daniel Sinclair ("Plaintiff" or "Sinclair"). A true and correct copy of relevant excerpts from the reporter's original transcript of Sinclair's deposition taken in this matter is attached as **Exhibit B**.

4. On December 11, 2020, counsel for Plaintiffs deposed Andrea Benner ("Benner"). I was present at the deposition. A true and correct copy of relevant excerpts from the reporter's original transcript of Benner's deposition taken in this matter is attached as **Exhibit C**.

5. On or about April 19, 2018, Harper filed a claim against Charter with JAMS. Harper alleged a number of employment-related claims including, "wrongful dismissal," "violation of exempt employee," "hostile work environment," "non-payment of commission," and "harassment by supervisor." *Id*. A true and correct copy of the claim Harper filed with JAMS, and a string of related emails, is attached as **Exhibit D**.

6. On June 5, 2018, Harper's current counsel, Jamin Soderstrom, sent a letter to Charter requesting Harper's wage statements and personnel records. Although the letter contained a purported "authorization for release of employment records," the authorization was not physically signed by Harper. Rather, it was allegedly executed using "DocuSign." A true and correct copy of the letter sent from Harper's counsel to Charter is attached as **Exhibit E**.

7. On July 3, 2018, I sent an email and letter to Soderstrom advising him that Harper had already initiated the litigation process against Charter. As a result, I informed Soderstrom it was Charter's position that Charter was not obligated to produce Harper's personnel documents pursuant to Labor Code § 1198.5(n). I also stated that because, unlike Labor Code § 1198.5, section 226(b) does not contemplate production of wage statements to a representative of an employee, Charter was requesting that Harper make the request for these records himself. I told Soderstrom that if Charter received a request from Harper himself, it would provide the requested records. A true and correct copy of the July 3, 2018 letter I sent to Soderstrom is attached as **Exhibit F**.

8. On July 7, 2018, Soderstrom responded by disputing Charter's grounds for not immediately producing copies of the requested records and stated, "I also hope Charter will reconsider its positions on Mr. Harper's records and simply forward them on to me directly." On July 18, 2018, I emailed Soderstrom and stated, "[w]e have discussed your request for Mr. Harper's personnel file, and even though he has initiated the litigation process with JAMS, we will produce the file to you. Additionally, although we still maintain that Mr. Harper must request documents pursuant to Section 226 and 432 himself, as a courtesy, we will gather these documents and produce them to you as well." I requested that Soderstrom, "[p]lease allow a week or so for the client to locate and provide the requested documents." Soderstrom did not object to Charter's request to produce the documents in a week. A true and correct copy of an email chain between me and Soderstrom, an email from Harper to Charter's in-house counsel, and an email from Harper to me, is attached as **Exhibit G**.

9. On July 23, 2018, Charter's in-house counsel, Greg Drake, received an email directly from Harper, in which Harper stated, "I would like to give Charter the opportunity to work with me directly in resolving my dispute with them. I would be interested in working with Charter directly or via mediation. I am not interested in arbitration." Harper expressly stated, "I do not currently have representation but have a couple on hold who are willing to pursue the matter through the court system if we are unable to handle the matter on our own." The following day, Drake forwarded the email to counsel at Morgan Lewis. I immediately called and emailed

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 40045336.1

2

DECLARATION OF ZACHARY W. SHINE

Case No. 2:19-cv-00902-WBS-DMC

Soderstrom stating, "Charter received an email from Mr. Harper yesterday indicating he is not currently represented. We would like to get some clarification from you regarding whether or not you are representing Mr. Harper. Please give me a call when you have a chance." Rather than call to explain the confusion, Soderstrom responded by email two days later, simply stating, "Yes, I can confirm I am representing Mr. Harper. Please continue to communicate with me going forward and send the documents when you have a chance." On July 30, 2018, I responded, and requested that, "since Mr. Harper just wrote to our client last week stating he was not represented ("I do not currently have representation"), will you please send us something in writing, signed by Mr. Harper, confirming you are now representing him." I explained, "[s]ince we're dealing with his private personnel and financial information, we need this confirmation."

10. Two weeks later, on August 13, 2018, Soderstrom finally responded, stating, "[h]ere's a redacted agreement with an updated date to avoid any further questions and to confirm that represent [sic] I represent Mr. Harper." The "redacted agreement" was almost entirely blacked out and provided no discernable information about representation. As such, I responded, stating, "[w]e appreciate you sending this, but what we really need is a written document stating that you represent him. Since this document is almost entirely blacked out, it does not get us anywhere." I explained, "[w]e are not trying to be difficult, but based on Mr. Harper's recent representations to our client, we need this written confirmation. Something as simple as, 'Mr. Soderstrom represents me with regard to my _____ claims against _____,' and signed by Mr. Harper, would be sufficient." I advised, "[o]nce we receive that, we can start sending you the requested documents." For some reason, Soderstrom pushed back in response to this simple request, and argued the entirely redacted letter and initial electronic "authorization" should suffice. I responded, again explaining, "with the entire letter redacted, we cannot tell what it says." I again clarified, "[w]e just need to see something in writing, signed by Mr. Harper, confirming you are representing him." I reminded Soderstrom, "I understand you provided the authorization initially, but that was before Mr. Harper informed our client that you do not represent him."

///

11. Finally, on August 29, 2018, Harper emailed me directly and stated Soderstrom now represented him regarding his employment-related claims against Charter. Six days (four business days) later, Charter produced copies of Harper's wage statements and personnel file.

12. On November 19, 2018, Harper filed what he referred to as a "demand for arbitration" with JAMS. Harper voluntarily filed his "demand for arbitration" without a Court order compelling arbitration and without a tolling agreement in place. However, Harper did not actually pursue arbitration of any of his claims. Rather, in his initial filing, he vociferously argued his claims were *not* arbitrable. He maintained, "the arbitration agreement is null and void" "for lack of jurisdiction" and demanded to pursue all of his claims, including his PAGA claim, "in court" *rather than* in arbitration. A true and correct copy Harper's "demand for arbitration" is attached as **Exhibit H**.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of December, 2020, at San Francisco, California.

_____
Zachary W. Shine

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 40045336.1

4

DECLARATION OF ZACHARY W. SHINE

Case No. 2:19-cv-00902-WBS-DMC