UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>    Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: DEFENDANT'S REQUEST TO SEAL DOCUMENTS; PLAINTIFFS' REQUEST TO SEAL DOCUMENTS |

----oo0oo----

Plaintiffs Lionel Harper and Daniel Sinclair brought this putative class action against defendant Charter Communications, LLC ("Charter") alleging various violations of the California Labor and Business and Professions Code. (See First Am. Compl. ("FAC") (Docket No. 45).) Both Charter and plaintiffs have filed requests to seal documents in support of their filings related to Charter's Motion for Summary Judgment. (See Def.'s Req. to Seal Docs. (Docket No. 96-1); Pls.' Req. to

1

Seal Docs. (Docket No. 99-1).)

I.   Charter's Request

Charter requests that the court seal the following documents:

>   1. Documents related to the training provided to Account Executives, which are Exhibit A to the Declaration of Andrea Benner ("Benner Declaration") in support of Charter's Motion;
>
>   2. Signed commission plan that applied to Plaintiff Lionel Harper during his employment with Charter, which is attached as Exhibit D to the Benner Declaration;
>
>   3. Signed commission plans that applied to Plaintiff Daniel Sinclair during his employment with Charter, which are attached as Exhibit F to the Benner Declaration;
>
>   4. The Synygy training Charter provided to Account Executives, which is attached as Exhibit G to the Benner Declaration;
>
>   5. Charter's "Standards of Performance", which is attached as Exhibit H to the Benner Declaration;
>
>   6. The October 19, 2015 corrective action issued to Plaintiff Daniel Sinclair, which is attached as Exhibit I to the Benner Declaration;
>
>   7. The April 4, 2016 corrective action issued to Plaintiff Daniel Sinclair, which is attached as Exhibit J to the Benner Declaration;
>
>   8. The Incident Investigation Report, which is attached as Exhibit K to the Benner Declaration;
>
>   9. The January 5, 2018 written corrective action issued to Plaintiff Lionel Harper, which is attached as Exhibit M to the Benner Declaration; and
>
>   10. The Incident Investigation Report and further corrective action related to Plaintiff Lionel Harper's subpar performance, which is attached as Exhibit N

2

1        to the Benner Declaration.
2   (Def.'s Req. to Seal Docs. (Docket No. 96-1).)
3        A party seeking to seal a judicial record bears the
4   burden of overcoming a strong presumption in favor of public
5   access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
6   1178 (9th Cir. 2006).  The party must "articulate compelling
7   reasons supported by specific factual findings that outweigh the
8   general history of access and the public policies favoring
9   disclosure, such as the public interest in understanding the
10  judicial process."  Id. at 1178-79 (citation omitted).  In ruling
11  on a motion to seal, the court must balance the competing
12  interests of the public and the party seeking to keep records
13  secret.  Id. at 1179.
14       Defendant argues that the above-listed documents should
15  be sealed because (1) Charter has designated the documents as
16  confidential and subject to the parties' Stipulation and
17  Protective Order (Docket No. 43); (2) the content of the
18  documents includes confidential and proprietary information,
19  including Charter's internal training documents and other
20  employee policies, commission plans and other sales-related
21  documents; (3) Charter has maintained such documents as
22  confidential as part of its regular business practices; and (4)
23  there is no clear public interest in publicly disclosing the
24  information contained in these documents.
25       This court has previously pointed out that a
26  confidentiality agreement between the parties does not per se
27  constitute a compelling reason to seal documents that outweighs
28  the interests of public disclosure and access.  See Feb. 5, 2016

3

1 | Order at 3, Wilson v. Conair Corp., Civ. No. 1:14-cv-00894; Oct.
2 | 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib.,
3 | Civ. No. 2:13-1754; Sept. 3, 2015 Order at 3, Foster Poultry
4 | Farms, Inc. v. Certain Underwriters at Lloyd's, London, Civ. No.
5 | 1:14-00953; Sept. 18, 2015 Order at 2, Rosales v. City of Chico,
6 | Civ. No. 2:14-02152.  The fact that the assigned magistrate judge
7 | signed the stipulated protective order does not change this
8 | principle.
9 |      Beyond its contention that the documents are subject to
10 | the parties' Stipulation and Protective Order, Charter offers the
11 | general assertion that the content of the documents includes
12 | confidential and proprietary information, including Charter's
13 | internal training documents and other employee policies,
14 | commission plans, and other sales-related documents.  However,
15 | Charter provides no further guidance as to what sensitive
16 | information these internal training documents, commission plans,
17 | or "other sales-related documents" contain that would merit an
18 | order sealing the documents from public view.  The documents
19 | defendant has submitted to the court total 211 pages; it is not
20 | the court's burden to parse this substantial amount of material
21 | to determine which portions contain sensitive information.  See
22 | Foster Poultry Farms, Inc. v. Certain Underwriters at Lloyd's,
23 | London, Civ. No. 1:14-00953 WBS SAB, 2015 WL 5608241, at *2 (E.D.
24 | Cal. Sep. 23, 2015).
25 |      The court therefore finds that Charter has not provided
26 | a compelling reason to shield the submitted documents from public
27 | scrutiny.  Accordingly, the court must deny Charter's request to
28 | seal.  See Kamakana, 447 F.3d at 1178.

II.  <u>Plaintiffs' Request</u>

Plaintiffs request that the court seal the following documents:

> 1. Business Account Executive job description, which is Exhibit 5 to the Soderstrom Declaration;
>
> 2. Account Executive job description, which is Exhibit 6 to the Soderstrom Declaration;
>
> 3. Charter's August 22, 2017 "Standards of Performance," which is Exhibit 8 to the Soderstrom Declaration;
>
> 4. Charter's July 2017 "Timekeeping Policy," which is Exhibit 9 to the Soderstrom Declaration;
>
> 5. Charter's December 2016 BAE New Hire Training "Participant Guide," which is Exhibit 10 to the Soderstrom Declaration;
>
> 6. Charter's January 2017 New Hire Training "Participant Guide," which is Exhibit 11 to the Soderstrom Declaration;
>
> 7. Charter's January 2017 Account Executive New Hire "Spectrum Sales Success Process," which is Exhibit 12 to the Soderstrom Declaration;
>
> 8. Charter's November 2014 Sales New Hire "Participant Playbook," which is Exhibit 13 to the Soderstrom Declaration;
>
> 9. Excerpts of a spreadsheet showing Sinclair's commission payments, which is Exhibit 14 to the Soderstrom Declaration;
>
> 10. Charter's October 22, 2017 Commission Plan Addendum with Amended "Attachment A" commissions schedule, which is Exhibit 16 to the Soderstrom Declaration;
>
> 11. Harper's Salesforce "Leads List Report," which is Exhibit 17 to the Soderstrom Declaration; and

(Pls.' Req. to Seal Docs.)

Plaintiffs offer almost exactly the same four reasons why these documents should be sealed as Charter.  (<u>See</u> <u>id.</u>) Plaintiffs merely add "Charter's actual and potential customers" as an example of proprietary information purportedly contained

1  within the documents.  (See id.)  Like Charter, plaintiffs
2  provide the court with 203 pages of documents with little
3  guidance as to which portions contain sensitive information.
4  Accordingly, for the same reasons articulated above, the court
5  must deny plaintiffs' request to seal.  See Kamakana, 447 F.3d at
6  1178.
7           IT IS THEREFORE ORDERED that Charter and plaintiffs'
8  request to seal documents (Docket Nos. 96, 99) be, and the same
9  hereby are, DENIED.
10 Dated:  February 12, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6