UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>　　　　Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER |

----oo0oo----

On April 4, 2021, plaintiffs filed a Motion for Class Certification, and noticed it for hearing on June 1, 2021. (Docket No. 115.) Pursuant to a stipulated amendment to the court's scheduling order, defendant Charter Communications, LLC ("Charter") must file its Opposition to plaintiff's Motion no later than May 3, 2021. (Docket No. 104.) On April 16, 2021, plaintiffs filed a separate Motion for Leave to File a Second Amended Complaint. (Pl.'s Mot. to Modify the Scheduling Order &

1

for Leave to File a Second Amended Complaint ("Pl.'s Mot. for Leave to File SAC") (Docket No. 121).)  This Motion is also set for hearing on June 1, 2021, and Charter's Opposition is due May 18, 2021, fifteen days after its Opposition to plaintiffs' Motion for Class Certification is due.  (Id.)  Charter has filed an ex parte application to vacate the hearing on plaintiffs' Motion for Class Certification until their Motion to File a Second Amended Complaint has been resolved.  (Docket No. 123.)

Plaintiffs' Motion for Leave to File a Second Amended Complaint seeks to add three additional named plaintiffs, all of whom allegedly held different positions at Charter than the named plaintiffs in the operative complaint, Lionel Harper and Daniel Sinclair (i.e., "Direct Sales Reps" as opposed to "Account Executives").  (See Pl.'s Mot. for Leave to File SAC at 8, 10.) Plaintiff's Motion also seeks to amend the class allegations, class definitions, and allegations regarding Harper and Sinclair's personal claims.  (See generally id.)

Because the court will have to assess whether the claims of the named plaintiffs in this case are typical of those of the proposed class, and whether the named plaintiffs will fairly and adequately protect the interests of the class, when it evaluates plaintiffs' Motion for Class Certification, see Fed. R. Civ. P. 23(a)(3)-(4), the court's analysis (and the content of Charter's Opposition) will necessarily depend on the outcome of plaintiffs' Motion for Leave to File a Second Amended Complaint. See Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) ("certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a)

have been satisfied" (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011))).

        IT IS THEREFORE ORDERED that the hearing on plaintiffs' Motion for Class Certification (Docket No. 115) be, and the same hereby is, VACATED, subject to the motion being renewed after the court has resolved plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 121).

Dated:  April 22, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE