UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER and DANIEL SINCLAIR, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |

----oo0oo----

Plaintiffs Lionel Harper and Daniel Sinclair brought this putative class action against their former employer, Charter Communications, alleging various violations of the California Labor Code. Among other things, plaintiffs allege that Charter misclassified them and other California employees as "outside salespersons," failed to pay them overtime wages, failed to

1

provide meal periods or rest breaks (or premium wages in lieu thereof), and provided inaccurate wage statements. (See generally First Amended Complaint ("FAC") (Docket No. 45).) Plaintiffs now move to modify the scheduling order and for leave to amend their complaint. (Mot. for Leave to Amend (Docket No. 121).)

I. Factual Background

Charter is a broadband connectivity company and cable operator serving business and residential customers under the Spectrum brand, among others. Harper and Sinclair worked as small/medium sized business Account Executives ("AEs") at Charter's Redding, California location. Charter classifies AEs as "exempt" employees.

Plaintiffs claim that Charter erroneously classified them as exempt employees by mistakenly classifying them as "outside salespersons." See Cal. Code Regs. tit. 8, § 11070. Under California law, "outside salespersons" are exempt from overtime, minimum wage, meal period, and rest period requirements. See Cal. Lab. Code § 1171. Importantly, under California case law, employees are only subject to the outside salesperson exception if their employer actually had an expectation that they spend more than half their time outside the office engaged in sales activities, and if that expectation was reasonable. See Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 790 (Cal. 1999). Plaintiffs' claim is essentially that Charter did not have an expectation that they spend 50% of their time outside of the office both during and after their training weeks, and even if it did, that expectation was unreasonable given the

2

number of tasks Charter expected them to complete that required them to be in the office. (See generally FAC.)

Plaintiffs' claims of failure to pay overtime wages, failure to provide meal periods or rest breaks (or premium wages in lieu thereof), and failure to provide accurate wage statements are derivative of their misclassification claim. Because Charter misclassified them, plaintiffs contend, Charter necessarily failed to pay them overtime and failed to provide necessary rest and meal breaks. (See generally FAC.) Plaintiffs further claim that Charter failed to pay them commission wages to which they were entitled, and provided them with inaccurate and misleading wage statements.[1] (Id.)

Plaintiffs seek to represent two classes of Charter employees: all California employees who were classified as exempt outside salespersons, and all persons employed by Charter in California who were paid commission wages. (See FAC ¶ 12.)

## II. Procedural Background

Plaintiff Harper filed his initial complaint in Shasta County Superior Court on May 3, 2019. Charter removed the case to this court on May 17, 2019. (Docket No. 1.) Harper sought leave to amend his complaint and add another named plaintiff, Daniel Sinclair, on October 30, 2019. The court granted Harper's request on December 13, 2019. (See FAC (Docket No. 45).)

The court issued a pretrial scheduling order on October 9, 2019. (Docket No. 34.) The parties amended the scheduling

---

[1] Plaintiffs also claim that Charter failed to pay them all wages owed upon termination, failed to provide them with employment records, and violated the California UCL and PAGA. (See generally FAC.)

3

order via stipulation on six occasions: on January 29, May 4, June 25, September 17, and December 11, 2020, and again on January 29, 2021. (Docket Nos. 49, 59, 69, 82, 91, 102.) On December 18, 2020, Charter filed a motion for summary judgment. The court denied most of Charter's motion on February 16, 2021, holding that triable issues of fact existed as to the majority of plaintiffs' claims, including whether plaintiffs were misclassified as "outside salespersons."

On April 4, 2021, pursuant to the deadline specified in the court's operative pretrial scheduling order (Docket No. 104), plaintiffs filed a motion for class certification, set for hearing on June 1, 2021. (See Motion for Class Certification (Docket No. 115).) This motion included declarations by three "Direct Sales Reps" ("DSRs") who worked for Charter's Irwindale, Bakersfield, and Anaheim locations--Hassan Turner, Luiz Vazquez, and Pedro Abascal. After receiving the motion, Charter requested plaintiffs provide available dates for Charter to depose the three DSRs. (Decl. of Jamin Soderstrom ("Soderstrom Decl.") ¶ 9 (Docket No. 121-1).) The parties agreed that the depositions of the DSRs would go forward on April 22 and 27, 2021. (Id.)

On April 16, 2021, plaintiffs filed the instant motion to modify the scheduling order and for leave to file a Second Amended Complaint. (See Mot. for Leave to Amend.) Plaintiffs' motion makes a number of changes to the complaint's factual allegations, amends the class and subclass definitions, and seeks to add Turner, Vazquez, and Abascal as named plaintiffs. (See generally id.) Plaintiffs emphasize that, though their proposed Second Amended Complaint adds three named plaintiffs, it does not

4

materially expand or change the scope of the operative complaint's claims and allegations, as the putative class in the operative complaint already includes all California Charter employees classified as exempt outside salespersons (not just AEs). The proposed complaint adds additional allegations regarding the plaintiffs' required tasks which indicate why they were misclassified as outside salespersons. (See Proposed Second Amended Complaint ("SAC") (Docket No. 121-2).) Evidence of most, if not all, of these tasks was collected in discovery and discussed in the parties' briefs regarding Charter's motion for summary judgment. (See Docket Nos. 93, 98, 103.) The Proposed Second Amended Complaint also offers two additional theories of liability for plaintiffs' claim that Charter's commission wage statements were defective, makes a number of changes to plaintiffs' proposed subclasses, and focuses the outside salesperson class allegations on the employees' training weeks. (See Proposed SAC.)

Three days after plaintiffs filed their motion, Charter applied ex parte to stay the court's consideration of plaintiffs' motion for class certification until this motion has been decided. (Docket No. 123.) The court granted Charter's ex parte application, ordering that the hearing date for plaintiffs' motion for class certification be vacated until the court rules on the instant motion. (Docket No. 127.)

III. Discussion

Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, which establishes a timetable for amending pleadings, that rule's

standards control the court's analysis of whether leave to amend a pleading should be granted. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. See Johnson, 975 F.2d at 609. If that party was not diligent, the inquiry should end. See id.

Plaintiffs argue that good cause exists to amend their complaint because they did not obtain evidence needed to confirm their allegations, as well as the legal and factual basis to join new employees who held different positions (such as DSRs), until recently. Plaintiffs represent that they needed to obtain additional evidence concerning Charter's classification of other positions (including DSRs), training courses, commission agreements, wage statements, and applicable arbitration agreements in order to anticipate the arguments Charter would likely make in opposition to their motion for class certification. (See Soderstrom Decl. ¶ 5.) Because of a long-running series of discovery disputes between the parties, which led to plaintiffs filing five motions to compel (Docket Nos. 47, 57, 62, 78, 117) and one motion for sanctions (Docket No. 100), plaintiffs represent that they were unable to obtain documents from Charter related to positions other than Harper and Sinclair until the early part of 2021, and that plaintiffs were unable to

schedule depositions of Charter employees who could testify as to Charter's classification of other positions, training, commission agreements, and wage statements until March 2021. (See Soderstrom Decl. ¶¶ 6-9.)

Despite Charter's prior representations that it did not possess any relevant documents, Charter finally produced (in response to an order by the magistrate judge) documents pertaining to its training materials and arbitration agreements with other employees, such as DSRs, in February 2021. (Id.; Supplemental Decl. of Jamin Soderstrom ("Soderstrom Supp. Decl.") ¶ 5 (Docket No. 139-1).) Plaintiffs also obtained declarations from four DSRs in early April 2021 which supported plaintiffs' allegations that DSRs were also subject to the same classification, training, and commission-related practices as AEs and "several other positions." (See Soderstrom Decl. ¶¶ 6-9.) Plaintiffs contend that, because they filed their motion for leave to amend shortly thereafter, on April 16, 2021, they acted with sufficient diligence under Rule 16.

In response, Charter points out that plaintiff's counsel has represented one of the proposed new named plaintiffs, Hassan Turner, since at least April 8, 2020, when counsel requested Turner's employment records from Charter. As for the other proposed plaintiffs, Vazquez and Abascal, Charter argues that plaintiffs have known of their identities since at least December 2020, and their failure to move for leave to amend the complaint to add them as plaintiffs until April 2021, two weeks after filing a motion for class certification and after Charter had requested to depose the proposed named plaintiffs,

demonstrates a lack of diligence.

While Charter correctly suggests that plaintiffs should have moved to amend their complaint before moving to certify the class, the court has already delayed consideration of plaintiffs' motion for class certification until this motion is resolved. Plaintiffs also point out that, had they moved to amend their complaint prior to the resolution of Charter's motion for summary judgment (filed in December 2020, and decided on February 16, 2021), they would have been subject to a higher standard under Ninth Circuit law. See PowerAgent Inc. v. U.S. Dist. Ct., 210 F.3d 385 (9th Cir. 2000) (courts "may require a showing of substantial and convincing evidence supporting the proposed amendment before allowing leave to amend [while a motion for summary judgment is pending], because a court may be concerned that a plaintiff may simply be maneuvering to stave off termination of the lawsuit").

According to plaintiffs' counsel, though he requested Turner's employment records in April 2020, Turner did not want to join a publicly filed class action as a named plaintiff at that time, and did not agree to serve as a class representative until April 2021. (Soderstrom Supp. Decl. ¶ 8.) Because plaintiffs have only recently obtained documentary and testimonial evidence related to other positions at Charter, including DSRS, and represent that counsel was only recently able to obtain supporting declarations and agreement from the three proposed plaintiffs to represent them as class representatives, the court finds that plaintiffs have provided sufficient evidence of their diligence to satisfy Rule 16's good cause standard. See Johnson,

975 F.2d at 609.

Charter next argues that plaintiffs cannot show that there is good cause to amend the complaint because their proposed amendments are unnecessary. Specifically, Charter argues that (1) amendments to allegations that are merely meant to "clarify" or "update" existing claims, without adding new substantive claims, are unnecessary, (2) amendments to the class definitions are unnecessary because the court will determine the proper class definition when evaluating plaintiffs' motion for class certification, and (3) that there is no need to add three additional class representatives when the two existing class representatives would suffice.

In similar situations where a plaintiff's proposed amendments would not add any additional claims against a defendant, but rather merely set forth additional evidence of existing claims, some courts have held that good cause to amend does not exist under Rule 16 because such amendments are "unnecessary."[2] See, e.g., In re Rocket Fuel Inc. Securities Litigation, No. 14-cv-03998-PJH, 2017 WL 344983, *3 (N.D. Cal. Jan. 24, 2017). Here, plaintiffs do not explain why or how the proposed amendments to their factual allegations would materially advance their case, besides stating that they have an obligation

---

[2] Other courts have considered the necessity of proposed amendments under Rule 15's "futility" factor. See, e.g., Allergan, Inc. v. Athena Cosms., Inc., No. SACV 07-1316 JVS, 2012 WL 12898000, at *2 (C.D. Cal. Dec. 5, 2012). Regardless of which Rule the court considers necessity under, because both Rules 15 and 16 must be satisfied to grant leave to amend, a showing that an amendment is unnecessary would be sufficient to deny leave to amend. See, e.g., In re Rocket Fuel, 2017 WL 344983, at *3; Allergan, 2012 WL 12898000, at *2.

9

to re-evaluate their pleadings in light of prior court orders that have been issued since their complaint was last amended (the court has not ordered plaintiffs to amend or alter their complaint in any way). (See Pls.' Reply at 13 (Docket No. 139).) Nor do plaintiffs explain why their proposed amendments to their class definitions are necessary. However, for its part, Charter does not explain what harm there would be in allowing plaintiffs to amend their class definitions, when the question will ultimately be evaluated at the class certification stage anyway.

As for the addition of the three proposed plaintiffs, Charter points to a statement from plaintiffs' motion in which they seemingly admit that they "do not need to substitute class representatives in order for the court to certify their proposed classes and subclasses." (See Mot. for Leave to Amend at 12 (emphasis in original).) Plaintiffs clarify in their reply, however, that evidence provided by Charter in February 2021 showing certain differences in Charter's training materials and wage statements for AEs and DSRs has revealed a "potential" need to add DSRs as class representatives. (See Soderstrom Supp. Decl. ¶ 6.) Plaintiffs' counsel also noted at oral argument that the proposed DSR plaintiffs may be more typical representatives of certain members of the putative class because they were purportedly subject to different arbitration agreements than Harper and Sinclair.

While Charter does not contend that Sinclair was subject to any arbitration agreements, and, as the court has previously held, Harper's claims in this matter were governed by the JAMS arbitration agreement (Docket No. 24), Charter contends

that the proposed plaintiffs were subject to the "Solutions Channel" arbitration agreement. (See Charter's Opp'n at 11, 23 (Docket No. 138).) Therefore, although plaintiffs believe that they are adequate and typical class representatives, they contend that adding three additional DSR class representatives would allow them to prospectively address arguments Charter is likely to raise in opposition to their class certification motion, including that Harper and Sinclair are not adequate or typical representatives of putative class members who were subject to the Solutions Channel arbitration agreement. See Morgan v. Laborers Pension Trust Fund for N. Cal., 81 F.R.D. 669, 673 (N.D. Cal. 1979) (granting leave to amend to add additional class representatives "to provide the court with both a broader and a more representative sample of factual situations relating to the class allegations").

The court agrees with plaintiffs that adding the three proposed plaintiffs would seem to advance their case by allowing the court to evaluate whether the three proposed plaintiffs are adequate and typical representatives of the class. These amendments are therefore not "unnecessary," see In re Rocket Fuel Inc. Securities Litigation, 2017 WL 344983, at *3, and good cause exists to amend the complaint by adding the three proposed named plaintiffs. Because Charter has not shown that plaintiffs' other proposed amendments would prejudice it, the court will also permit plaintiffs to amend the complaint's factual allegations and class definitions. See Johnson, 975 F.2d at 609 ("the existence or degree of prejudice to the party opposing the modification [to the scheduling order] might supply additional

```
 1  reasons to deny a motion").
 2          For the same reasons, discussed above, that the court
 3  finds good cause to allow the proposed amendments under Rule 16,
 4  the court also finds that the liberal standards set forth in
 5  Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051,
 6  1055 n.3 (9th Cir. 2009), support granting leave to amend under
 7  Rule 15.
 8          IT IS THEREFORE ORDERED that plaintiffs' motion to
 9  modify the scheduling order and for leave to file a Second
10  Amended Complaint (Docket No. 121) be, and the same hereby is,
11  GRANTED.  Plaintiffs are directed to file the Proposed Second
12  Amended Complaint attached to their motion (Docket No. 121-2)
13  within five days of the issuance of this Order.
14          IT IS FURTHER ORDERED THAT plaintiffs withdraw their
15  motion for class certification (Docket No. 115) and file a new
16  motion which reflects the addition of Hassan Turner, Luis
17  Vazquez, and Pedro Abascal as named plaintiffs and class
18  representatives on or before July 12, 2021.  If the parties wish
19  to stipulate to a briefing schedule and/or hearing date for
20  plaintiffs' motion for class certification, as well as further
21  modifications to the court's Status (Pretrial Scheduling) Order
22  (see Docket Nos. 34, 104), they may submit a stipulation for the
23  court's approval on or before June 28, 2021.
24  Dated:  June 3, 2021
                                WILLIAM B. SHUBB
                                UNITED STATES DISTRICT JUDGE
```