**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | Case No. 2:19-cv-00902-WBS-DMC<br><br>Hon. William B. Shubb<br><br>**ORDER GRANTING STIPULATION AND JOINT REQUEST TO MODIFY SCHEDULING ORDER** |

| | |
|---|---|
| 1 | Having read and considered the Stipulation and Joint Request to Modify Scheduling Order |
| 2 | ("Stipulation") submitted by Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis |
| 3 | Vazquez, and Pedro Abascal ("Plaintiffs") and Defendant Charter Communications, LLC |
| 4 | ("Charter") (collectively, the "Parties"), the Court finds **GOOD CAUSE** to modify the Status |
| 5 | (Pretrial Scheduling) Order, Dkts. 34 and 104, and hereby **GRANTS** the Stipulation as follows: |

WHEREAS, on October 9, 2019, the Court issued an initial scheduling order (Dkt. 34 ("Scheduling Order")).

WHEREAS, subsequently, the Court approved several stipulations and joint requests and modified the dates and deadlines in the Scheduling Order (Dkts. 52, 60, 70, 83, 92, and 104).

WHEREAS, Charter filed a Motion to Compel Arbitration of Lionel Harper's Individual Claims and Stay Action (Dkt. 140) on May 28, 2021, with a hearing date of August 23, 2021. Charter agrees to either (i) withdraw this motion without prejudice and re-file it by July 9, 2021, with a hearing date of October 4, 2021 or (ii) re-notice this motion with a hearing date of October 4, 2021.

WHEREAS, pursuant to the Court's Order (Dkt. 146), Plaintiffs filed a Second Amended Complaint on June 4, 2021, adding Plaintiffs Turner, Vazquez, and Abascal as named parties and proposed class representatives in this action.

WHEREAS, the Parties have stipulated to extend Charter's deadline to answer, move, or otherwise respond to the Second Amended Complaint to July 9, 2021 (Dkt. 153).

WHEREAS, the Parties have already conducted some individual, class, and representative PAGA discovery in this action, some of which remains outstanding, and the Parties are meeting and conferring on such discovery.

WHEREAS, Plaintiffs Harper, Turner, Vazquez, and Abascal served additional discovery requests on Charter on June 2 and June 7, 2021, responses to which are currently due on or before July 2 and 7, 2021, respectively.

WHEREAS, Charter has not yet served discovery on or taken discovery from the newly added Plaintiffs, but it intends to do so pursuant to this Stipulation.

WHEREAS, Charter retained new counsel on or about June 11, 2021 to represent it in this action, and the undersigned counsel for Charter substituted in for prior counsel on June 16, 2021 (Dkts. 151 and 152).

WHEREAS, Plaintiffs filed their Renewed Motion to Certify Class on June 14, 2021, with a hearing date of July 26, 2021. Plaintiffs agree to either (i) withdraw this motion without prejudice and re-file it by July 9, 2021, with a hearing date of October 4, 2021 or (ii) re-notice this motion with a hearing date of October 4, 2021.

WHEREAS, Charter intends to file a Motion to Compel Arbitration of Plaintiffs Turner's, Vazquez's, and Abascal's Individual Claims and Stay Action, which it agrees to file on or before August 6, 2021 (collectively with Charter's Motion to Compel Arbitration of Harper's Individual Claims and Stay Action, the "Motions to Compel Arbitration").

WHEREAS, the Parties previously submitted for approval, and the Court approved, a Stipulated Protective Order providing that disclosure and discovery activity in this action could be used for prosecuting the claims and defenses in this litigation and in any related arbitrations (Dkt. 43 ¶ 1).

WHEREAS, Plaintiffs and Charter have met and conferred and agree, for purposes of efficiency and judicial economy and pursuant to the Stipulated Protective Order, that any disclosure and discovery activity conducted by the Parties in this action prior to the Court's ruling on Charter's Motions to Compel Arbitration shall be without prejudice to or waiver of: (1) Charter's right to seek to compel arbitration of some or all of Plaintiffs' and/or putative class members' claims; (2) Plaintiffs' and putative class members' right to oppose arbitration and to argue that the relevant agreements were not properly formed, are unenforceable in whole or in part, and/or do not cover or apply to some or all of their claims; or (3) the right to use such discovery and to take additional discovery in arbitration in the event some or all of Plaintiffs' or putative class members' claims are compelled or otherwise submitted to arbitration (subject to the terms of the Stipulated Protective Order, the applicable arbitration agreement(s), and the arbitrators' powers and discretion).

1 WHEREAS, Plaintiffs agree that Charter shall not be deemed to have waived, and that Plaintiffs will not argue that Charter has waived, any rights it has or may have to compel Plaintiffs Harper, Turner, Vazquez, or Abascal, or any members of the putative class, to arbitrate some or all of their claims by virtue of Charter's participation in this action, through discovery or otherwise (including, without limitation, propounding written discovery, taking depositions, responding to discovery propounded by Plaintiffs, making disclosures and producing documents/ESI, and making witnesses available for depositions), prior to the Court's ruling on Charter's Motions to Compel Arbitration.

WHEREAS, the Parties agree that, if the Court rules that some or all of Plaintiffs' or putative class members' claims against Charter must be arbitrated, then any discovery exchanged or conducted in this action prior to the Court's ruling may be used to prosecute or defend against such claims in arbitration (subject to the terms of the Stipulated Protective Order, the applicable arbitration agreement(s), and the arbitrators' powers and discretion).

WHEREAS, by entering into this Stipulation and agreeing to the proposed modified case schedule set forth below, including by agreeing to set Plaintiffs' Renewed Motion for Class Certification and Charter's Motions to Compel Arbitration (and any other interim motions that may be filed by the Parties) for the same hearing date: (1) Plaintiffs do not agree or concede that the Court should rule on Charter's Motions to Compel Arbitration before or at the same time as Plaintiffs' Renewed Motion for Class Certification; and (2) Charter does not agree or concede that the Court should rule on Plaintiffs' Renewed Motion for Class Certification before or at the same time as Charter's Motions to Compel Arbitration. Plaintiffs expressly reserve all rights and arguments they have that the Court should decide class certification before deciding Charter's Motions to Compel Arbitration, and Charter expressly reserves all rights and arguments it has that the Court should decide whether some or all of Plaintiffs' claims are required to be arbitrated before deciding Plaintiffs' Renewed Motion for Class Certification.

WHEREAS, the Parties have met and conferred and agree that, for judicial economy, and good cause showing, the Court should approve this Stipulation in its entirety and modify the Scheduling Order in this action as shown in the table below.

Based on the foregoing, to allow Charter's current counsel sufficient time to obtain the complete case file from Charter's prior counsel, review same, and prepare Charter's defenses and arguments, and to permit the Parties to continue the pending discovery and to conduct additional discovery related to Plaintiffs' Renewed Motion to Certify Class and Charter's Motions to Compel Arbitration, including but not limited to additional depositions and continuing document/ESI production and disclosures, the Court **ORDERS** as follows:

1. The Parties' stipulation and agreement described above with respect to the discovery conducted in this action is approved. Charter shall not be deemed to have waived any rights it may have to arbitrate some or all of Plaintiffs' or putative class members' claims by virtue of its participation in this action, through discovery or otherwise, prior to the Court's ruling on Charter's Motions to Compel Arbitration.

2. If the Court rules that some or all of Plaintiffs' or putative class members' claims against Charter must be arbitrated, then any discovery exchanged or conducted in this action prior to the Court's ruling may be used to prosecute or defend against such claims in arbitration, subject to the terms of the Stipulated Protective Order, the applicable arbitration agreement(s), and the arbitrators' powers and discretion.

3. By entering into this Stipulation and asking the Court to schedule the hearing of the Parties' respective motions for the same date, the Parties do not concede or waive any arguments they may have that the Court should rule on certain motions or issues first and delay or defer ruling on other motions or issues. The Parties may address the order in which they believe the Court should consider and rule on such motions or issues in their briefing.

4. The current Scheduling Order (Dkt. 104) is hereby modified as follows:

| Event | Current date/deadline | Modified date/deadline |
| --- | --- | --- |
| Deadline for Charter to answer, move, or otherwise respond to the Second Amended Complaint. If Charter files a motion, the briefing and hearing schedule shall be the same as Charter's Motions to Compel Arbitration | July 9, 2021 | July 9, 2021 |

| Deadline for Charter to (i) withdraw without prejudice and re-file or (ii) file a notice resetting the hearing on its Motion to Compel Arbitration of Harper's Individual Claims and Stay Action (Dkt. 140) for hearing on October 4, 2021 at 1:30pm, and for Plaintiffs to (i) withdraw without prejudice and re-file or (ii) file a notice resetting the hearing on their Renewed Motion for Class Certification (Dkt. 149) for October 4, 2021 at 1:30pm | N/A | July 9, 2021 |
|---|---|---|
| Deadline for Charter to File a Motion to Compel Arbitration of Plaintiffs Turner's, Vazquez's, and Abascal's Individual Claims and Stay Action | N/A | August 6, 2021 |
| Deadline for Plaintiffs to file briefs in opposition to Charter's Motions to Compel Arbitration, and for Charter to file a brief in opposition to Plaintiffs' Renewed Motion for Class Certification | Harper's opposition brief: August 9, 2021<br><br>Charter's opposition brief: July 12, 2021 | August 30, 2021 |
| Deadline for Plaintiffs to file reply brief in support of Renewed Motion for Class Certification, and for Charter to file reply briefs in support of Motions to Compel Arbitration | Plaintiffs' reply brief: July 19, 2021<br><br>Charter's reply brief re Harper: August 16, 2021 | September 20, 2021 |
| Hearing on Plaintiffs' Renewed Motion for Class Certification, Charter's Motions to Compel Arbitration, and any interim motions that may be filed | Class Certification Hearing: July 26, 2021 at 1:30pm<br><br>Motion to Compel Arbitration re Harper: August 23, 2021 at 1:30pm | October 4, 2021 at 1:30pm |
| Deadline for Charter to complete its production of additional sampling documents/ESI pursuant to Dkts. 112 and 133 (in the event that class certification is granted and/or the | N/A | Earlier of November 19, 2021 or 30 days from Court's order on Plaintiffs' Renewed Motion for Class |

| | | |
|---|---|---|
| representative PAGA claims proceed in court) | | Certification |
| Deadline to disclose expert witnesses | N/A | December 20, 2021 |
| Deadline to disclose rebuttal expert witnesses | N/A | January 18, 2022 |
| Discovery cut-off | August 30, 2021 | February 7, 2022 |
| Motions cut-off (for filing) | September 20, 2021 | February 28, 2022 |
| Deadline to file opposition briefs | October 18, 2021 | March 28, 2022 |
| Deadline to file reply briefs | November 15, 2021 | April 11, 2022 |
| Hearing on all motions | November 29, 2021 at 1:30pm | April 18, 2022 at 1:30pm |
| Final Pretrial Conference | January 31, 2022 at 1:30pm | June 20, 2022 at 1:30pm |
| Trial Setting | March 15, 2022 at 9:00am | August 9, 2022 at 9:00am |

All other orders set forth in the Scheduling Order, Dkts. 34 and 104, remain unchanged.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE