IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, et al., | No. 2:19-CV-0902-WBS-DMC |
| Plaintiffs, | |
| v. | ORDER |
| CHARTER COMMUNICATIONS, LLC, et al., | |
| Defendants. | |

       Plaintiffs, who are proceeding with retained counsel, bring this civil action. On May 5, 2021, the Court granted Plaintiffs' motion to compel and directed Plaintiffs to serve and file a declaration as to costs and expenses supporting their request for monetary sanctions against Defendant Charter. See ECF No. 133. Plaintiffs filed their declaration on May 10, 2021, and Defendant Charter filed a response on May 13, 2021. See ECF Nos. 136 and 137.

       Plaintiffs' declaration establishes fees associated with the motion to compel in the amount of $19,980.00, reflecting an hourly rate of $450.00 per hour, and costs associated with the motion in the amount of $43.50, for a total sanctions request of $20,023.50. See ECF No. 136. In response, Defendant Charter contends: (1) the hourly rate charged by Plaintiffs' counsel is unreasonable; and (2) the amount of time Plaintiffs' counsel spent on the motion is unreasonable. See ECF No. 137.

Having reviewed the cases cited by the parties, the Court finds that the hourly rate of $450.00 per hour is reasonable and consistent with rates approved in this district. As to Defendant's second argument, Defendant contends Plaintiffs should not be awarded sanctions reflecting the time Plaintiffs' counsel spent on the request for evidentiary sanctions contained in the motion to compel. The Court agrees. In their motion to compel, Plaintiffs sought seven separate evidentiary sanctions. As Charter correctly notes, the Court found Plaintiffs' requests for evidentiary sanctions procedurally defective and premature. The requests were denied without prejudice to renewal upon proper notice in compliance with the local rules.

Given that Plaintiffs' motion to compel was granted in part but denied as to the seven requested evidentiary sanctions, the Court will apportion its award of monetary sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). According to Plaintiffs' counsel, 2.1 hours were spent exclusively on research related to the improper request for evidentiary sanctions. See ECF No. 136, pg. 2, line 22. Counsel spent an additional 28.7 hours total preparing moving papers. See id. at lines 19-28. Of these hours, counsel does not specify how many were dedicated to the issue of evidentiary sanctions.

A review of the docket reflects that Plaintiffs' request for evidentiary sanctions was presented as a stand-alone motion filed concurrently with Plaintiffs' motion to compel discovery. See ECF No. 118. This filing consists of 156 pages of argument and supporting exhibits. See id. Plaintiffs' motion to compel and Plaintiffs' portion of the supporting joint statement consists of a total of 103 pages of argument and supporting exhibits, reflecting approximately two-thirds of the total material submitted in support of both motions. The Court finds it reasonable, therefore, to reduce the amount of sanctions requested by approximately one-third, reflecting the amount of time it appears was spent exclusively on Plaintiffs' request for evidentiary sanctions.

///
///
///
///

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' are awarded monetary sanctions in the amount of $13,333.00, payable by Defendant Charter to Plaintiffs within 30 days of the date of this order.

Dated: August 27, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3