UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: MOTIONS FOR RECONSIDERATION AND INTERLOCUTORY APPEAL |

----oo0oo----

Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vazquez, and Pedro Abascal ("plaintiffs") brought this putative class action against their former employer, Charter Communications, alleging various violations of the California Labor Code. On October 13, 2021, the court granted in part and denied in part Charter's motion to dismiss plaintiff's Second Amended Complaint in part. (Docket No. 203.) Pursuant to

1

Federal Rule of Civil Procedure 60(b), Charter now moves for reconsideration of that order. (Docket No. 205.) Charter also moves, alternatively, for certification of the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay of the action pending appeal. (Id.)

To avoid repetition, the court will refrain from reciting the factual and procedural background, which remains the same as described in the three orders it issued on October 13, 2021. (See Docket Nos. 201-03.)

I. Motion for Reconsideration

Motions for reconsideration of interlocutory orders, like the order at issue here, are governed by Federal Rule of Civil Procedure 60 and Local Rule 230. Under Federal Rule 60, a district court "may relieve a party . . . from a[n] . . . order" for one of five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Local Rule 230 requires that the moving party show "what new or different facts or circumstances are claimed to exist . . . or what other grounds exist for the motion." L.R. 230(j)(3). The moving party must also show "why the facts or circumstances [or other grounds] were not shown at the time of the prior motion." L.R. 230(j)(4).

In the instant motion, Charter has not pointed to new or different facts or circumstances that did not exist when the court issued its October 13 order addressing Charter's motion to dismiss. (See Mot. (Docket No. 205).) Rather, Charter argues that the court clearly erred as a matter of law in finding plaintiff Harper's pre-suit notice sufficient to support the PAGA claims asserted in the Second Amended Complaint. (See id.; Order

at 5-24 (Docket No. 203).) Charter mainly reiterates arguments made in its motion to dismiss and contends that the court erred in disagreeing with those arguments, (compare Mot. (Docket No. 205) with Mot. to Dismiss (Docket No. 163)); however, the court's order was not intended to be a tentative ruling subject to further argument after it was issued. Because the court has already considered and addressed these arguments in its order, the court declines to repeat the process here.[1]

Charter has also filed a separate brief notifying the court that, after Charter filed its motion for reconsideration, the California Court of Appeal certified its decision in Uribe v. Crown Building Maintenance Co. for publication. (See Docket No. 210 (citing Order Granting Publication, G057836 (Cal. Ct. App., 4th Dist. Oct. 26, 2021) (Docket No. 210-1 at 26-30); -- Cal. Rptr. 3d --, 2021 WL 4962724 (Cal. Ct. App., 4th Dist. Sept. 30, 2021)).) Charter argues that Uribe establishes a firm

---

[1] One contention not previously presented is that the court, in its order, impermissibly relied on the complaint in evaluating the sufficiency of Harper's notice in alerting California's Labor Workforce Development Agency to Charter's alleged Labor Code violations. (See Mot. at 5-6 (Docket No. 205).) The court did no such thing. In its order, the court concluded that because the notice itself referred to commission-eligible and nonexempt employees, the notice sufficiently specified the "aggrieved employees" Harper sought to represent in a civil PAGA action. (See Order at 10-11 (Docket No. 203).)

Charter also argues, for the first time, that Harper's failure to detail the ways in which Charter's wage statements violated the Labor Code deprived Charter of its right to "cure wage statement violations based on the failure to include the start and end date of the pay period." (Mot. at 8 (Docket No. 205) (citations and internal quotation marks omitted).) However, because Charter's motion does not explain why this argument was not presented in its motion to dismiss, (see id.; Mot. to Dismiss (Docket No. 163)), the court will not consider it now, see L.R. 230(j)(4).

1  requirement that each discrete factual basis for violation of a
2  Labor Code provision alleged in a PAGA complaint must also be
3  referenced in the underlying notice.  (See Docket No. 210 at 2-
4  3.)  Accordingly, Charter argues, this court's order -- to the
5  extent that it allows Harper's complaint to allege violations of
6  particular Labor Code sections under PAGA by relying on factual
7  bases not described in the notice -- runs contrary to Uribe.
8  (See id.)

9           In Uribe, the California Court of Appeal held that the
10 PAGA plaintiff in that case could not assert a claim for
11 reimbursement wholly unrelated to other reimbursement claims
12 referenced in the underlying notice.  See Uribe, 2021 WL 4962724,
13 at *12 (holding notice, which alleged employer failed to
14 reimburse employees for shoes and uniform maintenance, could not
15 support PAGA claim further alleging failure to reimburse for cell
16 phone use, references to which were "omit[ed] entirely" from the
17 notice).  However, it is not clear that Uribe establishes that,
18 in all circumstances, each factual basis alleged in the complaint
19 for violation of a particular Labor Code provision must also have
20 been referenced in the underlying notice.

21          Federal courts in the Ninth Circuit are "bound only by
22 the decisions of a state's highest court and not by decisions of
23 the state's intermediate appellate court when considering
24 state[ ]law issues sitting in diversity jurisdiction."  In re
25 NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d
26 1268, 1278 (9th Cir. 2013) (citation omitted).  Where a state's
27 highest court has not clearly spoken on an issue of state law,
28 courts "can look to . . . [intermediate appellate] decisions as

1  guidance in predicting how the highest state court would decide
2  the issue." DW Aina Le'a Dev., LLC v. State of Haw. Land Use
3  Comm'n, 918 F.3d 602, 607 (9th Cir. 2019) (quoting In re NCAA,
4  724 F.3d at 1278) (internal quotation marks omitted, alterations
5  adopted).

6  Because this court is not bound by Uribe, and because
7  Uribe does not clearly support the broad proposition for which
8  Charter offers it, Uribe does not warrant reconsideration of the
9  court's prior order. Further, although the California Supreme
10 Court's latest decision speaking to this topic acknowledged
11 PAGA's requirement that notices identify "facts and theories" to
12 allow the relevant state agency and employer to decide how to
13 proceed, it also emphasized the low "threshold of weightiness"
14 required of those facts and theories as well as PAGA's purpose of
15 "remedy[ing] systemic underenforcement of . . . worker
16 protections." Williams v. Super. Ct., 3 Cal. 5th 531, 545-46
17 (2017).

18 In light of this emphasis, it is not clear that that
19 the California Supreme Court would, if the opportunity arose,
20 adopt the requirements Charter contends Uribe imposes. See DW
21 Aina Le'a Dev., LLC, 918 F.3d at 607; In re NCAA, 724 F.3d at
22 1278. Accordingly, having considered Charter's request, the
23 court concludes that Charter has not put forward a sufficient
24 "reason that justifies [the] relief" sought, Fed R. Civ. Proc.
25 60(b)(6), and therefore declines to alter its October 13, 2021
26 order addressing Charter's motion to dismiss, (Docket No. 203),
27 except on the limited basis described below. As such, except on
28 that basis, the court will deny Charter's motion for

reconsideration.  (Docket No. 205.)

II.  Motion for Interlocutory Appeal

Charter alternatively seeks certification of the issues it raises for interlocutory appeal.  (See id.)  A district court may certify for appeal an interlocutory order which is not otherwise appealable if the court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate outcome of the litigation."  28 U.S.C. § 1292(b).  A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court" and it is not collateral to the major issues of the case.  In re Cement Antitr. Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

The Ninth Circuit has held that § 1292(b) "is to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation."  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  It is "not intended merely to provide review of difficult rulings in hard cases."  Id.  The party seeking to appeal therefore has the burden of justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment.  In re Cement, 673 F.2d at 1026.

The court finds that Charter has not met this burden, as it has not demonstrated that these circumstances are "extraordinary."  As counsel for Charter acknowledged at oral argument, none of its arguments, if successful on appeal -- with

1 the sole exception of Harper's alleged failure to identify the
2 "aggrieved employees" in his notice -- would resolve Harper's
3 entire PAGA claim and thereby materially advance the outcome of
4 the litigation.  All other arguments would at best result in
5 partial resolution of the PAGA claim.  Further, given the weight
6 of precedent cited in the court's October 13 order, (see Docket
7 No. 203), the court does not deem the issues presented --
8 including Charter's argument regarding identification of
9 aggrieved employees -- to provide "substantial ground" for
10 difference of opinion.  Accordingly, the court will not certify
11 the issues raised by Charter for interlocutory appeal.

12          Although the parties disagree as to whether
13 reconsideration is appropriate, they agree that this court's
14 prior order incorrectly identified July 11, 2017 as the date set
15 by the applicable statute of limitations, pursuant to which
16 Harper may not challenge wage statement violations alleged to
17 have occurred before that date.  (See Opp. to Mot. at 9-10
18 (Docket No. 214); Def.'s Reply at 6 n.3 (Docket No. 218); Order
19 at 23-24 (Docket No. 203).)

20          Accordingly, pursuant to the agreement of the parties,
21 the court HEREBY AMENDS its prior order, (Docket No. 203), to
22 clarify that the statute of limitations precludes Harper from
23 challenging wage statement violations alleged to have occurred
24 prior to September 14, 2017, rather than prior to July 11, 2017.

25          For the foregoing reasons, it is HEREBY ORDERED that in
26 all other respects, defendant Charter's motion for
27 reconsideration, (Docket No. 205), be, and the same hereby is,
28 DENIED.

7

It is FURTHER ORDERED that Charter's alternative request for certification for interlocutory appeal be, and the same hereby is, DENIED.

IT IS SO ORDERED

Dated: November 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE