1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                               ----oo0oo----

11

12   LIONEL HARPER, DANIEL SINCLAIR,        No. 2:19-cv-00902 WBS DMC
     HASSAN TURNER, LUIS VAZQUEZ, and
13   PEDRO ABASCAL, individually and
     on behalf of all others
14   similarly situated and all             ORDER RE: PLAINTIFF DANIEL
     aggrieved employees,                   SINCLAIR'S MOTION TO LIFT THE
15                                          STAY OF HIS CLAIMS
                    Plaintiffs,
16
          v.
17
     CHARTER COMMUNICATIONS, LLC,
18
                    Defendant.
19

20

21                               ----oo0oo----

22           Plaintiffs Lionel Harper, Daniel Sinclair, Hassan

23   Turner, Luis Vazquez, and Pedro Abascal ("plaintiffs") brought

24   this putative class action against their former employer, Charter

25   Communications, alleging various violations of the California

26   Labor Code.  On October 13, 2021, the court granted Charter's

27   motions to compel arbitration of plaintiff Turner, Vazquez, and

28   Abascal's claims, and to compel arbitration of plaintiff Harper's

                                     1

1   claims save for his PAGA claim.  (See Docket No. 202.)  In that

2   order, the court also issued a temporary stay of plaintiff

3   Sinclair's claims pending arbitration of the other plaintiffs'

4   claims.  (See id.)

5           In the instant motion, Sinclair argues that, because in

6   its order the court resolved issues regarding arbitrability of

7   the other plaintiffs' claims itself rather than delegating them

8   to an arbitrator, there no longer exists a reason to delay

9   consideration of his claims or a motion for class certification.

10  (See Mot. at 6 (Docket No. 211).)  He states that during oral

11  argument on October 4, 2021, his counsel only expressed desire

12  for a stay for long enough for Sinclair to determine whether to

13  proceed without the other plaintiffs as proposed class

14  representatives and that, because those plaintiffs are

15  arbitrating their claims, he seeks to proceed with the action and

16  present a renewed motion for class certification.  (See id.)  He

17  also notes that, because he did not sign an arbitration

18  agreement, unlike the other plaintiffs, section 3 of the Federal

19  Arbitration Act does not provide alternative grounds to stay his

20  claims pending arbitration of the other plaintiffs' claims.  (See

21  id. at 8-9.)

22          As part of its inherent power to control its docket,

23  the court may stay an action at its discretion, based upon the

24  circumstances of the case before it.  See Nken v. Holder, 556

25  U.S. 418, 433-34 (2009); Landis v. N. Am. Co., 299 U.S. 248, 254-

26  55 (1936).  By the same token, "[t]he same court that imposes a

27  stay of litigation has the inherent power and discretion to lift

28  the stay."  CE Res., Inc. v. Elite Cont'g Educ., Inc., 2:15-cv-

1   01908 WBS AC, 2016 WL 3653446, at *1 (E.D. Cal. July 6, 2016)

2   (quoting Digit. Software Servs., Inc. v. Ent. Programs, Inc.,

3   2:09-cv-02763 TLN DAD, 2014 WL 5816929, at *3 (E.D. Cal. Nov. 7,

4   2014)).  "The court may lift the stay '[w]hen circumstances have

5   changed such that the court's reasons for imposing the stay no

6   longer exist or are inappropriate.'"  Id. (alteration in

7   original).  In general, district courts have "broad discretion"

8   to control their dockets through use of stays.  See Clinton v.

9   Jones, 520 U.S. 681, 683 (1997).

10          The court stayed plaintiff Sinclair's claims at his

11  counsel's request.  (See Docket No. 202 at 24.)  Sinclair's

12  subsequent request that the court lift the stay thus represents a

13  change of "circumstances . . . such that the court's reasons for

14  imposing the stay no longer exist," CE Res., Inc., 2014 WL

15  3653446, at *1, contrary to Charter's contentions, (see Opp. to

16  Mot. at 8 (Docket No. 215)).  For this reason, and because, "when

17  feasible, it is preferable to proceed with litigation of . . .

18  nonarbitrable claims," JNK Ent. v. SP Sales & Ent., 15-cv-01908

19  RGK (FFMx), 2015 WL 13283845, at *5 (C.D. Cal. Sept. 2, 2015)

20  (citation omitted), the court will grant Sinclair's motion to

21  lift the stay.

22          It is therefore HEREBY ORDERED that plaintiff

23  Sinclair's motion to lift the stay of his claims be, and the same

24  hereby is, GRANTED.

25          The parties are hereby directed to stipulate to a

26  briefing schedule and hearing date for Sinclair's renewed motion

27  for class certification.

28  ///

                                    3

1                    IT IS SO ORDERED.

2

3

4    Dated:   November 30, 2021        WILLIAM B. SHUBB
                                       UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28