# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, et al., | No. 2:19-CV-0902-WBS-DMC |
| Plaintiffs, | |
| v. | ORDER |
| CHARTER COMMUNICATIONS, LLC, | |
| Defendant. | |

    Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vasquez, and Pedro Abascal, who are proceeding with retained counsel, bring this civil action pursuant to, among other theories, California's Private Attorney General Act (PAGA), California Labor Code § 2698, et seq. Plaintiffs allege violations of California statutory law with respect to the failure to pay certain wages. The matter proceeds in this Court based on diversity jurisdiction. Pending before the Court is Defendant's motion to compel further responses to discovery served on Plaintiff's Harper, Turner, Vasquez, and Abascal, ECF No. 207.

    The parties appeared before the undersigned for a hearing in Redding, California, on December 8, 2021, at 10:00 a.m. Jamin Soderstrom, Esq., appeared telephonically for Plaintiffs. Nathan Chapman, Esq., appeared telephonically for Defendant Charter Communications, LLC. After hearing arguments, the matter was submitted.

/ / /

# I. BACKGROUND

This action currently proceeds on Plaintiffs' second amended complaint. See ECF No. 147. On October 13, 2021, the District Judge denied leave to file a third amended complaint. See ECF No. 201. In that order, the District Judge outlined the following factual background:

> Charter is a broadband connectivity company and cable operator serving business and residential customers under the Spectrum brand, among others. Plaintiffs Harper and Sinclair worked as small/medium sized business Account Executives ("AEs") at Charter's Redding, California location. (SAC at ¶¶ 5-6, 12.) Plaintiffs Turner, Vazquez, and Abascal worked as Direct Sales Representatives ("DSRs") at Charter's Irwindale, Bakersfield, and Anaheim, California locations, respectively. (Id. at ¶¶ 7-9, 12.) Plaintiffs allege that Charter classifies AEs and DSRs as "exempt" employees. (See id. at ¶ 13.)
>
> Plaintiffs claim that Charter erroneously classified them as exempt employees by mistakenly classifying them as "outside salespersons." (See id.; Cal. Code Regs. tit. 8, § 11070.) Under California law, "outside salespersons" are exempt from overtime, minimum wage, meal period, and rest period requirements. See Cal. Lab. Code § 1171. Importantly, under California case law, employees are only subject to the outside salesperson exception if their employer actually had an expectation that they spend more than half their time outside the office engaged in sales activities, and if that expectation was reasonable. See Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 790 (Cal. 1999). Plaintiffs' claim is essentially that Charter did not actually expect them to spend 50% of their time outside of the office both during and after their training weeks, and that even if it did, that expectation was unreasonable given the number of tasks Charter expected them to complete that required them to be in the office. (See generally SAC (Docket No. 147).)
>
> Plaintiffs' claims of failure to pay overtime wages, failure to provide meal periods or rest breaks (or premium wages in lieu thereof), and failure to provide accurate wage statements are derivative of their misclassification claim. Because Charter misclassified them, plaintiffs contend, Charter necessarily failed to pay them overtime and failed to provide necessary rest and meal breaks. (See id.) Plaintiffs further claim that Charter failed to pay them commission wages to which they were entitled and provided them with inaccurate and misleading wage statements. (Id.)

ECF No. 201, pgs. 2-3.

At footnote 1, the District Judge added:

> Plaintiffs also claim that Charter failed to pay them all wages owed upon termination, failed to provide them with employment records, and violated the California UCL. (See generally SAC (Docket No. 147).) Plaintiff Harper also brings a representative claim under PAGA on behalf of aggrieved employees, including plaintiffs, alleging the same aforementioned Labor Code violations. (See id.)

ECF No. 201, pg. 3, n.1.

The District Judge continued:

> Plaintiffs seek to represent two classes of Charter employees: (1) all California employees who were classified as exempt outside salespersons, and (2) all California employees who were in positions eligible to earn commission wages. (See id. at ¶ 19.)

ECF No. 201, pg. 3.

On October 13, 2021, the District Judge also issued an order addressing Defendant's motion to dismiss Plaintiffs' second amended complaint. See ECF No. 203. In its motion, Defendant sought dismissal of Count Five, Count Nine, and Count Ten of the second amended complaint. See id. at 2. The District Judge denied Defendant's motion as to Counts Five and Count Nine, without prejudice, and granted the motion as to Count Ten, but only insofar as the claim is based on alleged violations of California Labor Code §§ 226 and 1174(d) that occurred prior to July 11, 2017. See ECF No. 203, pg. 24.

The District Judge issued an additional order on October 13, 2021, addressing Defendant's motion to compel arbitration. See ECF No. 202. In that motion, Defendant sought: (1) to compel arbitration of Plaintiff Harper's claims and stay the action pending arbitration; and (2) compel arbitration of claims by Plaintiffs Turner, Vasquez, and Abascal and dismiss those claims from the case. See id. at 2. The District Judge granted Defendant's motion and stayed the action as to Counts One through Nine of the second amended complaint pending arbitration of individual claims raised by Plaintiff's Harper, Turner, Vasquez, and Abascal. See id. at 24-25. On Plaintiffs' counsel's request at the hearing, the District Judge also stayed Plaintiff Sinclair's individual claims pending arbitration. See id.

The District Judge did not, however, stay Plaintiff Harper's PAGA claim. See id. at 24. The District Judge held:

> However, because a stay would impede vindication of California's interests in enforcing the Labor Code through representative PAGA actions, discussed above, and because the PAGA claim represents a distinct "action" in this case, the court will not stay Harper's PAGA claim. See Jarboe v. Hanlees Auto Grp., 53 Cal. App. 5th 539, 557 (1st Dist. 2020) ("Because a PAGA claim is representative and does not

///

3

belong to an employee individually, an employer should not be able dictate how and where the representative action proceeds.")

ECF No. 202, pg. 24.

On November 30, 2021, the District Judge issued an order addressing Defendant's motion for reconsideration of the October 13, 2021, order on Defendant's motion to dismiss. See ECF No. 222. The District Judge amended his prior order to "clarify that the statue of limitations precluded Harper from challenging wage statement violations alleged to have occurred prior to September 14, 2017, rather than prior to July 11, 2017." Id. at 7. The District Judge denied Defendant's alternative request for certification of the prior order for interlocutory appeal. See id. at 8.

On November 30, 2021, the District Judge also issued an order addressing Plaintiff Sinclair's motion to lift the stay of proceedings as to his claims and a motion for class certification. See ECF No. 223. The District Judge granted the motion and lifted the stay of proceedings as to Plaintiff Sinclair's claims. See id. at pg. 3. The District Judge also directed the parties to submit a stipulated briefing schedule as to a renewed motion for class certification. See id.

As to scheduling, the District Judge's November 15, 2021, order, issued pursuant to stipulation of the parties, is the most recent. See ECF No. 213. The order imposes the following schedule:

| | | |
|---|---|---|
| January 14, 2022 | | Deadline for Defendant to complete its production of additional sampling documents/ESI pursuant to ECF Nos. 112 and 133 for purposes of Plaintiff Harper's PAGA claim. |
| February 2, 2022 | | Deadline to disclose expert witnesses. |
| March 18, 2022 | | Deadline to disclose rebuttal expert witnesses. |
| April 1, 2022 | | Discovery cut-off. |
| April 25, 2022 | | Dispositive motions filing deadline. |
| May 23, 2022 | | Deadline to file oppositions to dispositive motions. |
| June 3, 2022 | | Deadline to file replies in support of dispositive motions. |

| | | |
|---|---|---|
| June 13, 2022 | | Hearing on all dispositive motions (at 1:30 p.m., before District Judge). |
| August 15, 2022 | | Final pre-trial conference (at 1:30 p.m., before District Judge). |
| October 4, 2022 | | Commencement of jury trial (at 9:00 a.m., before District Judge). |

Id.

## II.  SUMMARY OF CURRENT DISCOVERY DISPUTE

This case has been before the Court previously on discovery motions.  On October 21, 2020, the Court issued an order addressing Plaintiffs' motion to compel and directed Defendant to serve supplemental responses to interrogatories, provide a contact list, and produce documents reflecting a 10% sampling.  See ECF No. 87, pg. 12.  On May 5, 2021, the Court issued another order addressing a separate dispute over written discovery.  See ECF No. 133.  After extensive briefing and expenditure of time by the Court, the matter was resolved by way of a stipulation, which the Court adopted.  See id. at 25.  In doing so, the Court observed:

> Charter appears to be engaging in delaying tactics regarding, in particular, discovery associated with sampling of employee data which would support Plaintiffs' motion for class certification. Following the hearing on the prior discovery motions, the Court ordered discovery be provided by November 2, 2020. Instead of providing discovery, Charter served supplemental responses on November 2, 2020, indicating that it will provide discovery at some unspecified time in the future. Nothing was provided by November 2, 2020. Plaintiffs could have immediately sought Rule 37 sanctions for Charter's non-compliance but did not. Instead, Plaintiffs engaged in further meet-and-confer efforts culminating in the February 17, 2021, discovery agreement which reduced the sampling size from 10% to 2% and required discovery be provided by March 8, 2021. As part of that agreement, and in a further sign of good faith, Plaintiffs agreed to withdraw a pending motion for Rule 37 sanctions. Charter failed to produce documents by the agreed date and this motion followed. The Court will now reduce the parties' February 17, 2021, discovery stipulation to a formal order.

Id. at 24-25.

Following submission of a supporting declaration, the Court awarded Plaintiff monetary sanctions in the amount of $13,333.00 on August 30, 2021.  See ECF No. 168.

/ / /

In the current motion, Defendant seeks further response to Interrogatory Nos. 1, 2, and 21, and Request for Production Nos. 19, 20, and 51, propounded to Plaintiff Harper, and Interrogatory No. 2 and Request for Production Nos. 3 and 12 propounded to Plaintiff's Abascal, Turner, and Vasquez. See ECF No. 224, pg. 6 (Joint Statement). According to Defendant, Plaintiffs' counsel attempted to hide the fact that Plaintiff inappropriately sent unsolicited communications to putative class members and aggrieved employees based on confidential employee lists disclosed by Defendant. See id. at 6-7. Plaintiffs assert they engaged in allowable investigation, that Defendant's claims of wrongdoing are baseless, and that Defendant's arguments are hypocritical. See id. at 7-9.

The current discovery dispute arose amid the following background, according to Defendant:

> . . . Charter initially requested the subject documents and information in June 2020 discovery requests to Harper. Plaintiffs' counsel did not produce any documents or information in response to those requests, nor did Plaintiffs' counsel produce a privilege log or inform Charter that Plaintiff Harper was withholding documents. Over one year later, Charter uncovered the existence of the subject communications by chance during Plaintiff Hassan Turner's deposition in August 2021, when he testified that he initially learned of this lawsuit in an unsolicited email he received from Plaintiffs' counsel. Based on Plaintiffs' responses to Defendant's subsequent conferral efforts—including a belated and patently deficient privilege log—it appears Plaintiffs' counsel sent mass, unsolicited communications to putative class members and allegedly aggrieved employees via LinkedIn, and then used the confidential class lists Charter produced in this case to send additional emails to putative class members and allegedly aggrieved employees for the purpose of soliciting additional Plaintiffs to sue Charter. Even worse, Plaintiffs' counsel did all this while concealing his conduct from Charter for over one year. Only after Charter uncovered the information in Turner's deposition did Plaintiffs grudgingly produce an untimely and deficiently vague privilege log. . . .

ECF No. 224, pgs. 6-7.

The relevant portion of the transcript of Plaintiff Turner's August 12, 2021, deposition is attached as Exhibit 4 to the declaration of Defendant's counsel. See ECF No. 224-1, pgs. 109-118.

///

///

///

## III. DISCUSSION

At issue are discovery requests propounded to Plaintiffs Harper, Abascal, Turner, and Vasquez. As outlined above, on October 13, 2021, the action was stayed by the District Judge as to Counts One through Nine of the second amended complaint pending arbitration of individual claims raised by Plaintiffs Harper, Turner, Vasquez, and Abascal. The action has not been stayed as to Plaintiff Harper's PAGA claims. Given the stay imposed by the District Judge, Defendant's motion to compel – which was filed two weeks after the date of the District Judge's order staying proceedings – is inappropriate as to any discovery propounded to Plaintiffs Abascal, Turner, and Vasquez, and as to non-PAGA discovery propounded to Plaintiff Harper.

Defendant's argument that the Court should disregard the District Judge's stay is unpersuasive. Without citation to any authority, Defendant asserts:

> Plaintiffs Harper, Vazquez, Turner, and Abascal have been compelled to arbitrate their individual, non-PAGA claims against Charter, and the case has been stayed as to all Plaintiffs' non-PAGA claims pending the outcome of arbitration. (Dkt. 202.) By submitting this Joint Statement, Charter does not waive its request to compel Plaintiffs to arbitrate their claims because the parties agreed to take discovery in court, and Charter served these requests and Plaintiffs deficiently responded before Charter filed its successful motion to compel arbitration. Plaintiffs should not benefit from their refusal to properly and adequately respond to Charter's discovery requests based on the fact that certain of the Plaintiffs have since been compelled to arbitration. Moreover, these discovery requests relate directly to the underlying facts of the case and may impact whether Plaintiffs' counsel or Plaintiff Sinclair are adequate class representatives once the stay is lifted.

ECF No. 224, pg. 6, n.1 (Joint Statement).

Nothing in this statement provides a sufficient reason to ignore a stay of proceedings imposed by the District Judge before Defendant's motion was filed.

Because the parties agree that the discovery at issue served on Plaintiff Harper relates to his PAGA claims, which have not been stayed, the Court's analysis will focus solely on discovery propounded on Harper. Defendant's motion to compel will be denied as to discovery propounded on Plaintiff's Turner, Vasquez, and Abascal.

///

///

///


The six specific discovery requests at issue served on Harper are as follows:

### Interrogatory No. 1

In Interrogatory No. 1, Defendant asks Plaintiff Harper to identify anyone (other than Harper's counsel) with whom Harper or anyone acting on his behalf had communication regarding the facts or allegations in this case.  See ECF No. 224, pg. 45.

### Interrogatory No. 2

In Interrogatory No. 2, Defendant asks Harper to state, with respect to each person identified in Interrogatory No. 1, the substance of each communication.  See ECF No. 224, pg. 46.

### Interrogatory No. 21

In Interrogatory No. 21, Defendant asks Harper to identify all persons who have responded to or inquired about the postings entitled "Employment Claims Against Charter Communications" and/or "Employment Claims Against Charter," located at two specific internet addresses.  See ECF No. 224, pg. 59.

### Request for Production No. 19

In Request for Production No. 19, Defendant asks Harper to produce all correspondence he, his counsel, or anyone else acting on his behalf has sent to any current or former employees of Defendant related to this action, as well as any mailing list used to distribute such correspondence.  See ECF No. 224, pg. 48.

### Request for Production No. 20

In Request for Production No. 20, Defendant asks Harper to produce all internet pages or postings that he, his counsel, or anyone acting on his behalf have posted or disseminated to others relating to this lawsuit or Plaintiff Harper's claims.  See ECF No. 224, pg. 50.

### Request for Production No. 51

In Request for Production No. 51, Defendant asks Harper to produce all documents that constitute evidence, refer or relate to any responses to, or inquiry about or regarding, the posting entitled "Employment Claims Against Charter Communications" and/or "Employment Claims Against Charter," located at two specific internet addresses.  See ECF No. 224, pg. 62.

Attached as Exhibit 3 to the declaration of Defendant's counsel are the disputed discovery requests and Harper's responses thereto.  See ECF No. 224-1, pgs. 33-108. Interrogatory Nos. 1 and 2 and Request for Production Nos. 19 and 20 were served on Plaintiff Harper on June 29, 2020.  See ECF No. 224-1, pg. 2, ¶ 5.  Harper served responses on August 10,

2020.  See id.  Interrogatory No. 21 and Request for Production No. 51 were served on Plaintiff Harper on June 29, 2021 – a year after the other disputed discovery was served on Harper.  See id.  Harper served responses on August 5, 2021.  See id.  Finally, during the meet-and-confer process, Plaintiff provided Defendant's counsel a privilege log on September 8, 2021, which is attached as Exhibit 2 to the declaration of Defendant's counsel.  See id. at 28-32.

In Plaintiff Harper's responses, as well as the privilege log, Plaintiff Harper asserted various privileges, including the attorney work product and attorney-client privileges, with respect to the disputed discovery.  See id. at 33-108 (responses) and 28-32 (privilege log).  In his responses, Plaintiff Harper also objected to the discovery requests at issue on the grounds that they are overbroad, burdensome, and vague.  See ECF No. 224-1, pgs. 33-108.  In the current motion to compel, the parties address, collectively as to all disputed discovery without distinction among the various specific interrogatories and requests for production at issue, only the adequacy of the asserted privileges.  See ECF No. 224, pgs. 22-44.  Defendant Charter contends: (1) Plaintiff waived the attorney-client and work product privileges by failing to provide a privilege log in a timely manner and by failing to object during Plaintiffs' depositions; and (2) in any event, the attorney-client and work product privileges do not apply.  See id. at 22-29.  Plaintiffs contend: (1) under California law, Plaintiffs have a right of equal access to putative class members; (2) the communications are protected by the work product and attorney-client privileges; and (3) Harper never waived any privileges.  See id. at 29-43.

Initially, despite Defendant's contention that Plaintiff has used confidential employee lists to send unsolicited communications to putative class members, Defendant has not cited to any specific provision of the operative protective order Defendant alleges Plaintiffs violated.  The Court finds this contention to be unsupported.

Also unsupported are any arguments concerning Plaintiff Harper's objections other than those based on privileges.  Eastern District of California Local Rule 251(c)(3) requires the joint statement filed in support of a discovery dispute contain "[t]he contentions of each party as to each contested issue. . . ."  Here, the joint statement contains briefing related only to Plaintiff's various privilege objections.  See ECF No. 224.  Because Plaintiff's other objections are not

1  briefed, they are not properly before the Court and are essentially waived.

2        Assuming for the moment that Plaintiff Harper has an equal right to investigate by
3  contacting putative class members, and assuming for the moment that the attorney-client and
4  attorney work product privileges apply, Charter persuasively argues that any privileges were
5  waived by Plaintiffs' failure to provide a privilege log when the privileges were first asserted in
6  the August 10, 2020, and August 4, 2021, responses to the disputed discovery requests.  Under
7  Federal Rule of Civil Procedure 26(b)(5)(A), when, as here, a party withholds information by
8  claiming a privilege, the party <u>must</u> expressly make the claim and provide a privilege log with its
9  discovery responses.  <u>See</u> <u>Burlington Northern & Santa Fe Ry. Co. v. U.S. District Ct. For the</u>
10 <u>Dist. Of Mont.</u>, 408 F.3d 1142, 1147 (9th Cir. 2005); <u>see also</u> Fed. R. Civ. P. 26(b)(5)(A).  Here,
11 Plaintiff Harper did not provide any sort of privilege log with the August 10, 2020, or August 5,
12 2021, responses, and only did so in September 2021 as part of the meet-and-confer process
13 culminating in the instant motion to compel.  This delay alone is sufficient to find waiver.  <u>See id.</u>
14 at 1149.

15       Moreover, the privilege log that was belatedly produced is insufficient.  To be
16 adequate, a privilege log must describe the material withheld, state the identify and position of the
17 withheld material's author, state the identities of all addresses and recipients, and provide specific
18 reasons for withholding the material.  <u>See</u> <u>Friends of Hope Valley v. Frederick Co.</u>, 268 F.R.D.
19 643, 651-52 (E.D. Cal. 2010) <u>see also</u> Fed. R. Civ. P. 26(b)(5)(A)(ii).  The privilege log supplied
20 by Plaintiff in September 2021 fails to do so.  <u>See</u> ECF No. 224-1, pgs. 28-32.

21       Because Plaintiff Harper failed to provide a timely and adequate privilege log, the
22 Court finds that Plaintiff's assertions of privilege are waived.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

10

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, ECF No. 207, is denied as to the discovery at issue served on Plaintiffs Turner, Vasquez, and Abascal;

2. Defendant's motion to compel, ECF No. 207, is granted as to Interrogatory Nos. 1, 2, and 21, and Request for Production Nos. 19, 20, and 51, served on Plaintiff Harper, who shall provide further responses thereto and produce the documents requested, without objection, within 30 days of the date of this order;

3. Defendant's counsel shall file a declaration in support of reasonable expenses associated with the instant motion within 30 days of the date of this order;

4. Plaintiff's counsel may file a response to any declaration filed in support of an award of expenses within 14 days of the date of service of Defendant's declaration.

Dated:  December 10, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11