# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, et al., | No. 2:19-CV-0902-WBS-DMC |
| Plaintiffs, | |
| v. | ORDER |
| CHARTER COMMUNICATIONS, LLC, | |
| Defendant. | |

        Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vasquez, and Pedro Abascal, who are proceeding with retained counsel, bring this civil action pursuant to, among other theories, California's Private Attorney General Act (PAGA), California Labor Code § 2698, et seq. Pending before the Court are: (1) Plaintiff Harper's motion, ECF No. 233, to compel further responses to written discovery and (2) Defendant's ex parte motion, ECF No. 248, to extend the deadline to produce sampling data relating to Plaintiff's Harper's PAGA claim.

        This action currently proceeds on Plaintiffs' second amended complaint. See ECF No. 147. The District Judge issued an order on October 13, 2021, addressing Defendant's motion to compel arbitration. See ECF No. 202. In that motion, Defendant sought: (1) to compel arbitration of Plaintiff Harper's claims and stay the action pending arbitration; and (2) compel arbitration of claims by Plaintiffs Turner, Vasquez, and Abascal and dismiss those claims from the case. See id. at 2. The District Judge granted Defendant's motion and stayed the action as to

1  Counts One through Nine of the second amended complaint pending arbitration of individual

2  claims raised by Plaintiff's Harper, Turner, Vasquez, and Abascal.  See id. at 24-25.  On

3  Plaintiffs' counsel's request at the hearing, the District Judge also stayed Plaintiff Sinclair's

4  individual claims pending arbitration.  See id.

5  The District Judge did not at that time, however, stay Plaintiff Harper's PAGA

6  claim.  See id. at 24.  The District Judge held:

> However, because a stay would impede vindication of California's interests in enforcing the Labor Code through representative PAGA actions, discussed above, and because the PAGA claim represents a distinct "action" in this case, the court will not stay Harper's PAGA claim. See Jarboe v. Hanlees Auto Grp., 53 Cal. App. 5th 539, 557 (1st Dist. 2020) ("Because a PAGA claim is representative and does not belong to an employee individually, an employer should not be able dictate how and where the representative action proceeds.")

ECF No. 202, pg. 24.

13  On November 30, 2021, the District Judge issued an order addressing Defendant's

14  motion for reconsideration of the October 13, 2021, order on Defendant's motion to dismiss.  See

15  ECF No. 222.  The District Judge amended his prior order to "clarify that the statute of limitations

16  precluded Harper from challenging wage statement violations alleged to have occurred prior to

17  September 14, 2017, rather than prior to July 11, 2017."  Id. at 7.  The District Judge denied

18  Defendant's alternative request for certification of the prior order for interlocutory appeal.  See id.

19  at 8.

20  On November 30, 2021, the District Judge also issued an order addressing Plaintiff

21  Sinclair's motion to lift the stay of proceedings as to his claims and a motion for class

22  certification.  See ECF No. 223.  The District Judge granted the motion and lifted the stay of

23  proceedings as to Plaintiff Sinclair's claims.  See id. at pg. 3.  The District Judge also directed the

24  parties to submit a stipulated briefing schedule as to a renewed motion for class certification.  See

25  id.

26  / / /

27  / / /

28  / / /

On January 26, 2022, the District Judge issued an order staying Plaintiff's Harper's PAGA claims pending the Supreme Court's decision in Viking River Cruises, Inc. v. Moriana. See ECF No. 261. The District Judge's January 26, 2022, order also referred Defendant's ex parte motion to extend the deadline for production of sampling data to the undersigned for decision. See id.

Based on the District Judge's various orders, this action is currently stayed on all claims except Plaintiff's Sinclair's individual claims. Both of the discovery motions currently pending before the Court relate to stayed claims, specifically Plaintiff Harper's individual and PAGA claims. The motions will, therefore, be denied without prejudice to renewal following such time as the District Judge may lift the stays on Plaintiff Harper's individual and PAGA claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Harper's motion to compel, ECF No. 233, is denied without prejudice;

2. Defendant's ex parte motion to extend the deadline to produce sampling data relating to Plaintiff Harper's PAGA claim is denied without prejudice; and

3. The hearing set for February 23, 2022, on Plaintiff Harper's motion to compel, ECF No. 233, is vacated.

Dated:  February 4, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE