UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>            Plaintiffs,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>            Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: MOTION TO RESTRICT COMMUNICATIONS AND ISSUE CURATIVE NOTICE |

----oo0oo----

This case is again before the court on a motion by defendant Charter Communications, challenging a letter and two-page survey sent to a selection of putative class members requesting information related to recipients' work for Charter, sent by a research consulting group hired by plaintiffs' counsel. (Mot. (Docket No. 253); see Opp. at 10-11 (Docket No. 267).)

The court would have preferred to confer with counsel

1

to reach a resolution of Charter's concerns with the letter and survey.  However, the traditional modes of communication are unfortunately no longer available to the court.  On February 22, 2022, the court attempted to hear the arguments of counsel by Zoom, but a few minutes into the proceeding the electronic communication system malfunctioned to the point where the hearing had to be aborted.  The court's IT department thinks it has the problem pinpointed, but it is uncertain when if at all it can be resolved.

The court has considered inviting counsel to appear in person for oral argument on the motion, but aside from requiring plaintiffs' counsel to travel from Southern California and defendants' counsel to travel from Georgia, we would have to sit in a socially distanced room with plexiglass partitions between us and converse with masks covering our faces.  That option does not appear to the court to be much more conducive to a meaningful dialogue.  Accordingly, the court will take the motion under submission on the papers and address it in this Order.

Charter's motion seeks several forms of court intervention including: (1) a restriction on further communications between plaintiffs' counsel and members of the putative class; (2) a requirement that a curative notice be issued to putative class members, at plaintiffs' counsel's expense; (3) compelled production of plaintiffs' counsel's records relating to the survey, including a list of recipients, all materials sent, and all responses received; and (4) imposition of monetary sanctions against plaintiffs' counsel.  (Mot. at 2, 27.)

2

   First, the court recognizes that Federal Rule of Civil Procedure 23(d) affords district courts "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil v. Bernard, 452 U.S. 89, 99-100 (1981). Nevertheless, the court does not deem it appropriate to prohibit plaintiffs' counsel from further communicating with members of the putative class in this case. The ability to communicate with potential class members, moreover, is a freedom that litigants and their counsel enjoy under the First Amendment. See id. at 103-04; Kutzman v. Derrel's Mini Storage, Inc., 354 F. Supp. 3d 1149, 1153 (E.D. Cal. 2018) ("Before a class is certified, counsel for both parties maintain a free-speech right to communicate with putative class members, ex parte, about the lawsuit . . . ."), vacated pursuant to settlement, 2018 WL 11389263 (E.D. Cal. Dec. 19, 2018); Mevorah v. Wells Fargo Home Mortg., Inc., 05-cv-1175 MHP, 2005 WL 4813532, at *3 (N.D. Cal. Nov. 17, 2005).

   In nearly every decision Charter cites in which a court limited communications or took other remedial measures pursuant to Rule 23(d), the court did so in response to concerns that defendants' communications would prevent class members' participation in the action, whether through intimidation, solicitation of waivers, or other coercive means. See Kutzman, 354 F. Supp. 3d at 1153-58; McKee v. Audible, Inc., 17-cv-1941 GW(Ex), 2018 WL 2422582, at *3-8 (C.D. Cal. Apr. 6, 2018); Talavera v. Leprino Foods Co., 1:15-cv-105 AWI BAM, 2016 WL 880550, at *4-6 (E.D. Cal. Mar. 8, 2016); O'Connor v. Uber Techs., 13-cv-3826 EMC, 2014 WL 1760314, at *7-8 (N.D. Cal. May

1, 2014); Wright v. Adventures Rolling Cross Country, Inc., 12-cv-982 EMC, 2012 WL 2239797, at *5 (N.D. Cal. June 15, 2012); In re Oil Spill by the Oil Rig "Deep Horizon" in the Gulf of Mex., on Apr. 20, 2010, MDL No. 2179, 2011 WL 323866, at *6-7 (E.D. La. Feb. 2, 2011); Laguna v. Coverall N. Am., Inc., 09-cv-2131 JM (BGS), 2010 WL 11508987, at *5-10 (S.D. Cal. Nov. 30, 2010); In re M.L. Stern Overtime Litig., 250 F.R.D. 492, 498-500 (S.D. Cal. 2008); Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1224-30 (S.D. Ala. 2008); In re Sch. Asbestos Litig., 842 F.2d 671, 681-84 (3d Cir. 1988); Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1201-07 (11th Cir. 1985).[1]

      In the few cases Charter cites in which courts addressed concerns about communications by plaintiffs or their counsel, the extent the courts' intervention was simply to order parties to meet and confer regarding the creation of a revised questionnaire, see Sutton v. Hopkins Cnty., Ky., 4:03-cv-3 JHM, 2007 WL 9798245, at *1-2 (W.D. Ky. Sept. 7, 2007) -- a measure Charter has not requested -- or to order them to confer and prepare a proposed order imposing "some level of court

---

[1] See also Pierce v. Wyndham Vacation Resorts, Inc., 3:13-cv-641 PLR CCS, 2015 WL 574501, at *2-3 (E.D. Tenn. Feb. 11, 2015) (denying, in FLSA collective action, defendant employer's request to include mandatory questionnaire requiring recipients to affirm answers on penalty of perjury); City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A., 10-cv-4372 DWF JJG, 2012 WL 12898811, at *6 (D. Minn. July 27, 2012) (conditioning defendant employer's ability to obtain class discovery via questionnaire on inclusion of disclaimer notifying recipients that failure to respond would not cause them to forfeit recovery); Schwartz v. Celestial Seasonings, Inc., 185 F.R.D. 313, 319 (D. Colo. 1999) (ordering deletion of questionnaire language indicating it was mandatory to prevent "exclusion of any party member that does not return the questionnaire").

4

supervision of communications," Doyon v. Rite Aid Corp., 279 F.R.D. 43, 50-51 (D. Maine 2001).  None restricted plaintiffs' counsel from communication with putative class members altogether.

Second, the court does not deem it appropriate to send out a curative notice to the recipients of Charter's letter. Dignifying the original communication with another one from the court could create the false impression that the court somehow has an interest in the questionnaire.  However, the court shares several of Charter's concerns with the contents of letter and survey and sees nothing wrong with Charter sending its own communication to those who received it, although the court does not deem it appropriate to dictate the contents of any such communication at this time.

Third, in order for Charter to send such a communication it would need a list of all the recipients, copies of all the materials that were sent to them, and the addresses to which they were sent.  The court sees nothing wrong with requiring plaintiffs' counsel to provide the defense with such information.

Fourth, the court does not perceive the conduct of plaintiffs' counsel to be sufficiently egregious to merit the imposition of sanctions.

IT IS THEREFORE ORDERED that, if defense counsel wishes to send a follow-up communication to the recipients of the attached letter and survey, counsel meet and confer, either remotely or in person, to the extent that such is possible, to discuss the details of such communication;

AND IT IS FURTHER ORDERED that within fourteen days from the date of this Order, or at such other time as may be agreed upon by stipulation between the parties, plaintiffs' counsel shall provide defendants' attorneys with a list of the names and addresses of all recipients of any communications sent or caused to be sent by plaintiffs' attorneys or any of their consultants, along with copies of all materials sent to them.

Dated:  February 24, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE