UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: MOTIONS FOR RECONSIDERATION AND INTERLOCUTORY APPEAL |

----oo0oo----

I.   Motion for Reconsideration

Plaintiffs ask the court to reconsider its order compelling plaintiffs Harper, Turner, Vazquez, and Abascal to arbitration (Docket No. 202) in light of the California Court of Appeal's recent decision in Ramirez v. Charter Communications, Inc., 75 Cal. App. 4th 365 (2d Dist. 2022).  In Ramirez, that court held that Charter's Solution Channel Agreement -- the same

1

1  arbitration agreement this court enforced in its prior order --
2  was unenforceable due to procedural and substantive
3  unconscionability.  See id. at 373-87.
4       A court may reconsider a prior order if it "is
5  presented with newly discovered evidence, committed clear error,
6  or if there is an intervening change in the controlling law."
7  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d
8  873, 880 (9th Cir. 2009) (citation omitted).  Because Ramirez was
9  decided after the court ordered Harper, Turner, Vazquez, and
10 Abascal to arbitration, plaintiffs argue the decision represents
11 an intervening change in controlling law.  (See Mot. at 9.)
12      However, as the Ninth Circuit has stated, "[d]ecisions
13 of [California's] six district appellate courts are persuasive
14 but do not bind each other or us."  Muniz v. United Parcel Serv.,
15 Inc., 738 F.3d 214, 219 (9th Cir. 2013) (citation omitted).
16 Although the Ninth Circuit has noted that federal courts
17 nonetheless "should" follow the California Court of Appeal's
18 decisions regarding California law in most circumstances, see
19 id., this does not render the Court of Appeal's decisions
20 binding.  Because Ramirez is not binding, it does not constitute
21 a "change in the controlling law," and plaintiffs' motion for
22 reconsideration will therefore be denied.
23 II.  Motion to Certify Order for Interlocutory Appeal
24      Plaintiffs alternatively request that the court certify
25 its order compelling arbitration for interlocutory appeal.  A
26 district court may certify an order for interlocutory appeal if
27 the order (1) "involves a controlling question of law" (2) "as to
28 which there is substantial ground for difference of opinion" and

1  (3) "an immediate appeal from the order may materially advance
2  the ultimate termination of the litigation." 28 U.S.C.
3  § 1292(b).
4       The court's order compelling arbitration "involves a
5  controlling question of law." Whether California law on
6  contracts and unconscionability prohibits enforcement of an
7  arbitration agreement with the provisions contained in the
8  Solution Channel Agreement is a question of law.[1] That question
9  is also controlling, as it was dispositive to the court's
10 previous order. (See Docket No. 202.)
11      This issue also presents a "substantial ground for
12 difference of opinion." Although defendant notes that most
13 federal and California trial courts to have evaluated the
14 Solution Channel Agreement have concluded that it was not
15 unconscionable, at least one district court has held otherwise.
16 (Opp. at 27-28 (Docket No. 283)); see Durruthy v. Charter Comms.,

---

[1] Defendants cite this court's statement that "while the Ninth Circuit has apparently not had occasion to address the issue, many courts have found the question of law must be a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." Aldapa v. Fowler Packing Co. Inc., 1:15-cv-420 DAD SAB, 2016 WL 8731316, at *1 (E.D. Cal. Aug. 26, 2016). That observation referred to decisions of other circuit courts, including a Sixth Circuit decision stating, "On interlocutory appeal, we do not review the district court's findings of fact, and instead consider only pure questions of law." Id. (quoting Park W. Galleries, Inc. v. Hochman, 692 F.3d 539, 543 (6th Cir. 2012)). Nevertheless, consideration of whether plaintiffs should be released from their obligation to arbitrate their claims requires no consideration of any findings of fact made by this court, and there are no disputed facts regarding the contents of the arbitration agreement. Accordingly, this court regards the question at issue as a pure question of law."

LLC, 20-cv-1374 W (MSB), 2021 WL 254194 (S.D. Cal. Jan. 25, 2021).  Now, on the first occasion upon which a California Court of Appeal has evaluated the substantive unconscionability of the agreement, it too has held that the agreement is unenforceable as unconscionable.  See Ramirez, 75 Cal. App. 4th at 387.[2]

Given that the Ninth Circuit has cautioned that courts should "not disregard a well-reasoned decision from a state's intermediate appellate court" when that decision is highly relevant, see In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1278 (9th Cir. 2013), the disagreement between the California Court of Appeal and many of the trial courts to have addressed this issue indicates that a substantial ground for disagreement exists.  See Couch v. Telescope Inc., 611 F.3d 629, 634 (9th Cir. 2010) ("[I]dentification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement . . . .") (quoting Union Cnty. v. Piper Jaffray & Co., Inc., 525 F.3d 643, 647 (8th Cir. 2008) (per curiam)).

Finally, an immediate appeal from this court's order "may materially advance the ultimate termination of the litigation."  Plaintiffs have stated that, if the Solution Channel Agreement is held to be unenforceable against Harper, Turner, Vazquez, and Abascal, those plaintiffs will seek to

---

[2]  Defendants note that the California Court of Appeal had considered the enforceability of a provision of the Solution Channel Agreement before it decided Ramirez.  (See Opp. at 12-13 (citing Patterson v. Super. Ct., 70 Cal. App. 5th 473, 489-90 (2d Dist. 2021)).)  But that decision did not consider whether the Agreement as a whole was substantively unconscionable.  See Patterson, 70 Cal. App. 5th 473.

1 rejoin the putative class action as proposed class
2 representatives, which would necessitate a renewed motion for
3 class certification and further briefing.  (See Mot. at 21-22.)
4         Further, in opposing plaintiff Sinclair's pending
5 motion for class certification, Charter has argued that Sinclair
6 lacks standing to represent certain putative class members, (see
7 Docket No. 271 at 31-35, 50-51, 63-64), an argument that would
8 become moot if the other plaintiffs rejoin the action as proposed
9 class representatives.  Interlocutory appeal would avoid the
10 expenditure of judicial resources that would result if the court
11 had to adjudicate Sinclair's pending motion for class
12 certification only to have to revisit that decision following a
13 subsequent appeal.  An interlocutory appeal will also allow for
14 greater certainty and finality in light of Ramirez and,
15 regardless of the result, will allow the court and the parties to
16 move forward with the determination of class certification
17 without distraction.
18         Because the court therefore concludes that 28 U.S.C.
19 § 1292(b)'s requirements are satisfied, the court will certify
20 its order compelling plaintiffs Harper, Turner, Vazquez, and
21 Abascal to arbitration for interlocutory appeal.
22         IT IS THEREFORE ORDERED that plaintiffs' motion for
23 reconsideration (Docket No. 275) be, and the same hereby is,
24 DENIED.
25         IT IS FURTHER ORDERED that plaintiffs' alternative
26 motion (Docket No. 275) for certification for interlocutory
27 appeal of the court's order compelling arbitration (Docket No.
28 202), be, and the same hereby is, GRANTED.

1              All proceedings in this case are hereby STAYED pending
2   resolution of the interlocutory appeal, and the hearings on the
3   instant motion (Docket No. 275) and on defendant's motion for
4   leave to file a surreply (Docket No. 285), currently calendared
5   for May 2, 2022, and on plaintiffs' motion for class
6   certification (Docket No. 257), currently calendared for May 31,
7   2022, are hereby VACATED.
8              IT IS SO ORDERED.
9   Dated:  April 22, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE