# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | Case No. 2:19-cv-00902-WBS-DMC<br><br>Hon. William B. Shubb<br><br>**ORDER GRANTING STIPULATION AND JOINT REQUEST TO MODIFY SCHEDULING ORDER** |

Having read and considered the Stipulation and Joint Request to Modify Scheduling Order ("Stipulation") submitted by Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vazquez, and Pedro Abascal ("Plaintiffs") and Defendant Charter Communications, LLC ("Charter") (collectively, the Parties), the Court finds **GOOD CAUSE** to modify the Status (Pretrial Scheduling) Order, Dkts. 34, 104, 159, 213, and 268, and hereby **GRANTS** the Stipulation as follows:

WHEREAS, on October 9, 2019, the Court issued an initial scheduling order (Dkt. 34 ("Scheduling Order")).

WHEREAS, subsequently, the Court approved several stipulations and joint requests and modified the dates and deadlines in the Scheduling Order (Dkts. 52, 60, 70, 83, 92, 104, 159, 213, and 268).

WHEREAS, on January 26, 2022, the Court stayed all proceedings on Harper's PAGA claim pending the outcome in *Viking River Cruises* and referred Charter's *ex parte* application to extend the sampling production deadline to Magistrate Judge Cota. Dkt. 261. Magistrate Judge Cota denied the application and another pending motion without prejudice to renewal. Dkt. 265.

WHEREAS, Sinclair filed a renewed motion for class certification on January 24, 2022, Charter filed a response on February 23, 2022, and Sinclair filed a reply on March 12, 2022 (Dkts. 257, 258, 262, 271, 272, 273, and 281). No hearing on the motion has been held.

WHEREAS, Charter filed a motion to file a surreply re Sinclair's motion for class certification on March 28, 2022, Sinclair filed a response on April 11, 2022, and Charter filed a reply on April 21, 2022 (Dkts. 285, 286, and 287). No hearing on the motion has been held.

WHEREAS, on April 4, 2022, the Court denied Plaintiffs' motion for reconsideration of the order compelling arbitration of Harper's, Turner's, Abascal's, and Vazquez's individual claims, granted Plaintiffs' alternative request to certify the order for interlocutory appeal, stayed all proceedings in this case (including Sinclair's individual and class claims) pending resolution of the interlocutory appeal (Dkts. 275, 277, 283, 284, 288).

WHEREAS, Harper, Turner, Abascal, and Vazquez filed in the Ninth Circuit a petition for permission to file interlocutory appeal on May 2, 2022. Dkt. 289. Charter filed an opposition to the petition on May 12, 2022. On June 1, 2022, the California Supreme Court granted a petition for review in *Ramirez v. Charter Communications, Inc.*, 75 Cal. App. 5th 365 (2022). *See Ramirez v. Charter Communications*, No. S273802, 2022 WL 2037698, at *1 (Cal. June 1, 2022). On June 9, 2022, Charter filed a Rule 28(j) letter informing the Ninth Circuit of the grant of review in *Ramirez*, and on June 10, 2022, Harper, Turner, Abascal, and Vazquez filed a response letter. On June 14, 2022, the Ninth Circuit denied the petition for permission to appeal. Dkt. 290.

1    WHEREAS, on June 15, 2022, the United States Supreme Court issued a decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (June 15, 2022). The parties have met and conferred and dispute the effect the decision in *Viking River Cruises* may have on Harper's PAGA claim. Charter intends to file a motion based on *Viking River Cruises*, and Harper intends to oppose any such motion.

WHEREAS, the Parties have met and conferred and agree that the stay of all case proceedings should be lifted for the limited purposes of (1) hearing Charter's motion to compel arbitration of, and to dismiss, Harper's PAGA claim based on *Viking River Cruises*, (2) hearing Charter's pending motion for leave to file a surreply, and (3) hearing Sinclair's renewed motion for class certification. The Parties agree that the stay of all case proceedings, the Ninth Circuit's denial of the petition for permission to appeal, the California Supreme Court's grant of review in *Ramirez*, and the United States Supreme Court's decision in *Viking River Cruises* have significantly changed the current scope and timing of this case such that the current schedule should be modified.

WHEREAS, the Parties have met and conferred and agree that, for judicial economy, and good cause showing, the Court should approve this Stipulation in its entirety and modify the Scheduling Order in this action as shown below to provide adequate time for the Court to issue decisions on Charter's motion for leave to file a surreply, Charter's anticipated motion based on *Viking River Cruises*, and Sinclair's renewed motion for class certification; for the Parties to complete fact discovery; for the Parties to prepare expert reports and engage in expert discovery (the scope of which will depend on the Court's decisions regarding the pending and anticipated motions); and the Parties to prepare and file additional motions following the close of discovery and thereafter prepare for trial.

NOW, THEREFORE, based on the foregoing, the Parties hereby STIPULATE AND AGREE and, through their respective counsel, respectfully ask the Court to enter an Order as follows:

1. The stay of all case proceedings shall remain in place except for the following limited purposes:

    a. The hearing on Charter's anticipated motion based on *Viking River Cruises* shall be set for September 6, 2022 at 1:30 p.m., and the briefing schedule for such motion shall be as follows:

        i. Motion due on August 2, 2022

        ii. Response brief due on August 16, 2022

        iii. Reply brief due on August 26, 2022

    b. The hearing on Charter's motion for leave to file a surreply (Dkt. 285) shall be set for September 6, 2022 at 1:30 p.m.

    c. The hearing on Sinclair's renewed motion for class certification (Dkt. 257) shall be set for October 3, 2022 at 1:30 p.m.

2. A Status Conference shall be held on September 6, 2022 at 1:30 p.m. to discuss whether and to what extent the stay of other court proceedings should be lifted following the Court's decisions on Charter's pending and anticipated motions, and any other matters the Court wishes to raise with the Parties.

3. The current Scheduling Order (Dkt. 268) is hereby modified as follows: Deadline for Charter to complete its production of additional sampling documents/ESI pursuant to Dkts. 112 and 133: The earlier of (i) 14 days after the Court grants Plaintiff Sinclair's Renewed Motion for Class Certification, if at all, or (ii) 14 days after the stay of Plaintiff Harper's PAGA claim is lifted, if at all.

4. The current dates and deadlines regarding expert discovery, the discovery cut-off, the motions cut-off, the final pretrial conference, and the trial setting are vacated pending decisions on Charter's motion to compel and dismiss Harper's PAGA claim based on *Viking River Cruises*, Charter's motion for leave to file a surreply, and Sinclair's renewed motion for class certification.

5. Once the motions are decided, the parties shall submit a new proposed scheduling order.

**IT IS SO ORDERED.**

Dated: July 14, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5