Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
1 Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 667-4700
Fax: (949) 424-8091

*Counsel for Plaintiffs, Putative Class Members, and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, LLC,

Defendant.

Case No. 2:19-cv-00902-WBS-DMC

**PLAINTIFF LIONEL HARPER'S MOTION TO VACATE THE ORDER COMPELLING ARBITRATION AND LIFT STAY**

| | |
|---|---|
| Judge: | Hon. William B. Shubb |
| Hearing Date: | January 23, 2023 |
| Hearing Time: | 1:30 p.m. |
| Location: | Courtroom 5 or via Zoom |
| Trial Date: | None set |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 23, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard by Honorable William B. Shubb via Zoom or in Courtroom 5 on the 14th Floor of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, Plaintiff Lionel Harper will and hereby does move the Court for an order (1) vacating the October 13, 2021 order [Dkt. 202] compelling arbitration pursuant to California Code of Civil Procedure section 1281.98 and 9 U.S.C. § 3, (2) requiring Defendant Charter Communications, LLC (Charter) to pay his attorney fees associated with the arbitration pursuant to Sections 1281.98 and 1281.99, and (3) lifting the stay of his individual, class, and PAGA claims pursuant to *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), California Code of Civil Procedure section 1281.98, 9 U.S.C. § 3, and related authorities.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Soderstrom Declaration and exhibits thereto, all documents in the Court's file, and such other arguments as may be presented to the Court.

Dated: December 2, 2022

SODERSTROM LAW PC

By: */s/ Jamin S. Soderstrom*
Jamin S. Soderstrom

*Counsel for Plaintiffs, Proposed Class Members, and Aggrieved Employees*

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ....................................................................................................4

INTRODUCTION....................................................................................................................6

RELEVANT BACKGROUND ..................................................................................................6

THE COURT SHOULD VACATE THE ORDER COMPELLING ARBITRATION..........................8

A. Charter's Material Breach And Default Gave Harper The Right To Withdraw His Claims From Arbitration And Proceed In Court. ..........................................................8

B. The FAA Does Not Preempt Section 1281.98 Because The Statute's Purpose Is To Facilitate Arbitration. ..........................................................................................10

THE COURT SHOULD ORDER CHARTER TO PAY HARPER'S ATTORNEY FEES ................11

THE COURT SHOULD LIFT THE STAY OF HARPER'S CLAIMS ..........................................12

A. There Is No Statutory Basis For A Because Charter Defaulted In Proceeding With The Arbitration And Harper Elected To Proceed In Court. ..............................................12

B. There Is No Reason For A Discretionary Stay Because The Relevant Factors Weigh Heavily Against A Stay.. .......................................................................................13

CONCLUSION ......................................................................................................................16

## TABLE OF AUTHORITES

**Page(s)**

**Cases**

*Agerkop v. Sisyphian LLC*,
2021 WL 1940456 (C.D. Cal. Apr. 13, 2021)....10

*Baxter Healthcare Corp. v. Becton, Dickinson & Co.*,
2021 WL 22553 (S.D. Cal. Jan. 4, 2021)....14

*Belyea v. GreenSky, Inc.*,
2022 WL 14965532 (N.D. Cal. Oct. 26, 2022)....10

*Boyle v. Cty. of Kern*,
2008 WL 220413 (E.D. Cal. Jan. 25, 2008)....13

*Dano Resource Recovery, Inc. v. District of Columbia*,
923 F. Supp. 249 (D.D.C. 1996)....13

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)....14

*De Leon v. Juanita's Foods*,
--- Cal. Rptr. 3d ---,
2022 WL 17174498 (Cal. Ct. App. Nov. 23, 2022)....8, 9

*Durruthy v. Charter Communications, LLC*,
2020 WL 6871048 (S.D. Cal. Nov. 23, 2020)....10

*Espinoza v. Superior Court*,
83 Cal. App. 5th 761 (2022)....9, 10, 11

*Gallo v. Wood Ranch USA, Inc.*,
81 Cal. App. 5th 621 (2022)....9, 10, 11

*Gonzales v. Charter Communications, LLC*,
497 F. Supp. 3d 844 (C.D. Cal. 2020)....10

*Hilton v. Braunskill*,
481 U.S. 770 (1987)....14

*Landis v. North American Co.*,
299 U.S. 248 (1936)....2, 13

*Lionel Harper v. Charter Communications, LLC*,
AAA Case No. 01-22-0001-3208 (the arbitration)....7

*Morris v. Morgan Stanley & Co.*,
942 F.2d 648 (9th Cir. 1991)....13

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....15

*Nken v. Holder*,
556 U.S. 418 (2009)....13

*Postmates Inc. v. 10,356 Individuals*,
2021 WL 540155 (C.D. Cal. Jan. 19, 2021) ........ 11

*Potts v. Sirius XM Radio Inc.*,
2022 WL 17098184 (C.D. Cal. Oct. 25, 2022) ........ 14

*Ralph v. HAJ, Inc.*,
2019 WL 313098 (S.D. Cal. Jan. 24, 2019) ........ 13

*Ramirez v. Charter Communications, LLC*,
75 Cal. App. 5th 365 (2022) ........ 6

*Shams v. Revature LLC*,
--- F. Supp. 3d ---, 2022 WL 3453068 (N.D. Cal. 2022) ........ 14

*Sink v. Aden Enterprises, Inc.*,
352 F.3d 1197 (9th Cir. 2003) ........ 9, 10, 13

*Thomas v. Home Depot USA Inc.*,
2007 WL 2140917 (N.D. Cal. July 25, 2007) ........ 13

*Tribe v. U.S. Bureau of Reclamation*,
2021 WL 4482117 (N.D. Cal. Sept. 30, 2021) ........ 13

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*,
46 F. App'x 412 (9th Cir. 2002) ........ 13

*United States v. Fallbrook Pub. Util. Dist.*,
2017 WL 1281915 (S.D. Cal. Apr. 6, 2017) ........ 13

**Statutes and Rules**

9 U.S.C. § 3 ........ 1, 12

Cal. Code Civ. Proc. § 1281.97 ........ passim

Cal. Code Civ. Proc. § 1281.98 ........ passim

Cal. Code Civ. Proc. § 1281.98(a)–(b) ........ 12

Cal. Code Civ. Proc. § 1281.98(a)(1) ........ 9

Cal. Code Civ. Proc. § 1281.98(b)(1) ........ 8, 9

Cal. Code Civ. Proc. § 1281.98(c) ........ 11

Cal. Code Civ. Proc. § 1281.98(c)(1) ........ 6, 12

Cal. Code Civ. Proc. § 1281.98(c)(2) ........ 12

Cal. Code Civ. Proc. § 1281.99(a) ........ 6, 12

Cal. Code Civ. Proc. § 1281.99(b) ........ 12

Fed. R. Civ. P. 1 ........ 14

Fed. R. Civ. P. 23(c)(1)(A) ........ 15

## INTRODUCTION

The Court should vacate its order compelling Harper to arbitrate his individual claims, and staying his individual and class claims. Dkt. 202. Vacatur is required under California Code of Civil Procedure section 1281.98 because Charter defaulted on its obligation to pay an October 24, 2022 invoice by the November 23, 2022 deadline, and because Harper timely elected to withdraw his claims from arbitration and proceed in court. Multiple state and federal courts have found that a material breach and default under Section 1281.98 (or under its sister statute, Section 1281.97) is a proper basis to vacate an order compelling arbitration. Multiple state and federal courts have also found that the Federal Arbitration Act (FAA) does not preempt Section 1281.97 or 1281.98 because the statutes *facilitate*, rather than hinder, arbitration. This Court should reach the same conclusions here and vacate its order compelling Harper to arbitrate his individual claims.

The Court should also order Charter to pay Harper's costs and attorney fees associated with the arbitration. Sections 1281.98(c)(1) and 1281.99(a) require Charter to pay all of his costs and attorney fees associated with the arbitration as a sanction for its default. Harper asks the Court to order Charter to pay Harper $125,970 in attorney fees.

Finally, the Court should lift the stay of Harper's individual, class, and PAGA claims. Because Charter defaulted in proceeding with the arbitration, there is not a statutory basis to stay his individual and class claims. And the relevant factors weigh heavily against a discretionary stay.

The Court should grant this motion, vacate its order compelling arbitration, order Charter to pay Harper's attorney fees associated with the arbitration, and lift the stay of all of his claims.

## RELEVANT BACKGROUND

On July 9, 2021, Charter moved to compel Harper to arbitrate the claims in the Second Amended Complaint on an individual basis under the terms of the Mutual Arbitration Agreement (Agreement). Dkt. 162; Dkt. 162-1 Ex. B (Agreement). Harper opposed the motion on various grounds. Dkt. 172. The Court ultimately granted Charter's motion, compelled Harper to arbitrate his claims on an individual basis, and stayed his individual and class claims. Dkt. 202. The Court declined to reconsider its order in light of *Ramirez v. Charter Communications, LLC*, 75 Cal. App. 5th 365 (2022), but certified its order for immediate appeal. Dkt. 288. The Ninth Circuit denied Harper permission to appeal shortly after the

California Supreme Court granted review in *Ramirez*, a case that will resolve the Agreement's unconscionability and enforceability under California law once and for all. Dkt. 290.

On March 30, 2022, Charter filed an arbitration with the American Arbitration Association (AAA) on Harper's behalf: *Lionel Harper v. Charter Communications, LLC*, AAA Case No. 01-22-0001-3208 (the arbitration). Soderstrom Decl. ¶ 1. The parties proceeded with arbitration for eight months, engaging in some discovery, motion practice, and multiple conferences and hearings. *Id.*

On October 24, 2022, the AAA sent the parties an email, sent with "High Importance," that attached an invoice requiring Charter to pay $4,659.50 for the arbitrator's compensation and an additional $5,000 deposit. *Id.* ¶ 2, Ex. 1 (Oct. 24, 2022 Email and Invoice). The email confirmed:

> Payment is due on upon receipt. As this arbitration is subject to California Code of Civil Procedure 1281.98, payment must be received 30 days from the date of this correspondence. Pursuant to California Code of Civil Procedure 1281.98, the AAA cannot grant any extensions to this payment deadline unless agreed upon by all parties. To make a payment online, please visit our website at www.adr.org and follow the payment instructions as detailed on the second page of the invoice. We appreciate your attention to this matter and do not hesitate to contact the undersigned if you have any questions.

*Id.* Charter did not respond to the email or dispute the invoiced amounts, payment due dates, or application and requirements of Section 1281.98. *Id.*

On November 14, 2022, the AAA sent the parties another email, sent with "High Importance," that attached the same October 24, 2022 invoice and stated:

> This will serve as a reminder of the outstanding deposit due from Charter for the above matter. Pursuant to California Code of Civil Procedure 1281.98, payment must be made no later than **November 23, 2022**.

*Id.* ¶ 3, Ex. 2 (Nov. 14, 2022 Email and Invoice). Charter did not respond to the email or dispute the invoiced amounts, payment due dates, or application and requirements of Section 1281.98. *Id.*

On November 29, 2022, six days after the payment deadline, the AAA sent the parties another email that attached a letter that stated:

> This will confirm that we have not received the $5,000.00 payment for the arbitrator's additional pre-hearing deposit requested and invoiced in our email dated October 24, 2022. Pursuant to CA CCP 1281.98, the AAA requests that the parties review the relevant section of the statute and provide a response regarding how they wish to proceed on or before **December 2, 2022**. If the parties have agreed to extend the payment deadline, please confirm that agreement and the date the deadline has been

> extended to by this response date. If applicable, we will inform the arbitrator of the parties' agreement and new payment deadline date.

*Id.* ¶ 4, Ex. 3 (Nov. 29 – Dec. 2, 2022 Email Chain and AAA Letter). Later that same day, Harper's counsel responded and confirmed:

> The parties did not have an agreement to extend the deadline to receive Respondent's payment of the October 24, 2022 invoice. Accordingly, pursuant to California Code of Civil Procedure 1281.98(b)(1), Claimant unilaterally elects to withdraw his claims from arbitration and to proceed with them in court. Claimant requests that the AAA confirm his election and terminate the arbitration.

*Id.* On December 1, the AAA emailed confirmation that "the $5,000 payment was received by the AAA yesterday, November 30. Mr. Soderstrom, please confirm how Claimant would like to proceed by replying to this email." *Id.* The next day, Harper's counsel confirmed his election to withdraw Harper's claims from arbitration and proceed with them in court. *Id.*

**THE COURT SHOULD VACATE THE ORDER COMPELLING ARBITRATION**

The Court should vacate the order compelling Harper to arbitrate his individual claims, and staying his individual and class claims. Dkt. 202. When Charter failed to pay the October 24, 2022 invoice by the November 23, 2022 deadline, it materially breached the Agreement, defaulted in proceeding with the arbitration, and waived any right to compel Harper to proceed with the arbitration. Harper timely elected to withdraw his claims from arbitration and proceed in court. Section 1281.98[1] requires vacatur of the order compelling arbitration, and is not preempted by the FAA.

**A. <u>Charter's Material Breach And Default Gave Harper The Right To Withdraw His Claims From Arbitration And Proceed In Court.</u>**

The California Legislature perceived "that a 'company's failure to pay the fees of an arbitration provider' as required by an arbitration agreement or applicable law 'hinders the efficient resolution of disputes and contravenes public policy.'" *De Leon v. Juanita's Foods*, --- Cal. Rptr. 3d ---, 2022 WL 17174498, at *4 (Cal. Ct. App. Nov. 23, 2022) (citations omitted). It enacted Sections 1281.97 and 1281.98 to address such failures. *Id.* at *4–5. It determined "'late payment to be a material breach of the arbitral agreement' that gives the employee . . . the choice to remain in the arbitration at the employer's

[1] Section 1281.97 applies to payments required to *initiate* arbitration, and Section 1281.98 applies to payments required to continue arbitration. The analysis is the same under both statutes.

cost or pursue his or her claims in court." *Id.* at *5 (quoting *Gallo v. Wood Ranch USA, Inc.*, 81 Cal. App. 5th 621, 634 (2022)).

Under Section 1281.98, if "the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date," then the employer "is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee . . . to proceed with that arbitration." Cal. Code Civ. Proc. § 1281.98(a)(1). The employee then has the right to "unilaterally elect" to "[w]ithdraw the claim[s] from arbitration and proceed in a court of appropriate jurisdiction." *Id.* § 1281.98(b)(1).

"[T]he statute's language establishes a simple bright-line rule that a drafting party's failure to pay outstanding arbitration fees within 30 days after the due date results in its material breach of the arbitration agreement." *De Leon*, 2022 WL 17174498, at *6. "Under the plain language of the statute, . . . the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party." *Espinoza v. Superior Court*, 83 Cal. App. 5th 761, 776 (2022) (finding the "plain language therefore indicates the Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline"); *see also Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (finding an employer's "failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration," and an employee can elect to proceed in court or compel specific performance of the arbitration agreement). Courts do not have "discretion to depart from the statute's straightforward material breach rule." *De Leon*, 2022 WL 17174498, at *8 (citing *Espinoza*, 83 Cal. App. 5th at 776).

Section 1281.98 applies and dictates the result here. Charter drafted the Agreement. Dkt. 162-1 & Ex. B. Charter compelled Harper to arbitrate his claims under the terms of the Agreement. Dkts. 162 and 202. Charter agreed to pay all arbitration costs and fees, including arbitrator fees. Agreement § K. Charter agreed that the AAA would administer the arbitration, and it did not object or dispute that Section 1281.98 governed Charter's timely payment obligations. Agreement §§ H, K; Soderstrom Decl. ¶¶ 2–4, Exs. 1–3. Charter received the October 24, 2022 invoice, and it also received the November 14, 2022 email reminding it that there was an outstanding balance in the arbitration due November 23, 2022.

Soderstrom Decl. ¶¶ 2–4, Exs. 1–3. The AAA reviewed its records and confirmed that Charter did not meet the November 23, 2022 payment deadline, and that Charter's payment of the invoiced amount was not received until November 30, 2022. *Id.* ¶ 4, Ex. 3.

After the AAA confirmed receipt of the late payment, Charter's counsel stated in an email that the reason for the late payment was the existence of multiple arbitrations and multiple invoices. *Id.* But the reason Charter failed to pay the invoice by the November 23, 2022 deadline is immaterial under the plain terms of the statute. *Espinoza*, 83 Cal. App. 5th at 776 (explaining the reason for the material breach and default is not a defense). Harper timely confirmed his election to withdraw his claims from arbitration and proceed in court. Soderstrom Decl. ¶ 4, Ex. 3.

Charter's material breach and default, and Harper's timely election to withdraw his claims from arbitration and proceed in court, means he does not have a contractual or statutory obligation to continue arbitrating his claims. The Court should grant this motion and vacate its order compelling arbitration.[2]

**B. <u>The FAA Does Not Preempt Section 1281.98 Because The Statute's Purpose Is To Facilitate Arbitration.</u>**

Multiple state and federal courts have rejected arguments that Sections 1281.97 and 1281.98 single out arbitration agreements for disfavored treatment and are therefore preempted by the FAA. *Espinoza*, 83 Cal. App. 5th at 783–84; *Gallo*, 81 Cal. App. 5th at 641–43); *Agerkop v. Sisyphian LLC*,

---

[2] Charter has already waived and forfeited any right it may have had (which Harper disputes) to ask the Court to delegate any issues to the arbitrator. Dkt. 162 (asking the Court to decide enforceability, arbitrability, and scope issues with respect to Harper's individual claims); Dkt. 293 (same with respect to Harper's PAGA claim). Moreover, the Agreement does not clearly and unmistakably delegate to an arbitrator issues concerning material breach, default, waiver, or Section 1281.98, so delegation would be improper even if Charter had not waived and forfeited any delegation arguments that may exist. *See* Agreement § 2(c) ("covered claims" include disputes related to "arbitrability" without mentioning breach, default, waiver, enforceability, or payment issues under Sections 1281.97 or 1281.98); *Durruthy v. Charter Communications, LLC*, 2020 WL 6871048, at *2–3 (S.D. Cal. Nov. 23, 2020) (finding the delegation language in Section B.3 of the Agreement is not clear and unmistakable); *Gonzales v. Charter Communications, LLC*, 497 F. Supp. 3d 844, 849–50 (C.D. Cal. 2020) (same). Other courts have rejected delegation arguments in the context of defaults under Sections 1281.97 and 1281.98. *Agerkop*, 2021 WL 1940456, at *4 (finding a delegation clause that the court had previously enforced "does not preclude this Court from ruling on the instant Motion regarding the effect of Defendants' failure to pay required fees within 30 days of the due date"); *Belyea v. GreenSky, Inc.*, 2022 WL 14965532, at *2–5 (N.D. Cal. Oct. 26, 2022) (rejecting argument that a delegation clause required the court to delegate the employer's compliance with Section 1281.97 to an arbitrator); *see also Sink*, 352 F.3d at 1200 (rejecting employer's attempt to obtain a stay pending a further reference to arbitration when it was in default of arbitration).

2021 WL 1940456, at *4–5 (C.D. Cal. Apr. 13, 2021); *Postmates Inc. v. 10,356 Individuals*, 2021 WL 540155, at *7–10 (C.D. Cal. Jan. 19, 2021). This Court should reach the same conclusion and reject any preemption arguments that Charter may make.

"[T]he mere fact that a law applies solely to arbitration is insufficient to preempt it under the FAA." *Espinoza*, 83 Cal. App. 5th at 780 (citing *Gallo*, 81 Cal. App. 5th at 638); *Postmates*, 2021 WL 540155, at *7–10. Section 1281.98 "does not prohibit or discourage the formation or enforcement of arbitration agreements, either by barring certain claims from arbitration or imposing obstacles that make it difficult to enter into arbitration agreements." *Espinoza*, 83 Cal. App. 5th at 783. Rather, consistent with the FAA's "goal of safeguarding arbitration as an expedited and cost-efficient vehicle for resolving disputes," Section 1281.98 "actually 'facilitates arbitration by preventing parties from insisting that a dispute be resolved through arbitration and then sabotaging that arbitration by refusing to pay the fees necessary to move forward in arbitration." *Id.* (quoting *Gallo*, 81 Cal. App. 5th at 643); *Postmates*, 2021 WL 540155, at *7 (finding Section 1281.97 is "pro-arbitration because it makes arbitration more effective and efficient," and "[i]nstead of nullifying arbitration agreements, the law ensures a speedy resolution under their terms"). Section 1281.98's "procedures putting a business's feet to the fire to pay on time *facilitates* the resolution of disputes with alacrity." *Gallo*, 81 Cal. App. 5th at 645; *Postmates*, 2021 WL 540155, at *8 ("Clearly, the FAA does not preempt state laws that make arbitration *more effective* by providing targeted remedies *in aid* of arbitration. These laws are pro-arbitration, and federal preemption doctrine routinely allows additional state remedies for violations of arbitration agreements.").

The FAA does not preempt Section 1281.98, and it does not save Charter from the consequences of its material breach and default.

**THE COURT SHOULD ORDER CHARTER TO PAY HARPER'S ATTORNEY FEES**

The Court should order Charter to pay Harper's costs and attorney fees associated with the arbitration as a sanction for its material breach and default.

Section 1281.98(c) states:

> If the employee or consumer withdraws the claim from arbitration and proceeds in a court of appropriate jurisdiction pursuant to paragraph (1) of subdivision (b), both of the following apply: (1) The employee or consumer may bring a motion, or a separate

> action, to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding. The recovery of arbitration fees, interest, and related attorney's fees shall be without regard to any findings on the merits in the underlying action or arbitration. (2) The court shall impose sanctions on the drafting party in accordance with Section 1281.99.

Cal. Code Civ. Proc. § 1281.98(c)(1)–(2). Section 1281.99 states that courts "shall" order a drafting party that breached an arbitration agreement pursuant to Section 1281.98 to pay the employee's costs and attorney fees. *Id.* § 1281.99(a). Section 1281.99 also lets courts impose other sanctions, but Harper is not seeking other sanctions in this motion. *Id.* § 1281.99(b).

The Court should order Charter to pay Harper $125,970 in attorney fees associated with the arbitration. Soderstrom Decl. ¶ 5, Ex. 4. Harper would not have incurred any of these attorney fees but for Charter's demand that he arbitrate his claims on an individual basis under the Agreement. *Id.* Specifically, he would not have had to: prepare a response to Charter's motion to compel arbitration; prepare a motion to reconsider the order or certify it for immediate appeal; go through Charter's internal review process; participate in eight months of arbitration; or prepare this motion and an anticipated reply brief. *Id.* Harper is entitled to payment of these fees. Cal. Code Civ. Proc. §§ 1281.98(c), 1281.99(a).

**THE COURT SHOULD LIFT THE STAY OF HARPER'S CLAIMS**

The Court should lift the stay of Harper's claims because there is no statutory basis to stay his claims, and because the relevant factors weigh heavily against a discretionary stay.

**A. <u>There Is No Statutory Basis For A Because Charter Defaulted In Proceeding With The Arbitration And Harper Elected To Proceed In Court.</u>**

The Court's order compelling arbitration also stayed Harper's individual and class claims. *See* Dkt. 202; 9 U.S.C. § 3. But Charter's failure to pay the October 24, 2022 invoice by the November 23, 2022 deadline placed it in default in proceeding with the arbitration and gave Harper a right to withdraw his claims from arbitration and proceed in court. Cal. Code Civ. Proc. § 1281.98(a)–(b).

Charter's default and Harper's election to withdraw his claims from arbitration means there is no longer a statutory basis to stay Harper's individual or class claims. 9 U.S.C. § 3 (authorizing a stay "providing the applicant for the stay is not in default in proceeding with such arbitration"); Cal. Code Civ. Proc. § 1281.98(a) (providing that an employer's failure to timely pay the fees and costs required to continue the arbitration is a material breach, places the employer in default, and waives the right to

compel the employee to proceed with the arbitration); *Sink*, 352 F.3d at 1201 ("If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay") (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653–54 (9th Cir. 1991) (vacating stay where the party that originally sought the stay defaulted in arbitration)).

The Court should lift the stay of Harper's individual and class claims because there is no longer a statutory basis for a stay.

**B. <u>There Is No Reason For A Discretionary Stay Because The Relevant Factors Weigh Heavily Against A Stay.</u>**

There is no reason for a discretionary stay of Harper's individual, class, and/or PAGA claims because the relevant factors weigh heavily against a stay. The Court should lift the stay and let all of Harper's claims proceed in court.

Courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). A court "may lift a stay of litigation when the reasons for imposing the stay no longer exist." *Ralph v. HAJ, Inc.*, 2019 WL 313098, at *2 (S.D. Cal. Jan. 24, 2019); *Thomas v. Home Depot USA Inc.*, 2007 WL 2140917, at *1 (N.D. Cal. July 25, 2007) ("The power to grant a stay includes the inherent power and discretion to lift that stay.") (citing *Dano Resource Recovery, Inc. v. District of Columbia*, 923 F. Supp. 249, 252 (D.D.C. 1996)). "Courts within the Ninth Circuit have recognized that 'the court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" *Tribe v. U.S. Bureau of Reclamation*, 2021 WL 4482117, at *3 (N.D. Cal. Sept. 30, 2021) (quoting *United States v. Fallbrook Pub. Util. Dist.*, 2017 WL 1281915, at *2 (S.D. Cal. Apr. 6, 2017)); *Boyle v. Cty. of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) ("The corollary of this power is the ability to lift a stay previously imposed.").

The arbitrations between other employees and Harper are not a reason to stay Harper's individual, class, and/or PAGA claims. The Ninth Circuit has stated its "preference for proceeding with the non-arbitrable claims when feasible." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F.

App'x 412, 415 & n.10 (9th Cir. 2002); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring) ("[T]he heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course."). It is entirely feasible for Harper's claims to proceed in court while other plaintiffs' claims remain in arbitration.

Charter's appeal of the Court's recent order denying arbitration of Harper's PAGA claim is not a reason to stay Harper's individual, class, and/or PAGA claims. The Court's ruling was correct on the merits, and consistent with other similar cases. Dkt. 300; *Shams v. Revature LLC*, --- F. Supp. 3d ---, 2022 WL 3453068, at *2 (N.D. Cal. 2022); *Potts v. Sirius XM Radio Inc.*, 2022 WL 17098184, at *6 (C.D. Cal. Oct. 25, 2022) ("Since the Class Action Waiver is non-severable, and the term 'representative action' must be interpreted to include both [plaintiff's] 'individual' and 'non-individual' PAGA claims, the Agreement is not enforceable."). Charter drafted the Agreement and chose to include the non-severability clause. Even if the "individual" component of the PAGA claim was arbitrable (it is not), the rest of the waiver is still unenforceable and the non-severability clause still renders the Agreement null and void.

Other relevant factors also weigh against a discretionary stay. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (listing non-exhaustive factors relevant to a discretionary stay); *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, 2021 WL 22553, at *2 (S.D. Cal. Jan. 4, 2021) (listing additional factors relevant to a discretionary stay).

Harper has a strong likelihood of success on the merits because his individual and class claims are not subject to arbitration based on Section 1281.98, and the Court correctly found that his PAGA claim is not subject to arbitration. Dkt. 300.

Harper will be irreparably injured if his claims remain stayed. His and other witnesses' and potential class members' recollections may fade if his claims are delayed for another year or longer. He has been seeking individual, class, and PAGA relief in this Court for nearly four years. Further delays will unnecessarily prejudice his rights and interests in prosecuting his claims through class certification and trial, and the State's law enforcement rights and interests under PAGA.

Putative class members and aggrieved employees also have an interest in Harper's claims moving forward promptly in court. Fed. R. Civ. P. 1 (emphasizing right to "secure the just, speedy, and

inexpensive determination"); Fed. R. Civ. P. 23(c)(1)(A) (stating a court should determine whether to certify a class at "an early practicable time after a person sues . . . as a class representative"). The State also has a strong interest in proceeding with Harper's PAGA claim without further delay. *See* Dkt. 202 at 24 ("a stay would impede the vindication of California's interests in enforcing the Labor Code").

Most of the individual, class, and PAGA discovery is already complete. Harper has already defeated Charter's motion for summary judgment, Dkt. 111, and he has prepared multiple motions for class certification and multiple motions for partial summary judgment. Dkts. 64, 115, 149, 236, 303. A further stay will prejudice his rights and cause putative class members' claims and the representative PAGA claims to remain in limbo and unnecessarily delay the ultimate resolution of this case.

Charter's interest in maintaining a stay of Harper's claims is entirely self-serving. A further stay will delay necessary litigation activities without avoiding them. To the extent Charter complains about the costs and inefficiencies of piecemeal litigation, that is a problem of its own making and not a basis to stay Harper's claims. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19-20 (1983) (finding a party's "misfortune" of being "forced to resolve these related disputes in different forums" is a result of some parties being obligated to arbitrate claims and others having no obligation).

The public interest supports lifting the stay of Harper's claims. He is bringing claims and seeking rulings that Charter has violated and continues to violate the Labor Code based on allegations and theories that have already survived summary judgment. Dkt. 111. He is authorized to represent the State's law enforcement interests via the PAGA claim. Dkts. 203, 222, and 300. The Court's determination of the relevant issues and claims will impact Charter's ongoing employment practices. Further delays harm the public's interest in fair and speedy resolution of disputes that are properly brought in court, particularly disputes brought on a class and representative basis.

In sum, there are numerous reasons why the Court should lift the stay of all of Harper's claims. There is no statutory basis to maintain a stay based on arbitration, and none of the relevant factors favors a discretionary stay.

///

///

///

**CONCLUSION**

The Court should grant this motion, vacate the order compelling arbitration, order Charter to pay $125,970 in attorney fees, and lift the stay of his individual, class, and PAGA claims.

Dated: December 2, 2022

SODERSTROM LAW PC

By: /s/ Jamin S. Soderstrom

Counsel for Plaintiffs, Proposed Class Members, and Aggrieved Employees

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 2, 2022, I caused the foregoing document to be served on all counsel of record by the Court's CM/ECF electronic filing system.

By: /s/ Jamin S. Soderstrom

Jamin S. Soderstrom