Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
1 Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 667-4700
Fax: (949) 424-8091

*Counsel for Plaintiffs, Putative Class Members,*
*and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>        Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>        Defendant. | Case No.    2:19-cv-00902-WBS-DMC<br><br>**DECLARATION OF JAMIN S. SODERSTROM IN SUPPORT OF PLAINTIFF LIONEL HARPER'S MOTION TO VACATE THE ORDER COMPELLING ARBITRATION AND LIFT STAY**<br><br>Judge:         Hon. William B. Shubb<br>Hearing Date:  January 23, 2023<br>Hearing Time:  1:30 p.m.<br>Location:      Courtroom 5 or via Zoom<br>Trial Date:     None set |

<u>DECLARATION OF JAMIN S. SODERSTROM</u>

I, Jamin S. Soderstrom, am an attorney duly licensed to practice law in the State of California and before this Court. I am the founding shareholder of Soderstrom Law PC, counsel of record for Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vazquez, and Pedro Abascal in this lawsuit and in the Harper arbitration that was completed on April 25, 2019 against Defendant Charter Communications, LLC. I am also counsel of record in a separate lawsuit and arbitration involving "FEHA claims" and other individual claims brought by Harper against Charter, as well as separate arbitrations brought by Harper, Turner, Vazquez, and Abascal. The facts set forth in this Declaration are based on my own personal knowledge and, if called as a witness, I could and would competently testify to the facts set forth herein.

1.    After the Court issued an order compelling Harper to submit his individual claims to arbitration under the Mutual Arbitration Agreement (Agreement), Harper submitted his claims to Charter's internal review process. After Charter reviewed and denied his claims, he elected to proceed with arbitration. On or around March 30, 2022, Charter filed an arbitration with the American Arbitration Association (AAA) on Harper's behalf: *Lionel Harper v. Charter Communications, LLC*, AAA Case No. 01-22-0001-3208 (the arbitration). The parties proceed with the arbitration for eight months, engaging in some discovery, motion practice, and multiple conferences and hearings.

2.    On October 24, 2022, the AAA sent the parties an email, sent with "High Importance," that attached an invoice requiring Charter to pay $4,659.50 for the arbitrator's compensation and an additional $5,000 deposit. The email confirmed:

> Payment is due on upon receipt. As this arbitration is subject to California Code of Civil Procedure 1281.98, payment must be received 30 days from the date of this correspondence. Pursuant to California Code of Civil Procedure 1281.98, the AAA cannot grant any extensions to this payment deadline unless agreed upon by all parties. To make a payment online, please visit our website at www.adr.org and follow the payment instructions as detailed on the second page of the invoice. We appreciate your attention to this matter and do not hesitate to contact the undersigned if you have any questions.

Charter did not respond to the email or dispute the invoiced amounts, payment due dates, or application and requirements of Section 1281.98. Attached as **Exhibit 1** is a true and correct copy of the AAA's October 24, 2022 email and attached correspondence, including the Invoice.

3.      On November 14, 2022, the AAA sent the parties another email, sent with "High Importance," that attached the same October 24, 2022 invoice and stated:

> This will serve as a reminder of the outstanding deposit due from Charter for the above matter. Pursuant to California Code of Civil Procedure 1281.98, payment must be made no later than **November 23, 2022**.

Charter did not respond to the email or dispute the invoiced amounts, payment due dates, or application and requirements of Section 1281.98. Attached as **Exhibit 2** is a true and correct copy of the AAA's November 14, 2022 email. The same attachments from Exhibit 1 were also attached to the November 14, 2022 email.

4.      On November 29, 2022, six days after the payment deadline, the AAA sent the parties another email that attached a letter that stated:

> This will confirm that we have not received the $5,000.00 payment for the arbitrator's additional pre-hearing deposit requested and invoiced in our email dated October 24, 2022. Pursuant to CA CCP 1281.98, the AAA requests that the parties review the relevant section of the statute and provide a response regarding how they wish to proceed on or before **December 2, 2022**. If the parties have agreed to extend the payment deadline, please confirm that agreement and the date the deadline has been extended to by this response date. If applicable, we will inform the arbitrator of the parties' agreement and new payment deadline date.

Later that same day, I responded and confirmed:

> The parties did not have an agreement to extend the deadline to receive Respondent's payment of the October 24, 2022 invoice. Accordingly, pursuant to California Code of Civil Procedure 1281.98(b)(1), Claimant unilaterally elects to withdraw his claims from arbitration and to proceed with them in court. Claimant requests that the AAA confirm his election and terminate the arbitration.

On December 1, 2022, the AAA emailed confirmation that "the $5,000 payment was received by the AAA yesterday, November 30. Mr. Soderstrom, please confirm how Claimant would like to proceed by replying to this email." The next day, I emailed confirmation of Harper's election to withdraw his claims from arbitration and proceed with them in court. Attached as **Exhibit 3** is a true and correct copy of the AAA's email and attached letter from November 29, 2022, and the related email correspondence between November 29 and December 2, 2022.

5.      My firm incurred $125,970 in attorney fees associated with the arbitration, based on a total of 265.2 attorney hours of work at my 2022 rate in the Eastern District of California of $475 per

hour. Harper would not have incurred any of these attorney fees *but for* Charter's demand that he arbitrate his claims on an individual basis under the Agreement. Specifically, my firm would not have had to: prepare a response to Charter's motion to compel arbitration; prepare a motion to reconsider the order or certify it for immediate appeal; go through Charter's internal review process; participate in eight months of arbitration; or prepare this motion and an anticipated reply brief. Attached as **Exhibit 4** is a chart my firm prepared showing the attorney hours associated with the arbitration. To summarize, I spent: 67.6 hours related to the motion to compel arbitration; 30.3 hours related to the motion for reconsideration and certification for immediate appeal; 37.1 hours related to the petition for permission to appeal; 101.4 hours concerning the arbitration itself; and 28.8 hours concerning the Section 1281.98 motion to vacate (which includes an estimated 10.5 hours preparing a reply brief and attending a motion hearing). The chart does not include, and Harper is not seeking payment of, hours worked by my firm's experienced paralegal associated with the arbitration.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This Declaration was executed on December 2, 2022 at Irvine, California.

By: _____
Jamin S. Soderstrom
*Counsel for Plaintiffs, Putative Class Members,*
*and Aggrieved Employees*

# EXHIBIT 1

**TO SODERSTROM DECLARATION**

**AAA'S OCTOBER 24, 2022 EMAIL ATTACHING (1)
OCTOBER 24, 2022 INVOICE, AND (2) ARBITRATION
COMPENSATION ARRANGEMENTS**

| | |
|---|---|
| **From:** | AAA Jenn Ashenfelter |
| **To:** | "Page, Jennifer N" |
| **Cc:** | Jamin Soderstrom; Diana Alderete; scarr@kcozlaw.com; CWilliams@kcozlaw.com; nchapman@kcozlaw.com |
| **Subject:** | Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208 |
| **Date:** | Monday, October 24, 2022 2:28:34 PM |
| **Attachments:** | imageac9f9e.PNG |
| | image4ebf69.PNG |
| | Kong-Brown Notice of Compensation Arrangements.pdf |
| | 2022-10-24 AAA Employer Statement - Harper v. Charter.pdf |
| **Importance:** | High |

Dear Ms. Page,

Arbitrator Kong-Brown has requested additional deposits for pre-hearing study time for the above matter. Please see the attached statement for processing. Payment is due on upon receipt. As this arbitration is subject to California Code of Civil Procedure 1281.98, payment must be received 30 days from the date of this correspondence. Pursuant to California Code of Civil Procedure 1281.98, the AAA cannot grant any extensions to this payment deadline unless agreed upon by all parties.

To make a payment online, please visit our website at www.adr.org and follow the payment instructions as detailed on the second page of the invoice.

We appreciate your attention to this matter and do not hesitate to contact the undersigned if you have any questions.

Thank you,
Jenn Ashenfelter

 **AAA Jenn Ashenfelter**
**Manager of ADR Services**

American Arbitration Association

T: 401 354 2372  E: JennAshenfelter@adr.org



adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

| Statement Date |
| --- |
| 24-Oct-22 |
| **Balance Currently Due** |
| $9,659.50 |
| **Case #** |
| 01-22-0001-3208-2-JA |

Case Manager: Jenn Ashenfelter JennAshenfelter@adr.org

**Pay PIN**: 11870143

# Detail Invoice/Statement

Jennifer Page
Charter Communications, Inc.
12405 Powerscourt Drive
St. Louis, MO 63131

**Representing:** **Charter Communications, LLC**

Re: Lionel Harper

Vs.

Charter Communications, LLC

| Statement Date | Case # | Previous Balance | Credits/Cancellations | New Charges | Statement Balance |
| --- | --- | --- | --- | --- | --- |
| 24-Oct-22 | 01-22-0001-3208 | $3,784.50 | $7,000.00 | $12,875.00 | $9,659.50 |

| Bill Line Date / Transaction Date | Bill Line # | Description | Amount | Credits/ Cancellations | Balance | Due Date |
| --- | --- | --- | --- | --- | --- | --- |
| 24-Oct-2022 | 13563381 | Deposit - Arbitrator Kong-Brown's Compensation - CCP 1281.98 | $5,000.00 | | $5,000.00 | 24-Oct-2022 |
| 19-Oct-2022 | 13559773 | Arbitrator's Compensation | $4,659.50 | | $4,659.50 | 24-Oct-2022 |
| 05-Oct-2022 | 13551157 | Deposit - Arbitrator Kong-Brown's Compensation - CCP 1281.98 | $3,215.50 | | $0.00 | 05-Oct-2022 |
| *19-Oct-2022* | | Credit Card | | $3,215.50 | | |
| 14-Sep-2022 | 13535779 | Arbitrator's Compensation | $3,784.50 | | $0.00 | 05-Oct-2022 |
| *19-Oct-2022* | | Credit Card | | $3,784.50 | | |
| 06-Jul-2022 | 13484789 | Deposit - Arbitrator Kong-Brown's Compensation - CCP 1281.98 | $4,950.00 | | $0.00 | 06-Jul-2022 |
| *12-Jul-2022* | | Credit Card | | $4,950.00 | | |
| 28-Jun-2022 | 13482781 | Employer Case Management Fee - CCP 1281.98 | $750.00 | | $0.00 | 28-Jun-2022 |
| *06-Jul-2022* | | Credit Card | | $750.00 | | |
| 30-Mar-2022 | 13384910 | Administrative Filing Fee \| CCP 1281.98 | $2,200.00 | | $0.00 | 30-Mar-2022 |
| *01-Apr-2022* | | Credit Card | | $2,200.00 | | |

| Statement Balance | Balance Currently Due |
| --- | --- |
| $9,659.50 | $9,659.50 |

**Corporate Address and Tax ID**: American Arbitration Association, 120 Broadway, 21st Floor, New York, NY 10271, EIN: 13-0429745

| Statement Date |
|---|
| |
| **Balance Currently Due** |
| $9,659.50 |
| **Case #** |
| 01-22-0001-3208-2-JA |

Case Manager: Jenn Ashenfelter  JennAshenfelter@adr.org

**Pay PIN**: 11870143

# Payment Options

## Paying by Credit Card or eCheck

To pay with a credit card or eCheck online, go to www.adr.org, click on "*File or Access your Case*" and then select "*Quick Pay an Invoice*" and use this **Pay PIN: 11870143**. Please note that, beginning October 2022, where permitted by law, a 3.5% processing fee will be assessed on payments made by credit card; all such processing fees are non-refundable, regardless of whether AAA fees or compensation or expense deposits are later refunded in full or in part.  Please note that we no longer accept the American Express card.  There is no processing fee for payments made by echeck or debit cards.

## Wire Transfer

As information transmitted by the bank is often truncated due to limited space, please email your reference information (Case #/Bill Line #/Program #/Party Name) with the date and amount of your wire, to ensure that your payment is credited promptly and correctly (e.g. 011400021841 P1 or #1234567 P2 or EDU1234). Please email as follows:

For active cases: send to your AAA case representative and corpfinance@adr.org
For new filings (where your case number is not known): send to casefiling@adr.org and corpfinance@adr.org

FOR WIRES / ACH / EFT
    **Name of Bank:** Wells Fargo Bank
    **Address:**  150 East 42nd Street, 24th FL., New York, NY 10017, USA
    **Account Name:** AAA/American Arbitration Association
    **Account Number:** 2000017952068
    **ABA/Transit Number:** 121000248
    **Reference:** Case # and Bill Line #/Party Name; or Program # (as applicable)
    **Swift Code/BIC:** WFBIUS6S

Note: Please take steps to ensure that your bank does in fact wire the entire amount to our account. From time to time, certain banks will keep a portion of the wire transfer for their own service fee, leaving a balance due to the AAA/ICDR.

## Paying by Check

Please return this page with your payment (please indicate the Case # on the check) to:

    13727 Noel Road
    Suite 700
    Dallas, TX 75240
    Telephone: (972)702-8222
    Fax: (855)267-4082

**Corporate Address and Tax ID**: American Arbitration Association, 120 Broadway, 21st Floor, New York, NY 10271, EIN: 13-0429745

# Notice of Compensation Arrangements

## American Arbitration Association

---

Lionel Harper

Vs.

Charter Communications, LLC

Case# 01-22-0001-3208

---

**Notice of Compensation Arrangements for Barbara Kong-Brown**

You have been invited to serve as an arbitrator in the above matter.  It is important that you understand the terms of your compensation and the role you play in ensuring that you receive payment for fees and expenses that you may incur during your service.

This invitation to serve is based on our assumption that, you are willing to comply with the American Arbitration Association's (AAA) *Arbitrator Billing Guidelines, which is attached to this document and also available in Panelist eCenter at* www.adr.org.  If you expect to assess charges that are not detailed on your AAA Resume and referenced below, (or if you are a non-AAA arbitrator and such charges are not reflected below), you must notify the AAA prior to accepting your appointment so that the parties can determine whether they still seek your services as an arbitrator.

**Your Compensation**

Rules:                    "Employment Arbitration Rules"
Procedures:               "Regular"

You will be compensated at the following rates, per the rate structure indicated on your AAA resume or in accordance with a fixed rate as prescribed in the rules and/or procedures. If you are a non-AAA arbitrator, you will be compensated based upon the rates provided to your case administrator and shared with the parties or if applicable in accordance with a fixed-rate prescribed in the rules and/or procedures.

| Rate Type | Rate Frequency | Rate |
|---|---|---|
| Hearing Rate | HOUR | $450.00 |
| Study Rate | DAY | $0.00 |
| Travel Rate | DAY | $0.00 |
| Cancellation Rate | DAY | $0.00 |
| Cancellation Period | 30 Days | |
| Rate Comment | No charge for travel time for local cases.  Cancellation policy:  four-hour minimum per day if cancellation occurs 30 days or fewer prior to the hearing and another matter cannot be set in its place. | |

In as much as you are agreeing to serve in this matter at the above rate, any subsequent change to your published rate after your appointment will not apply to this case.

**Commercial Expedited and Construction Fast Track Fixed Rates**

On cases administered under the Expedited and Fast Track Procedures of the rules, the arbitrator will receive compensation at rates established by the AAA. Generally, the hearing shall not exceed one day. *If during the preliminary hearing you determine that this matter requires more than one day of hearing, please consult with your case administrator about billing for the additional day(s).* Your case administrator will discuss and facilitate any necessary changes to your terms of compensation.

If the matter concludes after the preliminary hearing and prior to the final hearing, you will be compensated

# Notice of Compensation Arrangements

at half of the established rate. Under the Expedited and Fast Track Procedures, you receive no compensation for study time, travel time, or cancellations.

**Consumer Arbitration Rules Fixed Rates**

On cases administered under the Consumer Arbitration Rules, the AAA has established fixed rates with the expectation the case should not require more than one day of hearing.  If during the preliminary management hearing you determine that this matter requires more than one day of hearing, please consult with your case administrator about billing for the additional day(s).  This case will remain under the Consumer Arbitration Rules regardless of the number of days of hearing or the amount or complexity of any claim. Under the Consumer Arbitration Rules you receive no compensation for study time, travel time, or cancellations.

**Your Expenses**

On most cases, your expenses should be nominal and will be reimbursed immediately after you submit them. For any single expense over $75, please include a receipt with your request for reimbursement.

If you anticipate that you will incur significant expenses, such as airfare or hotel room costs, please advise your case administrator in advance so that the parties can be asked to make deposits prior to you incurring the expense.

**Deposits and Payment**

Payment for your compensation is the obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payment. During the course of the proceeding the case administrator will ask that you provide an estimate of the amounts needed to cover your fees. Generally this occurs immediately after the preliminary hearing, although on longer or more complex cases it can occur immediately upon appointment or after each series of hearings.

Unless you specify otherwise, the parties are advised that deposits are due 30 days prior to the first hearing. No later than two weeks prior to the hearing, the case administrator will advise you of the total amount on deposit. Should the parties fail to make deposits in a timely manner, you must determine whether to go forward, suspend or terminate the proceedings until such time as deposits have been made. Please see the applicable rules for Remedies for Nonpayment (i.e., Commercial Rule R-57, Construction Rule R-59, and Consumer Rule R-54). If you decide to go forward without full deposits, you may not subsequently delay the rendering of the award for lack of payment of your fees. _The time to deal with this issue is prior to the commencement of the hearings_. Should you decide to suspend the proceedings, your case administrator can assist you in issuing an appropriate order to the parties.

If you realize that you are spending more time on this matter than you originally estimated, it is your obligation to inform the case administrator _prior to exhausting the current deposit_. The case administrator will then make arrangements with the parties for additional deposits per your instructions.

In order to receive payment, please submit bills promptly. Your bills should be submitted in a format that is presentable to the parties, should detail the dates on which the charges were incurred with a description of the activity performed, and must correspond with the terms of compensation outlined herein. Bills should be submitted on a regular basis, as appropriate, and should reflect any balance forward. Upon receipt, the AAA will release payment from the amounts deposited by the parties. Should there be insufficient funds on deposit you will not receive payment until the parties have made additional deposits. Further, we will not use one party's deposit to cover another party's obligation without written permission to do so.

In the event your Award is delivered prior to payment by the parties of the agreed upon compensation, the AAA is authorized but not obligated to seek to collect these monies on your behalf by all lawful means, to represent you in any action or proceeding for such recovery and to file a claim in any bankruptcy or insolvency proceeding for such monies. The AAA may prosecute and receive any recovery on your behalf and has full authority to compromise or settle such claims as may be, in its discretion, appropriate. However, under no circumstances whatsoever will the AAA be liable for any failure to collect any or all the

# Notice of Compensation Arrangements

monies due. The AAA is authorized to subtract a reasonable amount for collection and attorney's fees.

**Failure to Disclose and Forfeiting Compensation**

As an arbitrator in this matter, you have an ongoing obligation to disclose any direct or indirect relationship with the case participants. Your failure to make disclosures in a timely manner would be a serious transgression and may be grounds for your removal as arbitrator from this case and/or from the AAA's Roster. Should this occur, you may be required to forfeit the compensation for the time you spent on this matter after you should have made such disclosures.

**IRS Reporting Requirement (For U.S. Residents)**

Compensation payments, and the corresponding IRS reporting, will be made either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your case administrator or AAA Panel Relations. Promptly inform the AAA if this information is incorrect or changes during the case, or if an address correction is necessary.

If the AAA does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS.  Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

Please note that in accordance with Section 7 of the *Standards and Responsibilities for Members of the AAA Roster of Arbitrators and Mediators*, compensation AAA Panelists receive on an AAA-administered case will not be disbursed by the AAA to another ADR Provider Organization.  If the undersigned is not on the AAA Roster, this provision is not applicable.

**IRS Reporting Requirement (For Non-U.S. Residents)**

Compensation payments, and the corresponding IRS reporting, will be made either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your case administrator or AAA Panel Relations. Promptly inform the ICDR if this information is incorrect or changes during the case, or if an address correction is necessary.

If the ICDR does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS.

Please also note that if you reside outside of the United States and perform work (e.g., attending a hearing) in the United States you are required by the IRS to complete either Form 8233 (Exemption from Withholding on Compensation for Independent Personal Services of a Nonresident Alien Individual) or Form W-BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding). These forms have to be completed and filed with the ICDR annually regardless if a copy is on file. Failure to file these forms with the ICDR will result in withholding 31% of compensation payments, as required by IRS. Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

**Acknowledgement**

If you are willing to serve on this matter per the compensation terms detailed above, please check the box below and proceed with completing your oath.

 **I acknowledge the terms of compensation for this case.**

# Notice of Compensation Arrangements

(bkb)

**Barbara Kong-Brown**

**April   20, 2022**

# EXHIBIT 2

**TO SODERSTROM DECLARATION**

**AAA'S NOVEMBER 14, 2022 EMAIL ATTACHING SAME
ATTACHMENTS AS INCLUDED IN EXHIBIT 1**

| From: | AAA Jenn Ashenfelter |
|---|---|
| To: | "Page, Jennifer N" |
| Cc: | Jamin Soderstrom; Diana Alderete; "scarr@kcozlaw.com"; "CWilliams@kcozlaw.com"; "nchapman@kcozlaw.com" |
| Subject: | RE: Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208 |
| Date: | Monday, November 14, 2022 8:18:45 AM |
| Attachments: | image470f0a.PNG |
| | image4b18f1.PNG |
| | 2022-10-24 AAA Employer Statement - Harper v. Charter.pdf |
| | Kong-Brown Notice of Compensation Arrangements.pdf |
| Importance: | High |

Dear Ms. Page,

This will serve as a reminder of the outstanding deposit due from Charter for the above matter. Pursuant to California Code of Civil Procedure 1281.98, payment must be made no later than **November 23, 2022.**

Thank you,
Jenn Ashenfelter



**AAA Jenn Ashenfelter**
**Manager of ADR Services**

American Arbitration Association

T: 401 354 2372  E: JennAshenfelter@adr.org



adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** AAA Jenn Ashenfelter
**Sent:** Monday, October 24, 2022 5:28 PM
**To:** 'Page, Jennifer N' <Jennifer.Page@charter.com>
**Cc:** jamin@soderstromlawfirm.com; diana@soderstromlawfirm.com; scarr@kcozlaw.com; CWilliams@kcozlaw.com; nchapman@kcozlaw.com
**Subject:** Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208
**Importance:** High

Dear Ms. Page,

Arbitrator Kong-Brown has requested additional deposits for pre-hearing study time for the above matter. Please see the attached statement for processing. Payment is due on upon receipt. As this arbitration is subject to California Code of Civil Procedure 1281.98, payment must be received 30 days from the date of this correspondence. Pursuant to California Code of Civil Procedure 1281.98, the AAA cannot grant any extensions to this payment deadline unless agreed upon by all parties.

To make a payment online, please visit our website at www.adr.org and follow the payment instructions as detailed on the second page of the invoice.

We appreciate your attention to this matter and do not hesitate to contact the undersigned if you have any questions.

Thank you,
Jenn Ashenfelter

# EXHIBIT 3

**TO SODERSTROM DECLARATION**

**AAA'S NOVEMBER 29, 2022 EMAIL AND LETTER, AND RELATED EMAIL CHAIN FROM NOVEMBER 29 - DECEMBER 2, 2022**

| | |
|---|---|
| **From:** | Jamin Soderstrom |
| **To:** | Nathan Chapman; AAA Jenn Ashenfelter; jennifer.page@charter.com; J. Scott Carr |
| **Cc:** | Chad Williams; Diana Alderete |
| **Subject:** | RE: [External] Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208 |
| **Date:** | Friday, December 2, 2022 9:32:06 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Dear Ms. Ashenfelter,

In light of the AAA's confirmation that the $5,000 payment for this arbitration was not received by the November 23, 2022 deadline, pursuant to California Code of Civil Procedure 1281.98(b)(1), Claimant confirms his unilateral election to withdraw his claims from arbitration and proceed with them in court.

Thank you,
Jamin Soderstrom
Counsel for Claimant

---

**From:** Nathan Chapman <nchapman@kcozlaw.com>
**Sent:** Thursday, December 1, 2022 2:28 PM
**To:** AAA Jenn Ashenfelter <JennAshenfelter@adr.org>; Jamin Soderstrom <jamin@soderstromlawfirm.com>; jennifer.page@charter.com; J. Scott Carr <scarr@kcozlaw.com>
**Cc:** Chad Williams <CWilliams@kcozlaw.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: [External] Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208

Ms. Ashenfelter,

Upon further investigation, we have determined that our client internally approved the payment of $9,659.50 on 10/27/2022, which consisted of $4,659.50 for "Arbitrator's Compensation" plus $5,000 for "Deposit – Arbitrator Kong-Brown's Compensation – CCP 1281.98," both of which were due on 11/23/2022. On 10/31/2022, our client sent a $4,659.50 check to the AAA, which FedEx delivered on 11/1/2022. Due to a clerical error, the remaining $5,000 was misattributed to a different arbitration with the same name—Lionel Harper vs. Charter Communications, LLC, Case No. 01-19-0004-5743—which also had an outstanding balance of $5,000 due to be paid on November 23, 2022. Our client delivered that $5,000 check to the AAA via FedEx on 10/28/2022, which the AAA applied towards the other Harper arbitration. Because our client mistakenly believed there was just one Harper arbitration requiring a $5,000 payment, it only sent one $5,000 check and believed that it had paid the entire $9,659.50 outstanding balance in this arbitration. Charter paid the outstanding $5,000 balance yesterday after discovering the administrative oversight.

Given the unique circumstances here, including the fact that Charter approved and sent the amount requested before the deadline and merely misattributed one of the checks to a different arbitration because of a genuine mistake, Charter respectfully requests that the AAA deem the $5,000 balance timely paid and deny Claimant's request to withdraw his claims from the arbitration.

Thank you for your consideration.

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com

---

**From:** AAA Jenn Ashenfelter <JennAshenfelter@adr.org>
**Sent:** Thursday, December 1, 2022 5:07 PM
**To:** Nathan Chapman <nchapman@kcozlaw.com>; Jamin Soderstrom <jamin@soderstromlawfirm.com>; jennifer.page@charter.com; J. Scott Carr <scarr@kcozlaw.com>
**Cc:** Chad Williams <CWilliams@kcozlaw.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: [External] Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208

Good afternoon Counsel,

Thank you for your emails. This will confirm that the $5,000 payment was received by the AAA yesterday, November 30.

Mr. Soderstrom, please confirm how Claimant would like to proceed by replying to this email.

Kind regards,
Jenn



**AAA Jenn Ashenfelter**
**Manager of ADR Services**

American Arbitration Association

T: 401 354 2372  E: JennAshenfelter@adr.org



adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Nathan Chapman <nchapman@kcozlaw.com>
**Sent:** Tuesday, November 29, 2022 6:56 PM
**To:** Jamin Soderstrom <jamin@soderstromlawfirm.com>; AAA Jenn Ashenfelter <JennAshenfelter@adr.org>; jennifer.page@charter.com; J. Scott Carr <scarr@kcozlaw.com>
**Cc:** Chad Williams <CWilliams@kcozlaw.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: [External] Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Ashenfelter,

We believe the AAA's records may be inaccurate.  Our client previously confirmed that the full amount due (approximately $9,600) was paid on November 1, 2022.  We are checking with our client to confirm again and will provide further information shortly.  Will you please have your accounting department double check this?

Thank you,

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com

**From:** Jamin Soderstrom <jamin@soderstromlawfirm.com>
**Sent:** Tuesday, November 29, 2022 6:44 PM
**To:** JennAshenfelter@adr.org; jennifer.page@charter.com; J. Scott Carr <scarr@kcozlaw.com>
**Cc:** Chad Williams <CWilliams@kcozlaw.com>; Nathan Chapman <nchapman@kcozlaw.com>; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** RE: [External] Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208

Dear Ms. Ashenfelter,

The parties did not have an agreement to extend the deadline to receive Respondent's payment of the October 24, 2022 invoice. Accordingly, pursuant to California Code of Civil Procedure 1281.98(b)(1), Claimant unilaterally elects to withdraw his claims from arbitration and to proceed with them in court. Claimant requests that the AAA confirm his election and terminate the arbitration.

Best regards,
Jamin Soderstrom

Counsel for Claimant

---

**From:** JennAshenfelter@adr.org <JennAshenfelter@adr.org>
**Sent:** Tuesday, November 29, 2022 1:15 PM
**To:** jennifer.page@charter.com; Jamin Soderstrom <jamin@soderstromlawfirm.com>; scarr@kcozlaw.com
**Cc:** CWilliams@kcozlaw.com; nchapman@kcozlaw.com; Diana Alderete <diana@soderstromlawfirm.com>
**Subject:** Lionel Harper v. Charter Communications, LLC - Case 01-22-0001-3208

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

 **AAA Jenn Ashenfelter**
**Manager of ADR Services**

American Arbitration Association

T: 401 354 2372  E: JennAshenfelter@adr.org



adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.



AMERICAN
ARBITRATION
ASSOCIATION®    INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

Southeast Case Management Center
Charles Dorsey
Assistant Vice President
2200 Century Parkway
Suite 300
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

November 29, 2022

Jamin S. Soderstrom, Esq.
Soderstrom Law PC
3 Park Plaza, Suite 100
Irvine, CA 92614
Via Email to: jamin@soderstromlawfirm.com

J. Scott Carr, Esq.
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Via Email to: scarr@kcozlaw.com

Case Number: 01-22-0001-3208
Lionel Harper v. Charter Communications, LLC

Dear Parties:

This will confirm that we have not received the $5,000.00 payment for the arbitrator's additional pre-hearing deposit requested and invoiced in our email dated October 24, 2022.  Pursuant to CA CCP 1281.98, the AAA requests that the parties review the relevant section of the statute and provide a response regarding how they wish to proceed on or before **December 2, 2022**. If the parties have agreed to extend the payment deadline, please confirm that agreement and the date the deadline has been extended to by this response date. If applicable, we will inform the arbitrator of the parties' agreement and new payment deadline date.

If payment has already been sent, please advise immediately. Please note:  This case may still be subject to Employment Arbitration Rule R-47 "Suspension for Non-Payment" if the deposits have not been paid in full.

Thank you for your attention, and please do not hesitate to contact me should you have any questions.

Sincerely,

/s/ Jenn Ashenfelter, Manager of ADR Services
Direct Dial: (401)354-2372
Email: JennAshenfelter@adr.org
Fax: (877)395-1388

cc:
Nathan D. Chapman, Esq.
Chad Williams, Esq.

Diana Alderete, Esq.
Jennifer Page

# EXHIBIT 4

**TO SODERSTROM DECLARATION**

**CHART SHOWING ATTORNEY HOURS WORKED
ASSOCIATED WITH THE ARBITRATION**

**Soderstrom Law PC Attorney Hours Associated With Arbitration**

| Month | Day | Hours | Activity |
|---|---|---|---|
| **2021** | | | |
| July | 9 | 0.2 | Initial review of renewed MTC arbitration |
| | 26 | 10.4 | Prepare opposition to MTC arbitration |
| | 27 | 11.7 | Prepare opposition to MTC arbitration |
| | 28 | 6.8 | Prepare opposition to MTC arbitration |
| August | 5 | 6.6 | Prepare opposition to MTC arbitration |
| | 6 | 2.9 | Prepare opposition to MTC arbitration |
| | 12 | 8.3 | Prepare opposition to MTC arbitration |
| | 18 | 6.6 | Prepare opposition to MTC arbitration |
| | 20 | 5.1 | Prepare opposition to MTC arbitration |
| | 21 | 1.9 | Prepare opposition to MTC arbitration |
| | 26 | 1.1 | Prepare supporting declarations |
| | 26 | 2.6 | Finalize opposition to MTC arbitration |
| October | 3 | 1.1 | Prepare for motions hearing |
| | 4 | 1.9 | Prepare for and attend motions hearing |
| | 13 | 0.4 | Review orders filed by court today |
| **2022** | | | |
| February | 9 | 0.7 | Prepare arbitration demand |
| | 11 | 0.3 | Finalize and file arbitration demand with Solution Channel |
| March | 2 | 2.4 | Research and prepare motion for reconsideration re Ramirez |
| | 3 | 8.9 | Research and prepare motion for reconsideration re Ramirez |
| | 4 | 3.9 | Prepare and file motion for reconsideration re Ramirez |
| | 21 | 8.1 | Prepare reply ISO reconsideration |
| | 22 | 8.8 | Prepare reply ISO reconsideration |
| | 23 | 5.2 | Prepare reply ISO reconsideration |
| | 23 | 0.1 | Correspondence re Solution Channel |
| | 25 | 3.4 | Prepare reply ISO reconsideration |
| | 28 | 2.2 | Finalize reply for filing |
| April | 8 | 1.3 | Analyze arbitrator list and submit first strike |
| | 14 | 0.2 | Analyze Charter's answer |
| | 14 | 0.1 | Submit conflicts list to AAA |
| | 18 | 0.3 | Analyze and submit arbitrator strike |
| | 22 | 0.2 | Analyze order certifying order for interlocutory appeal |
| | 23 | 1.4 | Research rule 1292(b) petitions |
| | 24 | 1.2 | Research rule 1292(b) petitions |
| | 26 | 4.1 | Prepare petition for interlocutory appeal |
| | 27 | 7.8 | Prepare petition for interlocutory appeal |
| | 29 | 1.1 | Prepare petition for interlocutory appeal |
| | 30 | 3.7 | Prepare petition for interlocutory appeal |
| May | 1 | 7.1 | Prepare petition to appeal |
| | 2 | 4.8 | Finalize petition to appeal |
| | 12 | 0.2 | Analyze opposition to petition |
| | 16 | 0.2 | Analyze opposition to petition |
| | 23 | 0.1 | Call to AAA re arbitrator schedule questions |
| | 25 | 0.7 | Prepare for and attend meet and confer call with OPC re schedule |

|  | 25 | 2.1 | prepare draft preliminary conference report |
|---|---|---|---|
|  | 26 | 0.7 | Revise draft preliminary conference report; related correspondence |
|  | 27 | 0.2 | Finalize and submit preliminary conference report |
|  | 27 | 0.1 | Correspondence with OPC re breach of contract counterclaim demand |
|  | 27 | 0.9 | Research case law re excessive attorney fee demands |
|  | 31 | 1.8 | Research anti-slapp motions to strike re contract claims and arbitration motions |
|  | 31 | 3.9 | Prepare draft anti-slapp motion |
| June | 1 | 1.1 | Prepare for and attend preliminary conference |
|  | 1 | 3.1 | Research and prepare anti-SLAPP motion |
|  | 2 | 0.1 | Analyze correspondence re billing records for counterclaim |
|  | 2 | 0.2 | Analyze proposed scheduling order; prepare and submit edits |
|  | 2 | 6.9 | Research and prepare anti-SLAPP motion |
|  | 2 | 0.1 | Analyze correspondence from OPC re petition for interlocutory appeal/Ramirez |
|  | 2 | 0.4 | Analyze rules re appellate court motions practice |
|  | 2 | 0.7 | Analyze mootness and certified question issues re Ninth Circuit |
|  | 5 | 1.3 | Analysis of attorney fee and cost contract provisions in arbitration agreements |
|  | 6 | 0.1 | Correspondence with OPC re mootness of petition |
|  | 6 | 0.2 | Correspondence with OPC and Arbitrator re extraordinary circumstances |
|  | 6 | 0.8 | Analysis of waiver and delegation of arbitrability case law |
|  | 6 | 2.2 | Analysis of fee-shifting provisions and Labor Code |
|  | 8 | 3.1 | Prepare draft answering statement |
|  | 9 | 3.3 | Analyze 28(j) letter and prepare response |
|  | 10 | 0.4 | Finalize and file response to 28(j) letter |
|  | 10 | 2.6 | Prepare Answering Statement to Counterclaim |
|  | 10 | 0.2 | Analyze Counterclaim |
|  | 14 | 1.6 | Prepare Answer to Counterclaim |
|  | 20 | 0.2 | Analyze discovery served by Charter |
|  | 20 | 0.2 | Analyze law re party deposed twice |
| July | 12 | 0.3 | Prepare stipulation re case schedule; related correspondence with OPC |
|  | 14 | 0.3 | Prepare letter brief |
|  | 15 | 0.7 | Prepare and file letter brief |
|  | 18 | 3.7 | Prepare responses to discovery requests |
|  | 19 | 0.9 | Prepare responses to discovery |
|  | 19 | 0.7 | Prepare initial disclosures |
|  | 20 | 0.1 | Correspondence re hearing on request for leave |
|  | 20 | 0.5 | Finalize and serve discovery responses |
| August | 3 | 0.3 | Analyze discovery meet and confer letters |
|  | 3 | 0.3 | Prepare for and attend conference re jurisdictional objections and leave |
|  | 14 | 0.4 | Prepare objections to deposition notice |
|  | 15 | 0.2 | Prepare and serve objections to deposition notice |
|  | 17 | 0.7 | Meet and confer call re discovery issues |
|  | 18 | 2.2 | Collect and analyze emails, credit card, and bank statements re discovery requests |
|  | 22 | 0.3 | Correspondence re discovery meet and confer |
|  | 22 | 3.3 | Collecting and analyzing personal emails, photos, and other records re discovery |
|  | 24 | 5.9 | Prepare request for leave to file dispositive motion |
|  | 25 | 3.3 | Prepare request for leave to file dispositive motion |
|  | 26 | 0.9 | Prepare for and participate in hearing re jurisdictional objections to counterclaim |

| | | | |
|---|---|---|---|
| | 26 | 0.6 | Analyze and respond to discovery dispute re second deposition |
| | 26 | 1.8 | Prepare request for leave to file dispositive motion |
| September | 6 | 1.8 | Research case law re second depositions |
| | 6 | 0.4 | Prepare for and attend telephonic conference re second deposition |
| | 6 | 0.6 | Review documents to produce in discovery |
| | 13 | 0.1 | Analyze ruling re counterclaim |
| | 13 | 0.1 | Analyze ruling re deposition; related correspondence with client |
| | 14 | 0.8 | Prepare request to file dispositive motion |
| | 16 | 1.9 | Finalize request for leave to file dispositive motion |
| | 28 | 7.4 | Prepare response to Charter's request to file MSJ |
| | 28 | 2.1 | Prepare motion to stay arbitration |
| | 29 | 1.3 | Prepare response to Charter's request to file MSJ |
| | 29 | 0.6 | Prepare motion to stay arbitration |
| | 30 | 0.1 | Finalize and file request for leave to file motion to stay arbitration |
| | 30 | 0.6 | Finalize and file opposition to Charter's request for second MSJ |
| | 30 | 0.2 | Analyze Charter's opposition to request for leave to file dispositive motion |
| October | 14 | 0.2 | Analyze Charter's opposition to motion to stay |
| | 14 | 3.8 | Prepare reply ISO motion to stay |
| | 14 | 0.1 | Finalize and file request to file dispositive motion and motion to stay |
| | 17 | 0.6 | Prepare reply ISO motion to stay |
| | 18 | 0.3 | Finalize reply ISO motion to stay |
| | 19 | 0.2 | Review arbitrator's ruling re dispositive motions |
| | 19 | 1.1 | Finalize and file reply brief re stay |
| November | 6 | 0.1 | Correspondence with OPC re discovery and deposition |
| | 29 | 0.2 | Review and respond to AAA correspondence |
| | 29 | 1.3 | Research statute and case law re payment of arbitration costs |
| | 30 | 0.3 | Research statute and case law re payment of arbitration costs |
| | 30 | 8.8 | Prepare motion to lift stay and vacate order re CCP 1281.98 |
| | 30 | 0.1 | Call AAA representative |
| December | 1 | 0.1 | Analyze AAA and OPC correspondence |
| | 1 | 6.8 | Prepare motion to lift stay and vacate order re CCP 1281.98 |
| | 2 | 0.1 | Correspondence with AAA re election with withdraw claims |
| | 2 | 0.6 | Finalize and file motion to lift stay and vacate order |
| | TBD | 10.5 | Anticipated work to review response, prepare reply, and attend hearing |
| | | 265.2 | |