# Exhibit C

Joseph W. Ozmer II (SBN 316203)
jozmer@kcozlaw.com
Nathan D. Chapman (SBN 338735)
nchapman@kcozlaw.com
J. Scott Carr (SBN 136706)
scarr@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

Attorneys for Respondent
Charter Communications, LLC

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| LIONEL HARPER, | Case No. 01-22-0001-3208 |
| Claimant, | **RESPONDENT'S COUNTERCLAIM** |
| v. | |
| CHARTER COMMUNICATIONS, LLC, | |
| Respondent. | |

### RESPONDENT'S COUNTERCLAIM AGAINST CLAIMANT

Respondent Charter Communications, LLC ("Respondent"), by and through its undersigned counsel, brings the following Counterclaim against Claimant for breach of contract to recover its costs, fees, and expenses, including reasonable attorneys' fees, incurred in compelling this arbitration, as follows:

### FACTUAL BACKGROUND

1. On or about May 23, 2021, pursuant to Respondent's Solution Channel program, Claimant and Respondent entered into a mutual agreement to arbitrate any employment disputes between them, including causes of action "related to pre-employment, employment, employment termination or post-employment-related claims, . . . including without limitation . . . wage and hour-

based claims including claims for unpaid wages, commissions, or other compensation or penalties (including meal and rest break claims, claims for inaccurate wage statement) . . . whether arising before, during or after the termination of [Claimant's] employment" (the "SC Agreement").

2. Claimant electronically accepted the SC Agreement as part of his application for employment with Charter.

3. The SC Agreement requires Claimant and Respondent to arbitrate any such covered disputes individually and not on a class, collective, or representative basis.

4. Paragraph K of the SC Agreement states that: "If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including without limitation, reasonable attorneys' fees."

5. On June 4, 2021, Claimant filed a Second Amended Complaint ("SAC"), in violation of the SC Agreement, adding additional plaintiffs and claims to a putative class action that he previously filed against Respondent on May 3, 2019, which Respondent removed to the U.S. District Court for the Eastern District of California on May 17, 2019, Case No. 2:19-cv-00902-WBS-DMC. The SAC, upon which Claimant's demand for arbitration relies, asserts causes of action under: (1) California Labor Code §§ 510, 1182.12, 1194, and 1197 for purported failure to pay minimum wage and overtime; (2) California Labor Code §§ 226.7 and 512 for purported failure to provide meal and rest periods (or pay premium wages in lieu thereof); (3) California Labor Code §§ 204, 221, 223, 224, and 2751 for purportedly unlawful calculation, deduction, and payment of commission wages; (4) California Labor Code § 226(a) for purported failure to provide accurate wage statements; (5) California Labor Code §§ 201, 202, and 203 for purported failure to provide wages upon termination; (6) California Labor Code §§ 226(b)-(c) and 1198.5(a)-(c) for purported failure to provide timely and complete copies of employment records; and (7) California Business & Professions Code § 17200 for purported unfair competition.[1]

---

[1] The SAC also alleged a claim under the Private Attorneys General Act ("PAGA"), which is not part of this arbitration.

6. Respondent requested that Claimant pursue his claims individually via arbitration in accordance with the SC Agreement. Claimant refused.

7. On July 9, 2021, Respondent filed a Motion to Compel Arbitration of Claimant's Individual Claims.

8. On August 30, 2021, Claimant filed an Opposition to Respondent's Motion to Compel Arbitration.

9. On September 20, 2021, Respondent filed a Reply in Support of its Motion to Compel Arbitration.

10. On October 4, 2021, the district court conducted a hearing on Respondent's Motion to Compel Arbitration.

11. On October 13, 2021, the district court issued an Order granting Respondent's Motion, compelling Claimant, among others, to arbitration on his individual claims.

12. On February 11, 2022, *four months* after he was compelled to arbitrate his claims against Charter, Claimant initiated the instant arbitration.

13. On March 4, 2022, Claimant filed—in the district court—a Motion for the Court to Reconsider its Order Compelling Arbitration, or, alternatively, to Certify the Order for Interlocutory Appeal.

14. On March 18, Respondent filed an Opposition to Claimant's Motion for Reconsideration or Interlocutory Appeal.

15. On March 28, Claimant filed a Reply in support of his Motion for Reconsideration or Interlocutory Appeal.

16. On April 22, 2022, the district court issued an Order denying reconsideration of its arbitration order.

17. Pursuant to Paragraph K of the SC Agreement, Claimant is obligated to pay all costs, fees, and expenses Respondent incurred in compelling arbitration, including Respondent's reasonable attorneys' fees.

18. On May 25, 2022, Respondent requested that Claimant pay Respondent $71,628.33, which included Respondent's reasonable attorneys' fees and costs for preparing its motion to compel

arbitration and reply in support, preparing for and attending oral argument on the motion to compel, and opposing Claimant's motion for reconsideration of the arbitration order.

19. Claimant has failed and refused to pay Respondent's attorneys' fees and expenses in breach of the SC Agreement.

## COUNT I – BREACH OF CONTRACT

20. Respondent incorporates paragraphs 1 through 19 as though set forth herein.

21. Claimant and Respondent entered into the SC Agreement, which is a binding, enforceable contract.

22. Respondent fully performed its obligations under the SC Agreement.

23. Claimant breached the SC Agreement when Claimant resisted and refused Respondent's demand that Claimant submit this matter to arbitration as required by the SC Agreement.

24. Claimant's breach forced Respondent to commence judicial action to compel arbitration.

25. Claimant continued to oppose and resist arbitration in the judicial proceeding in further breach of the SC Agreement.

26. The Court subsequently issued an Order compelling arbitration, and Claimant was forced to initiate the instant arbitration action.

27. Claimant continued to oppose and resist arbitration in the judicial proceeding by filing a motion for reconsideration in further breach of the SC Agreement.

28. The Court subsequently issued an Order denying reconsideration of its arbitration order.

29. As a direct result of Claimant's refusal and resistance to arbitrate his claims as required by the SC Agreement, Respondent suffered damages of $71,628.33 in reasonable attorneys' fees and costs.

30. To date, Claimant has failed and refused to pay Respondent's attorneys' fees and costs, incurred in compelling Claimant to arbitration, in further breach of the SC Agreement.

31.     Based on the foregoing, Respondent is entitled to recover $71,628.33 in attorneys' fees and costs incurred in compelling Claimant to arbitration.

### **PRAYER FOR RELIEF**

WHEREFORE, Respondent respectfully requests the Arbitrator enter an award on the Counterclaim against Claimant Lionel Harper and award the following relief:

a)   Attorneys' fees and costs in the amount of $71,628.33;

b)   Pre- and post-judgment interest; and

c)   Such other relief, equitable or legal, that the Arbitrator may deem just and proper.

Dated: June 10, 2022.                         KABAT CHAPMAN & OZMER LLP

By: /s/ *J. Scott Carr*
JOSEPH W. OZMER II
NATHAN D. CHAPMAN
J. SCOTT CARR

Attorneys for Respondent
Charter Communications, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this RESPONDENT'S COUNTERCLAIM was served on June 10, 2022, via e-mail to the following:

Jamin S. Soderstrom
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
1 Park Plaza, Suite 600
Irvine, CA 92614
*Attorneys for Claimant*

/s/ J. Scott Carr
J. Scott Carr