# Exhibit D

# AMERICAN ARBITRATION ASSOCIATION
# ORDER RE RESPONDENT'S COUNTERCLAIM

**RE: Case No. AAA-01-22 - 0001-3208, Lionel Harper v. Charter Communications LLC**

Claimant filed his Demand for Arbitration on February 11, 2022, and I was confirmed as the arbitrator on May 9, 2022.

Respondent Charter Communications LLC ("Respondent") filed a Counterclaim in this matter on June 10, 2022, alleging a breach of contract by claimant Lionel Harper ("Claimant") for his refusal to submit his claim to arbitration as required by the Respondent's Mutual Arbitration Agreement (MAA), and to pay Respondent's attorney's fees for resisting arbitration of his claims, pursuant to paragraphs A.B and K of the MAA. (September 25, 2017, version).

Claimant responded to the Counterclaim on June 24, 2022, requesting the Arbitrator to deny and dismiss the Counterclaim with prejudice for lack of arbitral jurisdiction over the counterclaim, and for costs an attorney fees incurred in connection with the Counterclaim.

On July 15, 2022, Claimant requested permission to file a letter brief objecting to the Counterclaim. Oral arguments were heard on August 3, 2022, and Claimant was given leave to file the letter brief objecting to arbitral jurisdiction.

Respondent filed a response regarding arbitral jurisdiction over the Counterclaim in the form of a letter brief on August 12, 2022. Claimant filed a Reply re lack of arbitral jurisdiction on August 19, 2022. Oral arguments were heard on August 26, 2022, via teleconference with Jamin Soderstrom, Esq. of Soderstrom Law Firm, representing the Claimant Lionel Harper, and Nathan Chapman, Esq. and Scott Carr, Esq., of Kabat Chapman & Ozmer LLP, representing the Respondent Charter Communications LLC.

## Factual Background

On or about May 23, 2021, Claimant electronically accepted Respondent's Solution Channel program, including the MAA, as a condition of employment. The MAA provides for the arbitration of all claims, disputes, and controversies including arbitrability of any claim or controversy. (MAA-Attachment 2 to Claimant's Demand for Arbitration).

Section K of the MAA states the following:

**Arbitration Costs**. *"Charter will pay the AAA administrative fees and the Arbitrator's fees and expenses. All other costs, fees, and expenses*

1

*associated without limitation each party's attorneys' fees, will be borne by the party incurring the costs, fees, and expenses. The parties agree and acknowledge, however, that the failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this Agreement. If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees."*

In its Counterclaim, Respondent claims a breach of contract claim by Claimant because he filed a Seconded Amended Complaint in a class action that he previously filed against Respondent on May 3, 2019. Respondent filed a Motion to Compel Arbitration of Claimant's individual claims, which was granted by the United States District Court for the Eastern District on October 3, 2021, staying the action pending arbitration of Claimant's individual claims. (Attachment 3 to Claimant's Demand for Arbitration).

Respondent did not ask the trial court in this matter for attorney fees when prevailing on its motion to compel the matter to arbitration even though it had drafted paragraph K of the Agreement.

## Discussion

While Claimant contends that the arbitrator lacks jurisdiction to determine arbitrability of the Counterclaim, Rule 6 of the American Arbitration Association Employment Rules specifically provide that The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. As such, I have the authority to determine my jurisdiction and I have concluded that I do not have arbitral jurisdiction to determine Respondent's claim for attorney's fees for an action that occurred in the United States District Court.

Respondent's claim for attorney's fees totaling $71,628.33, pursuant to Section K of the MAA, for costs incurred in preparing the Counterclaim, relate to a Motion to Compel Arbitration in the United States District Court which concluded on October 3, 2021, approximately seven months before I was appointed arbitrator in this matter.

Paragraph K of the MAA does not oust the trial court from jurisdiction to adjudicate a request for fees as to the proceeding before that judge. Given that the trial court is responsible for deciding a petition to compel arbitration, the trial court, not the arbitrator, should also decide a request for fees made in connection with the same petition. The request for attorney fees is so closely related to the hearing and decision of the petition to compel as to be reasonably considered as an integral part of that proceeding which is a judicial, not arbitral proceeding. It appears both consistent with

2

contract language and preferable as a as a matter of practical policy to allow the trial judge rather than the arbitrator to decide the fee award issue which is essentially a part of the proceeding on the petition to compel arbitration decided by that trial judge. *Acosta v. Kerrigan,* 150 Cal. App. 4th 1124, 1130 (2007).

Respondent contends that *Acosta v. Kerrigan* is not controlling, as it involved an issue of law of pure California state procedural law and was decided as a matter of "practical policy" that has no application to this Agreement. However, as stated in *Acosta v. Kerrigan,* It makes more sense to have the judge who heard the petition to compel arbitration decide the fee claim award, rather than asking the arbitrator to come up with a reasonable fee award specifically relating to a claim that she did not hear or decide.

Furthermore, the Claimant provided evidence that the Respondent has relied on *Acosta v.Kerrigan* in arguing that the court that decides a motion to compel arbitration under paragraph K is the proper forum to determine any such fee award. (Claimant Brief, Ex. 1 at 6). Respondent's arguments are not persuasive.

Moreover, two California appellate courts have published opinions in similar fee award applications regarding paragraph K of the MAA by the same Respondent. *Patterson v. Superior Court,* 70 Cal. App. 5th 473 (October 18, 2021), determined that attorney fees may be awarded to a defendant following a successful motion to compel arbitration in a FEHA lawsuit only If the plaintiff's opposition was groundless.

> "[A] *prevailing plaintiff* should ordinarily recover attorney fees unless special circumstances would render the award unjust, whereas a *prevailing defendant* may recover attorney fees only when the plaintiff's action was frivolous, unreasonable, without foundation, or brought in bad faith." *Chavez* , at p. 985, 104 Cal.Rptr.3d 710, *Patterson*, supra, at 487.

The second case, *Ramirez v. Charter Communications, Inc.,* was granted review by the California Supreme Court on June 1, 2022. The Court of Appeals opinion in *Ramirez v. Charter Communications, Inc.,* 75 Cal. App. 5th 365, concluded that the limitations period for bringing a FEHA claim under the agreement, the provision granting an award of attorney fees for a prevailing party in moving to compel arbitration (paragraph K), the lack of mutuality, and the limitation on discovery (specifically, depositions) are substantively unconscionable. The Supreme Court's decision will be of interest to the trial court judges on the issue of unconscionability of paragraph K in the MAA after a successful motion to compel arbitration.

## Award

The Arbitrator does not have jurisdiction to determine Respondent's claim for attorney's fees for an action that occurred in the United States District Court several months prior to my appointment as the arbitrator. Respondent's Counterclaim is dismissed in this arbitration without prejudice so that the Respondent may file its request for attorney fees with the United States District Court for the Eastern District.

DATE: September 9, 2022  *Barbara Kong-Brown*

BARBARA KONG-BROWN
ARBITRATOR

4