UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER CONTINUING STAY |

----oo0oo----

On September 16, 2022, all proceedings in this case were stayed pending resolution of defendant's appeal of this court's denial of its motion to compel arbitration of plaintiff Harper's PAGA claim. (Docket No. 311.) The parties have since filed a stipulation requesting the court lift the stay as to plaintiff Sinclair's individual claims. (Docket No. 314.) After the stipulation was filed, plaintiffs filed a motion to vacate

1

the court's prior order compelling plaintiff Harper's individual claims to arbitration and requesting the court lift the stay of Harper's individual, class, and PAGA claims. (Docket No. 316.)

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). This case currently has different plaintiffs and claims in three different stages: pending on appeal, pending in arbitration, or pending in this court but stayed.

In the interest of judicial economy and effective case management, the court in its discretion determines that it is appropriate to continue the stay of all proceedings in this case pending final adjudication of defendant's appeal. Because the court extends the stay, the court declines to adopt the parties' stipulation (Docket No. 311) and expresses no opinion as to plaintiffs' motion to vacate (Docket No. 316). Accordingly, all hearing dates are hereby VACATED.

IT IS SO ORDERED.

Dated: January 12, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE