UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER DENYING COSTS |

----oo0oo----

Plaintiff Luis Vazquez and defendant Charter Communications, LLC ("Charter") arbitrated Vazquez's claims in this action. (Docket No. 202.) Charter prevailed; the court confirmed the final award and entered judgment. (Docket No. 330.) Charter submitted a bill of costs for $2,080.85 incurred to depose Vazquez. (Docket No. 337.) Vazquez objects. (Docket No. 338.)

1

1         The general rule allows costs to the prevailing party, Fed. R. Civ. P. 54(d)(1), subject to limits set under 28 U.S.C. § 1920.  The court exercises its discretion in determining whether to allow certain costs.  See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920).

         Here, parties arbitrated their claims pursuant to their Mutual Arbitration Agreement ("Agreement").  (Docket No. 337-3 Ex. 1.)  Section K of the Agreement states, in relevant part, that "costs, fees and expenses associated with the arbitration . . . will be borne by the party incurring the costs, fees and expenses."  (Id. § K.)

         Charter has litigated extensively to enforce the Agreement and compel the arbitration of claims asserted against it.  (See Docket Nos. 162, 165, 202.)  The court will not now selectively exempt portions of the Agreement from taking effect.

         IT IS THEREFORE ORDERED that defendant's bill of costs (Docket No. 337) be, and the same hereby is, DENIED.

Dated:  November 16, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE