UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>        Plaintiffs,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>        Defendant. | No.  2:19-cv-00902 WBS DMC<br><br>ORDER |

----oo0oo----

Presently before the court is a series of motions filed by plaintiffs. The first is plaintiff Harper's motion to vacate the court's order compelling Harper to arbitrate his individual claims, to lift the stay of Harper's individual claims, and for attorneys' fees. (Docket No. 316.) The second is plaintiffs' motion to lift the stay in its entirety and reconsider various prior orders. (Docket No. 335.) The third is Harper's motion

1

for attorneys' fees in relation to defendant's attempts to arbitrate Harper's PAGA claim.  (Docket No. 341).

I.   Procedural History

On October 10, 2021, the court stayed plaintiffs' individual claims and ordered Harper, Turner, Vazquez, and Abascal's claims to arbitration.[1]  (Docket No. 202.)  Harper's PAGA claims were allowed to proceed in court.  (Id.)  A month later, the court lifted the stay as to Sinclair's claims at counsel's request.  (Docket No. 223.)

On January 6, 2022, the court stayed Harper's PAGA claims (Claim 10) pending the Supreme Court's decision in Viking River Cruises, Inc. v. Moriana, 142 S. Ct. 1906 (2022).  (Docket No. 261.)  On March 4, 2022, plaintiffs successfully moved for interlocutory appeal of the court's order compelling their arbitrations.  (Docket No. 288.)  The court accordingly stayed the entire case.  (Id.)  Plaintiffs then lost their appeal. (Docket No. 290.)

On June 15, 2022, the Supreme Court issued a decision in Viking River Cruises.  The court then lifted the stay only to hear parties' arguments regarding the effect of Viking River Cruises and Sinclair's then-pending class certification motion. (Docket No. 292.)  Thereafter, the court denied defendant's motion to compel arbitration of Harper's PAGA claim.  (Docket No. 300.)  Defendant filed an interlocutory appeal of that decision (Docket No. 306), and the court in response stayed the entire

---

[1] Sinclair did not sign an arbitration agreement, but the court also stayed his claims at his counsel's request.  (See Docket No. 202 at 24.)

2

case again on September 16, 2022. (Docket No. 311.)

On January 12, 2023, the court continued the stay because of defendant's still-pending appeal regarding Harper's PAGA claims; Harper, Turner, Vazquez, and Abascal's pending arbitrations; and Sinclair's pending but stayed claims before the court. (Docket No. 323.) The January 12 stay has remained in effect since.

In August and September of this year, Turner and Vazquez's arbitrations, respectively, concluded with final judgments entered. (Docket Nos. 325, 330.) Turner and Vazquez have appealed. (Docket Nos. 326, 331.)

On October 25, 2023, the Ninth Circuit affirmed the court's denial of defendant's motion to compel arbitration of Harper's PAGA claim. (Docket No. 342.)

II. Motion to Lift Stay and Reconsider Various Orders

Harper, Sinclair, and Abascal request that the court lift the stay of their individual, class, and PAGA claims. (Mot. to Lift Stay (Docket No. 335).) They also request reconsideration of various prior orders. (Id.) The court will address the requests for reconsideration first, followed by plaintiffs' request to lift the stay of their claims.

A. Reconsideration of Prior Orders

Plaintiffs request that the court reconsider the following orders: order compelling arbitration of Harper's and Abascal's claims (Docket No. 202); order dismissing plaintiffs' claims for restitution under the Labor Code (Docket No. 56); and order striking plaintiffs' request for injunctive relief under the UCL (id.).

3

### 1. Order Compelling Arbitration for Harper and Abascal

Plaintiffs move for reconsideration based on a recent decision from the Ninth Circuit.

On September 7, 2022, the court denied defendant's motion to compel arbitration of Harper's PAGA claims. (Docket No. 300.) Shortly thereafter, defendant filed an interlocutory appeal of that order. (Docket No. 306.) On October 3, 2023, the Ninth Circuit issued a memorandum that affirmed the court's denial, but on grounds different from the court's. (Ninth Circuit Order (Docket No. 333).) The Ninth Circuit reasoned that the arbitration agreement's Section P, which excludes from arbitration any claim already filed with a court, excludes Harper's PAGA claims because they were filed in court before Harper signed the arbitration agreement. (Id. ¶¶ 2-3.) Plaintiffs now request reconsideration of the court's order compelling Harper and Abascal to arbitrate their non-PAGA claims in light of this opinion.[2] (Docket Nos. 162, 165, 202.)

The Ninth Circuit Order directs the court to fully effect the plain language of Section P. Accordingly, the court concludes that Section P excludes all of Harper's claims from arbitration, as they all predate the effective date of the arbitration agreement.[3] The court will therefore vacate its

---

[2] Defendant does not oppose reconsideration of the court's order as to Harper's non-PAGA claims. (Docket No. 339 at 4 n.5.)

[3] Harper filed his initial complaint on May 3, 2019. (Docket No. 1-1.) Harper signed the arbitration agreement on May 23, 2021. (Docket No. 172-4 ¶ 5.)

order compelling Harper into arbitration.[4]

However, the court will not reconsider its order as to Abascal. The court already explained why Abascal, who joined this action two years after he signed the arbitration agreement, may not "piggyback" off of Harper's initially-filed complaint just to avail himself of Section P. (See Docket No. 202 at 12-14 ("To allow signatories to avoid arbitration of otherwise-covered claims by joining suits filed by individuals not party to the contract would plainly frustrate th[e] intention [to require arbitration of claims].").) Nothing in the Ninth Circuit Order disturbs this reasoning.

Plaintiffs alternatively request certification for immediate appeal regarding Section P's applicability to Abascal's arbitration. (Docket No. 335 at 9.) A district court may certify for appeal an interlocutory order if the court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate outcome of the litigation." 28 U.S.C. § 1292(b).

Defendant reports that Abascal's arbitration is set to

---

[4] Harper also moves for the court to vacate its order compelling arbitration on separate grounds. (Docket No. 316.) In that motion, Harper alleges that defendant breached the parties' arbitration agreement by making a late payment to the arbitrator. (Id.) Harper also requests attorneys' fees as a sanction for defendant's alleged failure to timely pay arbitrator fees. (Id.) Finally, Harper requests the court to lift the stay of his claims. (Id.) Because the court vacates its order compelling Harper to arbitrate on other grounds, the court will deny Harper's motion as moot.

5

conclude in February 2024. (Docket No. 339 at 6 n.7.) Thereafter, Abascal may appeal the arbitration's verdict as Turner and Vazquez have already done. (Docket Nos. 326, 331.) Accordingly, the court will not certify this issue for immediate appeal because doing so would not materially affect the pace or ultimate outcome of this litigation.

2. Order Dismissing/Striking Relief

Plaintiffs also request the court to reconsider its order (Docket No. 56) dismissing their claim for restitution and striking their request for injunctive relief under the UCL. (Docket No. 335.) The court declines to do so.

Plaintiffs' request for reconsideration regarding restitution is premised on the California Supreme Court's recent decision in Naranjo v. Spectrum Sec. Servs., Inc., 13 Cal. 5th 93 (2022), which held in relevant part that premium wages are wages under the Labor Code. However, the court's prior order explicitly stated that its disposition on whether plaintiffs may claim restitution for unpaid premium wages did not depend on the resolution of this question.[5] (Docket No. 56 at 9.) Accordingly, the court will not reconsider its order dismissing plaintiffs' claim for restitution.

Plaintiffs' request for reconsideration regarding injunctive relief under the UCL is also premised on a

---

[5] The court even recognized in its February 2020 opinion that the California Supreme Court had granted review in Naranjo; that the court would assume, without deciding, that premium wages are wages under the Labor Code; and that this still had no bearing on its ultimate conclusion that "employees have no ownership interest in premium wages awarded for a § 226.7 violation . . . ." (Docket No. 56 at 9 n.1, 10.)

6

subsequently issued opinion: Magadia v. Wal-Mart Assoc., Inc., 999 F.3d 668 (9th Cir. 2021). Per Magadia, plaintiffs argue that a lack of Article III standing to seek "a particular form of relief for a particular violation does not require that the plaintiff's request be stricken or dismissed." (Docket No. 335 at 10-11.) However, even plaintiffs acknowledge that Magadia merely "reiterated" this principle, and they otherwise fail to raise any substantive change in law or fact justifying reconsideration of this issue. Accordingly, the court will not reconsider its order regarding injunctive relief.

B. Lifting Stay

Plaintiffs move to lift the stay in its entirety. (Docket No. 335.)

**Harper**. The Ninth Circuit affirmed the court's order denying arbitration of Harper's PAGA claim. (Docket Nos. 333, 342.) In addition, pursuant to the Ninth Circuit Order, the court has reconsidered and vacated its order compelling Harper to arbitrate his individual claims. (See supra, § II.A.1.) Accordingly, the court no longer has a basis for staying any of Harper's claims, at least any basis that relates specifically to Harper.

**Abascal**. Because the court denies Abascal's request to revisit the order compelling him to arbitrate his claims or alternatively certify the issue for immediate appeal (see supra, § II.A.1), the court will continue its stay of Abascal's claims while arbitration continues.

**Sinclair**. Sinclair's claims have been stayed since April 2022 (Docket No. 288), even though his claims have never

1  been subject to arbitration (Docket No. 223).
2          Taking the above developments into consideration, the
3  court will, in its discretionary power, lift the stay as to all
4  of Harper's and Sinclair's claims.  The court will continue the
5  stay of Abascal's claims while Abascal's arbitration continues.
6  III. Harper's Motion for Attorney's Fees
7          Harper requests attorneys' fees incurred in connection
8  with defendant's multiple attempts to compel Harper to arbitrate
9  his individual and PAGA claims.[6]  (Docket No. 341.)  Harper's
10 request also encompasses attorneys' fees associated with this
11 very motion and the other motions concurrently before the court.
12 (Id.)
13         The court will deny Harper's motion for attorneys' fees
14 at this time without prejudice.  The court has not rendered final
15 judgment as to Harper, and Harper presents no compelling reasons
16 why the court should entertain motions for interim awards now, as
17 opposed to when the court enters final judgment.
18         IT IS THEREFORE ORDERED that Harper's motion to vacate
19 the order compelling his arbitration and lift the stay (Docket
20 No. 316) be, and the same hereby is, DENIED as moot.
21         IT IS FURTHER ORDERED that plaintiffs' motion to lift
22 the stay and reconsider various orders (Docket No. 335) be, and
23 the same hereby is, GRANTED in the following respects: (1) the
24 stay (Docket No. 323) as to all of Harper's and Sinclair's claims
25 is lifted; and (2) the court's order compelling arbitration

---

[6] This is separate and apart from Harper's request for attorneys' fees as sanctions in relation to defendant's alleged breach of the arbitration agreement.  (Docket No. 316.)

8

1  (Docket No. 202) is vacated solely as to Harper's claims.
2  Plaintiffs' motion is otherwise DENIED.
3              IT IS FURTHER ORDERED that Harper's motion for
4  attorneys' fees, costs, and expenses (Docket No. 341) be, and the
5  same hereby is, DENIED without prejudice.
6              The parties shall submit a joint status report pursuant
7  to Local Rule 240 by **January 2, 2024**.  A status conference shall
8  be held before the court on **January 16, 2024 at 1:30 p.m.**
9  Dated:   December 14, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9