UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>          Plaintiffs,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>          Defendant. | No.  2:19-cv-00902 WBS DMC<br><br>ORDER |

----oo0oo----

Plaintiffs request to seal certain exhibits to their motion for partial summary judgment pursuant to the parties' stipulated protective order.  (Docket No. 361.)  These exhibits are defendant Charter's sales commission plan for account executives and accompanying attachments.[1]  (Docket Nos. 360-10 to

---

[1]  While plaintiffs move to seal, the documents originated from defendant.

1

1  -12.)

2         A party seeking to seal a judicial record bears the
3  burden of overcoming a strong presumption in favor of public
4  access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
5  1178 (9th Cir. 2006).  Where a party seeks to seal an attachment
6  related to a dispositive pleading, the party must "articulate
7  compelling reasons supported by specific factual findings that
8  outweigh the general history of access and the public policies
9  favoring disclosure, such as the public interest in understanding
10 the judicial process."  Id. at 1178-79 (citations omitted).  The
11 court then must balance the competing interests of the public and
12 the party seeking to keep records secret.  Id. at 1179.

13        Charter seeks to have these exhibits sealed because (1)
14 Charter has designated them as Confidential; (2) Charter contends
15 that they contain confidential, personal, and proprietary
16 information; (3) Charter has maintained them as confidential
17 pursuant to their regular business practices; and (4) Charter
18 contends that there is no clear public interest in publicly
19 disclosing the information therein.  (Docket No. 361 at 1.)

20        The court is unpersuaded.  The parties point to nothing
21 in their entirely conclusory pleadings on this motion to suggest
22 that confidentiality would outweigh the public's strong interest
23 in an open court process -- all the stronger when documents bear
24 on a dispositive pleading.  See Kamakana, 447 F.3d at 1178-79.
25 As this court has previously pointed out to these same litigants,
26 a confidentiality agreement between the parties does not per se
27 constitute a compelling reason to seal documents.  (See Docket
28 No. 110.)  See also Feb. 5, 2016 Order at 3, Wilson v. Conair

1  Corp., Civ. No. 1:14-cv-00894; Oct. 8, 2014 Order at 2, Starbucks
2  Corp. v. Amcor Packaging Distrib., Civ. No. 2:13-1754; Sept. 3,
3  2015 Order at 3, Foster Poultry Farms, Inc. v. Certain
4  Underwriters at Lloyd's, London, Civ. No. 1:14-00953; Sept. 18,
5  2015 Order at 2, Rosales v. City of Chico, Civ. No. 2:14-02152.
6  The fact that the assigned magistrate judge signed the stipulated
7  protective order does not change this principle.
8         IT IS THEREFORE ORDERED that plaintiffs' request to
9  seal (Docket No. 361) be, and the same hereby is, DENIED without
10 prejudice to the parties submitting a more tailored request, such
11 as redacting specific portions of these exhibits, which states
12 with particularity the basis for redacting or sealing the
13 documents and why defendant's harm absent such measures would
14 outweigh public policies favoring disclosure.[2]
15 Dated:  February 9, 2024

   WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

---

[2] Before so doing, the parties are directed to carefully review the grounds on which the court denied the previous request to seal.  (See Docket No. 110.)

3