UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>            Plaintiffs,<br><br>   v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>            Defendant. | No.  2:19-cv-00902 WBS DMC<br><br><br>ORDER |

----oo0oo----

Plaintiffs Lionel Harper and Daniel Sinclair move for partial summary judgment on various alleged violations of the California Labor Code.  (Mot. (Docket No. 360).)  The violations relate to plaintiffs' claim for unlawful calculation, deduction, and payment of commission wages (Claim 5); and claim for failure to provide timely and complete copies of employment records (Claim 8).  Harper also requests that the court determine that he

1

1   is an "aggrieved employee" pursuant to his Private Attorneys

2   General Act ("PAGA") claim (Claim 10).

3       A.   <u>Unlawful Calculation, Deduction, and Payment of</u>
             <u>Commission Wages</u> (Claim 5)

4

5       Harper alleges that defendant violated Labor Code

6   Sections 2751, 204, 221, 223, and 224 by improperly calculating,

7   documenting, deducting, and withholding payment of his commission

8   wages.   (<u>See</u> Mot. at 15-27.)

9       Defendant previously moved for partial summary judgment

10  on this claim, requesting that the court find that defendant did

11  not violate any of the above Labor Code provisions.   (<u>See</u>

12  <u>generally</u> Order (Docket No. 111).)   The court denied that motion

13  as to every one of these alleged violations because "the

14  testimony and declarations of the parties are in direct conflict"

15  regarding whether Harper knowingly agreed to the terms of

16  defendant's commission plan in the first place.   (<u>See</u> Order at

17  26-27 (§ 2751(b)); 29-30 (§ 204); 32-33 (§§ 221, 224); 34 (§

18  223).)   The court concluded that this direct conflict in the

19  evidence precluded summary judgment for defendant on alleged

20  violations of Sections 2751, 204, 221, 223, and 224.   (<u>See</u> <u>id.</u>)

21      Notwithstanding the three years that have passed since

22  the court's initial summary judgment order, neither party brings

23  any materially new evidence on this threshold issue.   Even though

24  the court now views the record in the light most favorable to

25  defendant, the same conflict remains, and the same conclusion

26  results:   there is a genuine issue of material fact regarding

27  whether Harper knowingly agreed to the terms of defendant's

28  commission plan in the first place.   Accordingly, the court

1    cannot conclude as a matter of law that plaintiff prevails on any

2    of the alleged violations of Sections 2751[1], 204, 221, 223, and

3    224.

4         B.    <u>Failure to Provide Timely and Complete Copies of
              Employment Records</u> (Claim 8)

5

6         Harper also alleges that defendant failed to timely

7    provide wage statements and personnel files in violation of Labor

8    Code §§ 226(b)-(c) and 1198.5(a)-(c).  (<u>See</u> Mot. at 11-15.)

9    Sinclair joins as to alleged violations under Section 1198.5.

10        1.    <u>Section 226(b)-(c): Timely Production of Wage
              Statements</u>

11

12        The court previously denied defendant's request for

13   summary judgment on Section 226(b)-(c) because there were genuine

14   issues of material fact on whether (1) plaintiffs' requests to

15   inspect and receive copies of their wage statements were

16   reasonable, and (2) the timing of defendant's production of

17   Harper's wage statements fully satisfied § 226(b).  (<u>See</u> Order at

18   50-51.)

19        Neither party provides any new material facts to

20   augment the record.  Viewing the record now in the light most

21   favorable to defendant, the court still concludes that genuine

22   issues of material fact remain regarding when plaintiff first

23   made a "reasonable request" due to (1) the form of Mr.

24   _____

25        [1]    Harper moves for summary judgment on violations of both
     subsections (a) and (b) of Section 2751.  Previously, the court
26   only considered violations of subsection (b).  However the
     predicate issue of whether plaintiffs knowingly entered into the
27   commission agreement at issue applies squarely to alleged
     violations of Section 2751(a) as well.

28

Soderstrom's initial June 4, 2018 request, and (2) Harper's and Mr. Soderstrom's conflicting representations to defendant on whether Mr. Soderstrom was in fact Harper's representative.

        2.    Section 1198.5(a)-(c): Timely and Complete Production of Personnel Records

        The court previously denied summary judgment for defendant regarding Section 1198.5 because "personnel records" are expansively defined to encompass things such as corrective action reports, letters related to termination, and commission plan documents, which defendant produced after the statutory deadline to do so had passed.  (See Order at 49.)

        However, on February 26, 2024, defendant paid Harper and Sinclair $750 each as statutory penalties owed under Labor Code Section 1198.5(a)-(c).  (Docket No. 377-3 ¶ 3.)  Defendant argues that this moots plaintiffs' individual claim.  (See Opp'n (Docket No. 377) at 2 n.1.)  The court agrees.  While plaintiffs argue otherwise because they have not received costs and fees (see Reply (Docket No. 381) at 9), Section 1198.5(k) identifies $750 in statutory penalties as the sole remedy available to plaintiffs.[2]  See Chen v. Allstate Ins. Co., 819 F.3d 1136, 1145 (9th Cir. 2016) ("[A] claim becomes moot once the plaintiff actually receives all of the relief to which he or she is entitled on the claim.").

        Accordingly, the court will not grant summary judgment to plaintiff on this claim.

---

    [2]    Compare Lab. Code § 1198.5(l), which provides for costs and reasonable attorney's fees were plaintiffs to instead bring an injunctive action seeking compliance with the Labor Code.

1     C.    PAGA Aggrieved Employee

2          Harper also requests that the court confirm his

3   standing to sue under PAGA by declaring him an "aggrieved

4   employee" pursuant to the statute.  (See generally Mot.)

5   Pursuant to its discretion, the court declines to do so at this

6   time.  See West v. Circle K Stores, Inc., No. CIS040438 WBS GGH,

7   2006 WL 355214, at *1 (E.D. Cal. Feb. 14, 2006) (district courts

8   have discretion on considering summary judgment motions pre-class

9   certification; motion addressing only scope of damages found

10  "premature" (citing Wright v. Schock, 742 F.2d 541, 544-45 (9th

11  Cir. 1984))).  Harper identifies no binding authority compelling

12  the court to do otherwise.  Neither does he offer good reasons

13  why "it will be prudent to decide a PAGA plaintiff's aggrieved

14  status first" in this present case, at summary judgment.  (See

15  Reply at 7.)  Neither can the court discern any.

16         IT IS THEREFORE ORDERED that plaintiffs' motion for

17  partial summary judgment (Docket No. 360) be, and the same hereby

18  is, DENIED.

19  Dated:  March 19, 2024

20

21                    WILLIAM B. SHUBB
                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

5