IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, et al., | No. 2:19-CV-0902-WBS-DMC |
| Plaintiffs, | |
| v. | ORDER |
| CHARTER COMMUNICATIONS, LLC, et al., | |
| Defendants. | |

        Plaintiffs Lionel Harper, Daniel Sinclair, Hassan Turner, Luis Vasquez, and Pedro Abascal, who are proceeding with retained counsel, bring this civil action pursuant to, among other theories, California's Private Attorney General Act, California Labor Code § 2698, et seq. Plaintiffs allege violations of California statutory law with respect to the failure to pay certain wages.

        On February 20, 2024, the Court issued an order addressing Plaintiffs' motion to compel and motion for discovery sanctions. See ECF No. 374. Among other things, the Court made specific orders with respect to Plaintiff Harper's Request for Production No. 100 (Harper RFP No. 100). See id. at 28. The Court directed Defendant to serve on Plaintiffs a privilege log related to responsive documents withheld under the attorney-client and/or attorney work produce privilege on or before February 23, 2024. See id. Defendant was also directed to submit to the

Court for in camera review all documents responsive to Harper RFP No. 100. See id. The Court has received and reviewed the responsive documents and now issues a final order regarding Harper RFP No. 100.

Plaintiff Harper requests the following discovery from Defendant:

RFP No. 100: All DOCUMENTS related to any communication YOU had on or after September 14, 2018, with any of YOUR current or former employees, officers, agents, or representatives related to the preservation or collection of documents or electronically stored information potentially related to any of the allegations and claims in the September 14, 2018, PAGA Notice and/or this lawsuit.

For avoidance of doubt and without limitation, this request seeks all litigation hold-related communications and records, and all document collection-related communications and records in Charter's possession, custody, or control. Excluded from this request are any communication that was sent directly to Plaintiffs or their counsel.

Defendant responded to RFP No. 100 with the following objections:

Defendant objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege, the work product doctrine, Federal Rule of Civil Procedure 26, and/or any other privilege recognized under the law. Defendant will not produce such information.

Defendant objects to this Request as overly broad, unduly burdensome, irrelevant, immaterial, harassing, and disproportional to the needs of this case. This Request is particularly objectionable to the extent it seeks every communication with Charter employees, internally or otherwise, about anything that might potentially be "related" to the collection and preservation of documents and ESI, no matter how remote or immaterial its connection to the claims, defenses and allegations in this litigation.

Defendant objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.

Defendant is withholding documents based upon its objections, including documents protected from disclosure by the attorney-client privilege and work product doctrine, all of which were created after the inception of this litigation.

Following thorough in camera review of the documents at issue, the Court finds that the documents listed in the privilege log and submitted to this Court for in camera review fall under either the attorney-client or work produce privilege. Defendant's objections are sustained.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF No. 354, is DENIED as to Harper RFP No. 100.

Dated: March 29, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE