UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>    Defendant. | No.  2:19-cv-00902 WBS DMC<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

----oo0oo----

On February 7, 2024, plaintiffs moved for partial summary judgment on various California Labor Code violations relating to plaintiffs' claim for unlawful calculation, deduction, and payment of commission wages (Claim 5); and claim for failure to provide timely and complete copies of employment records (Claim 8).  (Docket No. 360.)  On March 20, 2024, the court denied the motion.  (Docket No. 385.)  Plaintiffs now

1

request the court to reconsider its decision regarding their Cal. Lab. Code § 1198.5 claim.  (Docket No. 386.)

The court declines to do so.  Plaintiffs have identified no new evidence or intervening change in controlling law since the court's order issued.  Neither do plaintiffs demonstrate any clear error by the court or manifest injustice as a result of the court's ruling.  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Fed. R. Civ. P. 59(e).  First, plaintiffs' argument concerning injunctive relief and the applicability of Cal. Lab. Code § 1198.5(l) is misleading. Plaintiffs neither ask for injunctive relief anywhere on the face of their operative complaint[1], nor have they obtained any injunctive relief from this court.

Second, plaintiffs cite Chen v. Allstate Ins. Co., 819 F.3d 1136 (9th Cir. 2016) for the proposition that the $750 checks that defendant mailed plaintiffs to satisfy Section 1198.5(k)'s statutory penalty did not constitute full satisfaction.  This, too, is inapposite, chiefly in that it elides mailing checks (here) and holding funds in escrow (the facts in Chen).  Unlike in Chen, where the release of escrow funds was conditioned on a district court dismissing a suit in full, plaintiffs' ability to draw on defendant's checks here was conditional on nothing whatsoever.  Plaintiffs' unilateral refusal to cash the checks that they received is not a judicial

---

[1] The operative complaint is the Second Amended Complaint.  (Docket No. 147.)  While the previous complaints did request injunctive relief as to Section 1198.5, plaintiffs dropped their injunctive relief demand after defendant produced the requested documents in discovery.

concern.

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (Docket No. 386) be, and the same hereby is, DENIED.[2]

Dated: May 8, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The hearing on this motion, currently scheduled on May 28, 2024, is hereby VACATED.