UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>　　　　　　Defendant. | Case No.   2:19-cv-00902-WBS-DMC<br><br>Magistrate Judge Dennis M. Cota<br><br>**ORDER GRANTING JOINT STIPULATION AND MOTION TO APPROVE DISCOVERY AGREEMENT** |

　　　Having read and considered the Joint Stipulation and Motion to Approve Discovery Agreement (Stipulation) submitted by Plaintiffs Lionel Harper and Daniel Sinclair and Defendant Charter Communications, LLC, the Court hereby **APPROVES** the Stipulation and the parties' discovery agreement described below and **ADOPTS** it as a court order:

**Harper Rogs 2–3**　　As soon as it is available but no later than July 12, 2024, Charter shall produce, an updated class list[1] showing all putative class members' and alleged aggrieved PAGA employees' contact information, most recent work location and position, hire and termination dates, and other relevant information that is in Charter's possession, consistent with its prior class lists. Charter shall produce another updated class list within 21 days of any order certifying a class (limited to any

---

[1] The "class list" includes alleged aggrieved employees under PAGA.

|   |   |   |
|---|---|---|
| | | class that is certified). The parties shall confer over the timing of Charter's production of a final updated class list before trial. The lists shall include all contact information, location, most recent position, hire, and termination dates in Charter's possession. The parties shall continue conferring regarding the timing and scope of Charter's production of updated position histories lists, and any agreement the parties' reach shall be considered part of this Stipulation. |
| | **Harper RFP 7** | Charter shall produce on a rolling basis, to be concluded by no later than June 24, 2024, each version of Charter's commission plan documents for Commission Employees (including any plan, attachment, and addendum) that has not previously been produced. Charter's counsel shall confirm in writing when it believes all such records have been produced. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. Charter shall produce any new commission plan documents that may be issued thereafter within 14 days of issuance. |
| | **Harper RFP 15** | In lieu of producing additional wage statements for the 10% sample of Direct Sales Employees and Commission Employees, Charter stipulates that the samplings of wage statements that it has produced to date are representative of the putative class and alleged aggrieved PAGA employees. Charter further stipulates that it has not changed the manner in which it generates its wage statements, or the general form of its wage statements, since its last sampling production of wage statements on December 28, 2023. If Charter changes the manner in which it generates its wage statements, or the general form or content of its wage statements, it shall notify Plaintiffs and provide at least five exemplars within 14 days, and the parties shall meet and confer regarding the changes within seven days thereafter. |

| | | |
|---|---|---|
| **Harper RFP 16** | | In lieu of producing additional commission statements or similar documents for the 10% sample of Direct Sales Employees and Commission Employees, or for any putative class member or alleged aggrieved PAGA employee, Charter stipulates that the commission plans previously produced have the commission periods reflected in the chart that Charter provided to Plaintiffs on February 7, 2024. Charter shall update this chart and provide it to Plaintiffs on the same date(s) that any additional commission plan documents are produced in accordance with Harper RFP 7 above. |
| **Harper RFPs 23–26** | | Charter shall produce on a rolling basis, to be concluded by June 14, 2024, each of the following records, and any other similar records that Plaintiffs may identify on a training transcript report or other record, involving training related to working hours, payment of wages, meal periods, rest breaks, rates of pay, wage statements, earning, calculating, and being paid incentive compensation ( e.g., commission or bonus) wages, and any new or updated Callidus training records or similar training: "Wage and Hour Training for Managers;" "Wage and Hour Training for Employees;" "Timekeeping 101 for Nonexempt Employees;" "Kronos Training and Reference Guides;" "Kronos 8 Reference Guide;" "Meet your tablet;" "Time Management;" "New Employee Checklist;" "New Employee Orientation to Charter;" "Bundle Refresher Training for DSR and MTSR;" "Mid Knowledge Check" and "Final Assessment;" "MapAnything Overview;" "MapAnything Training Documentation;" and "Spectrum Business Refresher Training for AEs/Senior AEs." Charter's counsel confirmed in writing that it believes all such records have been produced other than "Managing Time," "Employee Attendance Policy," "Charter Training Center for DSR and MTSR," and "Week 1 Training: Building Confidence," because Charter could not locate the source files or the file had no content. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. |

| | | |
|---|---|---|
| **Harper RFP 28** | | On February 28 and March 8, 2024, Charter produced 10 exemplar offer letters or similar records issued in 2022, 2023, and 2024 to putative class members and/or alleged aggrieved PAGA employees. Charter stipulates that it has not changed the manner in which it generates its offer letters, or the general form or content of its offer letters, since its production of the exemplar offer letters. If Charter changes the manner in which it generates its offer letters, or the general form or content of its offer letters, it shall notify Plaintiffs and provide at least five exemplars within 14 days. If Plaintiffs raise an issue regarding the form, content, or representative nature of Charter's offer letters, the parties shall meet and confer on the issue within seven days. |
| **Harper RFP 29** | | Charter confirms that there are no versions of any arbitration agreement that may apply to a Direct Sales Employee and/or Commission Employee that has not already been produced. Charter shall produce an exemplar of any new arbitration agreement and any related materials (e.g., guidelines) that may apply to a Direct Sales Employee and/or Commission Employee within 14 days of its implementation. |
| **Harper RFP 30** | | Charter shall produce on a rolling basis, to be concluded by no later than June 14, 2024, all new Direct Sales Employee training materials used in 2021, 2022, 2023, and 2024 that have not already been produced. Charter's counsel shall confirm in writing when it believes all such records have been produced. If Charter makes changes to the training materials in the future, Charter shall produce such materials within 14 days of implementation. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. The parties agree that Charter's production of the records described above does not resolve all issues regarding Harper RFP 30. |

| | | |
|---|---|---|
| | **Harper RFP 32** | On March 14, 2024, Charter produced records describing its policies related to monitoring or tracking its Direct Sales Employees' locations and/or whereabouts. If Charter makes changes to the written policies, Charter shall produce such new policies within 14 days of implementation. Charter represents that, other than disposition reports with time stamps, it does not possess any records showing the real-time monitoring or tracking of its Direct Sales Employees' locations and/or whereabouts. If Plaintiffs raise an issue regarding Charter's production or representations, the parties shall confer on the issue within seven days. |
| | **Harper RFP 33** | On February 19, 2024, Charter produced exemplars of job requisitions or job descriptions for Direct Sales Employee positions since 2021. Charter shall produce an exemplar of any new job requisition or job description within 14 days of its implementation. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. |
| | **Harper RFPs 35–37** | In lieu of producing additional commission plan document acknowledgment or receipt data, and any physically or electronically signed commission plan documents or receipts, for the 10% sample of Direct Sales Employees and Commission Employees, Charter confirms that it has produced all commission plan document acknowledgment or receipt data, and any physically or electronically signed commission plan documents or receipts, for the 10% sampling through October 2021, and stipulates that those records are representative of the putative class and alleged aggrieved PAGA employees. Charter further stipulates that it has not changed its processes and practices regarding commission plan document acknowledgments and receipts since October 2021. If Charter makes changes to its processes and practices regarding commission plan document acknowledgments and receipts, Charter shall produce |

|   |   |   |
|---|---|---|
| 1 |  | materials describing such changes within 14 days of implementation, and the |
| 2 |  | parties shall confer on the changes within seven days. |
| 3 |  |  |
| 4 | **Harper RFP 46** | Charter shall produce all written statements obtained from a putative class |
| 5 |  | member or alleged aggrieved PAGA employee related to the claims or defenses |
| 6 |  | in this action within 14 days of obtaining such statements. Charter's counsel |
| 7 |  | confirms that all such records presently in its possession have been produced. If |
| 8 |  | Plaintiffs raise an issue regarding Charter's production, the parties shall confer |
| 9 |  | on the issue within seven days. |
| 10 |  |  |
| 11 | **Harper RFP 47** | On February 28, 2020, May 1, 2020, December 4, 2020, March 8, 2021, and |
| 12 |  | February 6, 2024, Charter produced exemplars of new "Standards of |
| 13 |  | Performance," Corrective Action Guides, or similar records for Direct Sales |
| 14 |  | Employee positions. If Charter issues new records or makes changes to such |
| 15 |  | records, Charter shall produce them within 14 days of implementation. If |
| 16 |  | Plaintiffs raise an issue regarding Charter's production, the parties shall confer |
| 17 |  | on the issue within seven days. |
| 18 |  |  |
| 19 | **Harper RFPs 50, 52** | Charter confirms that its processes and practices with respect to presenting |
| 20 |  | arbitration agreements to Direct Sales Employees and Commission Employees |
| 21 |  | have not changed since May 2021, and stipulates that the 2% sampling records it |
| 22 |  | produced in May 2021 are representative of the putative class and alleged |
| 23 |  | aggrieved PAGA employees. |
| 24 |  |  |
| 25 | **Harper RFPs 59, 92** | In lieu of producing additional disposition reports or similar records, and |
| 26 |  | additional leads list or similar records, for the 10% sample of Direct Sales |
| 27 |  | Employees, Charter confirms that it has produced all disposition reports or |
| 28 |  | similar records, and all leads lists or similar records, for the 10% sample of Direct |

|   |   |
|---|---|
|   | Sales Employees through October 2021, and stipulates that those records are representative of the putative class and alleged aggrieved PAGA employees. |
| **Harper RFPs 88–91** | On March 27, 2024, Charter concluded its production of all wage statements, training transcript reports, disposition reports, leads lists, and commission plan document acknowledgment data, records, or receipts for each of the identified employees, consistent with the parties' agreement reached in November 2021. Charter's counsel confirmed in writing that it believes all such records have been produced. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. |
| **Harper RFP 101** | On February 16, 2024, Charter concluded its production of written records retention, deletion, or destruction policies or practices that it issued and/or used since September 14, 2018. Charter's counsel confirmed in writing that it believes all such records have been produced. If Plaintiffs raise an issue regarding Charter's production, the parties shall confer on the issue within seven days. |
| **Harper RFP 102** | Charter represents that the only non-privileged, responsive document is the spreadsheet attached to the Carr Declaration dated March 28, 2022. The parties agree that Charter's production of the spreadsheet does not resolve all issues regarding Harper RFP 102. |
| **SPO Section 6.2** | In connection with the denial of two previous requests for filing under seal (Dkts. 113 and 364), and pursuant to Section 6.2 of the Stipulated Protective order (Dkt. 43), the parties met and conferred on the phone and in writing multiple times between February 12 and 29, 2024, with respect to certain confidentiality designations of records and information produced or disclosed by Charter. The parties' stipulation was reduced to writing and confirmed on |

February 29, 2024, and is intended to allow for limited redactions while limiting the need for future requests for filing under seal. As described in greater detail in the parties' meet and confer correspondence dated February 29, 2024, the parties stipulate that:

1. they will not object to the filing of excerpts of longer documents (e.g., lengthy policies or training workbooks), provided that the other side can file additional excerpts or the entire document (with limited, appropriate redactions of sensitive information) for optimal completeness.

2. the sensitive and confidential information that should be redacted in any future filings of the following records consists of the personal street addresses, phone numbers, and email addresses of employees and customers, and any similarly sensitive information (e.g., SSNs): (i) offer letters; (ii) wage statements; (iii) leads lists and disposition reports; and (iv) employee applications and onboarding records.

3. the sensitive and confidential information that should be redacted in any future filings of employee work emails that Charter produces shall include the same information identified in paragraph 2 above, and shall also include any sensitive business or pricing information consistent with the scope of the parties' agreement reached in connection with paragraph 4 below.

4. by June 21, 2024, Charter will identify and provide Plaintiffs with examples of what Charter considers sensitive and confidential information contained in the following categories of records, and Plaintiffs will have until June 28, 2024 to agree to or dispute the appropriateness of redacting such information in any future filings of such records: (i) commission plan documents; (ii) training workbooks, guidebooks, PowerPoints, playbooks, and similar training records; (iii)

commission statements and data; and (iv) Standards of Performance and similar records.

5. Charter has withdrawn the confidentiality designations for: (i) commission plan acknowledgment data and receipts; (ii) training transcript reports; and (iii) company policies, handbooks, and job descriptions.

All other discovery orders and matters that the Court has previously ruled on or taken under submission shall remain in effect. The status conference set for August 1, 2024, at 3:00 p.m., before the undersigned via Zoom remains on calendar.

**IT IS SO ORDERED.**

**Dated: June 24, 2024**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE