UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. 2:19-cv-00902 WBS DMC<br><br>ORDER RE: PLAINTIFFS' MOTION FOR AN INDICATIVE RULING |

----oo0oo----

Plaintiffs Hassan Turner and Luis Vazquez (collectively and interchangeably, "plaintiffs") have moved for an indicative ruling under Federal Rule of Civil Procedure 62.1(a). (Docket No. 403.) Specifically, plaintiffs request an indicative ruling from this court that it would reconsider its October 13, 2021, order compelling arbitration (Docket No. 202) under Federal Rule of Civil Procedure 60(b) in light of Ramirez v. Charter

1

1    Communications, 551 P.3d 520, 528, 531-32, 536-37, 540 (Cal. July
2    15, 2024), in which the Supreme Court of California found several
3    arbitration provisions that are similar or identical to the
4    provisions in this case substantively unconscionable.
5             Plaintiffs contend that Ramirez compels reconsideration
6    of the court's prior order (Docket No. 202) to further the
7    interests of justice and avoid substantial reformation of the
8    parties' original employment agreements.  Defendant Charter
9    Communications, LLC ("defendant") opposes the motion.  The
10   parties note that a panel of the Court of Appeals for the Ninth
11   Circuit will hear the appeal related to this matter, No. 22-
12   16429, on September 11, 2024.  (Mot. at 6.)  Defendant adds that
13   "the precise issues raised by plaintiffs in their motion are
14   fully briefed in their pending Ninth Circuit appeal" and that the
15   panel just "ordered supplemental briefing on the issues raised by
16   plaintiffs in their motion."  (Opp. at 1 (Docket No. 409)
17   (capitalization altered).)
18            The Federal Rules of Civil Procedure provide that "[i]f
19   a timely motion is made for relief that the court lacks authority
20   to grant because of an appeal that has been docketed and is
21   pending, the court may: (1) defer considering the motion; (2)
22   deny the motion; or (3) state either that it would grant the
23   motion if the court of appeals remands for that purpose or that
24   the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).
25   "[T]he purpose of Rule 62.1[(a)] is to promote judicial
26   efficiency and fairness by providing a mechanism for the district
27   court to inform the parties and the court of appeals how it could
28   rule on a motion made after the district court has been divested

                                  2

1    of jurisdiction." Amarin Pharms. Ir. Ltd. v. FDA,
2    139 F. Supp. 3d 437, 447 (D.D.C. 2015).
3             The court fails to see how issuing an indicative ruling
4    in this case would "promote judicial efficiency and fairness,"
5    and plaintiffs provide no persuasive reason why the court should
6    do so. See id.  Instead, it appears that handing down an
7    indicative ruling would only throw a wrench into the appeal
8    already in front of the Ninth Circuit. See, e.g., id. (denying
9    Rule 62.1(a) motion in relevant part where movant requested that
10   the court provide "an indicative rul[ing] on the very issue on
11   appeal" (quoting Ret. Bd. of Policemen's Annuity & Benefit Fund
12   v. Bank of N.Y. Mellon, 297 F.R.D. 218, 221-22 (S.D.N.Y. 2013)));
13   Medgraph, Inc. v. Medtronic, Inc., 310 F.R.D. 208, 211 & n.2
14   (W.D.N.Y. 2015) (declining to issue an indicative ruling
15   regarding prior summary judgment in patent suit despite a recent
16   Federal Circuit decision on patent infringement).
17            The Ninth Circuit may address Ramirez, in the first
18   instance, especially considering the appellate panel ordered
19   supplemental briefing on the issues it raises.  However, if this
20   court issued an indicative ruling on Ramirez, that would likely
21   delay the previously scheduled proceedings in front of the Ninth
22   Circuit.  Accordingly, the court declines to issue an indicative
23   ruling, and plaintiffs' motion (Docket No. 403) is DENIED.  If
24   the Ninth Circuit remands the case, plaintiffs will be free to
25   move for reconsideration or other relief under Rule 60(b) in
26   light of Ramirez, provided such relief is not precluded by the
27
28

Ninth Circuit's remand.[1]

IT IS SO ORDERED.

Dated: August 22, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court expresses no opinion as to how it might rule on such a motion under Rule 60(b). See Henson v. Fidelity Nat'l Fin., Inc., 943 F.3d 434, 444 (9th Cir. 2019) ("[A] change in the controlling law can—but does not always—provide a sufficient basis for granting relief under Rule 60(b)[].").