1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, and LUIS VAZQUEZ, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>        Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>        Defendant. | Case No.    2:19-cv-0902-WBS-DMC<br><br>**ORDER GRANTING JOINT STIPULATION AND MOTION TO APPROVE DISCOVERY AGREEMENT REGARDING ADDITIONAL DISCOVERY MATTERS** |

Having read and considered the Joint Stipulation and Motion to Approve Discovery Agreement Regarding Additional Discovery Matters (this "Stipulation"), which is signed by all counsel, ECF No. 421, the Court hereby **APPROVES** the Stipulation and the parties' discovery agreement described below and **ADOPTS** it as a court order.

**Amended Litigation Hold Privilege Log**

On October 21, 2024, Plaintiffs informed Charter that an internal litigation hold communication in the *Hassan Turner v. Charter Communications, LLC* matter sent on August 28, 2023 by its prior in-house paralegal to a recipient, Christopher Rubio, who was already on a litigation hold in the above-captioned matter, was included in its 2024 record productions. The next day, Charter advised Plaintiffs that its production of the communication was inadvertent, and that Charter does not intend to waive and is not waiving any privilege objections.  Charter has further advised Plaintiffs that all custodians who

1

were on hold in the *Turner* matter as of August 28, 2023 remain on legal hold.  After meeting and conferring, the parties now stipulate that: (1) Charter is not waiving and has not waived any claim of privilege with respect to the internal litigation hold communication; (2) Charter will prepare an amended litigation hold privilege log and provide it to Plaintiffs and the Court by no later than November 4, 2024; (3) Charter will collect and provide to the Court, but not to Plaintiffs, any additional litigation hold communications that were not already provided to the Court, consistent with the February 20, 2024 Order (Dkt. 374); (4) the parties will maintain all existing litigation holds through the conclusion of this case, including any appeals; and (5) Plaintiffs will sequester and will not file or submit the internal litigation hold communication to support or oppose any motion or at trial.

### Post-Commencement Counsel Communications

The parties agree that all communications sent to counsel, sent by counsel, and/or sent on behalf of counsel since June 5, 2018—whether the communication is sent to or from a client, a client's employee, a putative class member, or an actual or potential witness or declarant—are presumptively privileged or work product and protected from disclosure.[1] The parties also agree that identifying and logging all post-commencement counsel communications would be a burdensome and ongoing task. The parties further agree that past or future production of any such communications in this case is not intended to waive and does not waive any privilege objections, except as ordered by the Court. After meeting and conferring, the parties now stipulate that: (1) they will not seek production of, or ask the Court to order production of, any communications sent to counsel, sent by counsel, and/or sent on behalf of counsel to the above-listed classes of individuals on or after June 5, 2018, other than communications between counsel and any testifying experts that are subject to discovery under the Federal Rules of Civil Procedure; (2) they will not request or ask the Court to order a privilege log regarding any such communications, or claim that an existing privilege log regarding any such communications needs to be amended (excluding the litigation hold privilege log addressed above); and (3) they will treat any such communications that have already been produced or that may be produced in the future as privileged,

---

[1] This excludes any communications where both sides' counsel are included on the communication.

1  and they will sequester and will not file or submit any such communications to support or oppose any

2  motion or at trial.

3  ### Updated Class List

4  The parties reaffirm the Court-approved stipulation regarding updated class lists. Dkt. 402 at 1–

5  2. After meeting and conferring, the parties now stipulate that by no later than November 4, 2024,

6  Charter will: (1) produce an updated class list identifying all Commission Employee putative class

7  members and including all categories of information that were included on prior class lists; and (2)

8  produce a separate updated class list identifying all Direct Sales Employee putative class members since

9  November 19, 2014.

10  ### Commission Acknowledgment Reports

11  The parties reaffirm the Court-approved stipulation regarding commission acknowledgment

12  reports and similar records. Dkt. 416 at 4. After meeting and conferring, the parties now stipulate that:

13  (1) it has taken longer than expected for Charter to identify relevant custodians and recover responsive

14  records; (2) Charter will continue to diligently search for relevant custodians and responsive records;

15  (3) Charter will produce all of the responsive records that it can recover on a rolling basis, with the first

16  production by November 4, 2024, and the final production by November 18, 2024; and (4) Plaintiffs

17  will not file any motion related to such records, if at all, until after Charter's counsel confirms that

18  Charter has completed its collection and production efforts and does not expect any additional

19  responsive records to be recovered.

20  **IT IS SO ORDERED.**

21  **Dated:  October 28, 2024**

22  _____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28