UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HASSAN TURNER, Plaintiff - Appellant, and LIONEL HARPER; et al., Plaintiffs, v. CHARTER COMMUNICATIONS, LLC, Defendant - Appellee. | No. 23-16140<br><br>D.C. No. 2:19-cv-00902-WBS-DMC<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |
| LUIS VAZQUEZ, Plaintiff - Appellant, and LIONEL HARPER; et al., Plaintiffs, v. CHARTER COMMUNICATIONS, LLC, Defendant - Appellee. | No. 23-2597<br>D.C. No. 2:19-cv-00902-WBS-DMC<br><br>Eastern District of California, Sacramento<br><br>MANDATE |

The judgment of this Court, entered November 29, 2024, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                        FOR THE COURT:

                                        MOLLY C. DWYER  
                                        CLERK OF COURT

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HASSAN TURNER, <br><br> Plaintiff-Appellant, <br><br> and <br><br> LIONEL HARPER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, LLC, <br><br> Defendant-Appellee. | No. 23-16140 <br><br> D.C. No. 2:19-cv-00902-WBS-DMC <br><br> MEMORANDUM* |
| LUIS VAZQUEZ, <br><br> Plaintiff-Appellant, <br><br> and <br><br> LIONEL HARPER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, LLC, <br><br> Defendant-Appellee. | No. 23-2597 <br><br> D.C. No. 2:19-cv-00902-WBS-DMC |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted September 11, 2024
San Francisco, California

Before:  BYBEE and MENDOZA, Circuit Judges, and M. FITZGERALD,[**] District Judge.

Plaintiff-Appellants Luis Vazquez and Hassan Turner appeal from the respective orders and judgments of the district court affirming the arbitration awards in their disputes with Defendant-Appellee Charter Communications, LLC ("Charter").  Their appeals encompass the order of the district court that granted Charter's motion to compel arbitration of the underlying dispute.

Because the parties are familiar with the facts, we recount them only as relevant to our decision.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the scope of an arbitration agreement and "the interpretation and meaning of contract provisions" de novo.  *Diaz v. Macys W. Stores, Inc.*, 101 F.4th 697, 700 (9th Cir. 2024) (citing *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001)).  We also review de novo the district court's ruling "whether an arbitration agreement is invalid because it is unconscionable." *Ronderos v. USF*

---

[**] The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

2

*Reddaway, Inc.*, 114 F.4th 1080, 1088 (9th Cir. 2024).  We review for abuse of discretion the district court's decision whether to sever unconscionable provisions. *Id.*

As to Vazquez, we reverse the order compelling arbitration, the order confirming the arbitration award, and the judgment, and remand so that the litigation may proceed in the district court.  As to Turner, we vacate the order compelling arbitration, along with the order confirming the arbitration award and judgment, and remand for a determination of whether arbitration should be compelled under now-existing case law.

1. The district court erred in compelling arbitration of Vazquez's dispute.  In a previous appeal involving Plaintiff Lionel Harper and the same arbitration agreement, we determined that Section P of the arbitration agreement excluded Harper's dispute from the scope of the arbitration agreement.  *Harper v. Charter Commc'ns, LLC,* No. 22-16429, 2023 WL 6442588, at *2 (9th Cir. Oct. 3, 2023).  Section P states that the scope of the arbitration agreement does not apply to claims previously filed before the effective date of the arbitration agreement.

Vazquez's claims are encompassed by the claims previously filed by Harper, which occurred before the effective date of the arbitration agreement with Vazquez.  Therefore, Section P excludes his claims from arbitration. The plain language of Section P and the reasoning of *Harper* compel this result.  The district

3

court thus erred in interpreting Section P to apply only to any prior claims between Vazquez and Charter.

Accordingly, as to Vazquez, the order compelling arbitration, the order confirming the arbitration award, and the judgment are vacated, and the action is remanded so that the litigation may proceed in the district court.

2.  As to Turner, the issues raised on appeal are the unconscionability of the arbitration agreement and whether any unconscionable terms should be severed.  Applying the test under *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669 (Cal. 2000), the district court correctly ruled that the procedural unconscionability was low, based on the arbitration agreement being a contract of adhesion.  In a recently decided case construing this same arbitration agreement, the California Supreme Court adopted the ruling of the court of appeal that the procedural unconscionability was low.  *Ramirez v. Charter Commc'ns, Inc.*, 551 P.3d 520, 530–31 (Cal. 2024).  The *Ramirez* court, however, further stated that the adhesive nature of the arbitration agreement in an employment context warranted "close scrutiny" of the substantive terms.  *Id.* at 531.

3.  As to substantive unconscionability, the *Ramirez* court determined that three provisions were substantively unconscionable: (1) a lack of mutuality in covered and excluded claims; (2) time limits on filing of covered claims; and (3) payment of attorney fees for litigation arising from a party's failure to submit to

4

arbitration. *Id.* at 531–37, 540–41, 544. Limitations on discovery were not substantively unconscionable. *Id.* at 540. The *Ramirez* court declined to rule on the unconscionability of four other contested provisions: Sections D (capacity), K (as to parties bearing their own costs and fees), L (jury trial rights), and Q (severance). *Id.* at 544 n.13. The case was remanded to the court of appeal for its ruling on those provisions. *Id.*

    4.    That remand was consistent with the ruling of the *Ramirez* court as to severance. A court has the ability to sever substantively unconscionable provisions, Cal. Civ. Code § 1670.5(a), especially when a contract contains a severance clause. The supreme court enunciated a new standard for determining whether substantively unconscionable provisions could be severed from an arbitration agreement. *Ramirez*, 551 P.3d at 546. The supreme court emphasized that the true test for severance was qualitative not quantitative; no bright line rule exists requiring severance for one term or forbidding severance for two or more terms. *Id.* Rather, the issue was "whether the unconscionability *should* be cured through severance or restriction because the interest of justice would be furthered by such actions." *Id.* at 547 (emphasis in original). The supreme court chose to remand both the ultimate ruling on substantive unconscionability and severance to the court of appeal. *Id.* at 548.

    5.    We likewise recently emphasized that the issue of severing

5

unconscionable terms was within the discretion of the district court. *Ronderos,* 114 F.4th at 1099. Given the link between *which* provisions are unconscionable and *why* they are unconscionable, on the one hand, and the exercise of discretion as to severance, on the other, we follow the lead of the California Supreme Court and remand both the issues of substantive unconscionability and severance to the district court. This is so even though the rulings on substantive unconscionability would be reviewed de novo and the ruling on severance would be reviewed for abuse of discretion.

6. Accordingly, as to Turner, the order compelling arbitration, the order confirming arbitration, and the judgment are all vacated. We remand this action to the district court to determine the substantive unconscionability of those terms not ruled upon in *Ramirez*. The district court will then exercise its discretion to determine, under the *Ramirez* test, whether the unconscionable terms should be severed.

7. We decline the invitation to instruct the district court not to consider Charter's motion to compel arbitration before considering class certification issues. Assuming the issue is not moot, no basis exists – and Turner presents none – for us to tell the district court how it should manage its calendar.

As to Vazquez, **REVERSED** and **REMANDED** for litigation in the district court; as to Turner, **VACATED** and **REMANDED** for further proceedings

6

consistent with this memorandum disposition.