UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, LUIS VAZQUEZ, and PEDRO ABASCAL, individually and on behalf of all others similarly situated and all aggrieved employees,<br><br>       Plaintiffs,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>       Defendant. | No.  2:19-cv-00902 WBS DMC<br><br>ORDER OF RECUSAL |

----oo0oo----

The Ninth Circuit recently vacated this court's decision granting class certification and remanded for further proceedings.  At this stage of the proceedings, the undersigned must recuse.  While the Ninth Circuit remanded with instruction to reconsider the motion for class certification, the court already expressed its opinion that plaintiff's motion should be

1

granted, and the undersigned would have substantial difficulty putting aside that prior decision and considering the motion afresh.  See, e.g., Vascular Sols. LLC v. Medtronic, Inc., No. 0:19-cv-01760-LMP-SGE, slip op. at 3-5 (D. Minn. filed Oct. 24, 2024) (recusing due to the court's belief that it cannot "set aside its previous conclusions to make an impartial determination"); accord United States v. Walker River Irrigation Dist., 890 F.3d 1161, 1173-74 (9th Cir. 2018) (in determining whether reassignment on remand is appropriate, the Ninth Circuit assesses, among other things, "whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected").

     IT IS THEREFORE ORDERED that the Clerk of the Court reassign this case to another judge for all further proceedings, making appropriate adjustments in the assignments of civil cases to compensate for such reassignment.

Dated:  May 28, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2