**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**LIONEL HARPER, DANIEL SINCLAIR, HASSAN TURNER, and LUIS VAZQUEZ, individually and on behalf of all others similarly situated and all aggrieved employees,**

Plaintiffs,

v.

**CHARTER COMMUNICATIONS, LLC,**

Defendant.

Case No. 2:19-cv-00902-DC-ICD

**ORDER APPROVING STIPULATION**

Having read and considered the Stipulation and Joint Motion to Approve Discovery Agreement (Stipulation), which is signed by all counsel, ECF No. 479, the Court hereby **APPROVES** the Stipulation, **GRANTS** the Joint Motion, and **ADOPTS** the parties' discovery agreement described below as an order of the Court.

**Timekeeping, Meal, Rest, and Phone Records**

Plaintiffs have requested that Charter collect and produce all timekeeping, meal, rest, and phone records for Direct Sales Employees[1] during their new hire training weeks for the period of November 2014 to the present. Charter has represented that it has already performed reasonably diligent searches, that it has already collected and produced all such records that it could recover during such searches, and that further searches would be unlikely to recover additional records to any meaningful degree.

The parties have met and conferred and now stipulate and agree that:

[1] "Direct Sales Employees" include Account Executives (AEs), Direct Sales Representatives (DSRs, now called Residential Connectivity Sales Specialists, RCSSs), and Multi-Tenant Sales Representatives (MTSRs), each as such position titles may be modified by Charter from time to time.

1. Plaintiffs will not continue to seek production of additional timekeeping, meal, rest, and phone records for Direct Sales Employees during their new hire training weeks for the period of November 2014 to the present.
2. Any timekeeping, meal, rest, and phone records that have already been produced shall be considered representative of any additional records that could have been collected and produced.
3. Either party may use or rely on any such records that have already been produced for any appropriate purpose.
4. Charter may not argue or solicit testimony that any records that may exist or may have existed, but that were not produced, are materially different from records that were produced.

**Leads Lists / Disposition Reports**

Plaintiffs have requested that Charter search for, collect, and provide a supplemental production of all leads lists and disposition reports for Direct Sales Employees who participated in new hire training from January 2022 through the present. The lists and reports would cover, at a minimum, the first month each Direct Sales Employee held the covered position. Charter previously produced what the parties agree is a random representative sampling of leads lists and disposition reports for Direct Sales Employees who participated in new hire training before January 2022.

The parties have met and conferred and now stipulate and agree that Charter will, within 45 days from the date the Court issues a class certification ruling, collect and provide a supplemental production of either (1) leads lists and disposition reports for all Direct Sales Employees who participated in new hire training from January 2022 through the ruling, or (2) leads lists and disposition reports for a random representative sampling of not fewer than 10% of the Direct Sales Employees who participated in new hire training from January 2022 through the ruling.

**Non-Sampling Policies and Similar Materials**

Plaintiffs have requested and the parties have previously stipulated[2] that Charter would search for, collect, and provide a supplemental production of any non-sampling policies, handbooks,

[2] *See, e.g.*, Dkt. 401 & Dkt. 414.

agreements, and similar materials that have been updated or modified since Charter's most recent production of such materials in or around 2024. The relevant materials include Charter's employee handbook, code of conduct, timekeeping policies, attendance policies, standards of performance, job descriptions, rules of engagement, commission dispute and trends reports, commission plan documents (including an updated index of such documents), and other documents that were not previously subject to sampling.

The parties have met and conferred and now stipulate and agree that Charter will, within 45 days from the date the Court issues a class certification ruling, collect and provide a supplemental production of all non-sampling policies, handbooks, agreements, and similar materials that have been updated or modified since Charter's most recent production of such materials.

**No Waiver of Rights**

The parties further stipulate and agree that this Stipulation is not intended to affect the parties' rights, options, and arguments under any prior stipulation or court order except to the extent specifically stated herein.

All other discovery orders and matters that the Court has previously ruled on or taken under submission shall remain in effect.

**IT IS SO ORDERED.**

Dated: October 1, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE